**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| STEF VAN DUPPEN, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> MYLAN N.V., MYLAN INC., HEATHER BRESCH, and JOHN D. SHEEHAN, <br><br> Defendants. | Case No. 16-cv-07926 |
| LANDON W. PERDUE, Individually and On Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> MYLAN N.V., MYLAN INC., HEATHER BRESCH, ROBERT J. COURY, PAUL B. CAMPBELL, KENNETH S. PARKS, and JOHN D. SHEEHAN, <br><br> Defendants. | Case No. 16-cv-8000 |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION OF DAN KLEINERMAN FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPOINTMENT OF LEAD COUNSEL**

## <u>TABLE OF CONTENTS</u>

<u>**Page**</u>

I.    INTRODUCTION ................................................................................................. 1

II.   BACKGROUND .................................................................................................. 2

III.  ARGUMENT ....................................................................................................... 4

    A.    The Related Actions Should Be Consolidated ........................................... 4

    B.    Movant Satisfies the Procedural Requirements for Appointment as Lead
        Plaintiff ...................................................................................................... 4

    C.    Movant Satisfies the Legal Prerequisites for Appointment as Lead Plaintiff......... 5

        1.    Movant Is Presumptively the Most Adequate Plaintiff............................. 6

        2.    Movant Satisfies the Requirements of Rule 23 ........................................ 7

    D.    The Court Should Appoint Cohen Milstein as Lead Counsel .............................. 8

IV.   CONCLUSION ..................................................................................................... 9

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Albert Fadem Trust v. Citigroup Inc.*,
239 F. Supp. 2d 344 (S.D.N.Y. 2002)..................................................................7, 9

*Chisholm v. TranSouth Fin. Corp.*,
184 F.R.D. 556 (E.D. Va. 1999) ...........................................................................8

*In re Crayfish Co. Sec. Litig.*,
No. 00 Civ. 6766 (DAB), 2002 U.S. Dist. LEXIS 10134 (S.D.N.Y. June 6, 2002) ....................................................................................................................7

*In re Drexel Burnham Lambert Group, Inc.*,
960 F.2d 285 (2d Cir. 1992)...................................................................................7

*In re Elan Corp. Sec. Litig.*,
No. 02 Civ. 865 (WK) (FM), 2002 U.S. Dist. LEXIS 23162 (S.D.N.Y. Dec. 3, 2002) ....................................................................................................................7

*Fields v. Biomatrix, Inc.*,
198 F.R.D. 451 (D.N.J. 2000)................................................................................7

*In re Olsten Corp. Sec. Litig.*,
3 F. Supp. 2d 286 (E.D.N.Y. 1998) ...................................................................7, 8

*Weltz v. Lee*,
199 F.R.D 129 (S.D.N.Y. 2001) .......................................................................7, 8

## I.      INTRODUCTION

Pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 (the "Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA"), at 15 U.S.C. § 78u-4, and for the reasons set forth below, Dan Kleinerman ("Movant") respectfully moves this Court for an Order consolidating the above-captioned actions, appointing Movant as Lead Plaintiff on behalf of himself and all others similarly situated who purchased who purchased or otherwise acquired ordinary shares of Mylan N.V. and/or common stock of Mylan N.V.'s predecessor, Mylan Inc., between February 21, 2012 and October 7, 2016, both dates inclusive (the "Class Period"), and appointing the law firm of Cohen Milstein Sellers & Toll PLLC ("Cohen Milstein") as Lead Counsel.

Two actions making substantially similar allegations against Mylan N.V. and Mylan Inc. have been filed: *Stef Van Duppen v. Mylan N.V.* et al., No. 16-cv-07926 (S.D.N.Y.) ("*Van Duppen* Action") and *Landon W. Perdue v. Mylan N.V.* et al., No. 16-cv-8000 (S.D.N.Y.) ("*Perdue* Action"). Both Actions name as defendants Mylan N.V., Mylan Inc., Heather Bresch ("Bresch") the CEO and director of Mylan Inc. from January 1, 2012 to March 2015, and the CEO and director of Mylan N.V. since March 2015, and John D. Sheehan ("Sheehan"), the CFO and Executive Vice President of Mylan Inc. from April 1, 2010 and the CFO and Executive Vice President of Mylan N.V. from March 2015 until April 1, 2016.

The *Perdue* Action also names as defendants Robert J. Coury ("Coury"), the CEO of Mylan Inc. from September 2002 to January 2012, Paul B. Campbell ("Campbell"), Mylan N.V.'s Chief Accounting Officer since May 2015, as well as Kenneth S. Parks ("Parks"), Mylan N.V.'s CFO since June 2016. Mylan N.V. and Mylan Inc. will be referred to as "Mylan" or the "Company," and together with the named individual defendants, will be referred to as "Defendants."

The *Van Duppen* Action asserts a class period of February 23, 2013 to October 7, 2016. The *Perdue* Action asserts a class period of February 21, 2012. For the purposes of this motion, Movant will define the Class Period as the longest period covered by both Actions, *i.e.*, from February 21, 2012 to October 7, 2016.

The Actions are predicated on Defendants' misrepresentation of the Company's legal compliance with Medicaid requirements with respect to its EpiPen product.

Pursuant to the PSLRA, this Court must appoint the "most adequate plaintiff" to serve as Lead Plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(i). As such, the Court is required to determine which movant or group of movants has the "largest financial interest" in the relief sought by the Class in this litigation. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb). Movant's losses[1] amount to approximately $21,392,815.18 during the Class Period as a result of Defendants' conduct. Because no other motions for appointment as lead plaintiff have been filed to date, Movant is unaware at this time of any other movant with a greater loss and who otherwise satisfies the requirements of Federal Rule of Civil Procedure 23. Thus, Movant is presumptively the "most adequate plaintiff" and should be appointed as lead plaintiff because he has "the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb). Movant is represented in this action by Cohen Milstein, which is seeking appointment as lead counsel and is eminently qualified to prosecute securities class actions such as this one.

## II.    BACKGROUND

---

[1] Movant's losses, as detailed herein, are not the same as legally compensable damages, measurement of which is often a complex legal question that generally cannot be determined at this stage of the litigation. The approximate losses can, however, be determined from the executed certifications required under Section 21D of the Exchange Act, and based upon reference to information concerning the market for Mylan securities. *See* Decl. of Daniel S. Sommers in Supp. of Mot. of Dan Kleinerman ("Sommers Decl."), at Exs. B and C.

Mylan develops, licenses, manufactures, markets, and distributes generic, branded generic, and specialty pharmaceuticals worldwide. It acquired the rights to the EpiPen® Auto-Injector and EpiPen Jr® Auto-Injector (collectively, "EpiPen") in 2007.

Under the Medicaid Drug Rebate Program, drug manufacturers are required to provide rebates to states, with the amount of the rebate based on, among other things, whether the drug is classified as an "innovator" drug or a "non-innovator" drug. An "innovator" drug is a brand-name drug product with little or no competition in the marketplace, and requires a higher rebate of up to 23.1%. A "non-innovator" drug is a generic drug product that faces a great deal of competition, and requires only a rebate of 13%.

For years, Mylan classified EpiPen as a "non-innovator" drug, allowing it to provide the lower rebate rate of 13%. And, for years, Mylan made statements to investors about its compliance with Medicaid requirements, including rebate requirements.

What Mylan failed to disclose, however, was that throughout this time, it should have been providing a rebate of 23.1% for EpiPen, because EpiPen should have been classified as an "innovator" drug. By misclassifying EpiPen in contravention of law, Mylan allegedly deprived Medicaid of over $100 million.

This truth began to emerge on September 2, 2016 with an article in *Inside Health Policy*, which reported that the Centers for Medicare & Medicaid Services ("CMS") had informed Mylan of this incorrect classification and its massive financial consequences to the government. One month later, on October 5, 2016, *Bloomberg* reported that CMS had issued a letter detailing that Mylan had been overcharging the government for EpiPen for years, despite the fact that the government "expressly told Mylan that the [EpiPen] product is incorrectly classified."

Two days later, on October 7, 2016, Mylan announced a stunning $465 million settlement with the U.S. Department of Justice and other agencies in connection with Mylan's alleged

wrongdoing with respect to EpiPen rebates. That same day, Mylan announced that it had received a document request from the Securities and Exchange Commission concerning Mylan's practices with respect to the Medicaid Drug Rebate Program.

As a result of these revelations, the price of Mylan stock fell several times, from over $40 per share before September 2, 2016, to $36.84 per share on October 6, 2016.

### III.    ARGUMENT

As discussed below, Movant satisfies each of the requirements of the PSLRA and is therefore qualified for appointment as Lead Plaintiff. Additionally, Movant seeks appointment of Cohen Milstein as Lead Counsel for the Class.

### A.    The Related Actions Should Be Consolidated

Consolidation of related cases is appropriate, where, as here, the actions involve common questions of law and fact, and therefore consolidation would avoid unnecessary cost, delay and overlap in adjudication:

> Where actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all of the matters at issue in the actions; it may order all the actions consolidated; and it may make such order concerning proceedings therein as may tend to avoid unnecessary costs or delay.

Fed. R. Civ. P. 42(a); *see also Manual for Complex Litigation* (Third), § 20.123 (1995). Moreover, courts routinely consolidate securities class actions where, as here, the cases "arise from the same alleged misrepresentations," "the parties assert similar claims under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934," and "the complaints name the same defendants." *Sallustro v. CannaVest Corp.*, 93 F. Supp. 3d 265, 269 (S.D.N.Y. 2015).

Accordingly, Movant requests that the *Van Duppen* Action and the *Perdue* Action be consolidated.

### B.    Movant Satisfies the Procedural Requirements for Appointment as Lead Plaintiff

4

The Exchange Act, 15 U.S.C. § 78u-4, established a procedure for the appointment of a lead plaintiff in "each private action arising under the [Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(1). First, the plaintiff who files the initial action must publish a notice to the class within 20 days of filing the action, informing class members of their right to file a motion for appointment as lead plaintiff. 15 U.S.C. § 78u-4(a)(3)(A)(i). The first such notice here was published on October 11, 2016 (*see* Sommers Decl., Ex. A).

The PSLRA further provides that within 90 days after the publication of the notice of pendency, or as soon as practicable after the actions have been consolidated, the Court shall consider any motion made by a class member and "shall appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members." 15 U.S.C. § 78u-4(a)(3)(B)(i).

The 60-day time period provided by the PSLRA in which applications for appointment as lead plaintiff must be filed expires on December 12, 2016. Movant has moved within the statutory 60-day time period. Movant's motion contains the required certification setting forth, *inter alia*, Movant's transactions in Mylan securities during the Class Period, and indicates that Movant has reviewed a complaint filed in the case and is willing to serve as a representative party on behalf of the Class. *See* Sommers Decl., Ex. B. In addition, Movant has selected and retained competent and experienced counsel, as set forth in counsel's resume. *See* Cohen Milstein resume at Sommers Decl., Ex. D. As demonstrated in its resume, Cohen Milstein has developed an excellent reputation for successfully prosecuting federal securities law claims, including in this District.

C.      **Movant Satisfies the Legal Prerequisites for Appointment as Lead Plaintiff**

### 1.   Movant Is Presumptively the Most Adequate Plaintiff

The PSLRA sets forth procedures for the appointment of a lead plaintiff in class actions brought under the Exchange Act. 15 U.S.C. § 78u-4(a)(1). The PSLRA provides that this Court:

> shall appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members (hereafter in this paragraph referred to as the "most adequate plaintiff") in accordance with this subparagraph.

15 U.S.C. § 78u-4(a)(3)(B)(i). In adjudicating this motion, the Court must be guided by a presumption that the most adequate plaintiff is the person or group of persons who (a) filed the complaint or made a motion to serve as lead plaintiff, (b) has the largest financial interest in the relief sought by the class, and (c) otherwise satisfies the requirements of Fed. R. Civ. P. 23 and 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). This presumption may be rebutted by proof that the presumptively most adequate plaintiff "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

Movant is qualified for appointment as lead plaintiff. During the Class Period, Movant suffered losses of approximately $21,392,815.18[2] from his purchases of Mylan securities. Movant suffered these losses when it was revealed that the Company had for years not been complying with the Medicaid Drug Rebate Program.

Absent another movant with greater financial interest, Mr. Kleinerman is presumed to be the "most adequate" plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb). Further, Movant is both qualified to represent the Class and willing to serve as a representative party. Finally, Movant has selected counsel that is highly experienced in prosecuting securities class actions such as this

---

[2] A copy of Movant's certification is attached as Exhibit B to the Sommers Decl. and a copy of his loss calculations is attached as Exhibit C.

one. Accordingly, Movant satisfies the requirements for appointment as Lead Plaintiff under the PSLRA and the instant motion for appointment should be granted.

### 2.      Movant Satisfies the Requirements of Rule 23

In addition to requiring that the lead plaintiff have the largest financial interest, the PSLRA requires that the lead plaintiff must "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc); *see also In re Elan Corp. Sec. Litig.*, No. 02 Civ. 865 (WK)(FM), 2002 U.S. Dist. LEXIS 23162, at *7 (S.D.N.Y. Dec. 3, 2002); *Albert Fadem Trust v. Citigroup Inc.*, 239 F. Supp. 2d 344, 347 (S.D.N.Y. 2002). Rule 23(a) requires that (1) the class be so numerous that joinder of all members is impracticable; (2) there be questions of law or fact common to the class; (3) such claims be typical of those of the class; and (4) the representatives fairly and adequately protect the interests of the class. Fed. R. Civ. P. 23(a). Typicality and adequacy of representation are the only provisions relevant to the determination of lead plaintiff under the PSLRA. *In re Crayfish Co. Sec. Litig.*, No. 00 Civ. 6766 (DAB), 2002 U.S. Dist. LEXIS 10134, at *14 (S.D.N.Y. June 4, 2002) (citing *In re Olsten Corp. Sec. Litig.*, 3 F. Supp. 2d 286, 296 (E.D.N.Y. 1998) and *Weltz v. Lee*, 199 F.R.D 129, 133 (S.D.N.Y. 2001)).

The typicality requirement of Fed. R. Civ. P. 23(a)(3) is satisfied where "the claims or defenses of the representative parties are typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3). A "claim will meet the typicality requirement if 'each class member's claim arises from the same course of conduct, and each class member makes similar legal arguments to prove the defendants' liability.'" *Olsten*, 3 F. Supp. 2d at 296 (quoting *In re Drexel Burnham Lambert Group, Inc.*, 960 F.2d 285, 291 (2d Cir. 1992)); *see also Fields v. Biomatrix, Inc.*, 198 F.R.D. 451, 456 (D.N.J. 2000). The typicality standard is met even where minor distinctions exist. *Id.* As one court has noted: "The premise of the typicality requirement is simply stated: as

7

goes the claim of the named plaintiff, so go the claims of the class. Complete identification between the claims constituting each individual action is not required." *Chisholm v. TranSouth Fin. Corp.,* 184 F.R.D. 556, 563-64 (E.D. Va. 1999) (internal citation omitted). The typicality requirement is plainly satisfied in the instant case, where Movant seeks the same relief and advances the same legal theories as class members.

The adequacy of representation requirement of Rule 23(a)(4) is satisfied where it is established that a representative party "will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). Representation is adequate when "(1) class counsel is qualified, experienced and generally able to conduct the litigation; (2) the class members [d]o not have interests that are antagonistic to one another; and (3) the class has a sufficient interest in the outcome of the case to ensure vigorous adequacy." *Weltz*, 199 F.R.D. at 133 (citing *Olsten*, 3 F. Supp. 2d at 296).

Movant is an adequate representative for the class. Movant purchased Mylan securities during the Class Period and, like other putative class members, suffered a loss in the form of diminution of the value of its securities upon disclosure of the fraud. Additionally, Movant has retained counsel highly experienced in prosecuting securities class actions vigorously and efficiently, and has timely submitted its choice to the Court for approval pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v).

### D.    The Court Should Appoint Cohen Milstein as Lead Counsel

The PSLRA vests authority in the lead plaintiff to select lead counsel, subject to approval by the Court. 15 U.S.C. § 78u-4(a)(3)(B)(v). Thus, a court should not disturb the lead plaintiff's selection of counsel unless such interference is necessary to "protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa). Movant has selected Cohen Milstein to serve as Lead

Counsel, and appointing Cohen Milstein as Lead Counsel would be prudent to protect the interests of the class.

As detailed in its firm resume, Cohen Milstein has extensive expertise and experience in the field of securities litigation and has successfully prosecuted numerous securities fraud class actions and obtained excellent recoveries on behalf of defrauded investors.[3] Thus, the Court may be confident that the class will receive the highest caliber of legal representation in full compliance with the mandates of the PSLRA and Exchange Act. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v); *Albert Fadem Trust*, 239 F. Supp. 2d at 348 (approving as lead counsel law firm with "substantial experience and success in prosecuting securities fraud actions").

## IV.    CONCLUSION

Based on the foregoing, Movant respectfully requests that the Court: (i) consolidate the *Van Duppen* Action with the *Perdue* Action; (ii) appoint Dan Kleinerman as Lead Plaintiff; (iii) appoint Cohen Milstein as Lead Counsel; and (iv) grant such other relief as the Court may deem to be just and proper.

Dated: December 12, 2016                    Respectfully submitted,

**COHEN MILSTEIN SELLERS**
**& TOLL PLLC**

*/s/ Daniel S. Sommers*
Steven J. Toll
Daniel S. Sommers
Times Wang
1100 New York Avenue, N.W.
West Tower, Suite 500
Washington, DC 20005-3964
Telephone: (202) 408-4600
Facsimile: (202) 408-4699

Michael Eisenkraft

---

[3] A copy of Cohen Milstein's firm resume is attached to the Sommers Decl. as Ex. D.

9

88 Pine Street, 14th Floor
New York, NY 10018
Telephone: (212)

***Proposed Lead Counsel for Movant Dan
Kleinerman***

Jacob Sabo
**LAW OFFICE OF JACOB SABO**
#3 Daniel Frisch St. (24th Floor)
Tel-Aviv 64731
Tel.: 03-7161555
Fax: 03-7161556

***Additional Counsel for Dan Kleinerman***