# CRAVATH, SWAINE & MOORE LLP

JOHN W. WHITE
EVAN R. CHESLER
PHILIP A. GELSTON
RICHARD W. CLARY
JAMES D. COOPER
STEPHEN L. GORDON
DANIEL L. MOSLEY
ROBERT H. BARON
DAVID MERCADO
CHRISTINE A. VARNEY
PETER T. BARBUR
SANDRA C. GOLDSTEIN
THOMAS G. RAFFERTY
MICHAEL S. GOLDMAN
RICHARD HALL
JULIE A. NORTH
ANDREW W. NEEDHAM
STEPHEN L. BURNS
KEITH R. HUMMEL
DAVID J. KAPPOS
DANIEL SLIFKIN
ROBERT I. TOWNSEND, III
WILLIAM J. WHELAN, III

PHILIP J. BOECKMAN
WILLIAM V. FOGG
FAIZA J. SAEED
RICHARD J. STARK
THOMAS E. DUNN
MARK I. GREENE
DAVID R. MARRIOTT
MICHAEL A. PASKIN
ANDREW J. PITTS
MICHAEL T. REYNOLDS
ANTONY L. RYAN
GEORGE E. ZOBITZ
GEORGE A. STEPHANAKIS
DARIN P. MCATEE
GARY A. BORNSTEIN
TIMOTHY G. CAMERON
KARIN A. DEMASI
LIZABETHANN R. EISEN
DAVID S. FINKELSTEIN
DAVID GREENWALD
RACHEL G. SKAISTIS
PAUL H. ZUMBRO
JOEL F. HEROLD

WORLDWIDE PLAZA
825 EIGHTH AVENUE
NEW YORK, NY 10019-7475

TELEPHONE: +1-212-474-1000
FACSIMILE: +1-212-474-3700

———

CITYPOINT
ONE ROPEMAKER STREET
LONDON EC2Y 9HR
TELEPHONE: +44-20-7453-1000
FACSIMILE: +44-20-7860-1150

WRITER'S DIRECT DIAL NUMBER
+1-212-474-1075

WRITER'S EMAIL ADDRESS
sgoldstein@cravath.com

ERIC W. HILFERS
GEORGE F. SCHOEN
ERIK R. TAVZEL
CRAIG F. ARCELLA
DAMIEN R. ZOUBEK
LAUREN ANGELILLI
TATIANA LAPUSHCHIK
ERIC L. SCHIELE
ALYSSA K. CAPLES
JENNIFER S. CONWAY
MINH VAN NGO
KEVIN J. ORSINI
MATTHEW MORREALE
JOHN D. BURETTA
J. WESLEY EARNHARDT
YONATAN EVEN
BENJAMIN GRUENSTEIN
JOSEPH D. ZAVAGLIA
STEPHEN M. KESSING
LAUREN A. MOSKOWITZ
DAVID J. PERKINS
JOHNNY G. SKUMPIJA
J. LEONARD TETI, II

D. SCOTT BENNETT
TING S. CHEN
CHRISTOPHER K. FARGO
KENNETH C. HALCOM
DAVID M. STUART
AARON M. GRUBER
O. KEITH HALLAM, III
OMID H. NASAB
DAMARIS HERNÁNDEZ
JONATHAN J. KATZ
MARGARET SEGALL D'AMICO
RORY A. LERARIS
KARA L. MUNGOVAN

SPECIAL COUNSEL
SAMUEL C. BUTLER
GEORGE J. GILLESPIE, III

OF COUNSEL
MICHAEL L. SCHLER

September 8, 2017

*In re Mylan N.V. Securities Litigation*, No. 1:16-cv-07926 (JPO) (S.D.N.Y.)

Dear Judge Oetken:

    This Firm represents Defendants in the above-titled action. I write in response to the Court's Order of August 15, 2017 [Dkt. #52], directing counsel to state their positions "as to what action, if any, should be taken by the Court at this time in response to [a] letter", dated August 14, 2017 and enclosed with the Order (the "Letter"), sent to Your Honor by Israeli counsel for petitioners in two purported securities class actions brought against Mylan N.V. ("Mylan") and others in Israeli court (the "Israeli Actions"). In light of the Israeli Actions, the Letter objects to Plaintiffs' pursuit in this Court of Count III of their consolidated amended complaint [Dkt. #39] (the "Complaint")—which, as in the Israeli Actions, is a claim under Israeli law, brought by Israeli investors, on behalf of a purported class of Mylan shareholders on the Tel Aviv Stock Exchange (the "TASE"). (*See* Compl. at 1, ¶¶ 25, 339, 363-69.)

    Defendants' position is that the Court need not take any action at this time in response to the Letter. Rather, the Court can proceed to rule on Defendants' motion to dismiss the Complaint [Dkt. #45]—including to dismiss Count III therein—which will be fully briefed in two weeks (on September 22) [Dkt. #35]. Should the Court grant the motion in full (or with respect to Count III), as Defendants respectfully submit it should, the concerns raised by counsel in the Letter will have been mooted. Defendants are aware of no exigencies—and the Letter identifies none—requiring the Court to take action on the Letter in advance of its resolution of Defendants' pending motion.

    To be sure, the Letter and its request that this Court not compel Mylan's investors on the TASE to litigate their claim in the U.S.—that is, that the Court dismiss Count III in favor of the Israeli Actions—are relevant to (and, in fact, fully support) Defendants' argument that Count III does not belong in this Court under the doctrine of *forum non conveniens*. (*See* Defs.' Opening Br., dated May 30, 2017 [Dkt. #46] ("Defs.'

Br."), at 24-25.) A claim under only *Israeli* law, asserted by only *Israeli* investors, based on purchases on only an *Israeli* exchange, should be decided by an *Israeli* court. (*See id.*) The fact that Israeli counsel to investors in cases pending in Israel have now taken the unusual step of writing to this American Court to request dismissal of Count III drives home the foreign nature of Plaintiffs' Israeli claim.

Furthermore, petitioners' counsel in Israel appear to agree with Defendants' argument in this Court—which Defendants have supported with expert evidence—that Count III should be dismissed because it is unclear what effect Israeli courts, applying Israeli law on the enforcement or recognition of foreign judgments, would give to a ruling by this Court concerning that claim, thereby raising the risk of double exposure to Defendants. (*See id.* at 25; Decl. of Adv. Zvi Agmon (in Supp. of Mot. to Dismiss), dated May 30, 2017 [Dkt. #48], ¶¶ 4, 15-18; Letter ¶ 6.f ("A US court decision to intervene and annex the Israeli class to the US proceedings will . . . handicap the jurisdiction of the Israeli courts, who *may or may not adhere and may or may not dismiss the proceedings there*." (emphasis added)).) That risk is heightened where Plaintiffs and their counsel in this Court never stated that they sought to represent a class of TASE (as opposed to NASDAQ) investors seeking relief under Israeli (as opposed to U.S.) law—and never identified any purchases of Mylan shares on the TASE—in advance of the Court's determination that they are appropriate lead plaintiffs and lead counsel under the PSLRA [Dkt. #26]. (*See* Letter ¶ 3); 15 U.S.C. § 78u-4(a)(3)(B)(i) ("[T]he court . . . shall appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members . . . .").

Finally, while there is disagreement as to which body of substantive law—Israeli or U.S.—would govern this Court's adjudication of Count III (*compare* Letter ¶¶ 7-10 (arguing that Israeli law would apply), *with* Pls.' Opp'n Br., dated Aug. 8, 2017 [Dkt. #49], at 25 (arguing that U.S. law would apply)), it is undisputed that, in order to make that choice of law determination, this Court would have to interpret and apply Israeli case law on the issue. (*See* Decl. of Prof. Amir N. Licht (in Opp'n to Mot. to Dismiss), dated Aug. 8, 2017 [Dkt. #51], ¶ 51.) And the choice of law question has "not yet been finally answered in the settled law in Israel". CC (TA) 28811-02-16 *Damti v. MannKind Corp.* ¶ 45 (2016) (Isr.) ("It is not a simple question, and the discussion of it must take into account a variety of considerations.") (certified English translation and original Hebrew decision enclosed as Exhibit A). This, again, favors dismissal of Count III. *See LaSala v. UBS, AG*, 510 F. Supp. 2d 213, 233-34, 246 (S.D.N.Y. 2007) (dismissing, under *forum non conveniens*, claim that required application of foreign law, "particularly where that law is unsettled"); (*see also* Defs.' Br. at 23-24 (collecting cases in which courts have declined to exercise supplemental jurisdiction over claims involving foreign law and/or foreign parties)).

In Defendants' view, the next step is for Defendants to submit their reply brief on the motion to dismiss, and for the Court to resolve—and grant—the motion, thereby mooting the issues presented to Your Honor in the Letter.

We are available to discuss at the Court's convenience.

Respectfully,

*Sandra C. Goldstein*
Sandra C. Goldstein

Hon. J. Paul Oetken
   United States District Court for the Southern District of New York
      Thurgood Marshall United States Courthouse
         40 Foley Square
           New York, NY 10007

BY ECF

Encl.

Copies w/encl. to:

Counsel of Record

BY ECF