**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re Mylan N.V. Securities Litigation | No. 16-cv-07926 (JPO) |

**DEFENDANTS' ANSWER AND AFFIRMATIVE AND OTHER DEFENSES
TO LEAD PLAINTIFFS' SECOND AMENDED CLASS ACTION COMPLAINT**

Defendants Mylan N.V., Mylan Inc., Heather Bresch, Robert J. Coury, Paul B. Campbell, Rajiv Malik, Kenneth S. Parks and John D. Sheehan ("Defendants"), upon personal knowledge and/or information and belief, answer Plaintiffs' Second Amended Class Action Complaint, dated July 6, 2018 (the "Second Amended Complaint"), as follows:

1. Deny the allegations of paragraph 1 of the Second Amended Complaint, except admit that this action purports to be a class action on behalf of persons or entities that acquired the securities of Mylan N.V. and/or Mylan Inc., between February 21, 2012 and October 30, 2017, and that Plaintiffs purport to seek remedies for alleged violations of the Securities Exchange Act of 1934.

2. Deny the allegations of paragraph 2 of the Second Amended Complaint, except admit that subsidiaries of Mylan N.V. develop, license, manufacture, market and distribute generics, branded generics, brand-name and over-the-counter products in a variety of dosage forms and therapeutic categories around the world, and further admit that an indirect subsidiary of Mylan N.V. markets and sells the EpiPen® and EpiPen Jr® (collectively, "EpiPen") Auto-Injectors, which are manufactured and supplied by a wholly owned subsidiary of Pfizer, and further admit that EpiPen products dispense measured doses of epinephrine, which is considered the first line treatment for anaphylaxis, and further admit that anaphylaxis is a

severe allergic reaction that is rapid in onset and may cause death, either through swelling that shuts off airways or through a significant drop in blood pressure, and further admit that certain of Mylan N.V.'s subsidiaries manufacture and sell certain generic drugs, including (in at least one dosage and product form): albuterol sulfate, benazepril, clomipramine, divalproex, propranolol and doxycycline hyclate delayed release ("Doxy DR"), and Defendants refer to the National Institutes of Health DailyMed website for indications and usage for each of these generic drugs.

3.       Deny the allegations of paragraph 3 of the Second Amended Complaint, except admit that Mylan N.V. and Mylan Inc. have been involved in various disputes, governmental and/or regulatory inquiries, investigations and proceedings, tax proceedings and litigation matters, both in the U.S. and abroad, that arise from time to time, and refer to those disputes, inquiries, investigations, proceedings and litigations for their contents, and further state that, as this Court found in its Opinion and Order entered on the docket on March 28, 2018, "Mylan was never— and, as of today, never has been—found liable for the misconduct alleged by Plaintiffs".  [Dkt. #69.]

4.       Deny the allegations of paragraph 4 of the Second Amended Complaint, and further state that Plaintiffs' claims against Defendants were dismissed by the Court in its Opinion and Order entered on the docket on March 29, 2019, insofar as those claims relied on allegations that Mylan agreed with other drug companies to fix the price of doxycycline monohydrate, glipizide-metformin and verapamil, and further state that the claims against Defendant Rajiv Malik were dismissed by the Court in its Opinion and Order, insofar as such claims rely on allegations of statements concerning EpiPen or concerning allegations that Mylan agreed with other drug companies to fix the price of generic drugs, and the Court in its Opinion and Order instructed Defendants to "file an answer to the surviving claims", and thus no

2

response is required with respect to the allegations of paragraph 4 of the Second Amended Complaint related thereto.  [Dkt. #102.]

5.      Deny the allegations of paragraph 5 of the Second Amended Complaint, and refer to 42 U.S.C. § 1396r-8 for its contents, and further state that the claims against Defendant Rajiv Malik were dismissed by the Court in its Opinion and Order entered on the docket on March 29, 2019, insofar as such claims rely on allegations of statements concerning EpiPen, and the Court in its Opinion and Order instructed Defendants to "file an answer to the surviving claims", and thus no response is required with respect to the allegations of paragraph 5 of the Second Amended Complaint related thereto.  [Dkt. #102.]

6.      Deny the allegations of paragraph 6 of the Second Amended Complaint, except admit that the Omnibus Budget Reconciliation Act of 1990 was enacted in 1990, and refer to 42 U.S.C. § 1396r-8 and 42 C.F.R. § 447.500 *et seq.* for their contents, and further state that the claims against Defendant Rajiv Malik were dismissed by the Court in its Opinion and Order entered on the docket on March 29, 2019, insofar as such claims rely on allegations of statements concerning EpiPen, and the Court in its Opinion and Order instructed Defendants to "file an answer to the surviving claims", and thus no response is required with respect to the allegations of paragraph 6 of the Second Amended Complaint related thereto.  [Dkt. #102.]

7.      Deny the allegations of paragraph 7 of the Second Amended Complaint, and refer to 42 U.S.C. § 1396r-8 and 42 C.F.R. § 447.500 *et seq.* for their contents, and further state that the claims against Defendant Rajiv Malik were dismissed by the Court in its Opinion and Order entered on the docket on March 29, 2019, insofar as such claims rely on allegations of statements concerning EpiPen, and the Court in its Opinion and Order instructed Defendants to

"file an answer to the surviving claims", and thus no response is required with respect to the allegations of paragraph 7 of the Second Amended Complaint related thereto.  [Dkt. #102.]

8.      Deny the allegations of paragraph 8 of the Second Amended Complaint, except admit that Mylan N.V. and Mylan Inc. have retained highly sophisticated and capable attorneys to provide legal advice regarding compliance with applicable laws, and further state that the claims against Defendant Rajiv Malik were dismissed by the Court in its Opinion and Order entered on the docket on March 29, 2019, insofar as such claims rely on allegations of statements concerning EpiPen, and the Court in its Opinion and Order instructed Defendants to "file an answer to the surviving claims", and thus no response is required with respect to the allegations of paragraph 8 of the Second Amended Complaint related thereto.  [Dkt. #102.]

9.      Deny the allegations of paragraph 9 of the Second Amended Complaint, except admit that, based on publicly available information, Andrew M. Slavitt sent a letter to Senator Ron Wyden dated October 5, 2016, and refer to that letter for its contents, and further state that Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations concerning the contents of alleged communications that purportedly occurred in "early 2009", between "the Inspector General of the Department of Health and Human Services" and unspecified persons at "CMS", and further state that the claims against Defendant Rajiv Malik were dismissed by the Court in its Opinion and Order entered on the docket on March 29, 2019, insofar as such claims rely on allegations of statements concerning EpiPen, and the Court in its Opinion and Order instructed Defendants to "file an answer to the surviving claims", and thus no response is required with respect to the allegations of paragraph 9 of the Second Amended Complaint related thereto.  [Dkt. #102.]

10. Deny the allegations of paragraph 10 of the Second Amended Complaint, except admit that Mylan N.V. (and, for periods prior to February 27, 2015, Mylan Inc.) periodically submitted filings with the U.S. Securities and Exchange Commission ("SEC"), and refer to those filings for their contents, and further state that Plaintiffs' claims against Defendants were dismissed by the Court in its Opinion and Order entered on the docket on March 28, 2018, insofar as such claims relied on allegations related to "statements about the complexity, ambiguity, and subjectivity of the rebate calculation [which] are statements of opinion" [Dkt. #69], and further state that the claims against Defendant Rajiv Malik were dismissed by the Court in its Opinion and Order entered on the docket on March 29, 2019, insofar as such claims rely on allegations of statements concerning EpiPen, and the Court in its Opinion and Order instructed Defendants to "file an answer to the surviving claims" [Dkt. #102], and thus no response is required with respect to the allegations of paragraph 10 of the Second Amended Complaint related thereto.

11. Deny the allegations of paragraph 11 of the Second Amended Complaint, except admit that in November 2014, Mylan Inc. received a subpoena from the U.S. Department of Justice ("DOJ") that sought information concerning the classification of EpiPen products for purposes of the Medicaid Drug Rebate Program, and further state that the claims against Defendant Rajiv Malik were dismissed by the Court in its Opinion and Order entered on the docket on March 29, 2019, insofar as such claims rely on allegations of statements concerning EpiPen, and the Court in its Opinion and Order instructed Defendants to "file an answer to the surviving claims", and thus no response is required with respect to the allegations of paragraph 11 of the Second Amended Complaint related thereto. [Dkt. #102.]

12.     Deny the allegations of paragraph 12 of the Second Amended Complaint, except admit that on January 28, 2013, Sanofi-Aventis ("Sanofi") announced that the Auvi-Q would be available in U.S. pharmacies and refer to that announcement for its contents, and further admit that the Auvi-Q is an epinephrine auto-injector device with voice instructions, and further state that the claims against Defendant Rajiv Malik were dismissed by the Court in its Opinion and Order entered on the docket on March 29, 2019, insofar as such claims rely on allegations of statements concerning EpiPen, and the Court in its Opinion and Order instructed Defendants to "file an answer to the surviving claims", and thus no response is required with respect to the allegations of paragraph 12 of the Second Amended Complaint related thereto. [Dkt. #102.]

13.     Deny the allegations of paragraph 13 of the Second Amended Complaint, and further state that the claims against Defendant Rajiv Malik were dismissed by the Court in its Opinion and Order entered on the docket on March 29, 2019, insofar as such claims rely on allegations of statements concerning EpiPen, and the Court in its Opinion and Order instructed Defendants to "file an answer to the surviving claims", and thus no response is required with respect to the allegations of paragraph 13 of the Second Amended Complaint related thereto. [Dkt. #102.]

14.     Deny the allegations of paragraph 14 of the Second Amended Complaint, and further state that to the extent paragraph 14 states a legal conclusion, no response is required, and further state that the claims against Defendant Rajiv Malik were dismissed by the Court in its Opinion and Order entered on the docket on March 29, 2019, insofar as such claims rely on allegations of statements concerning EpiPen, and the Court in its Opinion and Order instructed Defendants to "file an answer to the surviving claims", and thus no response is required with

respect to the allegations of paragraph 14 of the Second Amended Complaint related thereto. [Dkt. #102.]

15. Deny the allegations of paragraph 15 of the Second Amended Complaint, and further state that Plaintiffs' claims against Defendants were dismissed by the Court in its Opinion and Order entered on the docket on March 29, 2019, insofar as such claims relied on allegations that Mylan agreed with other drug companies to fix the price of doxycycline monohydrate, glipizide-metformin and verapamil, and further state that the claims against Defendant Rajiv Malik were dismissed by the Court in its Opinion and Order, insofar as such claims rely on or concern allegations that Mylan agreed with other drug companies to fix the price of generic drugs, and the Court in its Opinion and Order instructed Defendants to "file an answer to the surviving claims", and thus no response is required with respect to the allegations of paragraph 15 of the Second Amended Complaint related thereto.  [Dkt. #102.]

16. Deny the allegations of paragraph 16 of the Second Amended Complaint, except admit that the attorneys general of certain states filed a complaint in the U.S. District Court for the District of Connecticut dated December 14, 2016, in a case captioned *Connecticut v. Aurobindo Pharma USA, Inc.*, No. 3:16-cv-02056, against several generic pharmaceutical drug manufacturers, including Mylan Pharmaceuticals, Inc., and refer to that complaint for its contents, and further state that Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in footnote 1.

17. Deny the allegations of paragraph 17 of the Second Amended Complaint, and further state that Plaintiffs' claims against Defendants were dismissed by the Court in its Opinion and Order entered on the docket on March 29, 2019, insofar as such claims relied on allegations that Mylan agreed with other drug companies to fix the price of doxycycline

monohydrate, glipizide-metformin and verapamil, and further state that the claims against

Defendant Rajiv Malik were dismissed by the Court in its Opinion and Order, insofar as such

claims rely on or concern allegations that Mylan agreed with other drug companies to fix the

price of generic drugs, and the Court in its Opinion and Order instructed Defendants to "file an

answer to the surviving claims", and thus no response is required with respect to the allegations

of paragraph 17 of the Second Amended Complaint related thereto.  [Dkt. #102.]

   18. Deny the allegations of paragraph 18 of the Second Amended Complaint,

except admit that Mylan N.V. (and, for periods prior to February 27, 2015, Mylan Inc.)

periodically submitted filings with the SEC, and refer to those filings for their contents.

Defendants further state that Plaintiffs' claims against Defendants were dismissed by the Court

in its Opinion and Order entered on the docket on March 29, 2019, insofar as such claims relied

on allegations that Mylan agreed with other drug companies to fix the price of doxycycline

monohydrate, glipizide-metformin and verapamil, and insofar as such claims relied on

allegations related to "quantitative statements of earnings contained in Mylan's Forms 10-K and

10-Q", and further state that the claims against Defendant Rajiv Malik were dismissed by the

Court in its Opinion and Order, insofar as such claims rely on or concern allegations that Mylan

agreed with other drug companies to fix the price of generic drugs, and the Court in its Opinion

and Order instructed Defendants to "file an answer to the surviving claims", and thus no

response is required with respect to the allegations of paragraph 18 of the Second Amended

Complaint related thereto.  [Dkt. #102.]

   19. Deny the allegations of paragraph 19 of the Second Amended Complaint,

and refer to the public record for the per share price of Mylan N.V. ordinary shares on

January 30, 2017, except admit that on November 18, 2016, Mylan received a request from the

Federal Trade Commission ("FTC") Bureau of Competition seeking documents and information relating to its preliminary investigation into potential anticompetitive practices involving epinephrine auto-injectors, and further state that Mylan is fully cooperating with the FTC's inquiry, and further state that Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations concerning the contents of the unidentified "news article" or unidentified "U.S. Congresspersons", and further state that the claims against Defendant Rajiv Malik were dismissed by the Court in its Opinion and Order entered on the docket on March 29, 2019, insofar as such claims rely on allegations of statements concerning EpiPen, and the Court in its Opinion and Order instructed Defendants to "file an answer to the surviving claims", and thus no response is required with respect to the allegations of paragraph 19 of the Second Amended Complaint related thereto.  [Dkt. #102.]

20.     Deny the allegations of paragraph 20 of the Second Amended Complaint, except admit that, based on publicly available information, Inside Health Policy published an article titled "CMS Tells Mylan It Incorrectly Classified EpiPen To Pay Lower Medicaid Rebates, Lawmakers Upset" dated September 2, 2016, and further admit that, based on publicly available information, Bloomberg published an article titled "Mylan Accused by U.S. of Overcharging Medicaid for EpiPen" dated October 5, 2016, and refer to those articles for their contents, and refer to the public record for the per share price of Mylan N.V. ordinary shares on September 2, 2016 and October 6, 2016, and further state that the claims against Defendant Rajiv Malik were dismissed by the Court in its Opinion and Order entered on the docket on March 29, 2019, insofar as such claims rely on allegations of statements concerning EpiPen, and the Court in its Opinion and Order instructed Defendants to "file an answer to the surviving claims", and

thus no response is required with respect to the allegations of paragraph 20 of the Second

Amended Complaint related thereto.  [Dkt. #102.]

      21.     Deny the allegations of paragraph 21 of the Second Amended Complaint,

except admit that, based on publicly available information, Bloomberg News published an article

titled "U.S. Charges in Generic-Drug Probe to Be Filed by Year-End" dated November 3, 2016,

and admit that, based on publicly available information, Bloomberg published an article titled

"U.S. Generic Drug Probe Seen Expanding After Guilty Pleas" dated December 14, 2016, and

further state that, based on publicly available information, The Philadelphia Inquirer article titled

"Ex-N.J. pharma execs admit to fixing generic drug prices" was originally dated January 9, 2017,

not published on January 10, 2017 as alleged in paragraph 21 of the Second Amended

Complaint, and refer to those articles for their contents, and refer to the public record for the per

share price of Mylan N.V. ordinary shares on November 3, 2016, December 14, 2016,

January 10, 2017, January 11, 2017 and January 12, 2017, and further state that the claims

against Defendant Rajiv Malik were dismissed by the Court in its Opinion and Order entered on

the docket on March 29, 2019, insofar as such claims rely on or concern allegations that Mylan

agreed with other drug companies to fix the price of generic drugs, and the Court in its Opinion

and Order instructed Defendants to "file an answer to the surviving claims", and thus no

response is required with respect to the allegations of paragraph 21 of the Second Amended

Complaint related thereto.  [Dkt. #102.]

      22.     Deny the allegations of paragraph 22 of the Second Amended Complaint,

except admit that on October 31, 2017, the Attorney General of the State of Connecticut issued a

press release concerning the filing of an amended complaint, and refer to that press release and

the amended complaint for their contents, and state that Plaintiffs' claims against Defendants

were dismissed by the Court in its Opinion and Order entered on the docket on March 29, 2019, insofar as such claims relied on allegations that Mylan agreed with other drug companies to fix the price of doxycycline monohydrate, glipizide-metformin and verapamil, and further state that the claims against Defendant Rajiv Malik were dismissed by the Court in its Opinion and Order, insofar as such claims rely on or concern allegations that Mylan agreed with other drug companies to fix the price of generic drugs, and the Court in its Opinion and Order instructed Defendants to "file an answer to the surviving claims", and thus no response is required with respect to the allegations of paragraph 22 of the Second Amended Complaint related thereto. [Dkt. #102.]

23.     Deny the allegations of paragraph 23 of the Second Amended Complaint, except refer to the public record for the per share price of Mylan N.V. ordinary shares on October 31, 2017.

24.     Deny the allegations of paragraph 24 of the Second Amended Complaint.

25.     Deny the allegations of paragraph 25 of the Second Amended Complaint, except admit that Plaintiffs purport to bring this action pursuant to the statutes and rules cited therein.

26.     State that the allegations of paragraph 26 of the Second Amended Complaint purport to state characterizations and/or conclusions of law that do not require a response.  To the extent a response is required, Defendants deny the allegations of paragraph 26 of the Second Amended Complaint, except admit that Plaintiffs purport to invoke the jurisdiction of this Court pursuant to the statutes cited therein.

27.     State that the first sentence of paragraph 27 of the Second Amended Complaint purports to state characterizations and/or conclusions of law that do not require a

response.  To the extent a response is required, Defendants deny the allegations of paragraph 27 of the Second Amended Complaint, except admit that Plaintiffs purport to establish venue pursuant to the statutes cited therein, and further admit that Mylan N.V. ordinary shares are listed on the NASDAQ Global Select Market, and that, based on publicly available information, NASDAQ's principal executive offices are located in New York.

28.    Deny the allegations of paragraph 28 of the Second Amended Complaint.

29.    Deny the allegations of paragraph 29 of the Second Amended Complaint.

30.    Deny the allegations of paragraph 30 of the Second Amended Complaint, except admit that Mylan N.V. is incorporated in the Netherlands, and further admit that Mylan N.V. has executive offices located at Building 4, Trident Place, Mosquito Way, Hatfield, Hertfordshire, AL10 9UL, England, but that the Chief Executive Officer and other executive officers of Mylan N.V. carry out the day-to-day conduct of Mylan N.V.'s worldwide businesses at the company's principal offices in Canonsburg, Pennsylvania, and further admit that subsidiaries of Mylan N.V. develop, license, manufacture, market and distribute generics, branded generics, brand name and over-the-counter products in a variety of dosage forms and therapeutic categories around the world, and further admit that a subsidiary of Mylan N.V. markets and sells the EpiPen products, and further admit that EpiPen products (but not the authorized generics to EpiPen products) are marketed under brand names, and further admit that EpiPen products dispense measured doses of epinephrine, which is considered the first line treatment for anaphylaxis, and further admit that anaphylaxis is a severe allergic reaction that is rapid in onset and may cause death, either through swelling that shuts off airways or through a significant drop in blood pressure, and further admit that on July 13, 2014, Mylan N.V., Mylan Inc. and Moon of PA Inc. entered into a definitive agreement with Abbott Laboratories

("Abbott") to acquire Abbott's non-U.S. developed markets specialty and branded generics business (the "EPD Business") in an all-stock transaction (the "EPD Transaction"), and admit that on November 4, 2014, Mylan N.V., Mylan Inc., Moon of PA Inc. and Abbott entered into an amended and restated definitive agreement implementing the transaction, and admit that the EPD Transaction closed on February 27, 2015 (the "EPD Transaction Closing Date"), after receiving approval from Mylan Inc.'s shareholders on January 29, 2015, and admit that on February 27, 2015, Abbott transferred the EPD Business to Mylan N.V., in exchange for 110 million ordinary shares of Mylan N.V., and admit that, immediately after the transfer of the EPD Business, Mylan Inc. merged with Moon of PA Inc., an indirect wholly owned subsidiary of Mylan N.V., with Mylan Inc. becoming an indirect wholly owned subsidiary of Mylan N.V., and further admit that, at this time, Mylan Inc.'s outstanding common stock was exchanged on a one to one basis for Mylan N.V. ordinary shares, and further admit that Mylan N.V. is the successor registrant to Mylan Inc. for SEC reporting purposes, and further admit that in connection with the EPD Transaction, officers and directors of Mylan Inc. were appointed as officers and directors of Mylan N.V., and further admit that on March 2, 2015, Mylan N.V.'s ordinary shares began trading on the NASDAQ Global Select Stock Market under ticker symbol "MYL".

31.     Deny the allegations of paragraph 31 of the Second Amended Complaint, except admit that Mylan Inc. is incorporated in Pennsylvania.

32.     Deny the allegations of paragraph 32 of the Second Amended Complaint, except admit that Defendant Heather Bresch has served as the Chief Executive Officer of Mylan N.V. (and, prior to February 27, 2015, Mylan Inc.) since January 2012, and prior to that, held various positions at Mylan Inc., including Director of Government Relations from March 1, 2002 to February 9, 2004.

33.     Admit the allegations of paragraph 33 of the Second Amended Complaint.

34.     Admit the allegations of paragraph 34 of the Second Amended Complaint.

35.     Admit the allegations of paragraph 35 of the Second Amended Complaint.

36.     Admit the allegations of paragraph 36 of the Second Amended Complaint.

37.     Admit the allegations of paragraph 37 of the Second Amended Complaint.

38.     Deny that in all instances where the term "Individual Defendants" appears in the Second Amended Complaint it refers to Defendants Bresch, Coury, Campbell, Malik, Parks and Sheehan.

39.     Deny the allegations of paragraph 39 and footnote 2 of the Second Amended Complaint, except admit that in 2007, Mylan Inc. acquired the predecessor to Mylan Specialty L.P., Dey Pharma, L.P., which had the rights to market EpiPen products, and further admit that on September 26, 2016, Mylan N.V. filed a Form 8-K with the SEC, and refer to that Form 8-K for its contents, and admit that Mylan N.V. (and, for periods prior to February 27, 2015, Mylan Inc.) filed Forms 10-K with the SEC, and refer to those Forms 10-K for their contents, and further admit that EpiPen products, like many of its products, are important to Mylan's business, and further state that the claims against Defendant Rajiv Malik were dismissed by the Court in its Opinion and Order entered on the docket on March 29, 2019, insofar as such claims rely on allegations of statements concerning EpiPen, and the Court in its Opinion and Order instructed Defendants to "file an answer to the surviving claims", and thus no response is required with respect to the allegations of paragraph 39 of the Second Amended Complaint related thereto.  [Dkt. #102.]

40.     Deny the allegations of paragraph 40 of the Second Amended Complaint, except admit that EpiPen products, like many of its products, are important to Mylan's business,

and further state that Defendants are without knowledge or information sufficient to form a belief

as to the truth of the allegations concerning the contents of unidentified "analyst reports", and

further state that the claims against Defendant Rajiv Malik were dismissed by the Court in its

Opinion and Order entered on the docket on March 29, 2019, insofar as such claims rely on

allegations of statements concerning EpiPen, and the Court in its Opinion and Order instructed

Defendants to "file an answer to the surviving claims", and thus no response is required with

respect to the allegations of paragraph 40 of the Second Amended Complaint related thereto.

[Dkt. #102.]

       41.     Deny the allegations of paragraph 41 of the Second Amended Complaint,

except admit that, based on publicly available information, RBC Capital Markets, LLC published

an equity research report titled "Our thoughts on negative EPIPEN pricing 'headline':  Direct

read to MYL but also implications for TEVA and IPXL" dated August 24, 2016, and admit that,

based on publicly available information, J.P. Morgan published a report titled "Mylan NV:

Updating Estimates for Epipen; Remain Cautious In NT But Valuation Offers Compelling LT

Entry Point" dated October 4, 2016, and admit that, based on publicly available information,

Morningstar published a report titled "Mylan is digesting Meda while facing EpiPen headline

risk" dated September 16, 2016, and admit that, based on publicly available information,

Morningstar published a report titled "Mylan's EpiPen pricing blowback doesn't dramatically

alter the company's significant challenges" dated October 18, 2016, and Defendants refer to

those documents for their contents, and further state that the claims against Defendant Rajiv

Malik were dismissed by the Court in its Opinion and Order entered on the docket on March 29,

2019, insofar as such claims rely on allegations of statements concerning EpiPen, and the Court

in its Opinion and Order instructed Defendants to "file an answer to the surviving claims", and

thus no response is required with respect to the allegations of paragraph 41 of the Second Amended Complaint related thereto.  [Dkt. #102.]

42.     Deny the allegations of paragraph 42 of the Second Amended Complaint, except admit that sales of EpiPen products, like sales of all Mylan products, impact Mylan's quarterly earnings, and admit that, based on publicly available information, BTIG published an equity research report titled "Mylan N.V.:  In Need of Epipen After Weak Q4; New Model w/Meda Suggests Much Needed Accretion is Possible; Buy" dated February 11, 2016, and admit that, based on publicly available information, Morgan Stanley published a report titled "Mylan Inc.:  Epipen drove EPS slightly above; guidance unchanged despite early deal closings" dated August 9, 2016, and admit that, based on publicly available information, Barclays published an equity research report titled "Mylan Inc.:  Epipen takes the driver's seat" dated August 10, 2016, and refer to those reports for their contents, and further state that the claims against Defendant Rajiv Malik were dismissed by the Court in its Opinion and Order entered on the docket on March 29, 2019, insofar as such claims rely on allegations of statements concerning EpiPen, and the Court in its Opinion and Order instructed Defendants to "file an answer to the surviving claims", and thus no response is required with respect to the allegations of paragraph 42 of the Second Amended Complaint related thereto.  [Dkt. #102.]

43.     Deny the allegations of paragraph 43 of the Second Amended Complaint, and state that Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations concerning what drove unspecified "analysts' ratings and evaluations of Mylan's financial prospects", except admit that, based on publicly available information, J.P. Morgan published an equity research report titled "MYL/TEVA:  Positive Epipen News Supports EPS Upside For MYL" dated March 1, 2016, and admit that, based on publicly

available information, J.P. Morgan published an equity research report titled "Mylan NV:  Solid Qtr Lead by Epipen; Long-Term Growth Trajectory Remains Intact" dated August 10, 2016, and admit that, based on publicly available information, J.P. Morgan published an equity research report titled "Mylan NV:  Updating Estimates for Epipen; Remain Cautious in NT But Valuation Offers Compelling LT Entry Point" dated October 4, 2016, and admit that, based on publicly available information, J.P. Morgan published an equity research report titled "Mylan NV: Epipen Rebate Settlement and Updated Guidance A Positive" dated October 10, 2016, and admit that, based on publicly available information, Morgan Stanley published a report titled "Mylan: Epipen 4Q sales hurt by inventory workdown, not price adjustments as we hypothesized" dated February 12, 2016, and admit that, based on publicly available information, Morgan Stanley published a report titled "Mylan Inc.:  Epipen drove EPS slightly above; guidance unchanged despite early deal closings" dated August 9, 2016, and admit that, based on publicly available information, BTIG published an equity research report titled "Mylan N.V.:  Upping Estimates to Reflect Higher Epipen Sales; Buy" dated January 21, 2016, and admit that, based on publicly available information, BTIG published an equity research report titled "Mylan N.V.:  MYL to Launch Authorized Generic Version of Epipen" dated August 29, 2016, and Defendants refer to those reports for their contents, and further state that the claims against Defendant Rajiv Malik were dismissed by the Court in its Opinion and Order entered on the docket on March 29, 2019, insofar as such claims rely on allegations of statements concerning EpiPen, and the Court in its Opinion and Order instructed Defendants to "file an answer to the surviving claims", and thus no response is required with respect to the allegations of paragraph 43 of the Second Amended Complaint related thereto.  [Dkt. #102.]

44.     Deny the allegations of paragraph 44 and footnote 12 of the Second Amended Complaint, except admit that EpiPen products have been dispensed to Medicaid participants, and further admit that, based on publicly available information, UBS published a report containing the sub-heading "Mylan Inc.:  We're still constructive on MYL" dated October 10, 2016, and refer to that report for its contents, and further admit that, based on publicly available information, Andrew M. Slavitt sent a letter to Senator Ron Wyden dated October 5, 2016, and refer to that letter for its contents, and state that the claims against Defendant Rajiv Malik were dismissed by the Court in its Opinion and Order entered on the docket on March 29, 2019, insofar as such claims rely on allegations of statements concerning EpiPen, and the Court in its Opinion and Order instructed Defendants to "file an answer to the surviving claims", and thus no response is required with respect to the allegations of paragraph 44 of the Second Amended Complaint related thereto.  [Dkt. #102.]

45.     Deny the allegations of paragraph 45 of the Second Amended Complaint, except admit that EpiPen products, like many of its products, are important to Mylan's business, and further admit that EpiPen products have been dispensed to Medicaid participants, and state that the claims against Defendant Rajiv Malik were dismissed by the Court in its Opinion and Order entered on the docket on March 29, 2019, insofar as such claims rely on allegations of statements concerning EpiPen, and the Court in its Opinion and Order instructed Defendants to "file an answer to the surviving claims", and thus no response is required with respect to the allegations of paragraph 45 of the Second Amended Complaint related thereto.  [Dkt. #102.]

46.     Deny the allegations of paragraph 46 of the Second Amended Complaint, except admit that Medicaid was enacted by the federal government, is administered by states

according to federal requirements, and is funded jointly by states and the federal government, and provides health coverage to eligible persons.

47.     State that the allegations of paragraph 47 of the Second Amended Complaint purport to state characterizations and/or conclusions of law that do not require a response.  To the extent a response is required, Defendants deny the allegations of paragraph 47 of the Second Amended Complaint, and refer to 42 U.S.C. § 1396r-8 for its contents.

48.     Deny the allegations of paragraph 48 of the Second Amended Complaint, except admit that CMS is part of the Department of Health and Human Services, and that CMS administers the Medicaid Drug Rebate Program in partnership with state governments.

49.     Deny the allegations of paragraph 49 of the Second Amended Complaint, except state that Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations concerning the actions, knowledge or motivations of unidentified "lawmakers".

50.     State that the allegations of paragraph 50 and footnote 14 of the Second Amended Complaint purport to state characterizations and/or conclusions of law that do not require a response.  To the extent a response is required, Defendants deny the allegations of paragraph 50 and footnote 14 of the Second Amended Complaint, and refer to 42 U.S.C. § 1396r-8 for its contents, and further state that the claims against Defendant Rajiv Malik were dismissed by the Court in its Opinion and Order entered on the docket on March 29, 2019, insofar as such claims rely on allegations of statements concerning EpiPen, and the Court in its Opinion and Order instructed Defendants to "file an answer to the surviving claims", and thus no response is required with respect to the allegations of paragraph 50 of the Second Amended Complaint related thereto.  [Dkt. #102.]

51.     State that the allegations of paragraph 51 of the Second Amended Complaint purport to state characterizations and/or conclusions of law that do not require a response.  To the extent a response is required, Defendants deny the allegations of paragraph 51 of the Second Amended Complaint, and refer to 42 U.S.C. § 1396r-8 for its contents.

52.     State that the allegations of paragraph 52 and footnote 15 of the Second Amended Complaint purport to state characterizations and/or conclusions of law that do not require a response.  To the extent a response is required, Defendants deny the allegations of paragraph 52 and footnote 15 of the Second Amended Complaint, except admit that the website address "http://www.fda.gov/cder/orange/default.htm" links to a U.S. Department of Health and Human Services website titled "Orange Book:  Approved Drug Products with Therapeutic Equivalence Evaluations", and refer to 42 U.S.C. § 1396r-8 and 42 C.F.R. § 447.500 *et seq.* for their contents.

53.     State that the allegations of paragraph 53 of the Second Amended Complaint purport to state characterizations and/or conclusions of law that do not require a response.  To the extent a response is required, Defendants deny the allegations of paragraph 53 of the Second Amended Complaint, and refer to the October 1, 2007 version of 42 C.F.R. § 447.500 *et seq.* for its contents, except admit that biologics license applications, product license applications and establishment license applications apply to biological products, and further admit that an antibiotic drug application applies to antibiotic drugs.

54.     Deny the allegations of paragraph 54 of the Second Amended Complaint, except admit that CMS issued "Release No. 80" dated January 5, 2010, which was titled "Medicaid Drug Rebate Program Bulletin For Participating Drug Manufacturers", and refer to

20

that release for its contents, and further admit that CMS has issued at least two releases relating
to the classification of drugs for purposes of the Medicaid Drug Rebate Program since 2007.

55. Deny the allegations of paragraph 55 of the Second Amended Complaint,
except admit that CMS issued "Manufacturer Release No. 91" dated September 12, 2014, which
was titled "Medicaid Drug Rebate Program Notice For Participating Drug Manufacturers", and
refer to that release for its contents.

56. Deny the allegations of the first sentence of paragraph 56 of the Second
Amended Complaint, and deny footnote 19 of the Second Amended Complaint, and state that the
allegations of the second sentence of paragraph 56 of the Second Amended Complaint purport to
state characterizations and/or conclusions of law that do not require a response.  To the extent a
response is required to the second sentence of paragraph 56 of the Second Amended Complaint,
Defendants deny that allegation, and further refer to the October 1, 2007 version of 42 C.F.R.
§ 447.500 *et seq.* and 42 U.S.C. § 1396r-8 for their contents.

57. State that the allegations of paragraph 57 and footnotes 22 and 23 of the
Second Amended Complaint purport to state characterizations and/or conclusions of law that do
not require a response.  To the extent a response is required, Defendants deny the allegations of
paragraph 57 and footnotes 22 and 23 of the Second Amended Complaint, except admit that
81 Fed. Reg. 5170 was published in February 2016, and admit that 42 C.F.R. § 447.509 became
effective April 1, 2016, and refer to that final rule and regulation for their contents.

58. State that the allegations of paragraph 58 of the Second Amended
Complaint purport to state characterizations and/or conclusions of law that do not require a
response.  To the extent a response is required, Defendants deny the allegations of paragraph 58
of the Second Amended Complaint.

59.     State that the allegations of paragraph 59 of the Second Amended Complaint purport to state characterizations and/or conclusions of law that do not require a response.  To the extent a response is required, Defendants deny the allegations of paragraph 59 of the Second Amended Complaint, and refer to 42 U.S.C. § 1396r-8 and 42 C.F.R. § 447.500 *et seq.* for their contents, and further state that the claims against Defendant Rajiv Malik were dismissed by the Court in its Opinion and Order entered on the docket on March 29, 2019, insofar as such claims rely on allegations of statements concerning EpiPen, and the Court in its Opinion and Order instructed Defendants to "file an answer to the surviving claims", and thus no response is required with respect to the allegations of paragraph 59 of the Second Amended Complaint related thereto.  [Dkt. #102.]

60.     State that Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 60 of the Second Amended Complaint, except admit that, based on publicly available information, U.S. Patent Number 4,031,893 was filed on May 14, 1976, that U.S. Patent Number 4,031,893 lists Sheldon Kaplan as one of four inventors, and that U.S. Patent Number 4,031,893 lists "Survival Technology, Inc. (Bethesda, MD)" as the assignee.  Defendants further admit that NDA N019430 was approved on December 22, 1987, and further state that the claims against Defendant Rajiv Malik were dismissed by the Court in its Opinion and Order entered on the docket on March 29, 2019, insofar as such claims rely on allegations of statements concerning EpiPen, and the Court in its Opinion and Order instructed Defendants to "file an answer to the surviving claims", and thus no response is required with respect to the allegations of paragraph 60 of the Second Amended Complaint related thereto.  [Dkt. #102.]

61.     Deny the allegations of paragraph 61 of the Second Amended Complaint, except admit that, based on publicly available information, Andrew M. Slavitt sent a letter to Senator Ron Wyden dated October 5, 2016, and refer to that letter for its contents, and further refer to 42 U.S.C. § 1396r-8 for its contents, and further state that the claims against Defendant Rajiv Malik were dismissed by the Court in its Opinion and Order entered on the docket on March 29, 2019, insofar as such claims rely on allegations of statements concerning EpiPen, and the Court in its Opinion and Order instructed Defendants to "file an answer to the surviving claims", and thus no response is required with respect to the allegations of paragraph 61 of the Second Amended Complaint related thereto.  [Dkt. #102.]

62.     Admit the allegations of paragraph 62 and footnote 26 of the Second Amended Complaint, except state that Pfizer, Inc. completed its acquisition of King Pharmaceuticals in 2011, and state that prior to June 1998, Dey, Inc. was named Dey Laboratories, Inc., and state that admissions of allegations concerning facts occurring prior to the acquisition described in paragraph 63 are based on publicly available information, and further state that the claims against Defendant Rajiv Malik were dismissed by the Court in its Opinion and Order entered on the docket on March 29, 2019, insofar as such claims rely on allegations of statements concerning EpiPen, and the Court in its Opinion and Order instructed Defendants to "file an answer to the surviving claims", and thus no response is required with respect to the allegations of paragraph 62 of the Second Amended Complaint related thereto.  [Dkt. #102.]

63.     Deny the allegations of paragraph 63 of the Second Amended Complaint, except admit that on May 12, 2007, Mylan Laboratories Inc. entered into a Share Purchase Agreement with Merck Generics Holding GmbH, Merck S.A., and Merck Internationale Beteiligung GmbH (such entities, "Sellers"), and Merck KGaA, as Sellers' representative and

guarantor, to acquire Merck's generic pharmaceutical business, and further admit that on

October 2, 2007, as part of the acquisition of Merck's generic pharmaceutical business, Mylan

Inc. also acquired the predecessor to Mylan Specialty, Dey Pharma L.P., which had the rights to

market EpiPen products, and further admit that Meridian Medical Technologies Inc. is the

assignee to U.S. Patents Nos. 7,449,012, 7,794,432, 8,048,035, 8,870,827 and 9,586,010, and

further state that the claims against Defendant Rajiv Malik were dismissed by the Court in its

Opinion and Order entered on the docket on March 29, 2019, insofar as such claims rely on

allegations of statements concerning EpiPen, and the Court in its Opinion and Order instructed

Defendants to "file an answer to the surviving claims", and thus no response is required with

respect to the allegations of paragraph 63 of the Second Amended Complaint related thereto.

[Dkt. #102.]

      64.    Deny the allegations of paragraph 64 of the Second Amended Complaint,

and further state that the claims against Defendant Rajiv Malik were dismissed by the Court in its

Opinion and Order entered on the docket on March 29, 2019, insofar as such claims rely on

allegations of statements concerning EpiPen, and the Court in its Opinion and Order instructed

Defendants to "file an answer to the surviving claims", and thus no response is required with

respect to the allegations of paragraph 64 of the Second Amended Complaint related thereto.

[Dkt. #102.]

      65.    Deny the allegations of paragraph 65 of the Second Amended Complaint,

except admit that Mylan N.V. and its subsidiaries conduct business in many jurisdictions around

the world, and admit that Mylan N.V. and Mylan Inc. have retained highly sophisticated and

capable attorneys to provide legal advice regarding compliance with applicable laws, and further

admit that Mylan N.V. currently has a market capitalization of several billion dollars, and further

state that the claims against Defendant Rajiv Malik were dismissed by the Court in its Opinion and Order entered on the docket on March 29, 2019, insofar as such claims rely on allegations of statements concerning EpiPen, and the Court in its Opinion and Order instructed Defendants to "file an answer to the surviving claims", and thus no response is required with respect to the allegations of paragraph 65 of the Second Amended Complaint related thereto.  [Dkt. #102.]

66.     Deny the allegations of paragraph 66 and footnote 27 of the Second Amended Complaint, and further state that the claims against Defendant Rajiv Malik were dismissed by the Court in its Opinion and Order entered on the docket on March 29, 2019, insofar as such claims rely on allegations of statements concerning EpiPen, and the Court in its Opinion and Order instructed Defendants to "file an answer to the surviving claims", and thus no response is required with respect to the allegations of paragraph 66 of the Second Amended Complaint related thereto.  [Dkt. #102.]

67.     State that the allegations of paragraph 67 of the Second Amended Complaint purport to state characterizations and/or conclusions of law that do not require a response.  To the extent a response is required, Defendants deny the allegations of paragraph 67 of the Second Amended Complaint, and further refer to the October 1, 2007 version of 42 C.F.R. § 447.500 *et seq.* and 42 U.S.C. § 1396r-8 for their contents, and further state that the claims against Defendant Rajiv Malik were dismissed by the Court in its Opinion and Order entered on the docket on March 29, 2019, insofar as such claims rely on allegations of statements concerning EpiPen, and the Court in its Opinion and Order instructed Defendants to "file an answer to the surviving claims", and thus no response is required with respect to the allegations of paragraph 67 of the Second Amended Complaint related thereto.  [Dkt. #102.]

68.     Deny the allegations of paragraph 68 of the Second Amended Complaint, except admit that on January 16, 2015, Mylan Specialty, L.P. filed a citizen petition with the FDA, and refer to the petition for its contents, and further state that the claims against Defendant Rajiv Malik were dismissed by the Court in its Opinion and Order entered on the docket on March 29, 2019, insofar as such claims rely on allegations of statements concerning EpiPen, and the Court in its Opinion and Order instructed Defendants to "file an answer to the surviving claims", and thus no response is required with respect to the allegations of paragraph 68 of the Second Amended Complaint related thereto.  [Dkt. #102.]

69.     Deny the allegations of paragraph 69 of the Second Amended Complaint, and further state that the claims against Defendant Rajiv Malik were dismissed by the Court in its Opinion and Order entered on the docket on March 29, 2019, insofar as such claims rely on allegations of statements concerning EpiPen, and the Court in its Opinion and Order instructed Defendants to "file an answer to the surviving claims", and thus no response is required with respect to the allegations of paragraph 69 of the Second Amended Complaint related thereto. [Dkt. #102.]

70.     Deny the allegations of paragraph 70 of the Second Amended Complaint, except admit that Mylan N.V. (and for periods prior to February 27, 2015, Mylan Inc.) filed Forms 10-K with the SEC during the alleged Class Period, and refer to those documents for their contents, and further state that the claims against Defendant Rajiv Malik were dismissed by the Court in its Opinion and Order entered on the docket on March 29, 2019, insofar as such claims rely on allegations of statements concerning EpiPen, and the Court in its Opinion and Order instructed Defendants to "file an answer to the surviving claims", and thus no response is

required with respect to the allegations of paragraph 70 of the Second Amended Complaint
related thereto.  [Dkt. #102.]

   71. Deny the allegations of paragraph 71 of the Second Amended Complaint,
except admit that, based on publicly available information, the Department of Health and Human
Services Office of the Inspector General released a report titled "Accuracy Of Drug
Categorizations For Medicaid Rebates" dated July 2009, and refer to that document for its
contents, and further admit that, based on publicly available information, Andrew M. Slavitt sent
a letter to Senator Ron Wyden dated October 5, 2016, and refer to that letter for its contents, and
further state that Defendants are without knowledge or information sufficient to form a belief as
to the truth of the allegations concerning alleged communications between unidentified "CMS
staff" and unidentified persons at the "HHS Inspector General", and further state that the claims
against Defendant Rajiv Malik were dismissed by the Court in its Opinion and Order entered on
the docket on March 29, 2019, insofar as such claims rely on allegations of statements
concerning EpiPen, and the Court in its Opinion and Order instructed Defendants to "file an
answer to the surviving claims", and thus no response is required with respect to the allegations
of paragraph 71 of the Second Amended Complaint related thereto.  [Dkt. #102.]

   72. Deny the allegations of paragraph 72 of the Second Amended Complaint,
except admit that Meridian Medical Technologies, Inc. is the assignee for U.S. Patent Numbers
7,449,012, 7,794,432, 8,048,035 and 8,870,827, and further admit that U.S. Patent Numbers
7,449,012, 7,794,432, 8,048,035 and 8,870,827 each have a patent expiration date of
September 11, 2025, and further admit that U.S. Patent Numbers 7,794,432, 8,048,035 and
8,870,827 were "continuations of U.S. patent application Ser. No. 11/095,664, filed Apr. 1, 2005,
now U.S. Pat. No. 7,449,012, which claims the benefit of U.S. Provisional Application No.

60/599,054, filed Aug. 6, 2004", and further admit that, based on publicly available information, Seeking Alpha published an article titled "Mylan:  $5 Billion Potential Liability From EpiPen Underpayment Of CMS Rebates" dated February 6, 2017, which attributed the following quote to Lauren Kashtan:  "As anyone who has used the product knows, the epinephrine auto-injector we have in the market today is substantially different than the one we acquired", and otherwise refer to that article for its contents, and further state that the claims against Defendant Rajiv Malik were dismissed by the Court in its Opinion and Order entered on the docket on March 29, 2019, insofar as such claims rely on allegations of statements concerning EpiPen, and the Court in its Opinion and Order instructed Defendants to "file an answer to the surviving claims", and thus no response is required with respect to the allegations of paragraph 72 of the Second Amended Complaint related thereto.  [Dkt. #102.]

73.     Deny the allegations of paragraph 73 of the Second Amended Complaint, and further state that the claims against Defendant Rajiv Malik were dismissed by the Court in its Opinion and Order entered on the docket on March 29, 2019, insofar as such claims rely on allegations of statements concerning EpiPen, and the Court in its Opinion and Order instructed Defendants to "file an answer to the surviving claims", and thus no response is required with respect to the allegations of paragraph 73 of the Second Amended Complaint related thereto. [Dkt. #102.]

74.     Deny the allegations of paragraph 74 of the Second Amended Complaint, except admit that on August 28, 2009, King Pharmaceuticals, Inc. and Meridian Medical Technologies, Inc. filed a Complaint against Teva Parenteral Medicines, Inc. and Teva Pharmaceuticals USA, Inc. in case number 1:09-cv-00652-GMS (D. Del.), and refer to that complaint for its contents, and further state that the claims against Defendant Rajiv Malik were

dismissed by the Court in its Opinion and Order entered on the docket on March 29, 2019,

insofar as such claims rely on allegations of statements concerning EpiPen, and the Court in its

Opinion and Order instructed Defendants to "file an answer to the surviving claims", and thus no

response is required with respect to the allegations of paragraph 74 of the Second Amended

Complaint related thereto.  [Dkt. #102.]

        75.     Deny the allegations of paragraph 75 of the Second Amended Complaint,

except admit that on August 28, 2009, King Pharmaceuticals, Inc. and Meridian Medical

Technologies, Inc. filed a Complaint against Teva Parenteral Medicines, Inc. and Teva

Pharmaceuticals USA, Inc. in case number 1:09-cv-00652-GMS (D. Del.), and refer to that

complaint for its contents, and further state that the claims against Defendant Rajiv Malik were

dismissed by the Court in its Opinion and Order entered on the docket on March 29, 2019,

insofar as such claims rely on allegations of statements concerning EpiPen, and the Court in its

Opinion and Order instructed Defendants to "file an answer to the surviving claims", and thus no

response is required with respect to the allegations of paragraph 75 of the Second Amended

Complaint related thereto.  [Dkt. #102.]

        76.     Deny the allegations of paragraph 76 of the Second Amended Complaint,

except admit that on July 14, 2010, King Pharmaceuticals, Inc. and Meridian Medical

Technologies, Inc. filed a Complaint against Sandoz Inc. in case number 3:10-cv-03568-MLC-

LHG (D. N.J.), and refer to that complaint for its contents, and further state that the claims

against Defendant Rajiv Malik were dismissed by the Court in its Opinion and Order entered on

the docket on March 29, 2019, insofar as such claims rely on allegations of statements

concerning EpiPen, and the Court in its Opinion and Order instructed Defendants to "file an

answer to the surviving claims", and thus no response is required with respect to the allegations of paragraph 76 of the Second Amended Complaint related thereto.  [Dkt. #102.]

77.     Deny the allegations of paragraph 77 of the Second Amended Complaint, except admit that on January 19, 2011, King Pharmaceuticals, Inc. and Meridian Medical Technologies, Inc. filed a Complaint against Intelliject, Inc. in case number 1:11-cv-00065-GMS (D. Del.), and refer to that complaint for its contents, and further state that the claims against Defendant Rajiv Malik were dismissed by the Court in its Opinion and Order entered on the docket on March 29, 2019, insofar as such claims rely on allegations of statements concerning EpiPen, and the Court in its Opinion and Order instructed Defendants to "file an answer to the surviving claims", and thus no response is required with respect to the allegations of paragraph 77 of the Second Amended Complaint related thereto.  [Dkt. #102.]

78.     Deny the allegations of paragraph 78 of the Second Amended Complaint, except admit that in November 2014, Mylan Inc. received a subpoena from the DOJ that sought information concerning the classification of EpiPen products for purposes of the Medicaid Drug Rebate Program, and further admit that on November 9, 2016, Mylan N.V. filed a Form 10-Q with the SEC, and refer to that document for its contents, and further state that the claims against Defendant Rajiv Malik were dismissed by the Court in its Opinion and Order entered on the docket on March 29, 2019, insofar as such claims rely on allegations of statements concerning EpiPen, and the Court in its Opinion and Order instructed Defendants to "file an answer to the surviving claims", and thus no response is required with respect to the allegations of paragraph 78 of the Second Amended Complaint related thereto.  [Dkt. #102.]

79.     Deny the allegations of paragraph 79 of the Second Amended Complaint, except admit that Mylan Specialty markets and sells EpiPen products, which dispense measured

doses of epinephrine, which is considered the first line treatment for anaphylaxis, and further admit that anaphylaxis is a severe allergic reaction that is rapid in onset and may cause death, either through swelling that shuts off airways or through a significant drop in blood pressure, and further admit that, based on publicly available information, Bloomberg Businessweek published an article titled "How EpiPen Became Mylan's Must-Have Drug, With 400% Higher Price" dated September 23, 2015, which attributed the following quote to Heather Bresch:  "You would not see the traditional market loss because of just the brand equity with EpiPen", and otherwise refer to that article for its contents, and further state that the claims against Defendant Rajiv Malik were dismissed by the Court in its Opinion and Order entered on the docket on March 29, 2019, insofar as such claims rely on allegations of statements concerning EpiPen, and the Court in its Opinion and Order instructed Defendants to "file an answer to the surviving claims", and thus no response is required with respect to the allegations of paragraph 79 of the Second Amended Complaint related thereto.  [Dkt. #102.]

80.    Deny the allegations of paragraph 80 of the Second Amended Complaint, except admit that on or around December 16, 2016, Mylan launched the first authorized generic for EpiPen products, and further admit that Mylan lists the authorized generic product at a wholesale acquisition cost of $300 per two-pack, which is more than 50% lower than the wholesale acquisition cost of the EpiPen products, and further state that the claims against Defendant Rajiv Malik were dismissed by the Court in its Opinion and Order entered on the docket on March 29, 2019, insofar as such claims rely on allegations of statements concerning EpiPen, and the Court in its Opinion and Order instructed Defendants to "file an answer to the surviving claims", and thus no response is required with respect to the allegations of paragraph 80 of the Second Amended Complaint related thereto.  [Dkt. #102.]

81.     Deny the allegations of paragraph 81 of the Second Amended Complaint, and further state that the claims against Defendant Rajiv Malik were dismissed by the Court in its Opinion and Order entered on the docket on March 29, 2019, insofar as such claims rely on allegations of statements concerning EpiPen, and the Court in its Opinion and Order instructed Defendants to "file an answer to the surviving claims", and thus no response is required with respect to the allegations of paragraph 81 of the Second Amended Complaint related thereto. [Dkt. #102.]

82.     Deny the allegations of paragraph 82 of the Second Amended Complaint, and further state that Plaintiffs' claims against Defendants were dismissed by the Court in its Opinion and Order entered on the docket on March 28, 2018, insofar as such claims relied on allegations related to "statements about the complexity, ambiguity, and subjectivity of the rebate calculation [which] are statements of opinion" [Dkt. #69], and further state that the claims against Defendant Rajiv Malik were dismissed by the Court in its Opinion and Order entered on the docket on March 29, 2019, insofar as such claims rely on allegations of statements concerning EpiPen, and the Court in its Opinion and Order instructed Defendants to "file an answer to the surviving claims" [Dkt. #102], and thus no response is required with respect to the allegations of paragraph 82 of the Second Amended Complaint related thereto.

83.     Deny the allegations of paragraph 83 of the Second Amended Complaint, except admit that Plaintiffs purport to describe what they allege, and further state that the claims against Defendant Rajiv Malik were dismissed by the Court in its Opinion and Order entered on the docket on March 29, 2019, insofar as such claims rely on allegations of statements concerning EpiPen, and the Court in its Opinion and Order instructed Defendants to "file an

answer to the surviving claims", and thus no response is required with respect to the allegations of paragraph 83 of the Second Amended Complaint related thereto.  [Dkt. #102.]

84.     Deny the allegations of paragraph 84 of the Second Amended Complaint, and further state that the claims against Defendant Rajiv Malik were dismissed by the Court in its Opinion and Order entered on the docket on March 29, 2019, insofar as such claims rely on allegations of statements concerning EpiPen, and the Court in its Opinion and Order instructed Defendants to "file an answer to the surviving claims", and thus no response is required with respect to the allegations of paragraph 84 of the Second Amended Complaint related thereto. [Dkt. #102.]

85.     Deny the allegations of paragraph 85 of the Second Amended Complaint, except admit that Mylan N.V. (and for periods prior to February 27, 2015, Mylan Inc.) periodically filed annual and quarterly forms with the SEC, and refer to those documents for their contents, and further state that the claims against Defendant Rajiv Malik were dismissed by the Court in its Opinion and Order entered on the docket on March 29, 2019, insofar as such claims rely on allegations of statements concerning EpiPen, and the Court in its Opinion and Order instructed Defendants to "file an answer to the surviving claims", and thus no response is required with respect to the allegations of paragraph 85 of the Second Amended Complaint related thereto.  [Dkt. #102.]

86.     Deny the allegations of paragraph 86 of the Second Amended Complaint, and further state that the claims against Defendant Rajiv Malik were dismissed by the Court in its Opinion and Order entered on the docket on March 29, 2019, insofar as such claims rely on allegations of statements concerning EpiPen, and the Court in its Opinion and Order instructed Defendants to "file an answer to the surviving claims", and thus no response is required with

respect to the allegations of paragraph 86 of the Second Amended Complaint related thereto. [Dkt. #102.]

87.     Deny the allegations of paragraph 87 of the Second Amended Complaint, except admit that Mylan N.V. (and for periods prior to February 27, 2015, Mylan Inc.) periodically filed annual and quarterly forms with the SEC, and refer to those documents for their contents, and further state that the claims against Defendant Rajiv Malik were dismissed by the Court in its Opinion and Order entered on the docket on March 29, 2019, insofar as such claims rely on allegations of statements concerning EpiPen, and the Court in its Opinion and Order instructed Defendants to "file an answer to the surviving claims", and thus no response is required with respect to the allegations of paragraph 87 of the Second Amended Complaint related thereto.  [Dkt. #102.]

88.     Deny the allegations of paragraph 88 of the Second Amended Complaint, except admit that Plaintiffs purport to describe what they allege, and further state that the claims against Defendant Rajiv Malik were dismissed by the Court in its Opinion and Order entered on the docket on March 29, 2019, insofar as such claims rely on allegations of statements concerning EpiPen, and the Court in its Opinion and Order instructed Defendants to "file an answer to the surviving claims", and thus no response is required with respect to the allegations of paragraph 88 of the Second Amended Complaint related thereto.  [Dkt. #102.]

89.     Deny the allegations of paragraph 89 of the Second Amended Complaint, and further state that the claims against Defendant Rajiv Malik were dismissed by the Court in its Opinion and Order entered on the docket on March 29, 2019, insofar as such claims rely on allegations of statements concerning EpiPen, and the Court in its Opinion and Order instructed Defendants to "file an answer to the surviving claims", and thus no response is required with

respect to the allegations of paragraph 89 of the Second Amended Complaint related thereto.
[Dkt. #102.]

90.     Deny the allegations of paragraph 90 of the Second Amended Complaint,
except admit that, based on publicly available information, Senator Richard Blumenthal, Senator
Chuck Grassley and Senator Amy Klobuchar sent a letter to Attorney General Loretta E. Lynch
dated September 28, 2016, and refer to that letter for its contents, and further state that the claims
against Defendant Rajiv Malik were dismissed by the Court in its Opinion and Order entered on
the docket on March 29, 2019, insofar as such claims rely on allegations of statements
concerning EpiPen, and the Court in its Opinion and Order instructed Defendants to "file an
answer to the surviving claims", and thus no response is required with respect to the allegations
of paragraph 90 of the Second Amended Complaint related thereto.  [Dkt. #102.]

91.     Deny the allegations of paragraph 91 of the Second Amended Complaint,
except admit that Mylan N.V. issued a press release titled "Mylan Agrees to Settlement on
Medicaid Rebate Classification for EpiPen® Auto-Injector" dated October 7, 2016, which stated
that "[t]he terms of the settlement do not provide for any finding of wrongdoing on the part of
Mylan Inc. or any of its affiliated entities or personnel", and refer to that document for the
remainder of its contents, and further state that the claims against Defendant Rajiv Malik were
dismissed by the Court in its Opinion and Order entered on the docket on March 29, 2019,
insofar as such claims rely on allegations of statements concerning EpiPen, and the Court in its
Opinion and Order instructed Defendants to "file an answer to the surviving claims", and thus no
response is required with respect to the allegations of paragraph 91 of the Second Amended
Complaint related thereto.  [Dkt. #102.]

92.     Deny the allegations of paragraph 92 of the Second Amended Complaint, except admit that Mylan reclassified EpiPen products for purposes of the Medicaid Drug Rebate Program and pays the rebate applicable to innovator products effective as of April 1, 2017, and further state that Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations concerning the contents of unspecified "numerous press reports", and further state that the claims against Defendant Rajiv Malik were dismissed by the Court in its Opinion and Order entered on the docket on March 29, 2019, insofar as such claims rely on allegations of statements concerning EpiPen, and the Court in its Opinion and Order instructed Defendants to "file an answer to the surviving claims", and thus no response is required with respect to the allegations of paragraph 92 of the Second Amended Complaint related thereto. [Dkt. #102.]

93.     Deny the allegations of paragraph 93 and footnote 31 of the Second Amended Complaint, except admit that, based on publicly available information, Senator Elizabeth Warren sent a letter to Attorney General Loretta E. Lynch dated October 21, 2016, and further admit that, based on publicly available information, Senator Richard Blumenthal sent a letter to Attorney General Loretta E. Lynch dated October 14, 2016, and refer to those letters for their contents, and further state that Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations concerning statements attributed to "Evercore ISI senior analyst Umer Raffat" in footnote 31, and further state that the claims against Defendant Rajiv Malik were dismissed by the Court in its Opinion and Order entered on the docket on March 29, 2019, insofar as such claims rely on allegations of statements concerning EpiPen, and the Court in its Opinion and Order instructed Defendants to "file an answer to the

surviving claims", and thus no response is required with respect to the allegations of paragraph 93 of the Second Amended Complaint related thereto.  [Dkt. #102.]

94.     Deny the allegations of paragraph 94 of the Second Amended Complaint, except admit that Mylan issued a press release on August 17, 2017, announcing a settlement with the DOJ, and refer to that press release for its contents, and further state that the claims against Defendant Rajiv Malik were dismissed by the Court in its Opinion and Order entered on the docket on March 29, 2019, insofar as such claims rely on allegations of statements concerning EpiPen, and the Court in its Opinion and Order instructed Defendants to "file an answer to the surviving claims", and thus no response is required with respect to the allegations of paragraph 94 of the Second Amended Complaint related thereto.  [Dkt. #102.]

95.     Deny the allegations of paragraph 95 of the Second Amended Complaint, except admit that Mylan issued a press release on August 17, 2017, announcing a settlement with the DOJ, and refer to that press release for its contents, and further state that the claims against Defendant Rajiv Malik were dismissed by the Court in its Opinion and Order entered on the docket on March 29, 2019, insofar as such claims rely on allegations of statements concerning EpiPen, and the Court in its Opinion and Order instructed Defendants to "file an answer to the surviving claims", and thus no response is required with respect to the allegations of paragraph 95 of the Second Amended Complaint related thereto.  [Dkt. #102.]

96.     Deny the allegations of paragraph 96 of the Second Amended Complaint, except refer to the Form 8-K filed by Mylan N.V. with the SEC on October 7, 2016, which disclosed that:  "Also on October 7, 2016, Mylan received a document request from the Division of Enforcement at the Securities and Exchange Commission ("SEC") seeking communications with the CMS and documents concerning Mylan products sold and related to the Medicaid Drug

Rebate Program, and any related complaints.  Mylan intends to fully cooperate with the SEC's investigation."  Defendants further state that the claims against Defendant Rajiv Malik were dismissed by the Court in its Opinion and Order entered on the docket on March 29, 2019, insofar as such claims rely on allegations of statements concerning EpiPen, and the Court in its Opinion and Order instructed Defendants to "file an answer to the surviving claims", and thus no response is required with respect to the allegations of paragraph 96 of the Second Amended Complaint related thereto.  [Dkt. #102.]

97.     Deny the allegations of paragraph 97 of the Second Amended Complaint, and refer to the Form 8-K filed by Mylan N.V. with the SEC on October 7, 2016, which disclosed that:  "Also on October 7, 2016, Mylan received a document request from the Division of Enforcement at the Securities and Exchange Commission ("SEC") seeking communications with the CMS and documents concerning Mylan products sold and related to the Medicaid Drug Rebate Program, and any related complaints.  Mylan intends to fully cooperate with the SEC's investigation."  Defendants further state that the claims against Defendant Rajiv Malik were dismissed by the Court in its Opinion and Order entered on the docket on March 29, 2019, insofar as such claims rely on allegations of statements concerning EpiPen, and the Court in its Opinion and Order instructed Defendants to "file an answer to the surviving claims", and thus no response is required with respect to the allegations of paragraph 97 of the Second Amended Complaint related thereto.  [Dkt. #102.]

98.     Deny the allegations of paragraph 98 of the Second Amended Complaint, and further state that the claims against Defendant Rajiv Malik were dismissed by the Court in its Opinion and Order entered on the docket on March 29, 2019, insofar as such claims rely on allegations of statements concerning EpiPen, and the Court in its Opinion and Order instructed

Defendants to "file an answer to the surviving claims", and thus no response is required with respect to the allegations of paragraph 98 of the Second Amended Complaint related thereto. [Dkt. #102.]

99.     Deny the allegations of paragraph 99 of the Second Amended Complaint, and further state that the claims against Defendant Rajiv Malik were dismissed by the Court in its Opinion and Order entered on the docket on March 29, 2019, insofar as such claims rely on allegations of statements concerning EpiPen, and the Court in its Opinion and Order instructed Defendants to "file an answer to the surviving claims", and thus no response is required with respect to the allegations of paragraph 99 of the Second Amended Complaint related thereto. [Dkt. #102.]

100.     Deny the allegations of paragraph 100 of the Second Amended Complaint, and further state that the claims against Defendant Rajiv Malik were dismissed by the Court in its Opinion and Order entered on the docket on March 29, 2019, insofar as such claims rely on allegations of statements concerning EpiPen, and the Court in its Opinion and Order instructed Defendants to "file an answer to the surviving claims", and thus no response is required with respect to the allegations of paragraph 100 of the Second Amended Complaint related thereto. [Dkt. #102.]

101.     State that Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 101 of the Second Amended Complaint, and further state that the claims against Defendant Rajiv Malik were dismissed by the Court in its Opinion and Order entered on the docket on March 29, 2019, insofar as such claims rely on allegations of statements concerning EpiPen, and the Court in its Opinion and Order instructed Defendants to "file an answer to the surviving claims", and thus no response is

required with respect to the allegations of paragraph 101 of the Second Amended Complaint related thereto.  [Dkt. #102.]

102.    Deny the allegations of paragraph 102 of the Second Amended Complaint, except admit that commercial health insurance providers may provide pharmaceutical benefits to their customers, which may include health plans or individuals, and further state that the claims against Defendant Rajiv Malik were dismissed by the Court in its Opinion and Order entered on the docket on March 29, 2019, insofar as such claims rely on allegations of statements concerning EpiPen, and the Court in its Opinion and Order instructed Defendants to "file an answer to the surviving claims", and thus no response is required with respect to the allegations of paragraph 102 of the Second Amended Complaint related thereto.  [Dkt. #102.]

103.    Deny the allegations of paragraph 103 of the Second Amended Complaint, except admit that on January 28, 2013, Sanofi announced that the Auvi-Q would be available in U.S. pharmacies and refer to that announcement for its contents, and further admit that the Auvi-Q is an epinephrine auto-injector device with voice instructions, and further state that the claims against Defendant Rajiv Malik were dismissed by the Court in its Opinion and Order entered on the docket on March 29, 2019, insofar as such claims rely on allegations of statements concerning EpiPen, and the Court in its Opinion and Order instructed Defendants to "file an answer to the surviving claims", and thus no response is required with respect to the allegations of paragraph 103 of the Second Amended Complaint related thereto.  [Dkt. #102.]

104.    Deny the allegations of paragraph 104 of the Second Amended Complaint, and further state that the claims against Defendant Rajiv Malik were dismissed by the Court in its Opinion and Order entered on the docket on March 29, 2019, insofar as such claims rely on allegations of statements concerning EpiPen, and the Court in its Opinion and Order instructed

Defendants to "file an answer to the surviving claims", and thus no response is required with respect to the allegations of paragraph 104 of the Second Amended Complaint related thereto. [Dkt. #102.]

105.    Deny the allegations of paragraph 105 of the Second Amended Complaint, and further state that the claims against Defendant Rajiv Malik were dismissed by the Court in its Opinion and Order entered on the docket on March 29, 2019, insofar as such claims rely on allegations of statements concerning EpiPen, and the Court in its Opinion and Order instructed Defendants to "file an answer to the surviving claims", and thus no response is required with respect to the allegations of paragraph 105 of the Second Amended Complaint related thereto. [Dkt. #102.]

106.    Deny the allegations of paragraph 106 of the Second Amended Complaint, and state that Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations concerning what Sanofi was able to do, and further state that the claims against Defendant Rajiv Malik were dismissed by the Court in its Opinion and Order entered on the docket on March 29, 2019, insofar as such claims rely on allegations of statements concerning EpiPen, and the Court in its Opinion and Order instructed Defendants to "file an answer to the surviving claims", and thus no response is required with respect to the allegations of paragraph 106 of the Second Amended Complaint related thereto.  [Dkt. #102.]

107.    Deny the allegations of paragraph 107 of the Second Amended Complaint, and state that Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations concerning Auvi-Q's market share or why certain, unidentified, third-party payors did or did not cover Auvi-Q, and further state that the claims against Defendant Rajiv Malik were dismissed by the Court in its Opinion and Order entered on the docket on

March 29, 2019, insofar as such claims rely on allegations of statements concerning EpiPen, and the Court in its Opinion and Order instructed Defendants to "file an answer to the surviving claims", and thus no response is required with respect to the allegations of paragraph 107 of the Second Amended Complaint related thereto.  [Dkt. #102.]

108.    Deny the allegations of paragraph 108 of the Second Amended Complaint, and state that Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations concerning what unidentified doctors "know" or consider when prescribing specific drugs, and further state that the claims against Defendant Rajiv Malik were dismissed by the Court in its Opinion and Order entered on the docket on March 29, 2019, insofar as such claims rely on allegations of statements concerning EpiPen, and the Court in its Opinion and Order instructed Defendants to "file an answer to the surviving claims", and thus no response is required with respect to the allegations of paragraph 108 of the Second Amended Complaint related thereto.  [Dkt. #102.]

109.    Deny the allegations of paragraph 109 of the Second Amended Complaint, except admit that in 2013, Mylan announced a co-pay assistance program, and refer to that announcement for its contents, and state that Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations concerning the Auvi-Q co-pay, and further state that the claims against Defendant Rajiv Malik were dismissed by the Court in its Opinion and Order entered on the docket on March 29, 2019, insofar as such claims rely on allegations of statements concerning EpiPen, and the Court in its Opinion and Order instructed Defendants to "file an answer to the surviving claims", and thus no response is required with respect to the allegations of paragraph 109 of the Second Amended Complaint related thereto. [Dkt. #102.]

110.    Deny the allegations of paragraph 110 of the Second Amended Complaint, and state that Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations concerning Auvi-Q's market share, and further state that the claims against Defendant Rajiv Malik were dismissed by the Court in its Opinion and Order entered on the docket on March 29, 2019, insofar as such claims rely on allegations of statements concerning EpiPen, and the Court in its Opinion and Order instructed Defendants to "file an answer to the surviving claims", and thus no response is required with respect to the allegations of paragraph 110 of the Second Amended Complaint related thereto.  [Dkt. #102.]

111.    Deny the allegations of paragraph 111 of the Second Amended Complaint, except admit that, based on publicly available information, Sanofi branded and sold an epinephrine auto-injector in Canada called "Allerject", and state that Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations concerning the Allerject market share, and further state that the claims against Defendant Rajiv Malik were dismissed by the Court in its Opinion and Order entered on the docket on March 29, 2019, insofar as such claims rely on allegations of statements concerning EpiPen, and the Court in its Opinion and Order instructed Defendants to "file an answer to the surviving claims", and thus no response is required with respect to the allegations of paragraph 111 of the Second Amended Complaint related thereto.  [Dkt. #102.]

112.    Deny the allegations of paragraph 112 of the Second Amended Complaint, and state that Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations concerning the Auvi-Q market share, and further state that the claims against Defendant Rajiv Malik were dismissed by the Court in its Opinion and Order entered on the docket on March 29, 2019, insofar as such claims rely on allegations of statements

concerning EpiPen, and the Court in its Opinion and Order instructed Defendants to "file an answer to the surviving claims", and thus no response is required with respect to the allegations of paragraph 112 of the Second Amended Complaint related thereto.  [Dkt. #102.]

113.    Deny the allegations of paragraph 113 and footnote 32 of the Second Amended Complaint, except admit that, based on publicly available information, in October 2015, Sanofi issued a total recall of Auvi-Q and further admit that, on April 24, 2017, Sanofi filed a complaint against Mylan, purporting to assert claims under United States antitrust laws, and refer to that complaint for its contents, and further state that the claims against Defendant Rajiv Malik were dismissed by the Court in its Opinion and Order entered on the docket on March 29, 2019, insofar as such claims rely on allegations of statements concerning EpiPen, and the Court in its Opinion and Order instructed Defendants to "file an answer to the surviving claims", and thus no response is required with respect to the allegations of paragraph 113 of the Second Amended Complaint related thereto.  [Dkt. #102.]

114.    State that the allegations of paragraph 114 of the Second Amended Complaint purport to state characterizations and/or conclusions of law that do not require a response.  To the extent a response is required, Defendants deny the allegations of paragraph 114 of the Second Amended Complaint, and further state that the claims against Defendant Rajiv Malik were dismissed by the Court in its Opinion and Order entered on the docket on March 29, 2019, insofar as such claims rely on allegations of statements concerning EpiPen, and the Court in its Opinion and Order instructed Defendants to "file an answer to the surviving claims", and thus no response is required with respect to the allegations of paragraph 114 of the Second Amended Complaint related thereto.  [Dkt. #102.]

115.    Deny the allegations of paragraph 115 of the Second Amended Complaint, and further state that Plaintiffs' claims against Defendants were dismissed by the Court in its Opinion and Order entered on the docket on March 29, 2019, insofar as such claims relied on allegations that Mylan agreed with other drug companies to fix the price of doxycycline monohydrate, glipizide-metformin and verapamil, allegations related to "quantitative statements of earnings contained in Mylan's Forms 10-K and 10-Q", or allegations related to an alleged duty to "disclose future regulatory risk", and further state that the claims against Defendant Rajiv Malik were dismissed by the Court in its Opinion and Order, insofar as such claims rely on or concern allegations that Mylan agreed with other drug companies to fix the price of generic drugs, and the Court in its Opinion and Order instructed Defendants to "file an answer to the surviving claims", and thus no response is required with respect to the allegations of paragraph 115 of the Second Amended Complaint related thereto.  [Dkt. #102.]

116.    Deny the allegations of paragraph 116 of the Second Amended Complaint, and state that Defendants are without knowledge or information to form a belief as to the truth of the allegations concerning prices of unspecified generic pharmaceutical drugs, and state that Defendants are without knowledge or information to form a belief as to the truth of the allegations concerning unspecified "data from CMS", except admit that, based on publicly available information, Fideres Partners LLP released a study titled "US Generics Price Increases" dated December 22, 2016, and admit that the National Community Pharmacists Association released a survey dated January 2014, and refer to that study and survey for their contents, and further state that Plaintiffs' claims against Defendants were dismissed by the Court in its Opinion and Order entered on the docket on March 29, 2019, insofar as such claims relied on allegations that Mylan agreed with other drug companies to fix the price of doxycycline

monohydrate, glipizide-metformin and verapamil, and further state that the claims against Defendant Rajiv Malik were dismissed by the Court in its Opinion and Order, insofar as such claims rely on or concern allegations that Mylan agreed with other drug companies to fix the price of generic drugs, and the Court in its Opinion and Order instructed Defendants to "file an answer to the surviving claims", and thus no response is required with respect to the allegations of paragraph 116 of the Second Amended Complaint related thereto.  [Dkt. #102.]

117.    Deny the allegations of paragraph 117 of the Second Amended Complaint, and further state that Plaintiffs' claims against Defendants were dismissed by the Court in its Opinion and Order entered on the docket on March 29, 2019, insofar as such claims relied on allegations that Mylan agreed with other drug companies to fix the price of doxycycline monohydrate, glipizide-metformin and verapamil, and further state that the claims against Defendant Rajiv Malik were dismissed by the Court in its Opinion and Order, insofar as such claims rely on or concern allegations that Mylan agreed with other drug companies to fix the price of generic drugs, and the Court in its Opinion and Order instructed Defendants to "file an answer to the surviving claims", and thus no response is required with respect to the allegations of paragraph 117 of the Second Amended Complaint related thereto.  [Dkt. #102.]

118.    Deny the allegations of paragraph 118 of the Second Amended Complaint, except admit that Mylan Inc. held an earnings call on October 25, 2012, and refer to the transcript of that earnings call for its contents, and further state that the claims against Defendant Rajiv Malik were dismissed by the Court in its Opinion and Order entered on the docket on March 29, 2019, insofar as such claims rely on or concern allegations that Mylan agreed with other drug companies to fix the price of generic drugs, and the Court in its Opinion and Order instructed Defendants to "file an answer to the surviving claims", and thus no response is

required with respect to the allegations of paragraph 118 of the Second Amended Complaint related thereto.  [Dkt. #102.]

119.    Deny the allegations of paragraph 119 of the Second Amended Complaint, except admit that Mylan Inc. held an earnings call on May 2, 2013, and refer to the transcript of that earnings call for its contents, and further state that the claims against Defendant Rajiv Malik were dismissed by the Court in its Opinion and Order entered on the docket on March 29, 2019, insofar as such claims rely on or concern allegations that Mylan agreed with other drug companies to fix the price of generic drugs, and the Court in its Opinion and Order instructed Defendants to "file an answer to the surviving claims", and thus no response is required with respect to the allegations of paragraph 119 of the Second Amended Complaint related thereto. [Dkt. #102.]

120.    Deny the allegations of paragraph 120 of the Second Amended Complaint, and further state that Plaintiffs' claims against Defendants were dismissed by the Court in its Opinion and Order entered on the docket on March 29, 2019, insofar as such claims relied on allegations that Mylan agreed with other drug companies to fix the price of doxycycline monohydrate, glipizide-metformin and verapamil, and further state that the claims against Defendant Rajiv Malik were dismissed by the Court in its Opinion and Order, insofar as such claims rely on or concern allegations that Mylan agreed with other drug companies to fix the price of generic drugs, and the Court in its Opinion and Order instructed Defendants to "file an answer to the surviving claims", and thus no response is required with respect to the allegations of paragraph 120 of the Second Amended Complaint related thereto.  [Dkt. #102.]

121.    Deny the allegations of paragraph 121 of the Second Amended Complaint, except state that Defendants are without knowledge or information about the Confidential

Witness, and further state that, because Defendant Kenneth S. Parks joined Mylan as CFO in June 2016, and the Confidential Witness allegedly left "Mylan in October 2015", the Confidential Witness could not have "confirmed that Defendant[] . . . Parks . . . knew of and approved all material drug pricing decisions made by the Company", and further state that Plaintiffs' claims against Defendants were dismissed by the Court in its Opinion and Order entered on the docket on March 29, 2019, insofar as such claims relied on allegations that Mylan agreed with other drug companies to fix the price of doxycycline monohydrate, glipizide-metformin and verapamil, and further state that the claims against Defendant Rajiv Malik were dismissed by the Court in its Opinion and Order, insofar as such claims rely on or concern allegations that Mylan agreed with other drug companies to fix the price of generic drugs, and the Court in its Opinion and Order instructed Defendants to "file an answer to the surviving claims", and thus no response is required with respect to the allegations of paragraph 121 of the Second Amended Complaint related thereto.  [Dkt. #102.]

122.    Deny the allegations of paragraph 122 of the Second Amended Complaint, except state that Defendants are without knowledge or information about the Confidential Witness, and further state that, because Defendant Kenneth S. Parks joined Mylan as CFO in June 2016, and the Confidential Witness allegedly left "Mylan in October 2015", the Confidential Witness could not have concluded that "pricing decisions . . . involved" Defendant Kenneth S. Parks, and further state that Plaintiffs' claims against Defendants were dismissed by the Court in its Opinion and Order entered on the docket on March 29, 2019, insofar as such claims relied on allegations that Mylan agreed with other drug companies to fix the price of doxycycline monohydrate, glipizide-metformin and verapamil, and further state that the claims against Defendant Rajiv Malik were dismissed by the Court in its Opinion and Order, insofar as

such claims rely on or concern allegations that Mylan agreed with other drug companies to fix the price of generic drugs, and the Court in its Opinion and Order instructed Defendants to "file an answer to the surviving claims", and thus no response is required with respect to the allegations of paragraph 122 of the Second Amended Complaint related thereto.  [Dkt. #102.]

123.    Deny the allegations of paragraph 123 of the Second Amended Complaint, and further state that Plaintiffs' claims against Defendants were dismissed by the Court in its Opinion and Order entered on the docket on March 29, 2019, insofar as such claims relied on allegations that Mylan agreed with other drug companies to fix the price of doxycycline monohydrate, glipizide-metformin and verapamil, and further state that the claims against Defendant Rajiv Malik were dismissed by the Court in its Opinion and Order, insofar as such claims rely on or concern allegations that Mylan agreed with other drug companies to fix the price of generic drugs, and the Court in its Opinion and Order instructed Defendants to "file an answer to the surviving claims", and thus no response is required with respect to the allegations of paragraph 123 of the Second Amended Complaint related thereto.  [Dkt. #102.]

124.    Deny the allegations in paragraph 124, except admit that the attorneys general of certain states filed a complaint in the U.S. District Court for the District of Connecticut dated December 14, 2016, in a case captioned *Connecticut v. Aurobindo Pharma USA, Inc.*, No. 3:16-cv-02056, against several generic pharmaceutical drug manufacturers, including Mylan Pharmaceuticals, Inc., and refer to that complaint for its contents.

125.    Admit that, prior to 2013, Mylan was the only manufacturer of generic Doxy DR in the United States, and state that Defendants are without knowledge or information sufficient to form a belief as to the truth of allegations of the second sentence of paragraph 125 of the Second Amended Complaint.

126.    Deny the allegations of paragraph 126 of the Second Amended Complaint, and further state that the claims against Defendant Rajiv Malik were dismissed by the Court in its Opinion and Order entered on the docket on March 29, 2019, insofar as such claims rely on or concern allegations that Mylan agreed with other drug companies to fix the price of generic drugs, and the Court in its Opinion and Order instructed Defendants to "file an answer to the surviving claims", and thus no response is required with respect to the allegations of paragraph 126 of the Second Amended Complaint related thereto.  [Dkt. #102.]

127.    State that Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 127 of the Second Amended Complaint.

128.    Deny the allegations of paragraph 128 of the Second Amended Complaint.

129.    Deny the allegations of paragraph 129 of the Second Amended Complaint.

130.    Deny the allegations of paragraph 130 of the Second Amended Complaint.

131.    Deny the allegations of paragraph 131 of the Second Amended Complaint.

132.    Deny the allegations of paragraph 132 of the Second Amended Complaint.

133.    Deny the allegations of paragraph 133 of the Second Amended Complaint.

134.    State that Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 134 of the Second Amended Complaint.

135.    Deny the allegations of paragraph 135 of the Second Amended Complaint.

136.    Deny the allegations of paragraph 136 of the Second Amended Complaint.

137.    Deny the allegations of paragraph 137 of the Second Amended Complaint.

138.    State that Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 138 of the Second Amended Complaint.

139.    State that Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 139 of the Second Amended Complaint.

140.    Deny the allegations of paragraph 140 of the Second Amended Complaint.

141.    Deny the allegations of paragraph 141 of the Second Amended Complaint.

142.    Deny the allegations of paragraph 142 of the Second Amended Complaint.

143.    Deny the allegations of paragraph 143 of the Second Amended Complaint.

144.    State that Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 144 of the Second Amended Complaint.

145.    Deny the allegations of paragraph 145 of the Second Amended Complaint.

146.    State that Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 146 of the Second Amended Complaint, except admit that, based on publicly available information, Mayne Pharma Inc.'s application to market doxycycline hyclate delayed release was approved on July 8, 2013.

147.    State that Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 147 of the Second Amended Complaint.

148.    State that Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 148 of the Second Amended Complaint.

149.    State that Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 149 of the Second Amended Complaint.

150.    State that Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 150 of the Second Amended Complaint.

151.    Deny the allegations of the first sentence of paragraph 151 of the Second Amended Complaint, and state that Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 151 of the Second Amended Complaint.

152.    Deny the allegations of paragraph 152 of the Second Amended Complaint.

153.    Deny the allegations of paragraph 153 of the Second Amended Complaint, and further state that the claims against Defendant Rajiv Malik were dismissed by the Court in its Opinion and Order entered on the docket on March 29, 2019, insofar as such claims rely on or concern allegations that Mylan agreed with other drug companies to fix the price of generic drugs, and the Court in its Opinion and Order instructed Defendants to "file an answer to the surviving claims", and thus no response is required with respect to the allegations of paragraph 153 of the Second Amended Complaint related thereto.  [Dkt. #102.]

154.    Deny the allegations of paragraph 154 of the Second Amended Complaint, and further state that the claims against Defendant Rajiv Malik were dismissed by the Court in its

Opinion and Order entered on the docket on March 29, 2019, insofar as such claims rely on or concern allegations that Mylan agreed with other drug companies to fix the price of generic drugs, and the Court in its Opinion and Order instructed Defendants to "file an answer to the surviving claims", and thus no response is required with respect to the allegations of paragraph 154 of the Second Amended Complaint related thereto.  [Dkt. #102.]

155.    Deny the allegations of paragraph 155 and footnote 36 of the Second Amended Complaint, except state that Defendants are without knowledge or information sufficient to form a belief as to whether Figures A-E are based on data obtained from Symphony Health Solutions, and further state that the claims against Defendant Rajiv Malik were dismissed by the Court in its Opinion and Order entered on the docket on March 29, 2019, insofar as such claims rely on or concern allegations that Mylan agreed with other drug companies to fix the price of generic drugs, and the Court in its Opinion and Order instructed Defendants to "file an answer to the surviving claims", and thus no response is required with respect to the allegations of paragraph 155 of the Second Amended Complaint related thereto.  [Dkt. #102.]

156.    Deny the allegations of paragraph 156 of the Second Amended Complaint, and further state that the claims against Defendant Rajiv Malik were dismissed by the Court in its Opinion and Order entered on the docket on March 29, 2019, insofar as such claims rely on or concern allegations that Mylan agreed with other drug companies to fix the price of generic drugs, and the Court in its Opinion and Order instructed Defendants to "file an answer to the surviving claims", and thus no response is required with respect to the allegations of paragraph 156 of the Second Amended Complaint related thereto.  [Dkt. #102.]

157.    Deny the allegations of paragraph 157 of the Second Amended Complaint, and further state that the claims against Defendant Rajiv Malik were dismissed by the Court in its

53

Opinion and Order entered on the docket on March 29, 2019, insofar as such claims rely on or concern allegations that Mylan agreed with other drug companies to fix the price of generic drugs, and the Court in its Opinion and Order instructed Defendants to "file an answer to the surviving claims", and thus no response is required with respect to the allegations of paragraph 157 of the Second Amended Complaint related thereto.  [Dkt. #102.]

158.    Deny the allegations of paragraph 158 and footnote 37 of the Second Amended Complaint, except admit that, based on publicly available information on the data.medicaid.gov website, CMS provides National Average Drug Acquisition Cost ("NADAC") data, and refer to that website for its contents, and further admit that CMS published a document titled "Methodology for Calculating the National Average Drug Acquisition Cost ("NADAC") for Medicaid Covered Outpatient Drugs", dated November 2013, and refer to that document for its contents, and further state that the claims against Defendant Rajiv Malik were dismissed by the Court in its Opinion and Order entered on the docket on March 29, 2019, insofar as such claims rely on or concern allegations that Mylan agreed with other drug companies to fix the price of generic drugs, and the Court in its Opinion and Order instructed Defendants to "file an answer to the surviving claims", and thus no response is required with respect to the allegations of paragraph 158 of the Second Amended Complaint related thereto.  [Dkt. #102.]

159.    Deny the allegations of paragraph 159 of the Second Amended Complaint, except admit that, based on publicly available information on the data.medicaid.gov website, CMS provides NADAC data, and refer to that website for its contents, and further state that the claims against Defendant Rajiv Malik were dismissed by the Court in its Opinion and Order entered on the docket on March 29, 2019, insofar as such claims rely on or concern allegations that Mylan agreed with other drug companies to fix the price of generic drugs, and the Court in

its Opinion and Order instructed Defendants to "file an answer to the surviving claims", and thus no response is required with respect to the allegations of paragraph 159 of the Second Amended Complaint related thereto.  [Dkt. #102.]

160.    Deny the allegations of paragraph 160 of the Second Amended Complaint, and further state that the claims against Defendant Rajiv Malik were dismissed by the Court in its Opinion and Order entered on the docket on March 29, 2019, insofar as such claims rely on or concern allegations that Mylan agreed with other drug companies to fix the price of generic drugs, and the Court in its Opinion and Order instructed Defendants to "file an answer to the surviving claims", and thus no response is required with respect to the allegations of paragraph 160 of the Second Amended Complaint related thereto.  [Dkt. #102.]

161.    Deny the allegations of paragraph 161 of the Second Amended Complaint, and further state that the claims against Defendant Rajiv Malik were dismissed by the Court in its Opinion and Order entered on the docket on March 29, 2019, insofar as such claims rely on or concern allegations that Mylan agreed with other drug companies to fix the price of generic drugs, and the Court in its Opinion and Order instructed Defendants to "file an answer to the surviving claims", and thus no response is required with respect to the allegations of paragraph 161 of the Second Amended Complaint related thereto.  [Dkt. #102.]

162.    Deny the allegations of paragraph 162 of the Second Amended Complaint, and further state that the claims against Defendant Rajiv Malik were dismissed by the Court in its Opinion and Order entered on the docket on March 29, 2019, insofar as such claims rely on or concern allegations that Mylan agreed with other drug companies to fix the price of generic drugs, and the Court in its Opinion and Order instructed Defendants to "file an answer to the

surviving claims", and thus no response is required with respect to the allegations of

paragraph 162 of the Second Amended Complaint related thereto.  [Dkt. #102.]

       163.    Deny the allegations of paragraph 163 of the Second Amended Complaint,

and further state that the claims against Defendant Rajiv Malik were dismissed by the Court in its

Opinion and Order entered on the docket on March 29, 2019, insofar as such claims rely on or

concern allegations that Mylan agreed with other drug companies to fix the price of generic

drugs, and the Court in its Opinion and Order instructed Defendants to "file an answer to the

surviving claims", and thus no response is required with respect to the allegations of

paragraph 163 of the Second Amended Complaint related thereto.  [Dkt. #102.]

       164.    Deny the allegations of paragraph 164 of the Second Amended Complaint,

except admit that, based on publicly available information on the data.medicaid.gov website,

CMS provides NADAC data, and refer to that website for its contents, and further state that the

claims against Defendant Rajiv Malik were dismissed by the Court in its Opinion and Order

entered on the docket on March 29, 2019, insofar as such claims rely on or concern allegations

that Mylan agreed with other drug companies to fix the price of generic drugs, and the Court in

its Opinion and Order instructed Defendants to "file an answer to the surviving claims", and thus

no response is required with respect to the allegations of paragraph 164 of the Second Amended

Complaint related thereto.  [Dkt. #102.]

       165.    Deny the allegations of paragraph 165 of the Second Amended Complaint,

except admit that, based on publicly available information on the data.medicaid.gov website,

CMS provides NADAC data, and refer to that website for its contents, and further state that the

claims against Defendant Rajiv Malik were dismissed by the Court in its Opinion and Order

entered on the docket on March 29, 2019, insofar as such claims rely on or concern allegations

that Mylan agreed with other drug companies to fix the price of generic drugs, and the Court in its Opinion and Order instructed Defendants to "file an answer to the surviving claims", and thus no response is required with respect to the allegations of paragraph 165 of the Second Amended Complaint related thereto.  [Dkt. #102.]

166.    Deny the allegations of paragraph 166 of the Second Amended Complaint, and further state that the claims against Defendant Rajiv Malik were dismissed by the Court in its Opinion and Order entered on the docket on March 29, 2019, insofar as such claims rely on or concern allegations that Mylan agreed with other drug companies to fix the price of generic drugs, and the Court in its Opinion and Order instructed Defendants to "file an answer to the surviving claims", and thus no response is required with respect to the allegations of paragraph 166 of the Second Amended Complaint related thereto.  [Dkt. #102.]

167.    Deny the allegations of paragraph 167 of the Second Amended Complaint, and further state that the claims against Defendant Rajiv Malik were dismissed by the Court in its Opinion and Order entered on the docket on March 29, 2019, insofar as such claims rely on or concern allegations that Mylan agreed with other drug companies to fix the price of generic drugs, and the Court in its Opinion and Order instructed Defendants to "file an answer to the surviving claims", and thus no response is required with respect to the allegations of paragraph 167 of the Second Amended Complaint related thereto.  [Dkt. #102.]

168.    Deny the allegations of paragraph 168 of the Second Amended Complaint, and further state that the claims against Defendant Rajiv Malik were dismissed by the Court in its Opinion and Order entered on the docket on March 29, 2019, insofar as such claims rely on or concern allegations that Mylan agreed with other drug companies to fix the price of generic drugs, and the Court in its Opinion and Order instructed Defendants to "file an answer to the

surviving claims", and thus no response is required with respect to the allegations of paragraph 168 of the Second Amended Complaint related thereto.  [Dkt. #102.]

169.    Deny the allegations of paragraph 169 of the Second Amended Complaint, and further state that the claims against Defendant Rajiv Malik were dismissed by the Court in its Opinion and Order entered on the docket on March 29, 2019, insofar as such claims rely on or concern allegations that Mylan agreed with other drug companies to fix the price of generic drugs, and the Court in its Opinion and Order instructed Defendants to "file an answer to the surviving claims", and thus no response is required with respect to the allegations of paragraph 169 of the Second Amended Complaint related thereto.  [Dkt. #102.]

170.    Deny the allegations of paragraph 170 of the Second Amended Complaint, except admit that, based on publicly available information on the data.medicaid.gov website, CMS provides NADAC data, and refer to that website for its contents, and further state that the claims against Defendant Rajiv Malik were dismissed by the Court in its Opinion and Order entered on the docket on March 29, 2019, insofar as such claims rely on or concern allegations that Mylan agreed with other drug companies to fix the price of generic drugs, and the Court in its Opinion and Order instructed Defendants to "file an answer to the surviving claims", and thus no response is required with respect to the allegations of paragraph 170 of the Second Amended Complaint related thereto.  [Dkt. #102.]

171.    Deny the allegations of paragraph 171 of the Second Amended Complaint, except admit that, based on publicly available information on the data.medicaid.gov website, CMS provides NADAC data, and refer to that website for its contents, and further state that the claims against Defendant Rajiv Malik were dismissed by the Court in its Opinion and Order entered on the docket on March 29, 2019, insofar as such claims rely on or concern allegations

that Mylan agreed with other drug companies to fix the price of generic drugs, and the Court in its Opinion and Order instructed Defendants to "file an answer to the surviving claims", and thus no response is required with respect to the allegations of paragraph 171 of the Second Amended Complaint related thereto.  [Dkt. #102.]

172.    Deny the allegations of paragraph 172 of the Second Amended Complaint, and further state that the claims against Defendant Rajiv Malik were dismissed by the Court in its Opinion and Order entered on the docket on March 29, 2019, insofar as such claims rely on or concern allegations that Mylan agreed with other drug companies to fix the price of generic drugs, and the Court in its Opinion and Order instructed Defendants to "file an answer to the surviving claims", and thus no response is required with respect to the allegations of paragraph 172 of the Second Amended Complaint related thereto.  [Dkt. #102.]

173.    Deny the allegations of paragraph 173 of the Second Amended Complaint, and further state that the claims against Defendant Rajiv Malik were dismissed by the Court in its Opinion and Order entered on the docket on March 29, 2019, insofar as such claims rely on or concern allegations that Mylan agreed with other drug companies to fix the price of generic drugs, and the Court in its Opinion and Order instructed Defendants to "file an answer to the surviving claims", and thus no response is required with respect to the allegations of paragraph 173 of the Second Amended Complaint related thereto.  [Dkt. #102.]

174.    Deny the allegations of paragraph 174 of the Second Amended Complaint, and further state that the claims against Defendant Rajiv Malik were dismissed by the Court in its Opinion and Order entered on the docket on March 29, 2019, insofar as such claims rely on or concern allegations that Mylan agreed with other drug companies to fix the price of generic drugs, and the Court in its Opinion and Order instructed Defendants to "file an answer to the

surviving claims", and thus no response is required with respect to the allegations of paragraph 174 of the Second Amended Complaint related thereto.  [Dkt. #102.]

       175.    Deny the allegations of paragraph 175 of the Second Amended Complaint, and further state that the claims against Defendant Rajiv Malik were dismissed by the Court in its Opinion and Order entered on the docket on March 29, 2019, insofar as such claims rely on or concern allegations that Mylan agreed with other drug companies to fix the price of generic drugs, and the Court in its Opinion and Order instructed Defendants to "file an answer to the surviving claims", and thus no response is required with respect to the allegations of paragraph 175 of the Second Amended Complaint related thereto.  [Dkt. #102.]

       176.    Deny the allegations of paragraph 176 of the Second Amended Complaint, except admit that, based on publicly available information on the data.medicaid.gov website, CMS provides NADAC data, and refer to that website for its contents, and further state that the claims against Defendant Rajiv Malik were dismissed by the Court in its Opinion and Order entered on the docket on March 29, 2019, insofar as such claims rely on or concern allegations that Mylan agreed with other drug companies to fix the price of generic drugs, and the Court in its Opinion and Order instructed Defendants to "file an answer to the surviving claims", and thus no response is required with respect to the allegations of paragraph 176 of the Second Amended Complaint related thereto.  [Dkt. #102.]

       177.    Deny the allegations of paragraph 177 of the Second Amended Complaint, except admit that, based on publicly available information on the data.medicaid.gov website, CMS provides NADAC data, and refer to that website for its contents, and further state that the claims against Defendant Rajiv Malik were dismissed by the Court in its Opinion and Order entered on the docket on March 29, 2019, insofar as such claims rely on or concern allegations

that Mylan agreed with other drug companies to fix the price of generic drugs, and the Court in its Opinion and Order instructed Defendants to "file an answer to the surviving claims", and thus no response is required with respect to the allegations of paragraph 177 of the Second Amended Complaint related thereto.  [Dkt. #102.]

178.    Deny the allegations of paragraph 178 of the Second Amended Complaint, and further state that the claims against Defendant Rajiv Malik were dismissed by the Court in its Opinion and Order entered on the docket on March 29, 2019, insofar as such claims rely on or concern allegations that Mylan agreed with other drug companies to fix the price of generic drugs, and the Court in its Opinion and Order instructed Defendants to "file an answer to the surviving claims", and thus no response is required with respect to the allegations of paragraph 178 of the Second Amended Complaint related thereto.  [Dkt. #102.]

179.    Deny the allegations of paragraph 179 of the Second Amended Complaint, and further state that the claims against Defendant Rajiv Malik were dismissed by the Court in its Opinion and Order entered on the docket on March 29, 2019, insofar as such claims rely on or concern allegations that Mylan agreed with other drug companies to fix the price of generic drugs, and the Court in its Opinion and Order instructed Defendants to "file an answer to the surviving claims", and thus no response is required with respect to the allegations of paragraph 179 of the Second Amended Complaint related thereto.  [Dkt. #102.]

180.    Deny the allegations of paragraph 180 of the Second Amended Complaint, and further state that the claims against Defendant Rajiv Malik were dismissed by the Court in its Opinion and Order entered on the docket on March 29, 2019, insofar as such claims rely on or concern allegations that Mylan agreed with other drug companies to fix the price of generic drugs, and the Court in its Opinion and Order instructed Defendants to "file an answer to the

surviving claims", and thus no response is required with respect to the allegations of

paragraph 180 of the Second Amended Complaint related thereto.  [Dkt. #102.]

181.    Deny the allegations of paragraph 181 of the Second Amended Complaint,

and further state that the claims against Defendant Rajiv Malik were dismissed by the Court in its

Opinion and Order entered on the docket on March 29, 2019, insofar as such claims rely on or

concern allegations that Mylan agreed with other drug companies to fix the price of generic

drugs, and the Court in its Opinion and Order instructed Defendants to "file an answer to the

surviving claims", and thus no response is required with respect to the allegations of

paragraph 181 of the Second Amended Complaint related thereto.  [Dkt. #102.]

182.    Deny the allegations of paragraph 182 of the Second Amended Complaint,

except admit that, based on publicly available information on the data.medicaid.gov website,

CMS provides NADAC data, and refer to that website for its contents, and further state that the

claims against Defendant Rajiv Malik were dismissed by the Court in its Opinion and Order

entered on the docket on March 29, 2019, insofar as such claims rely on or concern allegations

that Mylan agreed with other drug companies to fix the price of generic drugs, and the Court in

its Opinion and Order instructed Defendants to "file an answer to the surviving claims", and thus

no response is required with respect to the allegations of paragraph 182 of the Second Amended

Complaint related thereto.  [Dkt. #102.]

183.    Deny the allegations of paragraph 183 of the Second Amended Complaint,

except admit that, based on publicly available information on the data.medicaid.gov website,

CMS provides NADAC data, and refer to that website for its contents, and further state that the

claims against Defendant Rajiv Malik were dismissed by the Court in its Opinion and Order

entered on the docket on March 29, 2019, insofar as such claims rely on or concern allegations

that Mylan agreed with other drug companies to fix the price of generic drugs, and the Court in its Opinion and Order instructed Defendants to "file an answer to the surviving claims", and thus no response is required with respect to the allegations of paragraph 183 of the Second Amended Complaint related thereto.  [Dkt. #102.]

184.    Deny the allegations of paragraph 184 of the Second Amended Complaint, except refer to the Food and Drug Administration Safety and Innovation Act and implementing regulations for their contents, and further state that Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of the second, fourth and fifth sentences of paragraph 184 of the Second Amended Complaint, and further state that the claims against Defendant Rajiv Malik were dismissed by the Court in its Opinion and Order entered on the docket on March 29, 2019, insofar as such claims rely on or concern allegations that Mylan agreed with other drug companies to fix the price of generic drugs, and the Court in its Opinion and Order instructed Defendants to "file an answer to the surviving claims", and thus no response is required with respect to the allegations of paragraph 184 of the Second Amended Complaint related thereto.  [Dkt. #102.]

185.    Deny the allegations of paragraph 185 of the Second Amended Complaint, and further state that the claims against Defendant Rajiv Malik were dismissed by the Court in its Opinion and Order entered on the docket on March 29, 2019, insofar as such claims rely on or concern allegations that Mylan agreed with other drug companies to fix the price of generic drugs, and the Court in its Opinion and Order instructed Defendants to "file an answer to the surviving claims", and thus no response is required with respect to the allegations of paragraph 185 of the Second Amended Complaint related thereto.  [Dkt. #102.]

186.    Deny the allegations of paragraph 186 of the Second Amended Complaint, except admit that, based on publicly available information, the National Community Pharmacists Association released a news release titled "Generic Drug Price Spikes Demand Congressional Hearing, Pharmacists Say" dated January 8, 2014, and refer to that document for its contents, and further admit that, based on publicly available information, generic drugs account for at least 80 percent of prescriptions in the United States, and further state that the claims against Defendant Rajiv Malik were dismissed by the Court in its Opinion and Order entered on the docket on March 29, 2019, insofar as such claims rely on or concern allegations that Mylan agreed with other drug companies to fix the price of generic drugs, and the Court in its Opinion and Order instructed Defendants to "file an answer to the surviving claims", and thus no response is required with respect to the allegations of paragraph 186 of the Second Amended Complaint related thereto.  [Dkt. #102.]

187.    State that Plaintiffs' claims against Defendants were dismissed by the Court in its Opinion and Order entered on the docket on March 29, 2019, insofar as such claims relied on allegations that Mylan agreed with other drug companies to fix the price of doxycycline monohydrate, glipizide-metformin and verapamil, and further state that the claims against Defendant Rajiv Malik were dismissed by the Court in its Opinion and Order, insofar as such claims rely on or concern allegations that Mylan agreed with other drug companies to fix the price of generic drugs, and the Court in its Opinion and Order instructed Defendants to "file an answer to the surviving claims", and thus no response is required with respect to the allegations of paragraph 187 of the Second Amended Complaint related thereto.  [Dkt. #102.]  To the extent a response is required, Defendants deny the allegations of paragraph 187 of the Second Amended Complaint.

188.     State that Plaintiffs' claims against Defendants were dismissed by the Court in its Opinion and Order entered on the docket on March 29, 2019, insofar as such claims relied on allegations that Mylan agreed with other drug companies to fix the price of doxycycline monohydrate, glipizide-metformin and verapamil, and further state that the claims against Defendant Rajiv Malik were dismissed by the Court in its Opinion and Order, insofar as such claims rely on or concern allegations that Mylan agreed with other drug companies to fix the price of generic drugs, and the Court in its Opinion and Order instructed Defendants to "file an answer to the surviving claims", and thus no response is required with respect to the allegations of paragraph 188 of the Second Amended Complaint related thereto.  [Dkt. #102.]  To the extent a response is required, Defendants deny the allegations of paragraph 188 of the Second Amended Complaint.

189.     State that Plaintiffs' claims against Defendants were dismissed by the Court in its Opinion and Order entered on the docket on March 29, 2019, insofar as such claims relied on allegations that Mylan agreed with other drug companies to fix the price of doxycycline monohydrate, glipizide-metformin and verapamil, and further state that the claims against Defendant Rajiv Malik were dismissed by the Court in its Opinion and Order, insofar as such claims rely on or concern allegations that Mylan agreed with other drug companies to fix the price of generic drugs, and the Court in its Opinion and Order instructed Defendants to "file an answer to the surviving claims", and thus no response is required with respect to the allegations of paragraph 189 of the Second Amended Complaint related thereto.  [Dkt. #102.]  To the extent a response is required, Defendants deny the allegations of paragraph 189 of the Second Amended Complaint.

190.    State that Plaintiffs' claims against Defendants were dismissed by the Court in its Opinion and Order entered on the docket on March 29, 2019, insofar as such claims relied on allegations that Mylan agreed with other drug companies to fix the price of doxycycline monohydrate, glipizide-metformin and verapamil, and further state that the claims against Defendant Rajiv Malik were dismissed by the Court in its Opinion and Order, insofar as such claims rely on or concern allegations that Mylan agreed with other drug companies to fix the price of generic drugs, and the Court in its Opinion and Order instructed Defendants to "file an answer to the surviving claims", and thus no response is required with respect to the allegations of paragraph 190 of the Second Amended Complaint related thereto.  [Dkt. #102.]  To the extent a response is required, Defendants deny the allegations of paragraph 190 of the Second Amended Complaint.

191.    State that Plaintiffs' claims against Defendants were dismissed by the Court in its Opinion and Order entered on the docket on March 29, 2019, insofar as such claims relied on allegations that Mylan agreed with other drug companies to fix the price of doxycycline monohydrate, glipizide-metformin and verapamil, and further state that the claims against Defendant Rajiv Malik were dismissed by the Court in its Opinion and Order, insofar as such claims rely on or concern allegations that Mylan agreed with other drug companies to fix the price of generic drugs, and the Court in its Opinion and Order instructed Defendants to "file an answer to the surviving claims", and thus no response is required with respect to the allegations of paragraph 191 of the Second Amended Complaint related thereto.  [Dkt. #102.]  To the extent a response is required, Defendants deny the allegations of paragraph 191 of the Second Amended Complaint.

192.    State that Plaintiffs' claims against Defendants were dismissed by the Court in its Opinion and Order entered on the docket on March 29, 2019, insofar as such claims relied on allegations that Mylan agreed with other drug companies to fix the price of doxycycline monohydrate, glipizide-metformin and verapamil, and further state that the claims against Defendant Rajiv Malik were dismissed by the Court in its Opinion and Order, insofar as such claims rely on or concern allegations that Mylan agreed with other drug companies to fix the price of generic drugs, and the Court in its Opinion and Order instructed Defendants to "file an answer to the surviving claims", and thus no response is required with respect to the allegations of paragraph 192 of the Second Amended Complaint related thereto.  [Dkt. #102.]  To the extent a response is required, Defendants deny the allegations of paragraph 192 of the Second Amended Complaint.

193.    State that Plaintiffs' claims against Defendants were dismissed by the Court in its Opinion and Order entered on the docket on March 29, 2019, insofar as such claims relied on allegations that Mylan agreed with other drug companies to fix the price of doxycycline monohydrate, glipizide-metformin and verapamil, and further state that the claims against Defendant Rajiv Malik were dismissed by the Court in its Opinion and Order, insofar as such claims rely on or concern allegations that Mylan agreed with other drug companies to fix the price of generic drugs, and the Court in its Opinion and Order instructed Defendants to "file an answer to the surviving claims", and thus no response is required with respect to the allegations of paragraph 193 of the Second Amended Complaint related thereto.  [Dkt. #102.]  To the extent a response is required, Defendants deny the allegations of paragraph 193 of the Second Amended Complaint.

194.    State that Plaintiffs' claims against Defendants were dismissed by the Court in its Opinion and Order entered on the docket on March 29, 2019, insofar as such claims relied on allegations that Mylan agreed with other drug companies to fix the price of doxycycline monohydrate, glipizide-metformin and verapamil, and further state that the claims against Defendant Rajiv Malik were dismissed by the Court in its Opinion and Order, insofar as such claims rely on or concern allegations that Mylan agreed with other drug companies to fix the price of generic drugs, and the Court in its Opinion and Order instructed Defendants to "file an answer to the surviving claims", and thus no response is required with respect to the allegations of paragraph 194 of the Second Amended Complaint related thereto.  [Dkt. #102.]  To the extent a response is required, Defendants deny the allegations of paragraph 194 of the Second Amended Complaint.

195.    State that Plaintiffs' claims against Defendants were dismissed by the Court in its Opinion and Order entered on the docket on March 29, 2019, insofar as such claims relied on allegations that Mylan agreed with other drug companies to fix the price of doxycycline monohydrate, glipizide-metformin and verapamil, and further state that the claims against Defendant Rajiv Malik were dismissed by the Court in its Opinion and Order, insofar as such claims rely on or concern allegations that Mylan agreed with other drug companies to fix the price of generic drugs, and the Court in its Opinion and Order instructed Defendants to "file an answer to the surviving claims", and thus no response is required with respect to the allegations of paragraph 195 of the Second Amended Complaint related thereto.  [Dkt. #102.]  To the extent a response is required, Defendants deny the allegations of paragraph 195 of the Second Amended Complaint.

196.    State that Plaintiffs' claims against Defendants were dismissed by the Court in its Opinion and Order entered on the docket on March 29, 2019, insofar as such claims relied on allegations that Mylan agreed with other drug companies to fix the price of doxycycline monohydrate, glipizide-metformin and verapamil, and further state that the claims against Defendant Rajiv Malik were dismissed by the Court in its Opinion and Order, insofar as such claims rely on or concern allegations that Mylan agreed with other drug companies to fix the price of generic drugs, and the Court in its Opinion and Order instructed Defendants to "file an answer to the surviving claims", and thus no response is required with respect to the allegations of paragraph 196 of the Second Amended Complaint related thereto.  [Dkt. #102.]  To the extent a response is required, Defendants deny the allegations of paragraph 196 of the Second Amended Complaint.

197.    State that Plaintiffs' claims against Defendants were dismissed by the Court in its Opinion and Order entered on the docket on March 29, 2019, insofar as such claims relied on allegations that Mylan agreed with other drug companies to fix the price of doxycycline monohydrate, glipizide-metformin and verapamil, and further state that the claims against Defendant Rajiv Malik were dismissed by the Court in its Opinion and Order, insofar as such claims rely on or concern allegations that Mylan agreed with other drug companies to fix the price of generic drugs, and the Court in its Opinion and Order instructed Defendants to "file an answer to the surviving claims", and thus no response is required with respect to the allegations of paragraph 197 of the Second Amended Complaint related thereto.  [Dkt. #102.]  To the extent a response is required, Defendants deny the allegations of paragraph 197 of the Second Amended Complaint.

198.     State that Plaintiffs' claims against Defendants were dismissed by the Court in its Opinion and Order entered on the docket on March 29, 2019, insofar as such claims relied on allegations that Mylan agreed with other drug companies to fix the price of doxycycline monohydrate, glipizide-metformin and verapamil, and further state that the claims against Defendant Rajiv Malik were dismissed by the Court in its Opinion and Order, insofar as such claims rely on or concern allegations that Mylan agreed with other drug companies to fix the price of generic drugs, and the Court in its Opinion and Order instructed Defendants to "file an answer to the surviving claims", and thus no response is required with respect to the allegations of paragraph 198 of the Second Amended Complaint related thereto.  [Dkt. #102.]  To the extent a response is required, Defendants deny the allegations of paragraph 198 of the Second Amended Complaint.

199.     State that Plaintiffs' claims against Defendants were dismissed by the Court in its Opinion and Order entered on the docket on March 29, 2019, insofar as such claims relied on allegations that Mylan agreed with other drug companies to fix the price of doxycycline monohydrate, glipizide-metformin and verapamil, and further state that the claims against Defendant Rajiv Malik were dismissed by the Court in its Opinion and Order, insofar as such claims rely on or concern allegations that Mylan agreed with other drug companies to fix the price of generic drugs, and the Court in its Opinion and Order instructed Defendants to "file an answer to the surviving claims", and thus no response is required with respect to the allegations of paragraph 199 of the Second Amended Complaint related thereto.  [Dkt. #102.]  To the extent a response is required, Defendants deny the allegations of paragraph 199 of the Second Amended Complaint.

200.     State that Plaintiffs' claims against Defendants were dismissed by the Court in its Opinion and Order entered on the docket on March 29, 2019, insofar as such claims relied on allegations that Mylan agreed with other drug companies to fix the price of doxycycline monohydrate, glipizide-metformin and verapamil, and further state that the claims against Defendant Rajiv Malik were dismissed by the Court in its Opinion and Order, insofar as such claims rely on or concern allegations that Mylan agreed with other drug companies to fix the price of generic drugs, and the Court in its Opinion and Order instructed Defendants to "file an answer to the surviving claims", and thus no response is required with respect to the allegations of paragraph 200 of the Second Amended Complaint related thereto.  [Dkt. #102.]  To the extent a response is required, Defendants deny the allegations of paragraph 200 of the Second Amended Complaint.

201.     Deny the allegations of paragraph 201 of the Second Amended Complaint, except admit that Plaintiffs purport to describe economic theory which, if relevant to the claims in this case, may be the subject of future expert analysis and testimony, and further state that Plaintiffs' claims against Defendants were dismissed by the Court in its Opinion and Order entered on the docket on March 29, 2019, insofar as such claims relied on allegations that Mylan agreed with other drug companies to fix the price of doxycycline monohydrate, glipizide-metformin and verapamil, and further state that the claims against Defendant Rajiv Malik were dismissed by the Court in its Opinion and Order, insofar as such claims rely on or concern allegations that Mylan agreed with other drug companies to fix the price of generic drugs, and the Court in its Opinion and Order instructed Defendants to "file an answer to the surviving claims", and thus no response is required with respect to the allegations of paragraph 201 of the Second Amended Complaint related thereto.  [Dkt. #102.]

202.    Deny the allegations of paragraph 202 of the Second Amended Complaint, except admit that Plaintiffs purport to describe economic theory which, if relevant to the claims in this case, may be the subject of future expert analysis and testimony, and further state that the claims against Defendant Rajiv Malik were dismissed by the Court in its Opinion and Order entered on the docket on March 29, 2019, insofar as such claims rely on or concern allegations that Mylan agreed with other drug companies to fix the price of generic drugs, and the Court in its Opinion and Order instructed Defendants to "file an answer to the surviving claims", and thus no response is required with respect to the allegations of paragraph 202 of the Second Amended Complaint related thereto.  [Dkt. #102.]

203.    Deny the allegations of paragraph 203 of the Second Amended Complaint, except admit that Plaintiffs purport to describe economic theory which, if relevant to the claims in this case, may be the subject of future expert analysis and testimony, and further state that the claims against Defendant Rajiv Malik were dismissed by the Court in its Opinion and Order entered on the docket on March 29, 2019, insofar as such claims rely on or concern allegations that Mylan agreed with other drug companies to fix the price of generic drugs, and the Court in its Opinion and Order instructed Defendants to "file an answer to the surviving claims", and thus no response is required with respect to the allegations of paragraph 203 of the Second Amended Complaint related thereto.  [Dkt. #102.]

204.    Deny the allegations of paragraph 204 of the Second Amended Complaint, except admit that the Herfindahl-Hirschman Index is one measure of market concentration, and further state Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations concerning the views of antitrust enforcement agencies, and further state that the claims against Defendant Rajiv Malik were dismissed by the Court in its Opinion

and Order entered on the docket on March 29, 2019, insofar as such claims rely on or concern allegations that Mylan agreed with other drug companies to fix the price of generic drugs, and the Court in its Opinion and Order instructed Defendants to "file an answer to the surviving claims", and thus no response is required with respect to the allegations of paragraph 204 of the Second Amended Complaint related thereto.  [Dkt. #102.]

205.    Deny the allegations of paragraph 205 of the Second Amended Complaint, except admit that Plaintiffs purport to describe economic theory which, if relevant to the claims in this case, may be the subject of future expert analysis and testimony.

206.    Deny the allegations of paragraph 206 of the Second Amended Complaint, except admit that Plaintiffs purport to describe economic theory which, if relevant to the claims in this case, may be the subject of future expert analysis and testimony.

207.    Deny the allegations of paragraph 207 of the Second Amended Complaint, except admit that Plaintiffs purport to describe economic theory which, if relevant to the claims in this case, may be the subject of future expert analysis and testimony, and further state that the claims against Defendant Rajiv Malik were dismissed by the Court in its Opinion and Order entered on the docket on March 29, 2019, insofar as such claims rely on or concern allegations that Mylan agreed with other drug companies to fix the price of generic drugs, and the Court in its Opinion and Order instructed Defendants to "file an answer to the surviving claims", and thus no response is required with respect to the allegations of paragraph 207 of the Second Amended Complaint related thereto.  [Dkt. #102.]

208.    Deny the allegations of paragraph 208 of the Second Amended Complaint, except admit that Plaintiffs purport to describe economic theory which, if relevant to the claims in this case, may be the subject of future expert analysis and testimony.

209.     Deny the allegations of paragraph 209 of the Second Amended Complaint, except admit that Plaintiffs purport to describe economic theory which, if relevant to the claims in this case, may be the subject of future expert analysis and testimony.

210.     Deny the allegations of paragraph 210 of the Second Amended Complaint, except state that Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations concerning whether such drugs "are considered medical necessities" that must be purchased "at whatever cost", where albuterol sulfate, benazepril, clomipramine, divalproex and propranolol are medications that require a prescription after consultation with a healthcare professional, and whether such medications are "critical" to the health of unidentified "patients" will vary on a case-by-case basis, except admit that in the second sentence of paragraph 210, Plaintiffs purport to describe economic theory which, if relevant to the claims in this case, may be the subject of future expert analysis and testimony, and further state that the claims against Defendant Rajiv Malik were dismissed by the Court in its Opinion and Order entered on the docket on March 29, 2019, insofar as such claims rely on or concern allegations that Mylan agreed with other drug companies to fix the price of generic drugs, and the Court in its Opinion and Order instructed Defendants to "file an answer to the surviving claims", and thus no response is required with respect to the allegations of paragraph 210 of the Second Amended Complaint related thereto.  [Dkt. #102.]

211.     Deny the allegations of paragraph 211 of the Second Amended Complaint, and further state that Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations concerning whether such drugs "are necessary treatment" for unspecified "millions of patients", where albuterol sulfate, benazepril, clomipramine, divalproex and propranolol are medications that require a prescription after consultation with a healthcare

professional, and whether such medications are "necessary treatment" will vary on a case-by-case basis, except admit that in the second sentence of paragraph 211, Plaintiffs purport to describe economic theory which, if relevant to the claims in this case, may be the subject of future expert analysis and testimony, and further state that the claims against Defendant Rajiv Malik were dismissed by the Court in its Opinion and Order entered on the docket on March 29, 2019, insofar as such claims rely on or concern allegations that Mylan agreed with other drug companies to fix the price of generic drugs, and the Court in its Opinion and Order instructed Defendants to "file an answer to the surviving claims", and thus no response is required with respect to the allegations of paragraph 211 of the Second Amended Complaint related thereto. [Dkt. #102.]

212.    State that Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 212 of the Second Amended Complaint, and further state that the claims against Defendant Rajiv Malik were dismissed by the Court in its Opinion and Order entered on the docket on March 29, 2019, insofar as such claims rely on or concern allegations that Mylan agreed with other drug companies to fix the price of generic drugs, and the Court in its Opinion and Order instructed Defendants to "file an answer to the surviving claims", and thus no response is required with respect to the allegations of paragraph 212 of the Second Amended Complaint related thereto.  [Dkt. #102.]

213.    Deny the allegations of paragraph 213 of the Second Amended Complaint, except admit that Plaintiffs purport to describe economic theory which, if relevant to the claims in this case, may be the subject of future expert analysis and testimony.

214.    Deny the allegations of paragraph 214 of the Second Amended Complaint, except admit that the FDA lists the forms of albuterol sulfate, benazepril, clomipramine,

divalproex and propranolol marketed by Mylan entities as having "A" therapeutic equivalence evaluation codes, and further admit that in paragraph 214, Plaintiffs purport to describe economic theory which, if relevant to the claims in this case, may be the subject of future expert analysis and testimony, and further state that the claims against Defendant Rajiv Malik were dismissed by the Court in its Opinion and Order entered on the docket on March 29, 2019, insofar as such claims rely on or concern allegations that Mylan agreed with other drug companies to fix the price of generic drugs, and the Court in its Opinion and Order instructed Defendants to "file an answer to the surviving claims", and thus no response is required with respect to the allegations of paragraph 214 of the Second Amended Complaint related thereto. [Dkt. #102.]

215.    Deny the allegations of paragraph 215 of the Second Amended Complaint, and further state that the claims against Defendant Rajiv Malik were dismissed by the Court in its Opinion and Order entered on the docket on March 29, 2019, insofar as such claims rely on or concern allegations that Mylan agreed with other drug companies to fix the price of generic drugs, and the Court in its Opinion and Order instructed Defendants to "file an answer to the surviving claims", and thus no response is required with respect to the allegations of paragraph 215 of the Second Amended Complaint related thereto.  [Dkt. #102.]

216.    Deny the allegations of paragraph 216 of the Second Amended Complaint, except admit that Mylan N.V. is a member of the Generic Pharmaceutical Association (now the "Associations for Accessible Medicines"), and admit that at the website address https://www.gphaonline.org/events/past-events/, the Generic Pharmaceutical Association provides information concerning past events, and refer to that website for its contents, and further state that the claims against Defendant Rajiv Malik were dismissed by the Court in its

Opinion and Order entered on the docket on March 29, 2019, insofar as such claims rely on or concern allegations that Mylan agreed with other drug companies to fix the price of generic drugs, and the Court in its Opinion and Order instructed Defendants to "file an answer to the surviving claims", and thus no response is required with respect to the allegations of paragraph 216 of the Second Amended Complaint related thereto.  [Dkt. #102.]

217.    Deny the allegations of paragraph 217 of the Second Amended Complaint, except admit that on March 1, 2017, various state attorneys general filed an amended complaint in the U.S. District Court for the District of Connecticut, in a case captioned *Connecticut v. Aurobindo Pharma USA, Inc.*, No. 3:16-cv-02056, against several generic pharmaceutical drug manufacturers, including Mylan Pharmaceuticals, Inc., and refer to that complaint for its contents, and further state that the claims against Defendant Rajiv Malik were dismissed by the Court in its Opinion and Order entered on the docket on March 29, 2019, insofar as such claims rely on or concern allegations that Mylan agreed with other drug companies to fix the price of generic drugs, and the Court in its Opinion and Order instructed Defendants to "file an answer to the surviving claims", and thus no response is required with respect to the allegations of paragraph 217 of the Second Amended Complaint related thereto.  [Dkt. #102.]

218.    Deny the allegations of paragraph 218 of the Second Amended Complaint, except admit that on March 1, 2017, various state attorneys general filed an amended complaint in the U.S. District Court for the District of Connecticut, in a case captioned *Connecticut v. Aurobindo Pharma USA, Inc.*, No. 3:16-cv-02056, against several generic pharmaceutical drug manufacturers, including Mylan Pharmaceuticals, Inc., and refer to that complaint for its contents, and further state that the claims against Defendant Rajiv Malik were dismissed by the Court in its Opinion and Order entered on the docket on March 29, 2019, insofar as such claims

rely on or concern allegations that Mylan agreed with other drug companies to fix the price of generic drugs, and the Court in its Opinion and Order instructed Defendants to "file an answer to the surviving claims", and thus no response is required with respect to the allegations of paragraph 218 of the Second Amended Complaint related thereto.  [Dkt. #102.]

219.    Deny the allegations of paragraph 219 of the Second Amended Complaint, except admit that on March 1, 2017, various state attorneys general filed an amended complaint in the U.S. District Court for the District of Connecticut, in a case captioned *Connecticut v. Aurobindo Pharma USA, Inc.*, No. 3:16-cv-02056, against several generic pharmaceutical drug manufacturers, including Mylan Pharmaceuticals, Inc., and refer to that complaint for its contents, and further state that the claims against Defendant Rajiv Malik were dismissed by the Court in its Opinion and Order entered on the docket on March 29, 2019, insofar as such claims rely on or concern allegations that Mylan agreed with other drug companies to fix the price of generic drugs, and the Court in its Opinion and Order instructed Defendants to "file an answer to the surviving claims", and thus no response is required with respect to the allegations of paragraph 219 of the Second Amended Complaint related thereto.  [Dkt. #102.]

220.    Deny the allegations of paragraph 220 of the Second Amended Complaint, except admit that Plaintiffs purport to describe economic theory which, if relevant to the claims in this case, may be the subject of future expert analysis and testimony, and further state that the claims against Defendant Rajiv Malik were dismissed by the Court in its Opinion and Order entered on the docket on March 29, 2019, insofar as such claims rely on or concern allegations that Mylan agreed with other drug companies to fix the price of generic drugs, and the Court in its Opinion and Order instructed Defendants to "file an answer to the surviving claims", and thus

no response is required with respect to the allegations of paragraph 220 of the Second Amended Complaint related thereto.  [Dkt. #102.]

221.    Deny the allegations of paragraph 221 of the Second Amended Complaint, except admit that Plaintiffs purport to describe economic theory which, if relevant to the claims in this case, may be the subject of future expert analysis and testimony, and further state that the claims against Defendant Rajiv Malik were dismissed by the Court in its Opinion and Order entered on the docket on March 29, 2019, insofar as such claims rely on or concern allegations that Mylan agreed with other drug companies to fix the price of generic drugs, and the Court in its Opinion and Order instructed Defendants to "file an answer to the surviving claims", and thus no response is required with respect to the allegations of paragraph 221 of the Second Amended Complaint related thereto.  [Dkt. #102.]

222.    Deny the allegations of paragraph 222 of the Second Amended Complaint, except admit that Plaintiffs purport to describe economic theory which, if relevant to the claims in this case, may be the subject of future expert analysis and testimony, and further state that the claims against Defendant Rajiv Malik were dismissed by the Court in its Opinion and Order entered on the docket on March 29, 2019, insofar as such claims rely on or concern allegations that Mylan agreed with other drug companies to fix the price of generic drugs, and the Court in its Opinion and Order instructed Defendants to "file an answer to the surviving claims", and thus no response is required with respect to the allegations of paragraph 222 of the Second Amended Complaint related thereto.  [Dkt. #102.]

223.    Deny the allegations of paragraph 223 of the Second Amended Complaint, except admit that Plaintiffs purport to describe economic theory which, if relevant to the claims in this case, may be the subject of future expert analysis and testimony.

224.    Deny the allegations of paragraph 224 of the Second Amended Complaint, except admit that Plaintiffs purport to describe economic theory which, if relevant to the claims in this case, may be the subject of future expert analysis and testimony, and further state that the claims against Defendant Rajiv Malik were dismissed by the Court in its Opinion and Order entered on the docket on March 29, 2019, insofar as such claims rely on or concern allegations that Mylan agreed with other drug companies to fix the price of generic drugs, and the Court in its Opinion and Order instructed Defendants to "file an answer to the surviving claims", and thus no response is required with respect to the allegations of paragraph 224 of the Second Amended Complaint related thereto.  [Dkt. #102.]

225.    Deny the allegations of paragraph 225 of the Second Amended Complaint, except admit that Mylan N.V. (and for periods prior to February 27, 2015, Mylan Inc.) filed various reports with the SEC and made certain public statements, and refer to those documents and statements for their contents, and further state that Plaintiffs' claims against Defendants were dismissed by the Court in its Opinion and Order entered on the docket on March 29, 2019, insofar as such claims relied on allegations that Mylan agreed with other drug companies to fix the price of doxycycline monohydrate, glipizide-metformin and verapamil, and further state that the claims against Defendant Rajiv Malik were dismissed by the Court in its Opinion and Order, insofar as such claims rely on or concern allegations that Mylan agreed with other drug companies to fix the price of generic drugs, and the Court in its Opinion and Order instructed Defendants to "file an answer to the surviving claims", and thus no response is required with respect to the allegations of paragraph 225 of the Second Amended Complaint related thereto. [Dkt. #102.]

80

226.    Deny the allegations of paragraph 226 of the Second Amended Complaint, except admit that Mylan N.V. (and for periods prior to February 27, 2015, Mylan Inc.) filed various reports with the SEC and made certain public statements, and refer to those documents and statements for their contents, and further state that Plaintiffs' claims against Defendants were dismissed by the Court in its Opinion and Order entered on the docket on March 29, 2019, insofar as such claims relied on allegations that Mylan agreed with other drug companies to fix the price of doxycycline monohydrate, glipizide-metformin and verapamil, and further state that the claims against Defendant Rajiv Malik were dismissed by the Court in its Opinion and Order, insofar as such claims rely on or concern allegations that Mylan agreed with other drug companies to fix the price of generic drugs, and the Court in its Opinion and Order instructed Defendants to "file an answer to the surviving claims", and thus no response is required with respect to the allegations of paragraph 226 of the Second Amended Complaint related thereto. [Dkt. #102.]

227.    Deny the allegations of paragraph 227 of the Second Amended Complaint, except admit that Plaintiffs purport to describe what they allege, and further state that Plaintiffs' claims against Defendants were dismissed by the Court in its Opinion and Order entered on the docket on March 29, 2019, insofar as such claims relied on allegations that Mylan agreed with other drug companies to fix the price of doxycycline monohydrate, glipizide-metformin and verapamil, and further state that the claims against Defendant Rajiv Malik were dismissed by the Court in its Opinion and Order, insofar as such claims rely on or concern allegations that Mylan agreed with other drug companies to fix the price of generic drugs, and the Court in its Opinion and Order instructed Defendants to "file an answer to the surviving claims", and thus no

response is required with respect to the allegations of paragraph 227 of the Second Amended

Complaint related thereto.  [Dkt. #102.]

228.    Deny the allegations of paragraph 228 of the Second Amended Complaint,

and further state that Plaintiffs' claims against Defendants were dismissed by the Court in its

Opinion and Order entered on the docket on March 29, 2019, insofar as such claims relied on

allegations that Mylan agreed with other drug companies to fix the price of doxycycline

monohydrate, glipizide-metformin and verapamil, and further state that the claims against

Defendant Rajiv Malik were dismissed by the Court in its Opinion and Order, insofar as such

claims rely on or concern allegations that Mylan agreed with other drug companies to fix the

price of generic drugs, and the Court in its Opinion and Order instructed Defendants to "file an

answer to the surviving claims", and thus no response is required with respect to the allegations

of paragraph 228 of the Second Amended Complaint related thereto.  [Dkt. #102.]

229.    Deny the allegations of paragraph 229 of the Second Amended Complaint,

except admit that, based on publicly available information, B. Douglas Hoey sent a letter to

members of Congress dated January 8, 2014, and refer to that letter for its contents.

230.    State that Defendants are without knowledge or information sufficient to

form a belief regarding the truth of the allegations of paragraph 230 of the Second Amended

Complaint, except admit that according to media reports in July 2014, the Connecticut Attorney

General was investigating other companies for potential price fixing of one generic drug, and

further state that Plaintiffs' claims against Defendants were dismissed by the Court in its Opinion

and Order entered on the docket on March 29, 2019, insofar as such claims relied on allegations

that Mylan agreed with other drug companies to fix the price of doxycycline monohydrate,

glipizide-metformin and verapamil, and further state that the claims against Defendant Rajiv

Malik were dismissed by the Court in its Opinion and Order, insofar as such claims rely on or concern allegations that Mylan agreed with other drug companies to fix the price of generic drugs, and the Court in its Opinion and Order instructed Defendants to "file an answer to the surviving claims", and thus no response is required with respect to the allegations of paragraph 230 of the Second Amended Complaint related thereto.  [Dkt. #102.]

231.   State that Defendants are without knowledge or information sufficient to form a belief regarding the truth of the allegations of paragraph 231 of the Second Amended Complaint, except admit that on October 2, 2014, Representative Elijah E. Cummings and Senator Bernie Sanders sent a letter to Heather Bresch, and refer to that letter for its contents.

232.   Deny the allegations of paragraph 232 of the Second Amended Complaint, except admit that, based on publicly available information, a hearing titled "Why Are Some Generic Drugs Skyrocketing In Price?" was held on November 20, 2014, and refer to the transcript of that hearing for its contents.

233.   State that Defendants are without knowledge or information sufficient to form a belief regarding the truth of the allegations of paragraph 233 of the Second Amended Complaint, except admit that on December 3, 2015, a subsidiary of Mylan N.V. received a subpoena from the Antitrust Division of the DOJ seeking information relating to the marketing, pricing, and sale of generic Doxycycline products and any communications with competitors about such products, and on September 8, 2016, a subsidiary of Mylan N.V., as well as certain employees and a member of senior management, received subpoenas from the DOJ seeking additional information relating to the marketing, pricing and sale of generic Cidofovir, Glipizide-metformin, Propranolol and Verapamil products and any communications with competitors about such products, and further state that Plaintiffs' claims against Defendants were dismissed

by the Court in its Opinion and Order entered on the docket on March 29, 2019, insofar as such claims relied on allegations that Mylan agreed with other drug companies to fix the price of doxycycline monohydrate, glipizide-metformin and verapamil, and further state that the claims against Defendant Rajiv Malik were dismissed by the Court in its Opinion and Order, insofar as such claims rely on or concern allegations that Mylan agreed with other drug companies to fix the price of generic drugs, and the Court in its Opinion and Order instructed Defendants to "file an answer to the surviving claims", and thus no response is required with respect to the allegations of paragraph 233 of the Second Amended Complaint related thereto.  [Dkt. #102.]

234.    Deny the allegations of paragraph 234 of the Second Amended Complaint, except admit that, based on publicly available information, Representative Elijah E. Cummings and Senator Bernie Sanders sent a letter to the Office of the Inspector General of HHS dated February 24, 2015, and refer to that letter for its contents, and that the Office of the Inspector General of HHS sent letters to Representative Elijah E. Cummings and Senator Bernie Sanders dated April 13, 2015, and refer to those letters for their contents.

235.    Deny the allegations of paragraph 235 of the Second Amended Complaint, and further state that Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations concerning the contents of unspecified "[r]ecent news reports", except admit that on December 3, 2015, a subsidiary of Mylan N.V. received a subpoena from the Antitrust Division of the DOJ seeking information relating to the marketing, pricing, and sale of generic Doxycycline products and any communications with competitors about such products, and further admit that on September 8, 2016, a subsidiary of Mylan N.V., as well as certain employees and a member of senior management, received subpoenas from the DOJ seeking additional information relating to the marketing, pricing and sale of generic Cidofovir, Glipizide-

84

metformin, Propranolol and Verapamil products and any communications with competitors about such products, and related search warrants also were executed, and further state that Plaintiffs' claims against Defendants were dismissed by the Court in its Opinion and Order entered on the docket on March 29, 2019, insofar as such claims relied on allegations that Mylan agreed with other drug companies to fix the price of doxycycline monohydrate, glipizide-metformin and verapamil, and further state that the claims against Defendant Rajiv Malik were dismissed by the Court in its Opinion and Order, insofar as such claims rely on or concern allegations that Mylan agreed with other drug companies to fix the price of generic drugs, and the Court in its Opinion and Order instructed Defendants to "file an answer to the surviving claims", and thus no response is required with respect to the allegations of paragraph 235 of the Second Amended Complaint related thereto.  [Dkt. #102.]

236.    Deny the allegations of paragraph 236 of the Second Amended Complaint, except admit that, based on publicly available information, FiercePharma published an article titled "DOJ's price-fixing investigation could lead to sizable liabilities, analyst says" dated November 10, 2016, and refer to that article for its contents, and state that Mylan is fully cooperating with the DOJ investigation in connection with the December 3, 2015 subpoena and the September 8, 2016 subpoena.

237.    Deny the allegations of paragraph 237 of the Second Amended Complaint, except admit that on December 21, 2015, the Company received a subpoena from the Connecticut Office of the Attorney General seeking information related to the marketing, pricing, and sale of certain generic products, including Doxycycline, and further state that Plaintiffs' claims against Defendants were dismissed by the Court in its Opinion and Order entered on the docket on March 29, 2019, insofar as such claims relied on allegations that Mylan

agreed with other drug companies to fix the price of doxycycline monohydrate, glipizide-metformin and verapamil, and further state that the claims against Defendant Rajiv Malik were dismissed by the Court in its Opinion and Order, insofar as such claims rely on or concern allegations that Mylan agreed with other drug companies to fix the price of generic drugs, and the Court in its Opinion and Order instructed Defendants to "file an answer to the surviving claims", and thus no response is required with respect to the allegations of paragraph 237 of the Second Amended Complaint related thereto.  [Dkt. #102.]

238.    Deny the allegations of paragraph 238 of the Second Amended Complaint, except admit that the attorneys general of certain states filed a complaint in the U.S. District Court for the District of Connecticut dated December 14, 2016, in a case captioned *Connecticut v. Aurobindo Pharma USA, Inc.*, No. 3:16-cv-02056, against several generic pharmaceutical drug manufacturers, including Mylan Pharmaceuticals, Inc., and refer to that complaint for its contents, and further state that Plaintiffs' claims against Defendants were dismissed by the Court in its Opinion and Order entered on the docket on March 29, 2019, insofar as such claims relied on allegations that Mylan agreed with other drug companies to fix the price of doxycycline monohydrate, glipizide-metformin and verapamil, and further state that the claims against Defendant Rajiv Malik were dismissed by the Court in its Opinion and Order, insofar as such claims rely on or concern allegations that Mylan agreed with other drug companies to fix the price of generic drugs, and the Court in its Opinion and Order instructed Defendants to "file an answer to the surviving claims", and thus no response is required with respect to the allegations of paragraph 238 of the Second Amended Complaint related thereto.  [Dkt. #102.]

239.    Deny the allegations of paragraph 239 of the Second Amended Complaint, except admit that, based on publicly available information, on December 12, 2016, an

information was filed in a case captioned *United States v. Glazer*, No. 2:16-cr-00506, and refer

to that document for its contents, and further admit that, based on publicly available information,

on December 13, 2016, an information was filed in a case captioned *United States v. Malek*, No.

2:16-cr-00508, and refer to that document for its contents, and further state that the claims

against Defendant Rajiv Malik were dismissed by the Court in its Opinion and Order entered on

the docket on March 29, 2019, insofar as such claims rely on or concern allegations that Mylan

agreed with other drug companies to fix the price of generic drugs, and the Court in its Opinion

and Order instructed Defendants to "file an answer to the surviving claims", and thus no

response is required with respect to the allegations of paragraph 239 of the Second Amended

Complaint related thereto.  [Dkt. #102.]

        240.    Deny the allegations of paragraph 240 of the Second Amended Complaint,

except admit that, based on publicly available information, on January 9, 2017, a plea hearing

was held in a case captioned *United States v. Glazer*, No. 2:16-cr-00506, and refer to the

transcript of that hearing for its contents, and further admit that based on publicly available

information, on January 9, 2017, a plea hearing was held in a case captioned *United States v.

Malek*, No. 2:16-cr-00508, and refer to the transcript of that hearing for its contents, and further

state that the claims against Defendant Rajiv Malik were dismissed by the Court in its Opinion

and Order entered on the docket on March 29, 2019, insofar as such claims rely on or concern

allegations that Mylan agreed with other drug companies to fix the price of generic drugs, and

the Court in its Opinion and Order instructed Defendants to "file an answer to the surviving

claims", and thus no response is required with respect to the allegations of paragraph 240 of the

Second Amended Complaint related thereto.  [Dkt. #102.]

241.    State that Plaintiffs' claims against Defendants were dismissed by the Court in its Opinion and Order entered on the docket on March 29, 2019, insofar as such claims relied on allegations related to "quantitative statements of earnings contained in Mylan's Forms 10-K and 10-Q", and the Court in its Opinion and Order instructed Defendants to "file an answer to the surviving claims", and thus no response is required with respect to the allegations of paragraph 241 of the Second Amended Complaint.  [Dkt. #102.]  To the extent a response is required, Defendants deny the allegations of paragraph 241 of the Second Amended Complaint, except admit that on February 21, 2012, Mylan Inc. filed a Form 10-K with the SEC, and refer to that document for its contents.

242.    Deny the allegations of paragraph 242 of the Second Amended Complaint, except admit that on February 21, 2012, Mylan Inc. filed a Form 10-K with the SEC, and refer to that document for its contents.

243.    Deny the allegations of paragraph 243 of the Second Amended Complaint, and further state that the claims against Defendant Rajiv Malik were dismissed by the Court in its Opinion and Order entered on the docket on March 29, 2019, insofar as such claims rely on allegations of statements concerning EpiPen, and the Court in its Opinion and Order instructed Defendants to "file an answer to the surviving claims", and thus no response is required with respect to the allegations of paragraph 243 of the Second Amended Complaint related thereto. [Dkt. #102.]

244.    Deny the allegations of paragraph 244 and footnote 42 of the Second Amended Complaint, except admit that on February 21, 2012, Mylan Inc. filed a Form 10-K with the SEC, and further admit that Mylan N.V. (and, for periods prior to February 27, 2015,

Mylan Inc.) periodically filed Forms 10-Q with the SEC, and refer to those documents for their contents.

245.    Deny the allegations of paragraph 245 of the Second Amended Complaint, and further state that the claims against Defendant Rajiv Malik were dismissed by the Court in its Opinion and Order entered on the docket on March 29, 2019, insofar as such claims rely on allegations of statements concerning EpiPen, and the Court in its Opinion and Order instructed Defendants to "file an answer to the surviving claims", and thus no response is required with respect to the allegations of paragraph 245 of the Second Amended Complaint related thereto. [Dkt. #102.]

246.    Deny the allegations of paragraph 246 of the Second Amended Complaint, except admit that on February 21, 2012, Mylan Inc. filed a Form 10-K with the SEC, and refer to that document for its contents.

247.    Deny the allegations of paragraph 247 of the Second Amended Complaint, and further state that Plaintiffs' claims against Defendants were dismissed by the Court in its Opinion and Order entered on the docket on March 28, 2018, insofar as such claims relied on allegations related to "statements about the complexity, ambiguity, and subjectivity of the rebate calculation [which] are statements of opinion" [Dkt. #69], and the Court in its Opinion and Order entered on the docket on March 29, 2019 instructed Defendants to "file an answer to the surviving claims" [Dkt. #102], and thus no response is required with respect to the allegations in clauses (2) and (4) of paragraph 247 of the Second Amended Complaint.  Defendants further state that the Court, in its Opinion and Order entered on the docket on March 28, 2018, ruled that Plaintiffs' allegations in clauses (1) and (3) of paragraph 247 "survive only to the extent that Mylan misrepresented its knowledge about the EpiPen's misclassification" [Dkt. #69], and

Defendants deny that Mylan misrepresented its knowledge about the classification of EpiPen products. Defendants further state that the claims against Defendant Rajiv Malik were dismissed by the Court in its Opinion and Order entered on the docket on March 29, 2019, insofar as such claims rely on allegations of statements concerning EpiPen, and the Court in its Opinion and Order instructed Defendants to "file an answer to the surviving claims", and thus no response is required with respect to the allegations of paragraph 247 of the Second Amended Complaint related thereto. [Dkt. #102.]

248.    Deny the allegations of paragraph 248 of the Second Amended Complaint, except admit that on April 26, 2012, Mylan Inc. filed a Form 8-K attaching a press release with the SEC, and refer to that document for its contents.

249.    State that Plaintiffs' claims against Defendants were dismissed by the Court in its Opinion and Order entered on the docket on March 29, 2019, insofar as such claims relied on allegations related to "quantitative statements of earnings contained in Mylan's Forms 10-K and 10-Q", and the Court in its Opinion and Order instructed Defendants to "file an answer to the surviving claims", and thus no response is required with respect to the allegations of paragraph 249 of the Second Amended Complaint. [Dkt. #102.] To the extent a response is required, Defendants deny the allegations of paragraph 249 of the Second Amended Complaint, except admit that on April 27, 2012, Mylan Inc. filed a Form 10-Q with the SEC, and refer to that document for its contents.

250.    Deny the allegations of paragraph 250 of the Second Amended Complaint, and further state that Plaintiffs' claims against Defendants were dismissed by the Court in its Opinion and Order entered on the docket on March 29, 2019, insofar as such claims relied on allegations related to "quantitative statements of earnings contained in Mylan's Forms 10-K and

10-Q", or allegations related to an alleged duty to "disclose future risk", and further state that the claims against Defendant Rajiv Malik were dismissed by the Court in its Opinion and Order, insofar as such claims rely on allegations of statements concerning EpiPen, and the Court in its Opinion and Order instructed Defendants to "file an answer to the surviving claims", and thus no response is required with respect to the allegations of paragraph 250 of the Second Amended Complaint related thereto.  [Dkt. #102.]

251.    Deny the allegations of paragraph 251 of the Second Amended Complaint, except admit that on April 27, 2012, Mylan Inc. filed a Form 10-Q with the SEC, and refer to that document for its contents.

252.    Deny the allegations of paragraph 252 of the Second Amended Complaint, and further state that Plaintiffs' claims against Defendants were dismissed by the Court in its Opinion and Order entered on the docket on March 28, 2018, insofar as such claims relied on allegations related to "statements about the complexity, ambiguity, and subjectivity of the rebate calculation [which] are statements of opinion" [Dkt. 69], and the Court in its Opinion and Order entered on the docket on March 29, 2019 instructed Defendants to "file an answer to the surviving claims" [Dkt. 102], and thus no response is required with respect to the allegations in clauses (2) and (4) of paragraph 252 of the Second Amended Complaint.  Defendants further state that the Court, in its Opinion and Order entered on the docket on March 28, 2018, ruled that Plaintiffs' allegations in clauses (1) and (3) of paragraph 252 "survive only to the extent that Mylan misrepresented its knowledge about the EpiPen's misclassification" [Dkt. 69], and Defendants deny that Mylan misrepresented its knowledge about the classification of EpiPen products.  Defendants further state that the claims against Defendant Rajiv Malik were dismissed by the Court in its Opinion and Order entered on the docket on March 29, 2019, insofar as such

claims rely on allegations of statements concerning EpiPen, and the Court in its Opinion and Order instructed Defendants to "file an answer to the surviving claims", and thus no response is required with respect to the allegations of paragraph 252 of the Second Amended Complaint related thereto.  [Dkt. #102.]

253.    Deny the allegations of paragraph 253 of the Second Amended Complaint, except admit that on July 26, 2012, Mylan Inc. filed a Form 8-K attaching a press release with the SEC, and refer to that document for its contents.

254.    State that Plaintiffs' claims against Defendants were dismissed by the Court in its Opinion and Order entered on the docket on March 29, 2019, insofar as such claims relied on allegations related to "quantitative statements of earnings contained in Mylan's Forms 10-K and 10-Q", and the Court in its Opinion and Order instructed Defendants to "file an answer to the surviving claims", and thus no response is required with respect to the allegations of paragraph 254 of the Second Amended Complaint.  [Dkt. #102.]  To the extent a response is required, Defendants deny the allegations of paragraph 254 of the Second Amended Complaint, except admit that on July 26, 2012, Mylan Inc. filed a Form 10-Q with the SEC, and refer to that document for its contents.

255.    Deny the allegations of paragraph 255 of the Second Amended Complaint, and further state that Plaintiffs' claims against Defendants were dismissed by the Court in its Opinion and Order entered on the docket on March 29, 2019, insofar as such claims relied on allegations related to "quantitative statements of earnings contained in Mylan's Forms 10-K and 10-Q", or allegations related to an alleged duty to "disclose future risk", and further state that the claims against Defendant Rajiv Malik were dismissed by the Court in its Opinion and Order, insofar as such claims rely on allegations of statements concerning EpiPen, and the Court in its

Opinion and Order instructed Defendants to "file an answer to the surviving claims", and thus no response is required with respect to the allegations of paragraph 255 of the Second Amended Complaint related thereto.  [Dkt. #102.]

256.    Deny the allegations of paragraph 256 of the Second Amended Complaint, except admit that on July 26, 2012, Mylan Inc. filed a Form 10-Q with the SEC, and refer to that document for its contents.

257.    Deny the allegations of paragraph 257 of the Second Amended Complaint, and further state that Plaintiffs' claims against Defendants were dismissed by the Court in its Opinion and Order entered on the docket on March 28, 2018, insofar as such claims relied on allegations related to "statements about the complexity, ambiguity, and subjectivity of the rebate calculation [which] are statements of opinion" [Dkt. #69], and the Court in its Opinion and Order entered on the docket on March 29, 2019 instructed Defendants to "file an answer to the surviving claims" [Dkt. #102], and thus no response is required with respect to the allegations in clauses (2) and (4) of paragraph 257 of the Second Amended Complaint.  Defendants further state that the Court, in its Opinion and Order entered on the docket on March 28, 2018, ruled that Plaintiffs' allegations in clauses (1) and (3) of paragraph 257 of the Second Amended Complaint "survive only to the extent that Mylan misrepresented its knowledge about the EpiPen's misclassification" [Dkt. #69], and Defendants deny that Mylan misrepresented its knowledge about the classification of EpiPen products.  Defendants further state that the claims against Defendant Rajiv Malik were dismissed by the Court in its Opinion and Order entered on the docket on March 29, 2019, insofar as such claims rely on allegations of statements concerning EpiPen, and the Court in its Opinion and Order instructed Defendants to "file an answer to the

surviving claims", and thus no response is required with respect to the allegations of paragraph 257 of the Second Amended Complaint related thereto.  [Dkt. #102.]

258.    Deny the allegations of paragraph 258 of the Second Amended Complaint, except admit that on October 25, 2012, Mylan Inc. filed a Form 8-K attaching a press release with the SEC, and refer to that document for its contents.

259.    State that Plaintiffs' claims against Defendants were dismissed by the Court in its Opinion and Order entered on the docket on March 29, 2019, insofar as such claims relied on allegations related to "quantitative statements of earnings contained in Mylan's Forms 10-K and 10-Q", and the Court in its Opinion and Order instructed Defendants to "file an answer to the surviving claims", and thus no response is required with respect to the allegations of paragraph 259 of the Second Amended Complaint.  [Dkt. #102.]  Defendants further state that the allegations of paragraph 259 are incoherent in that a Form 10-Q filed on October 25, 2012, cannot be "reiterating the financial and operating results previously announced" in a Form 8-K that was not filed until February 27, 2013.  To the extent a response is required, Defendants deny the allegations of paragraph 259 of the Second Amended Complaint, except admit that on October 25, 2012, Mylan Inc. filed a Form 10-Q with the SEC, and refer to that document for its contents.

260.    Deny the allegations of paragraph 260 of the Second Amended Complaint, and further state that Plaintiffs' claims against Defendants were dismissed by the Court in its Opinion and Order entered on the docket on March 29, 2019, insofar as such claims relied on allegations related to "quantitative statements of earnings contained in Mylan's Forms 10-K and 10-Q", or allegations related to an alleged duty to "disclose future risk", and further state that the claims against Defendant Rajiv Malik were dismissed by the Court in its Opinion and Order,

insofar as such claims rely on allegations of statements concerning EpiPen, and the Court in its Opinion and Order instructed Defendants to "file an answer to the surviving claims", and thus no response is required with respect to the allegations of paragraph 260 of the Second Amended Complaint related thereto.  [Dkt. #102.]

261.    Deny the allegations of paragraph 261 of the Second Amended Complaint, except admit that on February 27, 2013, Mylan Inc. filed a Form 8-K attaching a press release with the SEC, and refer to that document for its contents.

262.    State that Plaintiffs' claims against Defendants were dismissed by the Court in its Opinion and Order entered on the docket on March 29, 2019, insofar as such claims relied on allegations related to "quantitative statements of earnings contained in Mylan's Forms 10-K and 10-Q", and the Court in its Opinion and Order instructed Defendants to "file an answer to the surviving claims", and thus no response is required with respect to these allegations of paragraph 262 of the Second Amended Complaint.  [Dkt. #102]  To the extent a response is required, Defendants deny the allegations of paragraph 262 of the Second Amended Complaint, except admit that on February 28, 2013, Mylan Inc. filed a Form 10-K with the SEC, and refer to that document for its contents.

263.    Deny the allegations of paragraph 263 of the Second Amended Complaint, and state that Plaintiffs' claims against Defendants were dismissed by the Court in its Opinion and Order entered on the docket on March 29, 2019, insofar as such claims relied on allegations related to "quantitative statements of earnings contained in Mylan's Forms 10-K and 10-Q", or allegations related to an alleged duty to "disclose future regulatory risk", or allegations that Mylan agreed with other drug companies to fix the price of doxycycline monohydrate, glipizide-metformin and verapamil, and further state that the claims against Defendant Rajiv Malik were

dismissed by the Court in its Opinion and Order, insofar as such claims rely on allegations of statements concerning EpiPen or concerning allegations that Mylan agreed with other drug companies to fix the price of generic drugs, and the Court in its Opinion and Order instructed Defendants to "file an answer to the surviving claims", and thus no response is required with respect to the allegations of paragraph 263 of the Second Amended Complaint related thereto. [Dkt. #102.]

264.    Deny the allegations of paragraph 264 of the Second Amended Complaint, except admit that on February 28, 2013, Mylan Inc. filed a Form 10-K with the SEC, and refer to that document for its contents.

265.    Deny the allegations of paragraph 265 of the Second Amended Complaint, and further state that the claims against Defendant Rajiv Malik were dismissed by the Court in its Opinion and Order entered on the docket on March 29, 2019, insofar as such claims rely on allegations of statements concerning EpiPen, and the Court in its Opinion and Order instructed Defendants to "file an answer to the surviving claims", and thus no response is required with respect to the allegations of paragraph 265 of the Second Amended Complaint related thereto. [Dkt. #102.]

266.    Deny the allegations of paragraph 266 of the Second Amended Complaint, except admit that on February 28, 2013, Mylan Inc. filed a Form 10-K with the SEC, and refer to that document for its contents.

267.    Deny the allegations of paragraph 267 of the Second Amended Complaint, and further state that Plaintiffs' claims against Defendants were dismissed by the Court in its Opinion and Order entered on the docket on March 29, 2019, insofar as such claims relied on allegations related to "quantitative statements of earnings contained in Mylan's Forms 10-K and

10-Q", or allegations related to an alleged duty to "disclose future regulatory risk", or allegations that Mylan agreed with other drug companies to fix the price of doxycycline monohydrate, glipizide-metformin and verapamil, and further state that the claims against Defendant Rajiv Malik were dismissed by the Court in its Opinion and Order, insofar as such claims rely on allegations of statements concerning EpiPen or concerning allegations that Mylan agreed with other drug companies to fix the price of generic drugs, and the Court in its Opinion and Order instructed Defendants to "file an answer to the surviving claims", and thus no response is required with respect to the allegations of paragraph 267 of the Second Amended Complaint related thereto.  [Dkt. #102.]

268.    Deny the allegations of paragraph 268 of the Second Amended Complaint, except admit that on February 28, 2013, Mylan Inc. filed a Form 10-K with the SEC, and refer to that document for its contents.

269.    Deny the allegations of paragraph 269 of the Second Amended Complaint, and further state that Plaintiffs' claims against Defendants were dismissed by the Court in its Opinion and Order entered on the docket on March 28, 2018, insofar as such claims relied on allegations related to "statements about the complexity, ambiguity, and subjectivity of the rebate calculation [which] are statements of opinion" [Dkt. #69], and the Court in its Opinion and Order entered on the docket on March 29, 2019 instructed Defendants to "file an answer to the surviving claims" [Dkt. #102], and thus no response is required with respect to the allegations in clauses (2) and (4) of paragraph 269 of the Second Amended Complaint.  Defendants further state that the Court, in its Opinion and Order entered on the docket on March 28, 2018, ruled that Plaintiffs' allegations in clauses (1) and (3) of paragraph 269 of the Second Amended Complaint "survive only to the extent that Mylan misrepresented its knowledge about the EpiPen's

misclassification" [Dkt. #69], and Defendants deny that Mylan misrepresented its knowledge about the classification of EpiPen products. Defendants further state that the claims against Defendant Rajiv Malik were dismissed by the Court in its Opinion and Order entered on the docket on March 29, 2019, insofar as such claims rely on allegations of statements concerning EpiPen, and the Court in its Opinion and Order instructed Defendants to "file an answer to the surviving claims", and thus no response is required with respect to the allegations of paragraph 269 of the Second Amended Complaint related thereto. [Dkt. #102.]

270.   Deny the allegations of paragraph 270 of the Second Amended Complaint, except admit that on May 2, 2013, Mylan Inc. filed a Form 8-K attaching a press release with the SEC, and refer to that document for its contents.

271.   State that Plaintiffs' claims against Defendants were dismissed by the Court in its Opinion and Order entered on the docket on March 29, 2019, insofar as such claims relied on allegations related to "quantitative statements of earnings contained in Mylan's Forms 10-K and 10-Q", and the Court in its Opinion and Order instructed Defendants to "file an answer to the surviving claims", and thus no response is required with respect to the allegations of paragraph 271 of the Second Amended Complaint. [Dkt. #102.] To the extent a response is required, Defendants deny the allegations of paragraph 271 of the Second Amended Complaint, except admit that on May 2, 2013, Mylan Inc. filed a Form 10-Q with the SEC, and refer to that document for its contents.

272.   Deny the allegations of paragraph 272 of the Second Amended Complaint, and further state that Plaintiffs' claims against Defendants were dismissed by the Court in its Opinion and Order entered on the docket on March 29, 2019, insofar as such claims relied on allegations related to "quantitative statements of earnings contained in Mylan's Forms 10-K and

10-Q", or allegations related to an alleged duty to "disclose future regulatory risk", or allegations that Mylan agreed with other drug companies to fix the price of doxycycline monohydrate, glipizide-metformin and verapamil, and further state that the claims against Defendant Rajiv Malik were dismissed by the Court in its Opinion and Order, insofar as such claims rely on allegations of statements concerning EpiPen or concerning allegations that Mylan agreed with other drug companies to fix the price of generic drugs, and the Court in its Opinion and Order instructed Defendants to "file an answer to the surviving claims", and thus no response is required with respect to the allegations of paragraph 272 of the Second Amended Complaint related thereto.  [Dkt. #102.]

273.   Deny the allegations of paragraph 273 of the Second Amended Complaint, except admit that on August 1, 2013, Mylan Inc. filed a Form 8-K attaching a press release with the SEC, and refer to that document for its contents.

274.   State that Plaintiffs' claims against Defendants were dismissed by the Court in its Opinion and Order entered on the docket on March 29, 2019, insofar as such claims relied on allegations related to "quantitative statements of earnings contained in Mylan's Forms 10-K and 10-Q", and the Court in its Opinion and Order instructed Defendants to "file an answer to the surviving claims", and thus no response is required with respect to the allegations of paragraph 274 of the Second Amended Complaint.  [Dkt. #102.]  To the extent a response is required, Defendants deny the allegations of paragraph 274 of the Second Amended Complaint, except admit that on August 1, 2013, Mylan Inc. filed a Form 10-Q with the SEC, and refer to that document for its contents.

275.   Deny the allegations of paragraph 275 of the Second Amended Complaint, and further state that Plaintiffs' claims against Defendants were dismissed by the Court in its

Opinion and Order entered on the docket on March 29, 2019, insofar as such claims relied on

allegations related to "quantitative statements of earnings contained in Mylan's Forms 10-K and

10-Q", allegations related to an alleged duty to "disclose future regulatory risk", or allegations

that Mylan agreed with other drug companies to fix the price of doxycycline monohydrate,

glipizide-metformin and verapamil, and further state that the claims against Defendant Rajiv

Malik were dismissed by the Court in its Opinion and Order, insofar as such claims rely on

allegations of statements concerning EpiPen or concerning allegations that Mylan agreed with

other drug companies to fix the price of generic drugs, and the Court in its Opinion and Order

instructed Defendants to "file an answer to the surviving claims", and thus no response is

required with respect to the allegations of paragraph 275 of the Second Amended Complaint

related thereto.  [Dkt. #102.]

276.    Deny the allegations of paragraph 276 of the Second Amended Complaint,

except admit that on October 31, 2013, Mylan Inc. filed a Form 8-K attaching a press release

with the SEC, and refer to that document for its contents.

277.    State that Plaintiffs' claims against Defendants were dismissed by the

Court in its Opinion and Order entered on the docket on March 29, 2019, insofar as such claims

relied on allegations related to "quantitative statements of earnings contained in Mylan's Forms

10-K and 10-Q", and the Court in its Opinion and Order instructed Defendants to "file an answer

to the surviving claims", and thus no response is required with respect to the allegations of

paragraph 277 of the Second Amended Complaint.  [Dkt. #102.]  To the extent a response is

required, Defendants deny the allegations of paragraph 277 of the Second Amended Complaint,

except admit that on October 31, 2013, Mylan Inc. filed a Form 10-Q with the SEC, and refer to

that document for its contents.

278.     Deny the allegations of paragraph 278 of the Second Amended Complaint, and further state that Plaintiffs' claims against Defendants were dismissed by the Court in its Opinion and Order entered on the docket on March 29, 2019, insofar as such claims relied on allegations related to "quantitative statements of earnings contained in Mylan's Forms 10-K and 10-Q", allegations related to an alleged duty "to disclose future risk",  or allegations that Mylan agreed with other drug companies to fix the price of doxycycline monohydrate, glipizide-metformin and verapamil, and further state that the claims against Defendant Rajiv Malik were dismissed by the Court in its Opinion and Order, insofar as such claims rely on allegations of statements concerning EpiPen or concerning allegations that Mylan agreed with other drug companies to fix the price of generic drugs, and the Court in its Opinion and Order instructed Defendants to "file an answer to the surviving claims", and thus no response is required with respect to the allegations of paragraph 278 of the Second Amended Complaint related thereto. [Dkt. #102.]

279.     Deny the allegations of paragraph 279 of the Second Amended Complaint, except admit that on February 27, 2014, Mylan Inc. filed a Form 8-K attaching a press release with the SEC, and refer to that document for its contents.

280.     Deny the allegations of paragraph 280 of the Second Amended Complaint, except admit that on February 27, 2014, Mylan Inc. filed a Form 8-K with the SEC, and refer to that document for its contents.

281.     State that Plaintiffs' claims against Defendants were dismissed by the Court in its Opinion and Order entered on the docket on March 29, 2019, insofar as such claims relied on allegations related to "quantitative statements of earnings contained in Mylan's Forms 10-K and 10-Q", and the Court in its Opinion and Order instructed Defendants to "file an answer

to the surviving claims", and thus no response is required with respect to the allegations of paragraph 281 of the Second Amended Complaint. [Dkt. #102.] To the extent a response is required, Defendants deny the allegations of paragraph 281 of the Second Amended Complaint, except admit that on February 27, 2014, Mylan Inc. filed a Form 10-K with the SEC, and refer to that document for its contents.

282. Deny the allegations of paragraph 282 of the Second Amended Complaint, and further state that Plaintiffs' claims against Defendants were dismissed by the Court in its Opinion and Order entered on the docket on March 29, 2019, insofar as such claims relied on allegations related to "quantitative statements of earnings contained in Mylan's Forms 10-K and 10-Q", allegations related to an alleged duty "to disclose future regulatory risk", or allegations that Mylan agreed with other drug companies to fix the price of doxycycline monohydrate, glipizide-metformin and verapamil, and further state that the claims against Defendant Rajiv Malik were dismissed by the Court in its Opinion and Order, insofar as such claims rely on allegations of statements concerning EpiPen or concerning allegations that Mylan agreed with other drug companies to fix the price of generic drugs, and the Court in its Opinion and Order instructed Defendants to "file an answer to the surviving claims", and thus no response is required with respect to the allegations of paragraph 282 of the Second Amended Complaint related thereto. [Dkt. #102.]

283. Deny the allegations of paragraph 283 of the Second Amended Complaint, except admit that on February 27, 2014, Mylan Inc. filed a Form 10-K with the SEC, and refer to that document for its contents.

284. Deny the allegations of paragraph 284 of the Second Amended Complaint, and further state that the claims against Defendant Rajiv Malik were dismissed by the Court in its

Opinion and Order entered on the docket on March 29, 2019, insofar as such claims rely on allegations of statements concerning EpiPen, and the Court in its Opinion and Order instructed Defendants to "file an answer to the surviving claims", and thus no response is required with respect to the allegations of paragraph 284 of the Second Amended Complaint related thereto. [Dkt. #102.]

285.     Deny the allegations of paragraph 285 of the Second Amended Complaint, except admit that on February 27, 2014, Mylan Inc. filed a Form 10-K with the SEC, and refer to that document for its contents.

286.     Deny the allegations of paragraph 286 of the Second Amended Complaint, and further state that Plaintiffs' claims against Defendants were dismissed by the Court in its Opinion and Order entered on the docket on March 29, 2019, insofar as such claims relied on allegations related to an alleged duty "to disclose future regulatory risk", or allegations that Mylan agreed with other drug companies to fix the price of doxycycline monohydrate, glipizide-metformin and verapamil, and further state that the claims against Defendant Rajiv Malik were dismissed by the Court in its Opinion and Order, insofar as such claims rely on allegations of statements concerning EpiPen or concerning allegations that Mylan agreed with other drug companies to fix the price of generic drugs, and the Court in its Opinion and Order instructed Defendants to "file an answer to the surviving claims", and thus no response is required with respect to the allegations of paragraph 286 of the Second Amended Complaint related thereto. [Dkt. #102.]

287.     Deny the allegations of paragraph 287 of the Second Amended Complaint, except admit that on February 27, 2014, Mylan Inc. filed a Form 10-K with the SEC, and refer to that document for its contents.

288.    Deny the allegations of paragraph 288 of the Second Amended Complaint, and further state that Plaintiffs' claims against Defendants were dismissed by the Court in its Opinion and Order entered on the docket on March 28, 2018, insofar as such claims relied on allegations related to "statements about the complexity, ambiguity, and subjectivity of the rebate calculation [which] are statements of opinion" [Dkt. #69], and the Court in its Opinion and Order entered on the docket on March 29, 2019 instructed Defendants to "file an answer to the surviving claims" [Dkt. #102], and thus no response is required with respect to the allegations in clauses (2) and (4) of paragraph 288 of the Second Amended Complaint.  Defendants further state that the Court, in its Opinion and Order entered on the docket on March 28, 2018, ruled that Plaintiffs' allegations in clauses (1) and (3) of paragraph 288 of the Second Amended Complaint "survive only to the extent that Mylan misrepresented its knowledge about the EpiPen's misclassification" [Dkt. #69], and Defendants deny that Mylan misrepresented its knowledge about the classification of EpiPen products.  Defendants further state that the claims against Defendant Rajiv Malik were dismissed by the Court in its Opinion and Order entered on the docket on March 29, 2019, insofar as such claims rely on allegations of statements concerning EpiPen, and the Court in its Opinion and Order instructed Defendants to "file an answer to the surviving claims", and thus no response is required with respect to the allegations of paragraph 288 of the Second Amended Complaint related thereto.  [Dkt. #102.]

289.    Deny the allegations of paragraph 289 of the Second Amended Complaint, except admit that on May 1, 2014, Mylan Inc. filed a Form 8-K attaching a press release with the SEC, and refer to that document for its contents.

290.    State that Plaintiffs' claims against Defendants were dismissed by the Court in its Opinion and Order entered on the docket on March 29, 2019, insofar as such claims

relied on allegations related to "quantitative statements of earnings contained in Mylan's Forms 10-K and 10-Q", and the Court in its Opinion and Order instructed Defendants to "file an answer to the surviving claims", and thus no response is required with respect to the allegations of paragraph 290 of the Second Amended Complaint.  [Dkt. #102.]  To the extent a response is required, Defendants deny the allegations of paragraph 290 of the Second Amended Complaint, except admit that on May 1, 2014, Mylan Inc. filed a Form 10-Q with the SEC, and refer to that document for its contents.

291.    Deny the allegations of paragraph 291 of the Second Amended Complaint, and further state that Plaintiffs' claims against Defendants were dismissed by the Court in its Opinion and Order entered on the docket on March 29, 2019, insofar as such claims relied on allegations related to "quantitative statements of earnings contained in Mylan's Forms 10-K and 10-Q", allegations related to an alleged duty "to disclose future regulatory risk", or allegations that Mylan agreed with other drug companies to fix the price of doxycycline monohydrate, glipizide-metformin and verapamil, and further state that the claims against Defendant Rajiv Malik were dismissed by the Court in its Opinion and Order, insofar as such claims rely on allegations of statements concerning EpiPen or concerning allegations that Mylan agreed with other drug companies to fix the price of generic drugs, and the Court in its Opinion and Order instructed Defendants to "file an answer to the surviving claims", and thus no response is required with respect to the allegations of paragraph 291 of the Second Amended Complaint related thereto.  [Dkt. #102.]

292.    Deny the allegations of paragraph 292 of the Second Amended Complaint, except admit that on August 7, 2014, Mylan Inc. filed a Form 8-K attaching a press release with the SEC, and refer to that document for its contents.

293.    State that Plaintiffs' claims against Defendants were dismissed by the Court in its Opinion and Order entered on the docket on March 29, 2019, insofar as such claims relied on allegations related to "quantitative statements of earnings contained in Mylan's Forms 10-K and 10-Q", and the Court in its Opinion and Order instructed Defendants to "file an answer to the surviving claims", and thus no response is required with respect to the allegations of paragraph 293 of the Second Amended Complaint.  [Dkt. #102.]  To the extent a response is required, Defendants deny the allegations of paragraph 293 of the Second Amended Complaint, except admit that on August 7, 2014, Mylan Inc. filed a Form 10-Q with the SEC, and refer to that document for its contents.

294.    Deny the allegations of paragraph 294 of the Second Amended Complaint, and further state that Plaintiffs' claims against Defendants were dismissed by the Court in its Opinion and Order entered on the docket on March 29, 2019, insofar as such claims relied on allegations related to "quantitative statements of earnings contained in Mylan's Forms 10-K and 10-Q", allegations related to an alleged duty "to disclose future regulatory risk", or allegations that Mylan agreed with other drug companies to fix the price of doxycycline monohydrate, glipizide-metformin and verapamil, and further state that the claims against Defendant Rajiv Malik were dismissed by the Court in its Opinion and Order, insofar as such claims rely on allegations of statements concerning EpiPen or concerning allegations that Mylan agreed with other drug companies to fix the price of generic drugs, and the Court in its Opinion and Order instructed Defendants to "file an answer to the surviving claims", and thus no response is required with respect to the allegations of paragraph 294 of the Second Amended Complaint related thereto.  [Dkt. #102.]

295.    Deny the allegations of paragraph 295 of the Second Amended Complaint, except admit that on October 30, 2014, Mylan Inc. filed a Form 8-K attaching a press release with the SEC, and refer to that document for its contents.

296.    State that Plaintiffs' claims against Defendants were dismissed by the Court in its Opinion and Order entered on the docket on March 29, 2019, insofar as such claims relied on allegations related to "quantitative statements of earnings contained in Mylan's Forms 10-K and 10-Q", and the Court in its Opinion and Order instructed Defendants to "file an answer to the surviving claims", and thus no response is required with respect to the allegations of paragraph 296 of the Second Amended Complaint.  [Dkt. #102.]  To the extent a response is required, Defendants deny the allegations of paragraph 296 of the Second Amended Complaint, except admit that on November 5, 2014, Mylan Inc. filed a Form 10-Q with the SEC, and refer to that document for its contents.

297.    Deny the allegations of paragraph 297 of the Second Amended Complaint, and further state that Plaintiffs' claims against Defendants were dismissed by the Court in its Opinion and Order entered on the docket on March 29, 2019, insofar as such claims relied on allegations related to "quantitative statements of earnings contained in Mylan's Forms 10-K and 10-Q", allegations related to an alleged duty "to disclose future regulatory risk", or allegations that Mylan agreed with other drug companies to fix the price of doxycycline monohydrate, glipizide-metformin and verapamil, and further state that the claims against Defendant Rajiv Malik were dismissed by the Court in its Opinion and Order, insofar as such claims rely on allegations of statements concerning EpiPen or concerning allegations that Mylan agreed with other drug companies to fix the price of generic drugs, and the Court in its Opinion and Order instructed Defendants to "file an answer to the surviving claims", and thus no response is

required with respect to the allegations of paragraph 297 of the Second Amended Complaint related thereto.  [Dkt. #102.]

298.    Deny the allegations of paragraph 298 of the Second Amended Complaint, except admit that on March 2, 2015, Mylan N.V. and Mylan Inc. filed a Form 8-K attaching a press release with the SEC, and refer to that document for its contents.

299.    State that Plaintiffs' claims against Defendants were dismissed by the Court in its Opinion and Order entered on the docket on March 29, 2019, insofar as such claims relied on allegations related to "quantitative statements of earnings contained in Mylan's Forms 10-K and 10-Q", and the Court in its Opinion and Order instructed Defendants to "file an answer to the surviving claims", and thus no response is required with respect to the allegations of paragraph 299 of the Second Amended Complaint.  [Dkt. #102.]  To the extent a response is required, Defendants deny the allegations of paragraph 299 of the Second Amended Complaint, except admit that on March 2, 2015, Mylan Inc. filed a Form 10-K with the SEC, and refer to that document for its contents.

300.    Deny the allegations of paragraph 300 of the Second Amended Complaint, and further state that Plaintiffs' claims against Defendants were dismissed by the Court in its Opinion and Order entered on the docket on March 29, 2019, insofar as such claims relied on allegations related to "quantitative statements of earnings contained in Mylan's Forms 10-K and 10-Q", allegations related to an alleged duty "to disclose future regulatory risk", or allegations that Mylan agreed with other drug companies to fix the price of doxycycline monohydrate, glipizide-metformin and verapamil, and further state that the claims against Defendant Rajiv Malik were dismissed by the Court in its Opinion and Order, insofar as such claims rely on allegations of statements concerning EpiPen or concerning allegations that Mylan agreed with

other drug companies to fix the price of generic drugs, and the Court in its Opinion and Order instructed Defendants to "file an answer to the surviving claims", and thus no response is required with respect to the allegations of paragraph 300 of the Second Amended Complaint related thereto.  [Dkt. #102.]

301.    Deny the allegations of paragraph 301 of the Second Amended Complaint, except admit that on March 2, 2015, Mylan Inc. filed a Form 10-K with the SEC, and refer to that document for its contents.

302.    Deny the allegations of paragraph 302 of the Second Amended Complaint, and further state that the claims against Defendant Rajiv Malik were dismissed by the Court in its Opinion and Order entered on the docket on March 29, 2019, insofar as such claims rely on allegations of statements concerning EpiPen, and the Court in its Opinion and Order instructed Defendants to "file an answer to the surviving claims", and thus no response is required with respect to the allegations of paragraph 302 of the Second Amended Complaint related thereto. [Dkt. #102.]

303.    Deny the allegations of paragraph 303 of the Second Amended Complaint, except admit that on March 2, 2015, Mylan Inc. filed a Form 10-K with the SEC, and refer to that document for its contents.

304.    Deny the allegations of paragraph 304 of the Second Amended Complaint, and further state that Plaintiffs' claims against Defendants were dismissed by the Court in its Opinion and Order entered on the docket on March 29, 2019, insofar as such claims relied on allegations related to "quantitative statements of earnings contained in Mylan's Forms 10-K and 10-Q", allegations related to an alleged duty "to disclose future regulatory risk", or allegations that Mylan agreed with other drug companies to fix the price of doxycycline monohydrate,

glipizide-metformin and verapamil, and further state that the claims against Defendant Rajiv Malik were dismissed by the Court in its Opinion and Order, insofar as such claims rely on allegations of statements concerning EpiPen or concerning allegations that Mylan agreed with other drug companies to fix the price of generic drugs, and the Court in its Opinion and Order instructed Defendants to "file an answer to the surviving claims", and thus no response is required with respect to the allegations of paragraph 304 of the Second Amended Complaint related thereto. [Dkt. #102.]

305. Deny the allegations of paragraph 305 of the Second Amended Complaint, except admit that on March 2, 2015, Mylan Inc. filed a Form 10-K with the SEC, and refer to that document for its contents.

306. Deny the allegations of paragraph 306 of the Second Amended Complaint, and further state that Plaintiffs' claims against Defendants were dismissed by the Court in its Opinion and Order entered on the docket on March 28, 2018, insofar as such claims relied on allegations related to "statements about the complexity, ambiguity, and subjectivity of the rebate calculation [which] are statements of opinion" [Dkt. #69], and the Court in its Opinion and Order entered on the docket on March 29, 2019 instructed Defendants to "file an answer to the surviving claims" [Dkt. #102], and thus no response is required with respect to the allegations in clauses (2) and (4) of paragraph 306 of the Second Amended Complaint. Defendants further state that the Court, in its Opinion and Order entered on the docket on March 28, 2018, ruled that Plaintiffs' allegations in clauses (1) and (3) of paragraph 306 of the Second Amended Complaint "survive only to the extent that Mylan misrepresented its knowledge about the EpiPen's misclassification" [Dkt. #69], and Defendants deny that Mylan misrepresented its knowledge about the classification of EpiPen products. Defendants further state that the claims against

Defendant Rajiv Malik were dismissed by the Court in its Opinion and Order entered on the docket on March 29, 2019, insofar as such claims rely on allegations of statements concerning EpiPen, and the Court in its Opinion and Order instructed Defendants to "file an answer to the surviving claims", and thus no response is required with respect to the allegations of paragraph 306 of the Second Amended Complaint related thereto.  [Dkt. #102.]

307.    Deny the allegations of paragraph 307 of the Second Amended Complaint, except admit that Mylan held a conference call with investors on May 5, 2015, and refer to the transcript of that conference call for its contents, and further state that the claims against Defendant Rajiv Malik were dismissed by the Court in its Opinion and Order entered on the docket on March 29, 2019 insofar as such claims rely on allegations of statements concerning EpiPen or concerning allegations that Mylan agreed with other drug companies to fix the price of generic drugs, and the Court in its Opinion and Order instructed Defendants to "file an answer to the surviving claims", and thus no response is required with respect to the allegations of paragraph 307 of the Second Amended Complaint related thereto.  [Dkt. #102.]

308.    Deny the allegations of paragraph 308 of the Second Amended Complaint, and state that Plaintiffs' claims against Defendants were dismissed by the Court in its Opinion and Order entered on the docket on March 29, 2019, insofar as such claims relied on allegations related to an alleged duty "to disclose future regulatory risk", and further state that the claims against Defendant Rajiv Malik were dismissed by the Court in its Opinion and Order, insofar as such claims rely on allegations of statements concerning EpiPen or concerning allegations that Mylan agreed with other drug companies to fix the price of generic drugs, and the Court in its Opinion and Order instructed Defendants to "file an answer to the surviving claims", and thus no

response is required with respect to the allegations of paragraph 308 of the Second Amended

Complaint related thereto.  [Dkt. #102.]

309.    Deny the allegations of paragraph 309 of the Second Amended Complaint,

except admit that on May 5, 2015, Mylan N.V. filed a Form 8-K attaching a press release with

the SEC, and refer to that document for its contents.

310.    State that Plaintiffs' claims against Defendants were dismissed by the

Court in its Opinion and Order entered on the docket on March 29, 2019, insofar as such claims

relied on allegations related to "quantitative statements of earnings contained in Mylan's Forms

10-K and 10-Q", and the Court in its Opinion and Order instructed Defendants to "file an answer

to the surviving claims", and thus no response is required with respect to the allegations of

paragraph 310 of the Second Amended Complaint.  [Dkt. #102.]  To the extent a response is

required, Defendants deny the allegations of paragraph 310 of the Second Amended Complaint,

except admit that on May 8, 2015, Mylan N.V. filed a Form 10-Q with the SEC, and refer to that

document for its contents.

311.    Deny the allegations of paragraph 311 of the Second Amended Complaint,

and further state that Plaintiffs' claims against Defendants were dismissed by the Court in its

Opinion and Order entered on the docket on March 29, 2019, insofar as such claims relied on

allegations related to "quantitative statements of earnings contained in Mylan's Forms 10-K and

10-Q", allegations related to an alleged duty "to disclose future regulatory risk", or allegations

that Mylan agreed with other drug companies to fix the price of doxycycline monohydrate,

glipizide-metformin and verapamil, and further state that the claims against Defendant Rajiv

Malik were dismissed by the Court in its Opinion and Order, insofar as such claims rely on

allegations of statements concerning EpiPen or concerning allegations that Mylan agreed with

other drug companies to fix the price of generic drugs, and the Court in its Opinion and Order

instructed Defendants to "file an answer to the surviving claims", and thus no response is

required with respect to the allegations of paragraph 311 of the Second Amended Complaint

related thereto.  [Dkt. #102.]

312.    Deny the allegations of paragraph 312 of the Second Amended Complaint,

except admit that on May 8, 2015, Mylan N.V. filed a Form 10-Q with the SEC, and refer to that

document for its contents.

313.    Deny the allegations of paragraph 313 of the Second Amended Complaint,

and further state that Plaintiffs' claims against Defendants were dismissed by the Court in its

Opinion and Order entered on the docket on March 28, 2018, insofar as such claims relied on

allegations related to "statements about the complexity, ambiguity, and subjectivity of the rebate

calculation [which] are statements of opinion" [Dkt. #69], and the Court in its Opinion and Order

instructed Defendants to "file an answer to the surviving claims" [Dkt. #102], and thus no

response is required with respect to the allegations in clauses (2) and (4) of paragraph 313 of the

Second Amended Complaint.  Defendants further state that the Court, in its Opinion and Order

entered on the docket on March 28, 2018, ruled that Plaintiffs' allegations in clauses (1) and (3)

of paragraph 313 of the Second Amended Complaint "survive only to the extent that Mylan

misrepresented its knowledge about the EpiPen's misclassification" [Dkt. #69], and Defendants

deny that Mylan misrepresented its knowledge about the classification of EpiPen products.

Defendants further state that the claims against Defendant Rajiv Malik were dismissed by the

Court in its Opinion and Order entered on the docket on March 29, 2019, insofar as such claims

rely on allegations of statements concerning EpiPen, and the Court in its Opinion and Order

instructed Defendants to "file an answer to the surviving claims", and thus no response is

required with respect to the allegations of paragraph 313 of the Second Amended Complaint related thereto.  [Dkt. #102.]

314.    Deny the allegations of paragraph 314 of the Second Amended Complaint, except admit that on August 6, 2015, Mylan N.V. filed a Form 8-K attaching a press release with the SEC, and refer to that document for its contents.

315.    State that Plaintiffs' claims against Defendants were dismissed by the Court in its Opinion and Order entered on the docket on March 29, 2019, insofar as such claims relied on allegations related to "quantitative statements of earnings contained in Mylan's Forms 10-K and 10-Q", and the Court in its Opinion and Order instructed Defendants to "file an answer to the surviving claims", and thus no response is required with respect to the allegations of paragraph 315 of the Second Amended Complaint.  [Dkt. #102.]  To the extent a response is required, Defendants deny the allegations of paragraph 315 of the Second Amended Complaint, except admit that on August 6, 2015, Mylan N.V. filed a Form 10-Q with the SEC, and refer to that document for its contents.

316.    Deny the allegations of paragraph 316 of the Second Amended Complaint, and further state that Plaintiffs' claims against Defendants were dismissed by the Court in its Opinion and Order entered on the docket on March 29, 2019, insofar as such claims relied on allegations related to "quantitative statements of earnings contained in Mylan's Forms 10-K and 10-Q", allegations related to an alleged duty "to disclose future regulatory risk", or allegations that Mylan agreed with other drug companies to fix the price of doxycycline monohydrate, glipizide-metformin and verapamil, and further state that the claims against Defendant Rajiv Malik were dismissed by the Court in its Opinion and Order, insofar as such claims rely on allegations of statements concerning EpiPen or concerning allegations that Mylan agreed with

other drug companies to fix the price of generic drugs, and the Court in its Opinion and Order instructed Defendants to "file an answer to the surviving claims", and thus no response is required with respect to the allegations of paragraph 316 of the Second Amended Complaint related thereto.  [Dkt. #102.]

317.    Deny the allegations of paragraph 317 of the Second Amended Complaint, except admit that Mylan N.V. held an earnings call on August 6, 2015, and refer to the transcript of that earnings call for its contents.

318.    Deny the allegations of paragraph 318 of the Second Amended Complaint, and further state that Plaintiffs' claims against Defendants were dismissed by the Court in its Opinion and Order entered on the docket on March 29, 2019, insofar as such claims relied on allegations that Mylan agreed with other drug companies to fix the price of doxycycline monohydrate, glipizide-metformin and verapamil, and further state that the claims against Defendant Rajiv Malik were dismissed by the Court in its Opinion and Order, insofar as such claims rely on or concern allegations that Mylan agreed with other drug companies to fix the price of generic drugs, and the Court in its Opinion and Order instructed Defendants to "file an answer to the surviving claims", and thus no response is required with respect to the allegations of paragraph 318 of the Second Amended Complaint related thereto.  [Dkt. #102.]

319.    Deny the allegations of paragraph 319 of the Second Amended Complaint, except admit that Mylan held a conference call with investors on August 6, 2015, and refer to the transcript of that conference call for its contents, and further state that the claims against Defendant Rajiv Malik were dismissed by the Court in its Opinion and Order entered on the docket on March 29, 2019, insofar as such claims rely on allegations of statements concerning EpiPen or concerning allegations that Mylan agreed with other drug companies to fix the price of

generic drugs, and the Court in its Opinion and Order instructed Defendants to "file an answer to the surviving claims", and thus no response is required with respect to the allegations of paragraph 319 of the Second Amended Complaint related thereto.  [Dkt. #102.]

320.    Deny the allegations of paragraph 320 of the Second Amended Complaint, and further state that Plaintiffs' claims against Defendants were dismissed by the Court in its Opinion and Order entered on the docket on March 29, 2019, insofar as such claims relied on allegations related to an alleged duty "to disclose future regulatory risk", and further state that the claims against Defendant Rajiv Malik were dismissed by the Court in its Opinion and Order, insofar as such claims rely on allegations of statements concerning EpiPen or concerning allegations that Mylan agreed with other drug companies to fix the price of generic drugs, and the Court in its Opinion and Order instructed Defendants to "file an answer to the surviving claims", and thus no response is required with respect to the allegations of paragraph 320 of the Second Amended Complaint related thereto.  [Dkt. #102.]

321.    Deny the allegations of paragraph 321 of the Second Amended Complaint, except admit that on October 30, 2015, Mylan N.V. filed a Form 8-K attaching a press release with the SEC, and refer to that document for its contents.

322.    State that Plaintiffs' claims against Defendants were dismissed by the Court in its Opinion and Order entered on the docket on March 29, 2019, insofar as such claims relied on allegations related to "quantitative statements of earnings contained in Mylan's Forms 10-K and 10-Q", and the Court in its Opinion and Order instructed Defendants to "file an answer to the surviving claims", and thus no response is required with respect to the allegations of paragraph 322 of the Second Amended Complaint.  To the extent a response is required, Defendants deny the allegations of paragraph 322 of the Second Amended Complaint, except

admit that on October 30, 2015, Mylan N.V. filed a Form 10-Q with the SEC, and refer to that document for its contents.  [Dkt. #102.]

323.    Deny the allegations of paragraph 323 of the Second Amended Complaint, and further state that Plaintiffs' claims against Defendants were dismissed by the Court in its Opinion and Order entered on the docket on March 29, 2019, insofar as such claims relied on allegations related to "quantitative statements of earnings contained in Mylan's Forms 10-K and 10-Q", or allegations that Mylan agreed with other drug companies to fix the price of doxycycline monohydrate, glipizide-metformin and verapamil, allegations related to an alleged duty "to disclose future regulatory risk", and further state that the claims against Defendant Rajiv Malik were dismissed by the Court in its Opinion and Order, insofar as such claims rely on allegations of statements concerning EpiPen or concerning allegations that Mylan agreed with other drug companies to fix the price of generic drugs, and the Court in its Opinion and Order instructed Defendants to "file an answer to the surviving claims", and thus no response is required with respect to the allegations of paragraph 323 of the Second Amended Complaint related thereto.  [Dkt. #102.]

324.    Deny the allegations of paragraph 324 of the Second Amended Complaint, except admit that Mylan held a conference call with investors on October 30, 2015, and refer to the transcript of that conference call for its contents, and further state that the claims against Defendant Rajiv Malik were dismissed by the Court in its Opinion and Order entered on the docket on March 29, 2019, insofar as such claims rely on allegations of statements concerning EpiPen or concerning allegations that Mylan agreed with other drug companies to fix the price of generic drugs, and the Court in its Opinion and Order instructed Defendants to "file an answer to

the surviving claims", and thus no response is required with respect to the allegations of paragraph 324 of the Second Amended Complaint related thereto.  [Dkt. #102.]

325.    Deny the allegations of paragraph 325 of the Second Amended Complaint, and further state that Plaintiffs' claims against Defendants were dismissed by the Court in its Opinion and Order entered on the docket on March 29, 2019, insofar as such claims relied on allegations related to an alleged duty "to disclose future regulatory risk", and further state that the claims against Defendant Rajiv Malik were dismissed by the Court in its Opinion and Order, insofar as such claims rely on allegations of statements concerning EpiPen or concerning allegations that Mylan agreed with other drug companies to fix the price of generic drugs, and the Court in its Opinion and Order instructed Defendants to "file an answer to the surviving claims", and thus no response is required with respect to the allegations of paragraph 325 of the Second Amended Complaint related thereto.  [Dkt. #102.]

326.    Deny the allegations of paragraph 326 of the Second Amended Complaint, except admit that on February 10, 2016, Mylan N.V. filed a Form 8-K attaching a press release with the SEC, and refer to that document for its contents.

327.    Deny the allegations of paragraph 327 of the Second Amended Complaint, except admit that on February 10, 2016, Mylan N.V. filed a Form 8-K attaching a press release with the SEC, and refer to that document for its contents.

328.    State that Plaintiffs' claims against Defendants were dismissed by the Court in its Opinion and Order entered on the docket on March 29, 2019, insofar as such claims relied on allegations related to "quantitative statements of earnings contained in Mylan's Forms 10-K and 10-Q", and the Court in its Opinion and Order instructed Defendants to "file an answer to the surviving claims", and thus no response is required with respect to the allegations of

paragraph 328 of the Second Amended Complaint.  [Dkt. #102.]  To the extent a response is

required, Defendants deny the allegations of paragraph 328 of the Second Amended Complaint,

except admit that on February 16, 2016, Mylan N.V. filed a Form 10-K with the SEC, and refer

to that document for its contents.

329.    Deny the allegations of paragraph 329 of the Second Amended Complaint,

and further state that Plaintiffs' claims against Defendants were dismissed by the Court in its

Opinion and Order entered on the docket on March 29, 2019, insofar as such claims relied on

allegations related to "quantitative statements of earnings contained in Mylan's Forms 10-K and

10-Q", allegations related to an alleged duty "to disclose future regulatory risk", or allegations

that Mylan agreed with other drug companies to fix the price of doxycycline monohydrate,

glipizide-metformin and verapamil, and further state that the claims against Defendant Rajiv

Malik were dismissed by the Court in its Opinion and Order, insofar as such claims rely on

allegations of statements concerning EpiPen or concerning allegations that Mylan agreed with

other drug companies to fix the price of generic drugs, and the Court in its Opinion and Order

instructed Defendants to "file an answer to the surviving claims", and thus no response is

required with respect to the allegations of paragraph 329 of the Second Amended Complaint

related thereto.  [Dkt. #102.]

330.    Deny the allegations of paragraph 330 of the Second Amended Complaint,

except admit that on February 16, 2016, Mylan N.V. filed a Form 10-K with the SEC, and refer

to that document for its contents.

331.    Deny the allegations of paragraph 331 of the Second Amended Complaint,

and further state that Plaintiffs' claims against Defendants were dismissed by the Court in its

Opinion and Order entered on the docket on March 29, 2019, insofar as such claims relied on

allegations related to "quantitative statements of earnings contained in Mylan's Forms 10-K and 10-Q", allegations related to an alleged duty "to disclose future regulatory risk", or allegations that Mylan agreed with other drug companies to fix the price of doxycycline monohydrate, glipizide-metformin and verapamil, and further state that the claims against Defendant Rajiv Malik were dismissed by the Court in its Opinion and Order, insofar as such claims rely on allegations of statements concerning EpiPen or concerning allegations that Mylan agreed with other drug companies to fix the price of generic drugs, and the Court in its Opinion and Order instructed Defendants to "file an answer to the surviving claims", and thus no response is required with respect to the allegations of paragraph 331 of the Second Amended Complaint related thereto.  [Dkt. #102.]

332.    Deny the allegations of paragraph 332 of the Second Amended Complaint, except admit that on February 16, 2016, Mylan N.V. filed a Form 10-K with the SEC, and refer to that document for its contents.

333.    Deny the allegations of paragraph 333 of the Second Amended Complaint, and further state that the claims against Defendant Rajiv Malik were dismissed by the Court in its Opinion and Order entered on the docket on March 29, 2019, insofar as such claims rely on allegations of statements concerning EpiPen, and the Court in its Opinion and Order instructed Defendants to "file an answer to the surviving claims", and thus no response is required with respect to the allegations of paragraph 333 of the Second Amended Complaint related thereto. [Dkt. #102.]

334.    Deny the allegations of paragraph 334 of the Second Amended Complaint, except admit that on February 16, 2016, Mylan N.V. filed a Form 10-K with the SEC, and refer to that document for its contents.

335.    Deny the allegations of paragraph 335 of the Second Amended Complaint, and further state that Plaintiffs' claims against Defendants were dismissed by the Court in its Opinion and Order entered on the docket on March 28, 2018, insofar as such claims relied on allegations related to "statements about the complexity, ambiguity, and subjectivity of the rebate calculation [which] are statements of opinion" [Dkt. #69], and the Court in its Opinion and Order instructed Defendants to "file an answer to the surviving claims" [Dkt. #102], and thus no response is required with respect to the allegations in clauses (2) and (4) of paragraph 335 of the Second Amended Complaint.  Defendants further state that the Court, in its Opinion and Order entered on the docket on March 28, 2018, ruled that Plaintiffs' allegations in clauses (1) and (3) of paragraph 335 of the Second Amended Complaint "survive only to the extent that Mylan misrepresented its knowledge about the EpiPen's misclassification" [Dkt. #69], and Defendants deny that Mylan misrepresented its knowledge about the classification of EpiPen products. Defendants further state that the claims against Defendant Rajiv Malik were dismissed by the Court in its Opinion and Order entered on the docket on March 29, 2019, insofar as such claims rely on allegations of statements concerning EpiPen, and the Court in its Opinion and Order instructed Defendants to "file an answer to the surviving claims", and thus no response is required with respect to the allegations of paragraph 335 of the Second Amended Complaint related thereto.  [Dkt. #102.]

336.    Deny the allegations of paragraph 336 of the Second Amended Complaint, except admit that on May 3, 2016, Mylan N.V. filed a Form 8-K attaching a press release with the SEC, and refer to that document for its contents.

337.    State that Plaintiffs' claims against Defendants were dismissed by the Court in its Opinion and Order entered on the docket on March 29, 2019, insofar as such claims

relied on allegations related to "quantitative statements of earnings contained in Mylan's Forms 10-K and 10-Q", and the Court in its Opinion and Order instructed Defendants to "file an answer to the surviving claims", and thus no response is required with respect to the allegations of paragraph 337 of the Second Amended Complaint.  To the extent a response is required, Defendants deny the allegations of paragraph 337 of the Second Amended Complaint, except admit that on May 3, 2016, Mylan N.V. filed a Form 10-Q with the SEC, and refer to that document for its contents.  [Dkt. #102.]

338.    Deny the allegations of paragraph 338 of the Second Amended Complaint, and further state that Plaintiffs' claims against Defendants were dismissed by the Court in its Opinion and Order entered on the docket on March 29, 2019, insofar as such claims relied on allegations related to "quantitative statements of earnings contained in Mylan's Forms 10-K and 10-Q", allegations related to an alleged duty "to disclose future regulatory risk", or allegations that Mylan agreed with other drug companies to fix the price of doxycycline monohydrate, glipizide-metformin and verapamil, and further state that the claims against Defendant Rajiv Malik were dismissed by the Court in its Opinion and Order, insofar as such claims rely on allegations of statements concerning EpiPen or concerning allegations that Mylan agreed with other drug companies to fix the price of generic drugs, and the Court in its Opinion and Order instructed Defendants to "file an answer to the surviving claims", and thus no response is required with respect to the allegations of paragraph 338 of the Second Amended Complaint related thereto.  [Dkt. #102.]

339.    Deny the allegations of paragraph 339 of the Second Amended Complaint, except admit that Mylan held a conference call with investors on May 3, 2016, and refer to the transcript of that conference call for its contents, and further state that the claims against

Defendant Rajiv Malik were dismissed by the Court in its Opinion and Order entered on the docket on March 29, 2019, insofar as such claims rely on allegations of statements concerning EpiPen or concerning allegations that Mylan agreed with other drug companies to fix the price of generic drugs, and the Court in its Opinion and Order instructed Defendants to "file an answer to the surviving claims", and thus no response is required with respect to the allegations of paragraph 339 of the Second Amended Complaint related thereto.  [Dkt. #102.]

340.    Deny the allegations of paragraph 340 of the Second Amended Complaint, and further state that Plaintiffs' claims against Defendants were dismissed by the Court in its Opinion and Order entered on the docket on March 29, 2019, insofar as such claims relied on allegations related to an alleged duty "to disclose future regulatory risk", and further state that the claims against Defendant Rajiv Malik were dismissed by the Court in its Opinion and Order, insofar as such claims rely on allegations of statements concerning EpiPen or concerning allegations that Mylan agreed with other drug companies to fix the price of generic drugs, and the Court in its Opinion and Order instructed Defendants to "file an answer to the surviving claims", and thus no response is required with respect to the allegations of paragraph 340 of the Second Amended Complaint related thereto.  [Dkt. #102.]

341.    Deny the allegations of paragraph 341 of the Second Amended Complaint, except admit that on August 9, 2016, Mylan N.V. filed a Form 8-K attaching a press release with the SEC, and refer to that document for its contents.

342.    Deny the allegations of paragraph 342 of the Second Amended Complaint, except admit that on August 9, 2016, Mylan N.V. filed a Form 8-K attaching a press release with the SEC, and refer to that document for its contents.

343.    State that Plaintiffs' claims against Defendants were dismissed by the Court in its Opinion and Order entered on the docket on March 29, 2019, insofar as such claims relied on allegations related to "quantitative statements of earnings contained in Mylan's Forms 10-K and 10-Q", and the Court in its Opinion and Order instructed Defendants to "file an answer to the surviving claims", and thus no response is required with respect to the allegations of paragraph 343 of the Second Amended Complaint.  To the extent a response is required, Defendants deny the allegations of paragraph 343 of the Second Amended Complaint, except admit that on August 9, 2016, Mylan N.V. filed a Form 10-Q with the SEC, and refer to that document for its contents.  [Dkt. #102.]

344.    Deny the allegations of paragraph 344 of the Second Amended Complaint, and further state that Plaintiffs' claims against Defendants were dismissed by the Court in its Opinion and Order entered on the docket on March 29, 2019, insofar as such claims relied on allegations related to "quantitative statements of earnings contained in Mylan's Forms 10-K and 10-Q", allegations related to an alleged duty "to disclose future regulatory risk", or allegations that Mylan agreed with other drug companies to fix the price of doxycycline monohydrate, glipizide-metformin and verapamil, and further state that the claims against Defendant Rajiv Malik were dismissed by the Court in its Opinion and Order, insofar as such claims rely on allegations of statements concerning EpiPen or concerning allegations that Mylan agreed with other drug companies to fix the price of generic drugs, and the Court in its Opinion and Order instructed Defendants to "file an answer to the surviving claims", and thus no response is required with respect to the allegations of paragraph 344 of the Second Amended Complaint related thereto.  [Dkt. #102.]

345.    Deny the allegations of paragraph 345 of the Second Amended Complaint, except admit that Mylan held a conference call with investors on August 9, 2016, and refer to the transcript of that conference call for its contents, and further state that the claims against Defendant Rajiv Malik were dismissed by the Court in its Opinion and Order entered on the docket on March 29, 2019, insofar as such claims rely on allegations of statements concerning EpiPen or concerning allegations that Mylan agreed with other drug companies to fix the price of generic drugs, and the Court in its Opinion and Order instructed Defendants to "file an answer to the surviving claims", and thus no response is required with respect to the allegations of paragraph 345 of the Second Amended Complaint related thereto.  [Dkt. #102.]

346.    Deny the allegations of paragraph 346 of the Second Amended Complaint, and further state that Plaintiffs' claims against Defendants were dismissed by the Court in its Opinion and Order entered on the docket on March 29, 2019, insofar as such claims relied on allegations related to an alleged duty "to disclose future regulatory risk", and further state that the claims against Defendant Rajiv Malik were dismissed by the Court in its Opinion and Order, insofar as such claims rely on allegations of statements concerning EpiPen or concerning allegations that Mylan agreed with other drug companies to fix the price of generic drugs, and the Court in its Opinion and Order instructed Defendants to "file an answer to the surviving claims", and thus no response is required with respect to the allegations of paragraph 346 of the Second Amended Complaint related thereto.  [Dkt. #102.]

347.    Deny the allegations of paragraph 347 of the Second Amended Complaint, except admit that on November 9, 2016, Mylan N.V. filed a Form 8-K attaching a press release with the SEC, and refer to that document for its contents.

348.    Deny the allegations of paragraph 348 of the Second Amended Complaint, except admit that on November 9, 2016, Mylan N.V. filed a Form 8-K attaching a press release with the SEC, and refer to that document for its contents.

349.    State that Plaintiffs' claims against Defendants were dismissed by the Court in its Opinion and Order entered on the docket on March 29, 2019, insofar as such claims relied on allegations related to "quantitative statements of earnings contained in Mylan's Forms 10-K and 10-Q", and the Court in its Opinion and Order instructed Defendants to "file an answer to the surviving claims", and thus no response is required with respect to the allegations of paragraph 349 of the Second Amended Complaint.  To the extent a response is required, Defendants deny the allegations of paragraph 349 of the Second Amended Complaint, except admit that on November 9, 2016, Mylan N.V. filed a Form 10-Q with the SEC, and refer to that document for its contents.  [Dkt. #102.]

350.    Deny the allegations of paragraph 350 of the Second Amended Complaint, and further state that Plaintiffs' claims against Defendants were dismissed by the Court in its Opinion and Order entered on the docket on March 29, 2019, insofar as such claims relied on allegations related to "quantitative statements of earnings contained in Mylan's Forms 10-K and 10-Q", allegations related to an alleged duty "to disclose future regulatory risk", and further state that the claims against Defendant Rajiv Malik were dismissed by the Court in its Opinion and Order, insofar as such claims rely on allegations of statements concerning EpiPen or concerning allegations that Mylan agreed with other drug companies to fix the price of generic drugs, and the Court in its Opinion and Order instructed Defendants to "file an answer to the surviving claims", and thus no response is required with respect to the allegations of paragraph 350 of the Second Amended Complaint related thereto.  [Dkt. #102.]

126

351.    Deny the allegations of paragraph 351 of the Second Amended Complaint, except admit that Mylan held a conference call with investors on November 9, 2016, and refer to the transcript of that earnings call for its contents, and further state that the claims against Defendant Rajiv Malik were dismissed by the Court in its Opinion and Order entered on the docket on March 29, 2019, insofar as such claims rely on allegations of statements concerning EpiPen or concerning allegations that Mylan agreed with other drug companies to fix the price of generic drugs, and the Court in its Opinion and Order instructed Defendants to "file an answer to the surviving claims", and thus no response is required with respect to the allegations of paragraph 351 of the Second Amended Complaint related thereto.  [Dkt. #102.]

352.    Deny the allegations of paragraph 352 of the Second Amended Complaint, and further state that Plaintiffs' claims against Defendants were dismissed by the Court in its Opinion and Order entered on the docket on March 29, 2019, insofar as such claims relied on allegations related to an alleged duty "to disclose future regulatory risk", and further state that the claims against Defendant Rajiv Malik were dismissed by the Court in its Opinion and Order, insofar as such claims rely on allegations of statements concerning EpiPen or concerning allegations that Mylan agreed with other drug companies to fix the price of generic drugs, and the Court in its Opinion and Order instructed Defendants to "file an answer to the surviving claims", and thus no response is required with respect to the allegations of paragraph 352 of the Second Amended Complaint related thereto.  [Dkt. #102.]

353.    Deny the allegations of paragraph 353 of the Second Amended Complaint, except admit that on March 1, 2017, Mylan N.V. filed a Form 8-K attaching a press release with the SEC, and refer to that document for its contents.

354.     Deny the allegations of paragraph 354 of the Second Amended Complaint, except admit that on March 1, 2017, Mylan N.V. filed a Form 8-K attaching a press release with the SEC, and refer to that document for its contents.

355.     State that Plaintiffs' claims against Defendants were dismissed by the Court in its Opinion and Order entered on the docket on March 29, 2019, insofar as such claims relied on allegations related to "quantitative statements of earnings contained in Mylan's Forms 10-K and 10-Q", and the Court in its Opinion and Order instructed Defendants to "file an answer to the surviving claims", and thus no response is required with respect to the allegations of paragraph 355 of the Second Amended Complaint.  To the extent a response is required, Defendants deny the allegations of paragraph 355 of the Second Amended Complaint, except admit that on March 1, 2017, Mylan N.V. filed a Form 10-K with the SEC, and refer to that document for its contents.  [Dkt. #102.]

356.     Deny the allegations of paragraph 356 of the Second Amended Complaint, and further state that Plaintiffs' claims against Defendants were dismissed by the Court in its Opinion and Order entered on the docket on March 29, 2019, insofar as such claims relied on allegations related to "quantitative statements of earnings contained in Mylan's Forms 10-K and 10-Q", allegations related to an alleged duty "to disclose future regulatory risk", and further state that the claims against Defendant Rajiv Malik were dismissed by the Court in its Opinion and Order, insofar as such claims rely on allegations of statements concerning EpiPen or concerning allegations that Mylan agreed with other drug companies to fix the price of generic drugs, and the Court in its Opinion and Order instructed Defendants to "file an answer to the surviving claims", and thus no response is required with respect to the allegations of paragraph 356 of the Second Amended Complaint related thereto.  [Dkt. #102.]

357.    Deny the allegations of paragraph 357 of the Second Amended Complaint, except admit that on March 1, 2017, Mylan N.V. filed a Form 10-K with the SEC, and refer to that document for its contents.

358.    Deny the allegations of paragraph 358 of the Second Amended Complaint, and further state that Plaintiffs' claims against Defendants were dismissed by the Court in its Opinion and Order entered on the docket on March 29, 2019, insofar as such claims relied on allegations related to an alleged duty "to disclose future regulatory risk", or allegations that Mylan agreed with other drug companies to fix the price of doxycycline monohydrate, glipizide-metformin and verapamil, and further state that the claims against Defendant Rajiv Malik were dismissed by the Court in its Opinion and Order, insofar as such claims rely on allegations of statements concerning EpiPen or concerning allegations that Mylan agreed with other drug companies to fix the price of generic drugs, and the Court in its Opinion and Order instructed Defendants to "file an answer to the surviving claims", and thus no response is required with respect to the allegations of paragraph 358 of the Second Amended Complaint related thereto. [Dkt. #102.]

359.    Deny the allegations of paragraph 359 of the Second Amended Complaint, except admit that on May 10, 2017, Mylan N.V. filed a Form 8-K attaching a press release with the SEC, and refer to that document for its contents.

360.    Deny the allegations of paragraph 360 of the Second Amended Complaint, except admit that on May 10, 2017, Mylan N.V. filed a Form 8-K attaching a press release with the SEC, and refer to that document for its contents.

361.    State that Plaintiffs' claims against Defendants were dismissed by the Court in its Opinion and Order entered on the docket on March 29, 2019, insofar as such claims

relied on allegations related to "quantitative statements of earnings contained in Mylan's Forms 10-K and 10-Q", and the Court in its Opinion and Order instructed Defendants to "file an answer to the surviving claims", and thus no response is required with respect to the allegations of paragraph 361 of the Second Amended Complaint.  To the extent a response is required, Defendants deny the allegations of paragraph 361 of the Second Amended Complaint, except admit that on May 10, 2017, Mylan N.V. filed a Form 10-Q with the SEC, and refer to that document for its contents.  [Dkt. #102.]

362.    Deny the allegations of paragraph 362 of the Second Amended Complaint, and further state that Plaintiffs' claims against Defendants were dismissed by the Court in its Opinion and Order entered on the docket on March 29, 2019, insofar as such claims relied on allegations related to "quantitative statements of earnings contained in Mylan's Forms 10-K and 10-Q", allegations related to an alleged duty "to disclose future regulatory risk", and further state that the claims against Defendant Rajiv Malik were dismissed by the Court in its Opinion and Order, insofar as such claims rely on or concern allegations that Mylan agreed with other drug companies to fix the price of generic drugs, and the Court in its Opinion and Order instructed Defendants to "file an answer to the surviving claims", and thus no response is required with respect to the allegations of paragraph 362 of the Second Amended Complaint related thereto. [Dkt. #102.]

363.    Deny the allegations of paragraph 363 of the Second Amended Complaint, except admit that on August 9, 2017, Mylan N.V. filed a Form 8-K attaching a press release with the SEC, and refer to that document for its contents.

364. Deny the allegations of paragraph 364 of the Second Amended Complaint, except admit that on August 9, 2017, Mylan N.V. filed a Form 8-K attaching a press release with the SEC, and refer to that document for its contents.

365. State that Plaintiffs' claims against Defendants were dismissed by the Court in its Opinion and Order entered on the docket on March 29, 2019, insofar as such claims relied on allegations related to "quantitative statements of earnings contained in Mylan's Forms 10-K and 10-Q", and the Court in its Opinion and Order instructed Defendants to "file an answer to the surviving claims", and thus no response is required with respect to the allegations of paragraph 365 of the Second Amended Complaint.  To the extent a response is required, Defendants deny the allegations of paragraph 365 of the Second Amended Complaint, except admit that on August 9, 2017, Mylan N.V. filed a Form 10-Q with the SEC, and refer to that document for its contents.  [Dkt. #102.]

366. Deny the allegations of paragraph 366 of the Second Amended Complaint, and further state that Plaintiffs' claims against Defendants were dismissed by the Court in its Opinion and Order entered on the docket on March 29, 2019, insofar as such claims relied on allegations related to "quantitative statements of earnings contained in Mylan's Forms 10-K and 10-Q", allegations related to an alleged duty "to disclose future regulatory risk", and further state that the claims against Defendant Rajiv Malik were dismissed by the Court in its Opinion and Order, insofar as such claims rely on or concern allegations that Mylan agreed with other drug companies to fix the price of generic drugs, and the Court in its Opinion and Order instructed Defendants to "file an answer to the surviving claims", and thus no response is required with respect to the allegations of paragraph 366 of the Second Amended Complaint related thereto. [Dkt. #102.]

367.     Deny the allegations of paragraph 367 of the Second Amended Complaint.

368.     Deny the allegations of paragraph 368 of the Second Amended Complaint.

369.     Deny the allegations of paragraph 369 of the Second Amended Complaint.

370.     Deny the allegations of paragraph 370 of the Second Amended Complaint.

371.     Deny the allegations of paragraph 371 of the Second Amended Complaint, except admit that, based on publicly available information, NBC News published an article titled "EpiPen Price Hike Has Parents of Kids With Allergies Scrambling Ahead of School Year" dated August 17, 2016, and refer to the article for its contents.

372.     Deny the allegations of paragraph 372 of the Second Amended Complaint, except admit that, based on publicly available information, NBC News published an article titled "Martin Shkreli Weighs in on EpiPen Scandal, Calls Drug Makers 'Vultures'" dated August 19, 2016, and refer to the article for its contents.

373.     Deny the allegations of paragraph 373 of the Second Amended Complaint, except admit that, based on publicly available information, Senator Amy Klobuchar published a statement titled "Klobuchar Calls for Judiciary Hearing and Investigation Into At Least 400 Percent Increase of EpiPen Packs" dated August 20, 2016, and refer to that statement for its contents.

374.     Deny the allegations of paragraph 374 of the Second Amended Complaint, except admit that Senator Charles Grassley published a letter addressed to Heather Bresch dated August 22, 2016, and that, based on publicly available information, Senator Amy Klobuchar sent a letter to the FTC dated August 22, 2016, and refer to those letters for their contents.

375.     Deny the allegations of paragraph 375 of the Second Amended Complaint, except admit that, based on publicly available information, The New York Times published an

article titled "Mylan Raised EpiPen's Price Before the Expected Arrival of a Generic" dated on August 24, 2016, and refer to that article for its contents.

376. Deny the allegations of paragraph 376 and footnote 49 of the Second Amended Complaint, except refer to the public record for the per share price of Mylan N.V. ordinary shares between August 19, 2016 and August 24, 2016.

377. Deny the allegations of paragraph 377 of the Second Amended Complaint, except admit that, based on publicly available information, Inside Health Policy published an article titled "CMS Tells Mylan It Incorrectly Classified EpiPen To Pay Lower Medicaid Rebates, Lawmakers Upset" dated September 2, 2016, and refer to that article for its contents.

378. Deny the allegations of paragraph 378 of the Second Amended Complaint, except refer to the public record for the per share price of Mylan N.V. ordinary shares on September 2, 2016. Defendants further state that they deny the unnumbered paragraph of the Second Amended Complaint located between numbered paragraphs 378 and 379 of the Second Amended Complaint, except admit that, based on publicly available information, Bloomberg published an article titled "Mylan Accused by U.S. of Overcharging Medicaid for EpiPen" dated October 5, 2016, and further admit that, based on publicly available information, Andrew M. Slavitt sent a letter to Senator Ron Wyden dated October 5, 2016, and refer to that article and that letter for their contents.

379. Deny the allegations of paragraph 379 of the Second Amended Complaint, except refer to the public record for the per share price of Mylan N.V. ordinary shares on October 6, 2016.

380. Deny the allegations of paragraph 380 of the Second Amended Complaint, except admit that, based on publicly available information, CNBC News published an article

titled "Underpayments on EpiPen rebates to Medicaid could top $700 million" dated October 7, 2016, and that on October 7, 2016, Mylan N.V. issued a press release titled "Mylan Agrees to Settlement on Medicaid Rebate Classification for EpiPen® Auto-Injector", and refer to that article and that press release for their contents.

381.     Deny the allegations of paragraph 381 of the Second Amended Complaint, except refer to the public record for the per share price of Mylan N.V. ordinary shares on October 7, 2016.

382.     Deny the allegations of paragraph 382 of the Second Amended Complaint, except admit that, based on publicly available information, CNBC News published an article titled "Mylan's grace period for EpiPen rebates could cost Medicaid up to $120 million" dated October 11, 2016, and refer to that article for its contents.

383.     Deny the allegations of paragraph 383 of the Second Amended Complaint, except refer to the public record for the per share price of Mylan N.V. ordinary shares on October 12, 2016.

384.     Deny the allegations of paragraph 384 of the Second Amended Complaint, except admit that, based on publicly available information, Bloomberg News published an article titled "U.S. Charges in Generic-Drug Probe to Be Filed by Year-End" dated November 3, 2016, and refer to that article for its contents.

385.     Deny the allegations of paragraph 385 of the Second Amended Complaint, except refer to the public record for the per share price of Mylan N.V. ordinary shares on November 3, 2016.

386.     Deny the allegations of paragraph 386 of the Second Amended Complaint, and further state that they are without knowledge of information sufficient to form a belief as to

Case 1:16-cv-07926-JPO   Document 103   Filed 04/19/19   Page 135 of 158

titled "Mylan Faces U.S. Antitrust Investigation on EpiPen" dated January 30, 2017, and refer to that article for its contents.

393.    Deny the allegations of paragraph 393 of the Second Amended Complaint, except refer to the public record for the per share price of Mylan N.V. ordinary shares on January 30, 2017.

394.    Deny the allegations of paragraph 394 of the Second Amended Complaint, except admit that on October 31, 2017, the Attorney General of the State of Connecticut issued a press release concerning the filing of an amended complaint, and refer to that press release and the amended complaint for their contents, and state that Plaintiffs' claims against Defendants were dismissed by the Court in its Opinion and Order entered on the docket on March 29, 2019, insofar as such claims relied on allegations that Mylan agreed with other drug companies to fix the price of doxycycline monohydrate, glipizide-metformin and verapamil, further state that the claims against Defendant Rajiv Malik were dismissed by the Court in its Opinion and Order, insofar as such claims rely on or concern allegations that Mylan agreed with other drug companies to fix the price of generic drugs, and the Court in its Opinion and Order instructed Defendants to "file an answer to the surviving claims", and thus no response is required with respect to the allegations of paragraph 394 of the Second Amended Complaint related thereto. [Dkt. #102.]

395.    Deny the allegations of paragraph 395 of the Second Amended Complaint, except refer to the public record for the per share price of Mylan N.V. ordinary shares on October 31, 2017.

396.    Deny the allegations of paragraph 396 of the Second Amended Complaint.

397.    Deny the allegations of paragraph 397 of the Second Amended Complaint, except admit that Heather Bresch served as CEO of Mylan during the alleged Class Period, that Rajiv Malik served as President of Mylan during the alleged Class Period, that John Sheehan and Kenneth Parks served successively as CFO of Mylan during the alleged Class Period and that Paul Campbell served as the Chief Accounting Officer of Mylan during the alleged Class Period, and further state that the claims against Defendant Rajiv Malik were dismissed by the Court in its Opinion and Order entered on the docket on March 29, 2019, insofar as such claims rely on allegations of statements concerning EpiPen or concerning allegations that Mylan agreed with other drug companies to fix the price of generic drugs, and the Court in its Opinion and Order instructed Defendants to "file an answer to the surviving claims", and thus no response is required with respect to the allegations of paragraph 397 of the Second Amended Complaint related thereto.  [Dkt. #102.]

398.    Deny the allegations of paragraph 398 of the Second Amended Complaint, except admit that EpiPen products, like many of its products, are important to Mylan's business, and admit that on September 26, 2016, Mylan N.V. filed a Form 8-K with the SEC attaching an exhibit titled "U.S. EpiPen Profitability Analysis", and refer to that Form 8-K for its contents, and admit that that Mylan N.V. (and, for periods prior to February 27, 2015, Mylan Inc.) filed Forms 10-K with the SEC, and refer to those Forms 10-K for their contents, and further state that the claims against Defendant Rajiv Malik were dismissed by the Court in its Opinion and Order entered on the docket on March 29, 2019, insofar as such claims rely on allegations of statements concerning EpiPen, and the Court in its Opinion and Order instructed Defendants to "file an answer to the surviving claims", and thus no response is required with respect to the allegations of paragraph 398 of the Second Amended Complaint related thereto.  [Dkt. #102.]

399.     Deny the allegations of paragraph 399 of the Second Amended Complaint, except admit that Mylan N.V. (and, for periods prior to February 27, 2015, Mylan Inc.) periodically submitted filings with the SEC, and refer to those filings for their contents, and further admit that the individual Defendants listed in paragraph 399 of the Second Amended Complaint at all times acted consistent with their obligations under relevant law, and further state that the claims against Defendant Rajiv Malik were dismissed by the Court in its Opinion and Order entered on the docket on March 29, 2019, insofar as such claims rely on allegations of statements concerning EpiPen or concerning allegations that Mylan agreed with other drug companies to fix the price of generic drugs, and the Court in its Opinion and Order instructed Defendants to "file an answer to the surviving claims", and thus no response is required with respect to the allegations of paragraph 399 of the Second Amended Complaint related thereto. [Dkt. #102.]

400.     Deny the allegations of paragraph 400 of the Second Amended Complaint, except admit that Mylan N.V. (and, for periods prior to February 27, 2015, Mylan Inc.) periodically submitted filings with the SEC, and refer to those filings for their contents.

401.     Deny the allegations of paragraph 401 of the Second Amended Complaint, and further state that the claims against Defendant Rajiv Malik were dismissed by the Court in its Opinion and Order entered on the docket on March 29, 2019, insofar as such claims rely on allegations of statements concerning EpiPen, and the Court in its Opinion and Order instructed Defendants to "file an answer to the surviving claims", and thus no response is required with respect to the allegations of paragraph 401 of the Second Amended Complaint related thereto. [Dkt. #102.]

402.    Deny the allegations of paragraph 402 of the Second Amended Complaint, and further state that the claims against Defendant Rajiv Malik were dismissed by the Court in its Opinion and Order entered on the docket on March 29, 2019, insofar as such claims rely on allegations of statements concerning EpiPen, and the Court in its Opinion and Order instructed Defendants to "file an answer to the surviving claims", and thus no response is required with respect to the allegations of paragraph 402 of the Second Amended Complaint related thereto. [Dkt. #102.]

403.    Deny the allegations of paragraph 403 of the Second Amended Complaint, except state that Defendants are without knowledge or information about the Confidential Witness, and further state that, because Kenneth S. Parks joined Mylan as CFO in June 2016, and the Confidential Witness left "Mylan in October 2015", the Confidential Witness could not have "confirmed that Defendant[] . . . Parks . . . knew of and approved all material drug pricing decisions made by the Company", and further state that Plaintiffs' claims against Defendants were dismissed by the Court in its Opinion and Order entered on the docket on March 29, 2019, insofar as such claims relied on allegations that Mylan agreed with other drug companies to fix the price of doxycycline monohydrate, glipizide-metformin and verapamil, and further state that the claims against Defendant Rajiv Malik were dismissed by the Court in its Opinion and Order, insofar as such claims rely on or concern allegations that Mylan agreed with other drug companies to fix the price of generic drugs, and the Court in its Opinion and Order instructed Defendants to "file an answer to the surviving claims", and thus no response is required with respect to the allegations of paragraph 403 of the Second Amended Complaint related thereto. [Dkt. #102.]

404. Deny the allegations of paragraph 404 of the Second Amended Complaint, except state that Defendants are without knowledge or information about the Confidential Witness, and further state that, because Defendant Kenneth S. Parks joined Mylan as CFO in June 2016, and the Confidential Witness allegedly left "Mylan in October 2015", the Confidential Witness could not have concluded that "pricing decisions . . . involved" Defendant Kenneth S. Parks, and further state that Plaintiffs' claims against Defendants were dismissed by the Court in its Opinion and Order entered on the docket on March 29, 2019, insofar as such claims relied on allegations that Mylan agreed with other drug companies to fix the price of doxycycline monohydrate, glipizide-metformin and verapamil, and further state that the claims against Defendant Rajiv Malik were dismissed by the Court in its Opinion and Order, insofar as such claims rely on or concern allegations that Mylan agreed with other drug companies to fix the price of generic drugs, and the Court in its Opinion and Order instructed Defendants to "file an answer to the surviving claims", and thus no response is required with respect to the allegations of paragraph 404 of the Second Amended Complaint related thereto. [Dkt. #102.]

405. State that Plaintiffs' claims against Defendants were dismissed by the Court in its Opinion and Order entered on the docket on March 29, 2019, insofar as such claims relied on allegations that Mylan agreed with other drug companies to fix the price of doxycycline monohydrate, glipizide-metformin and verapamil, and further state that the claims against Defendant Rajiv Malik were dismissed by the Court in its Opinion and Order, insofar as such claims rely on or concern allegations that Mylan agreed with other drug companies to fix the price of generic drugs, and the Court in its Opinion and Order instructed Defendants to "file an answer to the surviving claims", and thus no response is required with respect to the allegations of paragraph 405 of the Second Amended Complaint related thereto. [Dkt. #102.] To the extent

a response is required, Defendants deny the allegations of paragraph 405 of the Second Amended Complaint.

406.    Deny the allegations of paragraph 406 of the Second Amended Complaint, and further state that the claims against Defendant Rajiv Malik were dismissed by the Court in its Opinion and Order entered on the docket on March 29, 2019, insofar as such claims rely on allegations of statements concerning EpiPen or concerning allegations that Mylan agreed with other drug companies to fix the price of generic drugs, and the Court in its Opinion and Order instructed Defendants to "file an answer to the surviving claims", and thus no response is required with respect to the allegations of paragraph 406 of the Second Amended Complaint related thereto.  [Dkt. #102.]

407.    Deny the allegations of paragraph 407 of the Second Amended Complaint.

408.    Deny the allegations of paragraph 408 of the Second Amended Complaint, and further state that the claims against Defendant Rajiv Malik were dismissed by the Court in its Opinion and Order entered on the docket on March 29, 2019, insofar as such claims rely on allegations of statements concerning EpiPen, and the Court in its Opinion and Order instructed Defendants to "file an answer to the surviving claims", and thus no response is required with respect to the allegations of paragraph 408 of the Second Amended Complaint related thereto. [Dkt. #102.]

409.    Deny the allegations of Paragraph 409 of the Second Amended Complaint, except admit that on June 9, 2017, Rajiv Malik and Anthony Mauro each reported the disposition of certain Mylan N.V. ordinary shares via an SEC Form 4, and refer to those forms for their content.

410.     Deny the allegations of paragraph 410 of the Second Amended Complaint, and further state that Plaintiffs' claims against Defendants were dismissed by the Court in its Opinion and Order entered on the docket on March 29, 2019, insofar as such claims relied on allegations that Mylan agreed with other drug companies to fix the price of doxycycline monohydrate, glipizide-metformin and verapamil, and further state that the claims against Defendant Rajiv Malik were dismissed by the Court in its Opinion and Order, insofar as such claims rely on or concern allegations that Mylan agreed with other drug companies to fix the price of generic drugs, and the Court in its Opinion and Order instructed Defendants to "file an answer to the surviving claims", and thus no response is required with respect to the allegations of paragraph 410 of the Second Amended Complaint related thereto.  [Dkt. #102.]

411.     Deny the allegations of paragraph 411 of the Second Amended Complaint, except admit that this action purports to be a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of persons or entities that acquired the securities of Mylan N.V. and/or Mylan Inc. on the NASDAQ, between February 21, 2012 and October 30, 2017, and that Plaintiffs purport to exclude from the alleged class the persons described in paragraph 411 of the Second Amended Complaint.

412.     Deny the allegations of paragraph 412 of the Second Amended Complaint, except admit that between February 21, 2012 and February 27, 2015, Mylan Inc. common stock was listed on the NASDAQ, and further admit that between March 2, 2015 and October 30, 2017, Mylan N.V. ordinary shares were listed on the NASDAQ, and state that Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of the final two sentences of paragraph 412 of the Second Amended Complaint.

413.     Deny the allegations of paragraph 413 of the Second Amended Complaint.

414.     Deny the allegations of paragraph 414 of the Second Amended Complaint, except state that Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 414 concerning Plaintiffs' counsel.

415.     Deny the allegations of paragraphs 415 and 415(a) through 415(e) of the Second Amended Complaint.

416.     Deny the allegations of paragraph 416 of the Second Amended Complaint.

417.     State that Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 417 of the Second Amended Complaint concerning Plaintiffs' forthcoming legal strategy, except state that, to the extent that Plaintiffs are alleging that "the presumption of reliance established by the fraud-on-the-market doctrine" is in fact applicable to their claims, Defendants deny that allegation, and further state that this is a conclusion of law to which no response is required.

418.     Deny the allegations of paragraph 418 of the Second Amended Complaint, except refer to the public record for the price of Mylan N.V. ordinary shares on October 30, 2015, and further state that to the extent paragraph 418 states a legal conclusion, no response is required.

419.     Deny the allegations of paragraph 419 of the Second Amended Complaint.

420.     State that the allegations of paragraphs 420 and 420(a) through 420(d) of the Second Amended Complaint state legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations of paragraph 420 and 420(a) through 420(d) of the Second Amended Complaint, except admit that between February 21, 2012 and February 27, 2015, Mylan Inc. common stock was listed on the NASDAQ, and further admit that between March 2, 2015 and October 30, 2017, Mylan N.V. ordinary shares were listed on

the NASDAQ, and further admit that Mylan N.V. (and for periods prior to February 27, 2015, Mylan Inc.) filed periodic public reports with the SEC, and further admit that Mylan N.V. and Mylan Inc. made various disclosures to the public, and further admit that certain outside analysts covered Mylan N.V. and/or Mylan Inc.

421.    Deny the allegations of paragraph 421 of the Second Amended Complaint.

422.    Deny the allegations of paragraph 422 of the Second Amended Complaint.

423.    Deny the allegations of paragraph 423 of the Second Amended Complaint.

424.    Repeat and reallege Defendants' answers to the allegations of paragraphs 1 through 423 of this Answer as if fully set forth herein, and further state that Plaintiffs' First Claim against Defendants was dismissed in part by the Court in its Opinion and Order entered on the docket on March 28, 2018 [Dkt. #69] and its Opinion and Order entered on the docket on March 29, 2019 [Dkt. #102], and the Court in its Opinion and Order instructed Defendants to "file an answer to the surviving claims" [Dkt. #102], and thus no response is required with respect to the allegations of paragraph 424 of the Second Amended Complaint that were dismissed.

425.    Deny the allegations of paragraph 425 of the Second Amended Complaint, except admit that between February 21, 2012 and February 27, 2015, Mylan Inc. common stock was listed on the NASDAQ, and further admit that between March 2, 2015 and October 30, 2017, Mylan N.V. ordinary shares were listed on the NASDAQ, and further state that Plaintiffs' First Claim against Defendants was dismissed in part by the Court in its Opinion and Order entered on the docket on March 28, 2018 [Dkt. #69] and its Opinion and Order entered on the docket on March 29, 2019 [Dkt. #102], and the Court in its Opinion and Order instructed Defendants to "file an answer to the surviving claims" [Dkt. #102], and thus no response is

required with respect to the allegations of paragraph 425 of the Second Amended Complaint that were dismissed.

426.    Deny the allegations of paragraph 426 of the Second Amended Complaint, and further state that Plaintiffs' First Claim against Defendants was dismissed in part by the Court in its Opinion and Order entered on the docket on March 28, 2018 [Dkt. #69] and its Opinion and Order entered on the docket on March 29, 2019 [Dkt. #102], and the Court in its Opinion and Order instructed Defendants to "file an answer to the surviving claims" [Dkt. #102], and thus no response is required with respect to the allegations of paragraph 426 of the Second Amended Complaint that were dismissed.

427.    Deny the allegations of paragraph 427 and paragraphs 427(a) through 427(c) of the Second Amended Complaint, and further state that Plaintiffs' First Claim against Defendants was dismissed in part by the Court in its Opinion and Order entered on the docket on March 28, 2018 [Dkt. #69] and its Opinion and Order entered on the docket on March 29, 2019 [Dkt. #102], and the Court in its Opinion and Order instructed Defendants to "file an answer to the surviving claims" [Dkt. #102], and thus no response is required with respect to the allegations of paragraph 427 and paragraphs 427(a) through 427(c) of the Second Amended Complaint that were dismissed.

428.    Deny the allegations of paragraph 428 of the Second Amended Complaint, and further state that Plaintiffs' First Claim against Defendants was dismissed in part by the Court in its Opinion and Order entered on the docket on March 28, 2018 [Dkt. #69] and its Opinion and Order entered on the docket on March 29, 2019 [Dkt. #102], and the Court in its Opinion and Order instructed Defendants to "file an answer to the surviving claims" [Dkt. #102],

and thus no response is required with respect to the allegations of paragraph 428 of the Second

Amended Complaint that were dismissed.

429.    Deny the allegations of paragraph 429 of the Second Amended Complaint,

and further state that Plaintiffs' First Claim against Defendants was dismissed in part by the

Court in its Opinion and Order entered on the docket on March 28, 2018 [Dkt. #69] and its

Opinion and Order entered on the docket on March 29, 2019 [Dkt. #102], and the Court in its

Opinion and Order instructed Defendants to "file an answer to the surviving claims" [Dkt. #102],

and thus no response is required with respect to the allegations of paragraph 429 of the Second

Amended Complaint that were dismissed.

430.    Repeat and reallege Defendants' answers to the allegations of

paragraphs 1 through 429 as if fully set forth herein, and further state that Plaintiffs' Second

Claim against Defendants was dismissed in part by the Court in its Opinion and Order entered on

the docket on March 28, 2018 [Dkt. #69] and its Opinion and Order entered on the docket on

March 29, 2019 [Dkt. #102], and the Court in its Opinion and Order instructed Defendants to

"file an answer to the surviving claims" [Dkt. #102], and thus no response is required with

respect to the allegations of paragraph 430 of the Second Amended Complaint that were

dismissed.

431.    Deny the allegations of paragraph 431 of the Second Amended Complaint,

except admit that between February 21, 2012 and February 27, 2015, Mylan Inc. common stock

was listed on the NASDAQ, and further admit that between March 2, 2015 and October 30,

2017, Mylan N.V. ordinary shares were listed on the NASDAQ, and further state that Plaintiffs'

Second Claim against Defendants was dismissed in part by the Court in its Opinion and Order

entered on the docket on March 28, 2018 [Dkt. #69] and its Opinion and Order entered on the

docket on March 29, 2019 [Dkt. #102], and the Court in its Opinion and Order instructed Defendants to "file an answer to the surviving claims" [Dkt. #102], and thus no response is required with respect to the allegations of paragraph 431 of the Second Amended Complaint that were dismissed.

432.    Deny the allegations of paragraph 432 of the Second Amended Complaint, and further state that Plaintiffs' Second Claim against Defendants was dismissed in part by the Court in its Opinion and Order entered on the docket on March 28, 2018 [Dkt. #69] and its Opinion and Order entered on the docket on March 29, 2019 [Dkt. #102], and the Court in its Opinion and Order instructed Defendants to "file an answer to the surviving claims" [Dkt. #102], and thus no response is required with respect to the allegations of paragraph 432 of the Second Amended Complaint that were dismissed.

433.    Deny the allegations of paragraph 433 of the Second Amended Complaint, and further state that Plaintiffs' Second Claim against Defendants was dismissed in part by the Court in its Opinion and Order entered on the docket on March 28, 2018 [Dkt. #69] and its Opinion and Order entered on the docket on March 29, 2019 [Dkt. #102], and the Court in its Opinion and Order instructed Defendants to "file an answer to the surviving claims" [Dkt. #102], and thus no response is required with respect to the allegations of paragraph 433 of the Second Amended Complaint that were dismissed.

434.    Deny the allegations of paragraph 434 of the Second Amended Complaint, and further state that Plaintiffs' Second Claim against Defendants was dismissed in part by the Court in its Opinion and Order entered on the docket on March 28, 2018 [Dkt. #69] and its Opinion and Order entered on the docket on March 29, 2019 [Dkt. #102], and the Court in its Opinion and Order instructed Defendants to "file an answer to the surviving claims" [Dkt. #102],

and thus no response is required with respect to the allegations of paragraph 434 of the Second Amended Complaint that were dismissed.

<u>GENERAL DENIALS</u>

435.    Except as otherwise expressly admitted in paragraphs 1 through 434, above, Defendants deny each and every allegation contained in paragraphs 1 through 434 of the Second Amended Complaint, including, without limitations, the introductory matter preceding paragraph 1 of the Second Amended Complaint, and the footnotes, headings and subheadings, tables and figures contained in the Second Amended Complaint, and deny liability to Plaintiffs, or that Plaintiffs have suffered any legally cognizable damages for which Defendants are responsible.  Pursuant to Rule 8(b)(6) of the Federal Rules of Civil Procedure, allegations contained in the Second Amended Complaint to which no responsive pleading is required shall be deemed denied.  Defendants expressly reserve the right to amend and/or supplement their answer.

436.    With respect to all paragraphs in the Second Amended Complaint in which Plaintiffs pray for damages or other relief, Defendants deny that Plaintiffs are entitled to that relief under the law.

<u>AFFIRMATIVE AND OTHER DEFENSES</u>

Defendants assert the following affirmative and other defenses.  Except where expressly noted, each defense is asserted by each of the Defendants.  In asserting these defenses, Defendants do not assume the burden of establishing any fact or proposition where that burden properly is imposed on Plaintiffs.  Defendants expressly reserve the right to supplement, amend or delete any or all of the following defenses, as warranted by discovery or other investigation, or as justice may require.

148

First Defense

437.    The Second Amended Complaint, and each and every claim stated therein, fails to state a claim upon which relief can be granted.

Second Defense

438.    The Second Amended Complaint fails to plead adequately any of the alleged underlying conduct which Plaintiffs claim gives rise to liability under the securities laws.

Third Defense

439.    The Second Amended Complaint fails to plead fraud with particularity as required by Federal Rule of Civil Procedure 9(b) and the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4(b)(1), and otherwise fails properly to identify the alleged false or misleading statements of which Plaintiffs complain.

Fourth Defense

440.    Defendants are not liable because they did not make a false or misleading statement of material fact or omission of material fact.

Fifth Defense

441.    Defendants are not liable because certain alleged misstatements by them, or any one of them, were forward-looking and satisfied the safe harbor provisions of the federal securities laws and/or the "bespeaks caution" doctrine.

Sixth Defense

442.    Defendants are not liable because Plaintiffs' claims are barred, in whole or in part, because, assuming there was any untruth or omission as alleged in the Second Amended Complaint (and Defendants deny there was any), Plaintiffs knew or should have known of such untruth or omission.

<u>Seventh Defense</u>

443.    Defendants are not liable because Plaintiffs' claims are barred, in whole or in part, because Plaintiffs voluntarily assumed the risk of the losses alleged in the Second Amended Complaint.

<u>Eighth Defense</u>

444.    Defendants are not liable because they acted in good faith and in reasonable reliance upon the work, opinions, information, representations and advice of others upon whom Defendants were entitled to rely.

<u>Ninth Defense</u>

445.    Defendants are not liable because they did not act knowingly or recklessly as to any alleged material misstatement or omission.

<u>Tenth Defense</u>

446.    Defendants are not liable because they, at all times, and with respect to all matters contained herein, acted in good faith, exercised reasonable care, and did not know, and in the exercise of reasonable care could not have known, of the purported untruths, misstatements and/or omissions alleged in the Second Amended Complaint.

<u>Eleventh Defense</u>

447.    This action may not properly be maintained as a class action.

<u>Twelfth Defense</u>

448.    Defendants are not liable because Plaintiffs' claims are barred, in whole or in part, by the applicable statute of limitations and/or repose, and/or the doctrines of estoppel, laches and waiver.

<u>Thirteenth Defense</u>

449.   To the extent Plaintiffs' claims, issues and alleged underlying misconduct raised by Plaintiffs' claims have been previously litigated, Plaintiffs' claims are barred, in whole or in part, from any recovery under the doctrines of res judicata and/or collateral estoppel.

<u>Fourteenth Defense</u>

450.   Defendants are not liable because some or all of the matters now claimed by the Second Amended Complaint to be the subject of misrepresentations or omissions publicly were disclosed or were in the public domain and, as such, were available to Plaintiffs and were at all times reflected in the market price of Mylan N.V. or Mylan Inc. securities.

<u>Fifteenth Defense</u>

451.   Defendants are not liable because any allegedly untrue statement of material fact, omissions of material fact, misleading statements, or other actions allegedly taken by the Defendants were not material to the investment decisions of Plaintiffs.

<u>Sixteenth Defense</u>

452.   Defendants are not liable because the alleged misrepresentations and omissions on which Plaintiffs base their claims were not material, but instead are immaterial puffery.

<u>Seventeenth Defense</u>

453.   Defendants are not liable because certain alleged misstatements about which Plaintiffs complain concern nonactionable matters of opinion or soft information, rather than matters of material fact.

<u>Eighteenth Defense</u>

454.    Defendants are not liable because Plaintiffs' claims are barred, in whole or in part, because the purported misrepresentations and omissions alleged in the Second Amended Complaint did not affect the market price of Mylan N.V. and/or Mylan Inc. securities.

<u>Nineteenth Defense</u>

455.    Defendants are not liable because Plaintiffs have not pleaded the required connection between the challenged statements and the alleged loss, and any losses suffered by Plaintiffs were not causally related to the misstatements alleged by Plaintiffs.

<u>Twentieth Defense</u>

456.    Plaintiffs' claims are barred because Plaintiffs did not reasonably rely on any of the statements or omissions alleged in the Second Amended Complaint in deciding to purchase Mylan N.V. and/or Mylan Inc. securities.

<u>Twenty-First Defense</u>

457.    Plaintiffs cannot recover against the Defendants, in whole or in part, because the "fraud on the market" theory of reliance is unavailable, and they will be otherwise unable to establish that they (and other members of the putative class) actually relied upon the purported misstatements and omissions alleged in the Second Amended Complaint.

<u>Twenty-Second Defense</u>

458.    Plaintiffs cannot recover against Defendants because Plaintiffs will be unable to establish that the purported misstatements and omissions alleged in the Second Amended Complaint were the cause of Plaintiffs' decisions to purchase Mylan Inc. or Mylan N.V. securities on the terms of their investments.

## Twenty-Third Defense

459.    Plaintiffs cannot recover against Defendants because Defendants were under no duty to disclose the alleged underlying conduct.

## Twenty-Fourth Defense

460.    Some or all of Plaintiffs' claims are barred because Plaintiffs cannot establish a sufficient connection between existing statements and any alleged underlying wrongdoing sufficient to create a duty to disclose.

## Twenty-Fifth Defense

461.    Plaintiffs cannot recover against Defendants because the losses, if any, sustained by Plaintiffs were not actually or proximately caused by, and resulted from causes other than, the acts and occurrences alleged in the Second Amended Complaint.

## Twenty-Sixth Defense

462.    Plaintiffs' claims are barred because the injuries and underlying wrongdoing alleged by Plaintiffs, to the extent any exist, were caused, in whole or in part, by intervening and/or superseding causes unrelated to the alleged conduct of Defendants, by the conduct of third parties for whom Defendants were not responsible, through forces in the marketplace over which Defendants have no control, or through acts or omissions by one or more of the Plaintiffs.

## Twenty-Seventh Defense

463.    Defendants deny that there ever was any underlying conspiracy, and further deny that Plaintiffs have adequately pleaded that any underlying misconduct ever occurred, but in the alternative, and without admitting that any violation of law occurred, Defendants contend that they withdrew from any alleged conspiracy.

153

<u>Twenty-Eighth Defense</u>

464.   Defendants are not liable because to the extent that Plaintiffs have been damaged, if at all, their failure to mitigate their damages bars recovery.

<u>Twenty-Ninth Defense</u>

465.   Defendants are not liable because Plaintiffs' losses, if any, should be reduced, diminished, and/or eliminated under the proportionate liability provisions of the Securities Exchange Act of 1934 to reflect only Defendants' percentage of responsibility, if any.

<u>Thirtieth Defense</u>

466.   To the extent Plaintiffs suffered damages, if at all, such damages must be offset by Plaintiffs' gains.

<u>Thirty-First Defense</u>

467.   Plaintiffs cannot recover against Defendants, in whole or in part, because Defendants are entitled to proper offsets for any settlements Plaintiffs enter into, or any amounts Plaintiffs otherwise receive from any source, in connection with Plaintiffs' alleged losses.

<u>Thirty-Second Defense</u>

468.   Plaintiffs' claims are barred, in whole or in part, because the allegedly withheld information was known to the market.

<u>Thirty-Third Defense</u>

469.   Allegations of complaints filed by private litigants, or allegations of complaints filed by, or investigations initiated by, the SEC, the DOJ or attorneys general, or settlements entered into with the DOJ, have no preclusive effect or evidentiary weight.

<u>Thirty-Fourth Defense</u>

470.    The individual Defendants are not liable because they acted at all times in good faith and did not directly or indirectly induce the alleged wrongful act or acts, nor were they culpable participants in any of the alleged wrongdoing.

<u>Thirty-Fifth Defense</u>

471.    Plaintiffs' claims are barred because each Defendant alleged to be a control person under Section 20(a) of the Securities and Exchange Act of 1934 acted in good faith and did not directly or indirectly induce the act or acts constituting the alleged violations and causes of action.

<u>Thirty-Sixth Defense</u>

472.    Defendants are not liable for alleged injuries caused by government action.

<u>Thirty-Seventh Defense</u>

473.    Defendants assert the *Noerr-Pennington* doctrine as a defense to the underlying conduct alleged in the Second Amended Complaint.

<u>Thirty-Eighth Defense</u>

474.    Defendants are not liable for alleged injuries resulting from conduct for which they have been released through settlement in any prior litigation or other proceeding.

<u>Thirty-Ninth Defense</u>

475.    Defendants are not liable because the Second Amended Complaint fails to adequately allege a relevant market or relevant markets for the underlying conduct alleged in the Second Amended Complaint.

<u>Fortieth Defense</u>

476.    Defendants are not liable because the underlying conduct alleged in the Second Amended Complaint was reasonable and is based on independent, legitimate business and economic justifications and has not unreasonably restrained trade or otherwise harmed competition.

<u>Forty-First Defense</u>

477.    Defendants are not liable because Plaintiffs challenge alleged acts, conduct or statements that were specifically permitted by law.  Defendants have, at all times relevant hereto, complied with all applicable laws and regulations.  Defendants have, at all times relevant hereto, acted reasonably in interpreting complex and ambiguous laws and regulations.

<u>Forty-Second Defense</u>

478.    Defendants are not liable because the underlying conduct alleged in the Second Amended Complaint has not unreasonably restrained trade or otherwise tended to destroy competition in any relevant market.

<u>Forty-Third Defense</u>

479.    Plaintiffs' claims are barred, in whole or in part, because Defendants did not act in furtherance of, or otherwise conspire or agree with any person or entity including, but not limited to, any of the other drug manufacturers named in the Second Amended Complaint with the intention of fixing, manipulating or artificially affecting the price of any drug.

<u>Forty-Fourth Defense</u>

480.    Defendants are not liable because the underlying conduct alleged in the Second Amended Complaint is the result of the competitive process and has led to actual pro-competitive results, and the pro-competitive benefits of Defendants' alleged conduct substantially outweigh any purportedly anticompetitive effects.

156

<p align="center">Forty-Fifth Defense</p>

481.    Defendants are not liable because Plaintiffs do not have standing.

<p align="center">Forty-Sixth Defense</p>

482.    Plaintiffs' claims are barred, in whole or in part, because they have incurred no legally cognizable injury or damages.

<p align="center">Forty-Seventh Defense</p>

483.    Defendants are not liable for the conduct of any of current or former employees and/or agents to the extent that any or all of those current or former employees acted outside the scope of their authority.

<p align="center">Forty-Eighth Defense</p>

484.    Defendants deny that Plaintiffs are entitled to recovery of attorneys' fees, costs or expenses.

<p align="center">Forty-Ninth Defense</p>

485.    Plaintiffs' claims for relief are barred, in whole or in part, because the Court cannot properly exercise personal jurisdiction over some or all of Defendants.

<p align="center">Fiftieth Defense</p>

486.    Defendants are not liable because they reasonably relied on government agency guidance.

<p align="center">PRAYER FOR RELIEF</p>

WHEREFORE, Defendants pray for judgment against Plaintiffs as follows:

(1)    Dismissing the entire action with prejudice;

(2)    Granting Defendants their reasonable costs, expenses and attorneys' fees; and

(3)    Awarding Defendants such other, further and different relief as the Court deems just and proper.

<p align="center">157</p>

Dated: April 19, 2019
New York, New York

Respectfully submitted,


CRAVATH, SWAINE & MOORE LLP,

by
/s/ David R. Marriott
David R. Marriott
Kevin J. Orsini
Rory A. Leraris
Members of the Firm

Worldwide Plaza
825 Eighth Avenue
New York, NY 10019
(212) 474-1000
dmarriot@cravath.com
korsini@cravath.com
rleraris@cravath.com

*Attorneys for Defendants*