

**Jeremy A. Lieberman**
Managing Partner

June 11, 2019

**VIA ECF**

Hon. J. Paul Oetken, U.S.D.J.
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square, Courtroom 706
New York, NY 10007

      Re:    *In re Mylan N.V. Securities Litigation,* 16-cv-07926 (JPO)

Dear Judge Oetken:

      We are counsel for Lead Plaintiffs ("Plaintiffs") in the above-referenced action (the "Action"). On May 10, 2019, the attorneys general of over 40 states filed a new antitrust action against Mylan and other generic drug companies in the U.S. District Court for the District of Connecticut. *See State of Connecticut v. Teva Pharmaceuticals*, No. 3:19-cv-00710-MPS. The complaint alleges an industry-wide conspiracy, which included Mylan, whereby competitors were expected to receive their "fair share" of the market for a given generic drug and were expected to "play nice in the sandbox" so as not to undercut the other participants in the conspiracy. *Id.* at ¶¶ 114-15. The complaint further alleges that executives at Mylan expressly agreed with other drug companies in specified calls and other communications to allocate the market for, and to fix the prices of, certain generic drugs in addition to those currently at issue in the Second Amended Complaint ("SAC") [Dkt. No. 89]. These allegations clearly overlap and expand upon the SAC's allegations of price fixing and anti-competitive conduct by Mylan. Upon revelation of these new facts, Mylan's share price plummeted nearly 10%, causing billions of dollars of additional losses to members of the putative Class.

      In light of the above, Plaintiffs believe that it is advisable to file an amended complaint to include these most recent allegations. The parties have met and conferred and agreed upon the Stipulation and [Proposed] Scheduling Order (the "Stipulation") filed today. *See* Dkt. No. 111. The salient provisions of the Stipulation and Proposed Order are as follows: *First*, Plaintiffs may amend the SAC to add these new allegations in a Third Amended Complaint (the "TAC") by no later than June 17. *Second*, the parties have agreed that Defendants will produce limited discovery during the pendency of any motion to dismiss the TAC, and that discovery will otherwise be stayed pursuant to the Private Securities Litigation Reform Act, 15 U.S.C. § 78u-4 ("PSLRA Discovery Stay"). Defendants will produce the discovery detailed in Section 3(a) of the Stipulation. *Third*, the parties have agreed that discovery relating to class certification, and class certification briefing, may proceed without delay during the pendency of any motion to dismiss the TAC. The parties believe that the Stipulation properly balances the purposes of the

jalieberman@pomlaw.com
600 Third Avenue, New York, New York 10016   tel: 212.661.1100   www.pomerantzlaw.com
NEW YORK        CHICAGO        LOS ANGELES        PARIS
325

Hon. J. Paul Oetken
June 11, 2019
Page 2



PSLRA Discovery Stay while allowing for significant discovery to proceed for those claims that have already been sustained by the Court, thereby promoting judicial efficiency.

The parties respectfully request that the Court enter this proposed Stipulation and endorse the Proposed Order.

We are available to discuss any of these matters at the Court's convenience.

Respectfully Submitted,

By: /s/ Jeremy A. Lieberman
Jeremy A. Lieberman
Austin P. Van
POMERANTZ LLP
600 Third Avenue, 20th Floor
New York, New York 10016
Telephone: (212) 661-1100
jalieberman@pomlaw.com
avan@pomlaw.com

*Attorneys for Lead Plaintiffs*

cc:   All counsel of record (via ECF)