UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

In re Mylan N.V. Securities Litigation

Case No. 1:16-CV-07926 (JPO)

**STIPULATION AND SCHEDULING ORDER**

WHEREAS, on March 20, 2017, Lead Plaintiffs Menorah Mivtachim Insurance Ltd., Menorah Mivtachim Pensions and Gemel Ltd., Phoenix Insurance Company Ltd., Meitav DS Provident Funds and Pension Ltd. and Dan Kleinerman (collectively, "Lead Plaintiffs") filed an Amended Class Action Complaint in the above-captioned action (the "Action");

WHEREAS, on May 30, 2017, defendants Mylan N.V., Mylan Inc., Heather Bresch, Robert J. Coury, Paul B. Campbell, Kenneth S. Parks and John D. Sheehan filed a motion to dismiss the Amended Class Action Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6);

WHEREAS, on March 28, 2018, this Court issued an opinion (the "March 2018 Opinion"), granting in part and denying in part the May 30, 2017 motion to dismiss the Amended Class Action Complaint;

WHEREAS, on July 6, 2018, Lead Plaintiffs filed a Second Amended Class Action Complaint, adding additional claims and defendant Rajiv Malik (together with Mylan N.V., Mylan Inc., Heather Bresch, Robert J. Coury, Paul B. Campbell, Kenneth S. Parks and John D. Sheehan, the "Defendants");

WHEREAS, on August 6, 2018, Mylan filed a partial motion to dismiss the Second Amended Class Action Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6);

WHEREAS, on March 29, 2019, this Court issued an opinion (the "March 2019 Opinion"), granting and part and denying in part the August 6, 2018 partial motion to dismiss the Second Amended Class Action Complaint;

WHEREAS, on April 19, 2019, Defendants filed an Answer and Affirmative and Other Defenses to Lead Plaintiffs' Second Amended Class Action Complaint;

WHEREAS, on May 10, 2019, the Court entered an order setting forth certain deadlines in this Action;

WHEREAS, also on May 10, 2019, the attorneys general of certain states filed a complaint in the United States District Court for the District of Connecticut generally alleging anticompetitive conduct on the part of Mylan and other generic drug companies with respect to numerous generic drugs (*see Connecticut v. Teva Pharma. USA, Inc.*, No. 3:19-cv-00710 (MPS) (D. Conn.) (the "AG Complaint"));

WHEREAS, Lead Plaintiffs have indicated that they intend to seek leave to amend the Second Amended Class Action Complaint; and

WHEREAS, Defendants contend that the Private Securities Litigation Reform Act would stay discovery in this Action pending the Court's decision on any motion to dismiss, but nevertheless are willing to provide limited discovery as set forth below in the interest of avoiding unnecessary delay and promoting efficiency for the Court and the parties:

IT IS HEREBY STIPULATED AND AGREED, by and among the parties that, to promote efficiency and judicial economy, the following Agreement and schedule should govern discovery in this Action and supersede this Court's May 10, 2019 Order.

1. Provided that the Court enters a scheduling order consistent with this Agreement, Defendants consent pursuant to Fed. R. Civ. P. 15(a)(2) to Lead Plaintiffs' amending the

Second Amended Class Action Complaint, provided that any amendments to the Second Amended Complaint are limited to adding new allegations that also have been alleged in the AG Complaint and any claims allegedly arising under the federal securities laws related thereto.

2. Time to file and/or respond to a Third Amended Class Action Complaint:

    a. Any Third Amended Class Action Complaint (the "Complaint") shall be filed by no later than June 17, 2019.

    b. Defendants shall answer or otherwise respond to the Complaint by no later than July 31, 2019.

    c. In the event that one or more of the Defendants respond to the Complaint by filing a motion to dismiss in full or in part, Lead Plaintiffs' papers in opposition thereto shall be filed on or before August 30, 2019, and Defendants' reply papers in further support of any such motion shall be filed on or before September 18, 2019.

3. Fact discovery:

    a. All fact discovery in this action (including written discovery) shall be stayed until the later of April 1, 2020, or 14 days after the Court's decision on any motion to dismiss the Complaint (the "Commencement Date"), except:

        i. Defendants shall provide to Lead Plaintiffs any document productions made in connection with *In re Generic Pharmaceuticals Pricing Antitrust Litigation*, No. 2:16-md-2724 (CMR) (E.D. Pa.) (the "Generics MDL") proceedings concerning the claims alleged in the Second Amended Class Action Complaint that survived the Court's March 29, 2019 Opinion (the "Claims") or the defenses asserted in Defendants' Answer and Affirmative

and Other Defenses to Lead Plaintiffs' Second Amended Class Action Complaint (the "Defenses") related to the market for Doxy DR, within forty-five (45) business days from the date of the Court's entry of a scheduling order consistent with this Agreement or within forty-five (45) business days after making such document productions in the Generics MDL;

ii. Defendants shall provide to Lead Plaintiffs the document productions made in connection with the Generics MDL proceedings concerning the Claims or Defenses related to the generic drugs at issue in the Action (*i.e.*, Albuterol Sulfate, Benazepril, Clomipramine, Divalproex and Propranolol), within forty-five (45) business days from the date of the Court's entry of a scheduling order consistent with this Agreement or within forty-five (45) business days after making such document productions in the Generics MDL;

iii. Defendants shall provide to Lead Plaintiffs any document productions made in response to the November 2014 subpoena from the United States Department of Justice regarding Mylan's classification of EpiPen concerning the Claims or Defenses related to EpiPen classification, forty-five (45) business days from the date of the Court's entry of a scheduling order consistent with this Agreement; and

iv. Defendants shall provide to Lead Plaintiffs the document productions made in connection with *In re EpiPen ERISA Litigation*, No. 0:17-cv-01844 (D. Minn.) (PAM) (HB) proceedings concerning the Claims or

4

        Defenses related to Mylan's alleged anticompetitive conduct regarding EpiPen, forty-five (45) business days from the date of the Court's entry of a scheduling order consistent with this Agreement.

b. The parties agree that Defendants need not produce documents until the parties have stipulated to a protective order governing the treatment of confidential information in the Action. The parties agree to work expeditiously and in good faith to reach agreement on the terms of such a protective order as soon as practicable.

c. The parties agree that no party shall be required to serve initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) until 14 days from the Commencement Date, but Defendants agree to produce for inspection and copying any insurance agreement under which an insurance business may be liable to satisfy any or part of a possible judgment in this Action or to indemnify or reimburse for payments made to satisfy the judgment, consistent with Defendants' obligation under Fed. R. Civ. P. 26(a)(1)(A)(iv), within ten (10) business days from the date of the Court's entry of a scheduling order consistent with this Agreement.

d. All fact discovery shall be completed by the later of August 31, 2020, or 150 days from the Commencement Date.

e. Initial requests for the production of documents shall be served by June 24, 2019.

f. Document discovery shall be conducted pursuant to Fed. R. Civ. P. 34 and the Local Rules of this Court, including with regard to electronic documents.

g. Interrogatories shall be served by the later of May 30, 2020, or 60 days from the Commencement Date.

    h. Requests to admit shall be served by the later of August 1, 2020, or 120 days from the Commencement Date.

    i. Document production shall be substantially completed by the later of July 1, 2020, or 90 days from the Commencement Date.

    j. Depositions of fact witnesses shall be completed by the later of August 31, 2020, or 150 days from the Commencement Date.

4. Class certification:

    a. Briefing

        i. Lead Plaintiffs' motion for class certification shall be filed by August 30, 2019.

        ii. Defendants' opposition to Lead Plaintiffs' motion for class certification shall be filed by November 15, 2019.

        iii. Lead Plaintiffs' reply in support of class certification shall be filed by December 16, 2019.

    b. Discovery

        i. All document production by Defendants related to class certification shall be completed within 30 days after Lead Plaintiffs serve discovery requests related to class certification.

        ii. All document production by Lead Plaintiffs related to class certification shall be completed within 30 days after Defendants serve discovery requests related to class certification.

        iii. Lead Plaintiffs shall make themselves available for depositions on mutually agreeable dates at least 18 days before the deadline for

        Defendants' opposition to class certification.  The parties will endeavor to schedule Lead Plaintiffs' depositions during the weeks beginning September 9, 2019, September 16, 2019 and September 23, 2019.

    iv. Lead Plaintiffs shall serve the report of any expert offered in support of class certification concurrently with the filing of their motion for class certification.  Defendants may depose and seek discovery from any such expert at any time prior to the deadline for Defendants' opposition to class certification.  Any such expert shall be made available for deposition on a mutually agreeable date at least 14 days before the deadline for Defendants' opposition to class certification.

    v. Defendants shall serve the report of any expert offered in opposition to class certification concurrently with the filing of their opposition to class certification.  Lead Plaintiffs may depose and seek discovery from any such expert at any time prior to the deadline for Lead Plaintiffs' reply in support of class certification.  Any such expert shall be made available for deposition on a mutually agreeable date at least 14 days before the deadline for Lead Plaintiffs' reply in support of class certification.

5. Expert discovery:

   a. All expert discovery, including expert depositions, shall be completed no later than 90 days from the close of fact discovery.

   b. Initial expert disclosures pursuant to Fed. R. Civ. P. 26(a)(2) shall be made by the parties with respect to issues on which they bear the burden of proof no later than 30 days from the close of fact discovery.

    c. Rebuttal expert disclosures shall be made no later than 60 days from the close of fact discovery.

6. No party shall be obligated to produce any documents in this Action other than pursuant to a mutually agreed-upon or Court-ordered protective and confidentiality order entered in this Action.

7. Nothing herein waives or is intended to waive any objections to the production of any documents that any party may have on any grounds available under applicable law, including without limitation the attorney-client privilege, the work product doctrine and any other privileges or immunities from disclosure.  Inadvertent production of or failure to designate any information as confidential shall not be deemed a waiver of Defendants' claim of confidentiality as to such information, and Defendants may thereafter designate such information as confidential.  Inadvertent production of any document produced by Defendants that Defendants later claim should have been withheld on grounds of a privilege, including the work product doctrine, will not be deemed to waive any privilege or work product protection.  Defendants may request the return of any documents that they inadvertently produced by identifying the inadvertently-produced privileged document and stating the basis for withholding such document from production.

8. Nothing herein waives or is intended to waive any objections to the competency, relevance, materiality or admissibility as evidence of any information provided.

9. This order may be modified by the agreement of the parties or by the Court for good cause shown.

STIPULATED AND AGREED TO BY:

Dated: June 11, 2019

| | |
|---|---|
| **POMERANTZ LLP** | **CRAVATH, SWAINE & MOORE LLP** |
| by  *Jeremy Lieberman* /APV | by  *[signature]* |
| Jeremy A. Lieberman | David R. Marriott |
| Austin P. Van | Kevin J. Orsini |
| 600 Third Avenue, 20th Floor | Rory A. Leraris |
| New York, New York 10016 | Worldwide Plaza |
| Tel: (212) 661-1100 | 825 Eighth Avenue |
| jalieberman@pomlaw.com | New York, NY 10019 |
| avan@pomlaw.com | Tel: (212) 474-1000 |
| | dmarriott@cravath.com |
| Steven J. Toll | korsini@cravath.com |
| Daniel S. Sommers | rleraris@cravath.com |
| COHEN MILSTEIN SELLERS | |
| & TOLL PLLC | *Counsel for Defendants* |
| 1100 New York Avenue, N.W. | |
| West Tower, Suite 500 | |
| Washington, DC 2005-3964 | |
| Tel.: (202) 408-4600 | |
| stoll@cohenmilstein.com | |
| dsommers@cohenmilstein.com | |

Laura H. Posner
COHEN MILSTEIN SELLERS
& TOLL PLLC
88 Pine Street, 14th Floor
New York, NY 10005
Tel.: (212) 838-7797
lposner@cohenmilstein.com

*Co-Lead Counsel for Lead Plaintiffs*

SO ORDERED.

Dated: June 12, 2019
       New York, New York

_____
J. PAUL OETKEN
United States District Judge