UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re Mylan N.V. Securities Litigation | No. 16-cv-7926 (JPO) |

**CONSENTED TO MOTION OF DAN KLEINERMAN TO WITHDRAW AS CO-LEAD PLAINTIFF AND SUPPORTING MEMORANDUM OF LAW**

Dan Kleinerman seeks to withdraw as Co-Lead Plaintiff from the above-captioned action due to a personal health issue that makes his continued participation in this litigation as a party and a Co-Lead Plaintiff impossible.[1] This motion will not prejudice the proposed Class, as each of the five members of the Israeli Investor Group will remain as Co-Lead Plaintiffs in the action. Nor will the motion prejudice Defendants, as withdrawal does not entail adding new claims, adding new legal theories, or otherwise altering the substantive allegations of the complaint. Defendants consent to this motion. Plaintiffs respectfully submit the memorandum of law below in support of this motion.

**I.   ARGUMENT**

While Mr. Kleinerman has sought to fulfill his duties as a Co-Lead Plaintiff, he has unfortunately developed and been diagnosed with Trigeminal Neuralgia, a chronic neurological condition that causes acute pain in and around the face. *See* Decl. of Dan Kleinerman in Support of Mot. to Withdraw, attached as Exhibit A. This condition has made it difficult for Mr.

---

[1] Menorah Mivtachim Insurance Ltd., Menorah Mivtachim Pensions and Gemel Ltd., Phoenix Insurance Company Ltd., Meitav DS Provident Funds and Pension Ltd (together referred to as the "Israeli Investor Group") and Dan Kleinerman are collectively referred to as "Co-Lead Plaintiffs" in this motion.

Kleinerman to engage in many activities, including traveling. *Id.* Further, stress tends to exacerbate the symptoms of Mr. Kleinerman's condition. Given this, Mr. Kleinerman does not feel able to continue to serve as a Co-Lead Plaintiff. *Id.*

Motions to withdraw a named plaintiff in class litigation are "technically governed by Rule 21, which provides that the court may 'at any time, on just terms, add or drop a party[.]'" *Duling v. Gristede's Operating Corp.*, 265 F.R.D. 91, 96 (S.D.N.Y. 2010) (quoting Fed. R. Civ. P. 21); *see also FTD Corp. v. Banker's Tr. Co.*, 954 F. Supp. 106, 109 (S.D.N.Y. 1997). Thus, the Court should grant such a request to drop a party unless it finds undue delay, bad faith or dilatory motive on the part of the movant, or finds that the request would result in undue prejudice to the opposing party. *See id.*; *Duling*, 265 F.RD. at 96.[2] Because none of those factors are present here, the motion should be granted.

Additionally, Federal Rule of Civil Procedure 23(d) provides that a court may make appropriate orders to determine the course of proceedings in a class action. This includes allowing lead plaintiffs to withdraw at any stage of litigation. *See In re NYSE Specialists Sec. Litig.*, 240 F.R.D. 128, 135-36 (S.D.N.Y. 2007) ("Many courts, including this one, have reserved the right to revisit lead plaintiff appointments at any time the need arises."); *In re Oxford Health Plans, Inc. Sec. Litig.*, 182 F.R.D. 42, 51 (S.D.N.Y. 1998) ("The Court reserves the right to alter this structure at any time and for any reasons, and will do so if . . . . the structure established proves detrimental,

---

[2] There is ample precedent for adding, dropping, and substituting parties in class litigation without formally amending the complaint. *See, e.g.*, *In re IMAX Sec. Litig.,* No. 06-cv-6128, 2009 WL 1905033, at *4 (S.D.N.Y. June 29, 2009) (permitting substitution of lead plaintiff without filing of amended complaint); *In re Williams Sec. Litig.,* No. 02-cv-72, (N.D. Okla. Jan. 18, 2005) (same); *Bridgeport & Port Jefferson Steamboat v. Bridgeport Port Auth.,* 335 F. Supp. 2d 275, 285 (D. Conn. 2004) (same); *Donoghue v. MIRACOR Diagnostics, Inc.,* No. 00-cv-6696, 2002 WL 233188, at *1 (S.D.N.Y. Feb. 11, 2002) (noting substitution of plaintiff with "no change in the complaint.")..

in any way, to the best interests of the proposed class."). As a leading treatise put it, "What if a court-appointed lead plaintiff reconsiders and seeks to withdraw as lead plaintiff? The PSLRA is silent on the issue, but the few cases to address the issue have permitted withdrawal[.]" 1 McLaughlin on Class Actions § 4:34 (15th ed.)

Mr. Kleinerman's request satisfies these standards. Mr. Kleinerman has not unduly delayed raising this issue with the Court. Nor is there dilatory motive or bad faith behind his motion. Mr. Kleinerman simply wants to take care of his health and not continue to have the responsibilities and stress of being a Co-Lead Plaintiff in this important and complex litigation, all of which would be harmful to his well-being.

Moreover, as made clear by Defendants' consent to this motion, no prejudice will result from Mr. Kleinerman's withdrawal, either to Defendants or, for that matter, to the proposed Class. Mr. Kleinerman's withdrawal requires no changes to the substantive allegations of the complaint and has been made well in advance of the filing of the class certification motion and before any fact discovery has commenced. *Soler v. G & U, Inc.*, 103 F.R.D. 69, 74-77 (S.D.N.Y. 1984) (holding that a motion to add named plaintiffs pursuant to Rule 21 was not prejudicial to the defendants because it did "not set forth new claims or legal theories upon which relief could be granted.")  Further, the remaining Co-Lead Plaintiffs, the Israeli Investor Group, are large, sophisticated institutional investors who are ideally suited to represent the Class as Lead Plaintiffs and have done so to date. Finally, no prejudice will redound to the Class if Mr. Kleinerman's withdrawal is granted, as this litigation will continue to move ahead on schedule with the Israeli Investor Group as Co- Lead Plaintiffs.

### III.   CONCLUSION

For the foregoing reasons, Mr. Kleinerman respectfully requests that his consented to motion to withdraw as a Co-Lead Plaintiff be granted.[3]

Dated: August 19, 2019

Respectfully submitted,

*/s/ Laura H. Posner*

Laura H. Posner
COHEN MILSTEIN SELLERS & TOLL PLLC
88 Pine Street, 14th Floor
New York, New York 10005
Tel: (212) 838-7797
Fax: (212)838-7745
lposner@cohenmilstein.com


Steven J. Toll
Daniel S. Sommers
COHEN MILSTEIN SELLERS & TOLL PLLC
1100 New York Ave NW, Suite 500
Washington, DC 20005
Tel: (202) 408-4600
Fax: (202) 408-4699
stoll@cohenmilstein.com
dsommers@cohenmilstein.com

*Co-Lead Counsel for Plaintiffs*

---

[3] Mr. Kleinerman reserves all of his rights as a non-party, absent class member.

## CERTIFICATE OF SERVICE

I hereby certify that on August 19, 2019, I caused the foregoing to be filed using the Court's CM/ECF System, which in turn sent notice to counsel of record.

Dated: August 19, 2019                         */s/ Laura H. Posner*
                                                                Laura H. Posner