UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re Mylan N.V. Securities Litigation | Case No. 1:16-CV-07926 (JPO) |
| MYL Litigation Recovery I LLC. <br><br> vs. <br><br> Mylan N.V., *et al.* | Case No. 1:19-CV-01799 (JPO) |
| Abu Dhabi Investment Authority <br><br> vs. <br><br> Mylan N.V., *et al.* | Case No. 1:20-cv-01342 (JPO) |

**STIPULATION AND [PROPOSED] ORDER**

WHEREAS, the above-captioned action (the "Class Action") *In re Mylan N.V. Securities Litigation* (No. 1:16-CV-07926-JPO) is substantially related to the above-captioned individual actions (the "Individual Actions") *Abu Dhabi Investment Authority v. Mylan N.V. et al*. (No. 1:20-cv-01342-JPO) ("*ADIA*") and *MYL Litigation Recovery I LLC. v. Mylan N.V. et al*. (No. 1:19-CV-01799-JPO) ("*MYL Litigation Recovery*" and, together with the Class Action and *ADIA*, the "Related Actions");

WHEREAS, there is substantial overlap between the parties, claims, and issues in the Related Actions and the discovery relevant to those claims and issues;

WHEREAS, uncoordinated discovery would result in unnecessary duplication and expense and coordinated discovery and scheduling would minimize the burden on the Court and the parties and promote the efficient and speedy resolution of the Related Actions:

IT IS HEREBY STIPULATED AND AGREED, by and among the parties as follows:

1. Certain pretrial proceedings in the Related Actions shall be coordinated as set out in this Order.  Notwithstanding their agreement to discovery coordination, the Plaintiffs in the Individual Actions (each an "Individual Action Plaintiff" and, together, the "Individual Action Plaintiffs") otherwise reserve their right to object to such action being joined with, consolidated with, or otherwise proceeding as a single action for any purpose with the Class Action.

2. The Related Actions shall proceed according to a coordinated schedule to be entered separately.

3. All discovery requests and responses and objections served in the Class Action shall be deemed served in the *ADIA* and *MYL Litigation Recovery* Actions.  With the exception of interrogatories described in paragraph 6 below, discovery in any of the Related Actions, including non-party discovery, shall be deemed discovered in each of the actions.  Notwithstanding the foregoing, discovery relating to any Individual Action Plaintiff or class member shall be produced solely in the action to which it relates.

4. Class Action Plaintiffs and Defendants shall provide to the Individual Action Plaintiffs any documents, discovery requests and responses and objections they have served in the Class Action promptly upon entry of this Order.  Notwithstanding anything to the contrary in this paragraph, the parties agree that Defendants need not produce documents

to the plaintiff in *MYL Litigation Recovery Action* until the parties have stipulated to and the Court has entered a protective order governing the treatment of confidential information in that case.

5. All plaintiffs will cooperate in good faith to coordinate their discovery efforts and to ensure all plaintiffs are included in the process.

6. The parties have not reached agreement as to whether responses to interrogatories served in one of the Related Actions may be used in the other Related Actions. The parties agree to meet and confer on this issue and seek relief of the Court if resolution is not possible.

7. Fact witness depositions in the Related Actions will be coordinated so that no witness shall be deposed more than once absent agreement of the parties or leave of the Court under Federal Rule of Civil Procedure 30(a)(2)(A)(ii). Except for the depositions of any Individual Action Plaintiff or class member (including their corporate designees or any present of former employee of an Individual Action Plaintiff or class member), fact witness depositions taken in one Action shall be deemed taken in all three Related Actions.

8. To the extent discovery is common to the Class Action and the Individual Actions, class counsel shall be responsible for coordinating such discovery for the Plaintiffs in the Related Actions. All parties will be permitted to have a full right of participation in the fact witness depositions, including the opportunity to examine witnesses during the depositions.

9. The parties have not agreed upon the number of depositions in excess to the presumptive limits, if any, that the parties are permitted to take or the time to be allotted for those

depositions. The parties agree to meet and confer on these issues and seek relief of the Court if resolution is not possible.

STIPULATED AND AGREED TO BY:

Dated:  July 13, 2020

| **POMERANTZ LLP** | **CRAVATH, SWAINE & MOORE LLP** |
|---|---|
| by  /s/ *Jeremy A. Lieberman*<br>Jeremy A. Lieberman<br>Austin P. Van<br>600 Third Avenue, 20th Floor<br>New York, New York 10016<br>Tel:  (212) 661-1100<br>jalieberman@pomlaw.com<br>avan@pomlaw.com<br><br>*Lead Counsel for Lead Plaintiffs* | by  /s/ *David R, Marriott*<br>David R. Marriott<br>Kevin J. Orsini<br>Rory A. Leraris<br>Worldwide Plaza<br>825 Eighth Avenue<br>New York, NY 10019<br>Tel:  (212) 474-1000<br>dmarriott@cravath.com<br>korsini@cravath.com<br>rleraris@cravath.com<br><br>*Counsel for Defendants* |
| **ROBBINS GELLER RUDMAN & DOWD LLP** | **LOWENSTEIN SANDLER LLP** |
| by  /s/ *Luke O. Brooks*<br>Luke O. Brooks<br>Angel P. Lau<br>Erika Oliver<br>Ting H. Liu<br>655 West Broadway, Suite 1900<br>San Diego, CA  92101<br>Telephone: (619) 231-1058<br>lukeb@rgrdlaw.com<br>alau@rgrdlaw.com<br>eoliver@rgrdlaw.com<br>tliu@rgrdlaw.com<br><br>ROBBINS GELLER RUDMAN & DOWD LLP<br>Samuel H. Rudman<br>58 South Service Road, Suite 200<br>Melville, NY 11747<br>Telephone: (631) 367-7100<br>srudman@rgrdlaw.com<br><br>*Counsel for Abu Dhabi Investment Authority* | by  /s/ *Lawrence M. Rolnick*<br>Lawrence M. Rolnick<br>Marc B. Kramer<br>Michael J. Hampson<br>Jennifer A. Randolph<br>1251 Avenue of the Americas<br>New York, NY 10020<br>Tel:  (212) 262-6700<br>lrolnick@lowenstein.com<br>mkramer@lowenstein.com<br>mhampson@lowenstein.com<br>jrandolph@lowenstein.com<br><br>*Counsel for MYL Litigation Recovery I LLC* |

SO ORDERED.

Dated:
    New York, New York

                                          J. PAUL OETKEN
                                United States District Judge