UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re Mylan N.V. Securities Litigation | Case No. 1:16-CV-07926 (JPO)<br><br>**JOINT STIPULATION AND [PROPOSED] ORDER REGARDING AUTHENTICITY OF DOCUMENTS** |

Class Representatives Menorah Mivtachim Insurance Ltd., Menorah Mivtachim Pensions and Gemel Ltd., Phoenix Insurance Company Ltd., and Meitav DS Provident Funds and Pension Ltd., and Mylan N.V., Mylan Inc., Heather Bresch, Robert J. Coury, Paul B. Campbell, Rajiv Malik, James Nesta, Kenneth S. Parks and John D. Sheehan (collectively, "Defendants," and together with the Class Representatives, "the Parties" and each a "Party"), having determined that it is in their mutual interest to avoid the unnecessary burden and expense associated with document-by-document assessments of authenticity of the majority of documents produced in this Action, and that stipulating to the authenticity of the majority of these documents will promote the orderly and efficient progress of this Action, hereby stipulate as follows:

1.  The Parties agree that Documents produced to a Party to this Action by a Party in response to a document request served on a Party pursuant to Fed. R. Civ. P. 34 or in response to other compulsory process (e.g., subpoena) shall be deemed authentic for purposes of Rule 901 of the Federal Rules of Evidence for the purposes of this lawsuit only, absent affirmative evidence that a Document is not what it purports to be or other good cause.

2.  The Parties agree that Documents produced to a Party to this Action by a third party in response to compulsory process (e.g., subpoena) shall be deemed authentic for purposes of Rule

901 of the Federal Rules of Evidence for the purposes of this lawsuit only, absent affirmative evidence that a Document is not what it purports to be or other good cause.

3. Good cause to contest the authenticity of a document may include issues relating to completeness of the document (e.g., missing or incomplete pages) or any conditions in the actual document or the manner in which it was produced that bring into question whether the document was actually generated by the relevant Party or third party.

4. In the event that a dispute arises regarding the authenticity of a document, the Parties agree to meet and confer in good faith promptly and, if necessary, to expedite any related motions for resolution by the Court.

5. The Parties further agree to meet and confer in good faith in the future, at an appropriate time prior to submission of a joint pretrial order, concerning a stipulation regarding the admissibility of documents produced by the Parties and third-parties in this action.

6. Class Representatives hereby withdraw Requests for Admission Nos. 1-11 of Class Representatives' First Set of Requests for Admission to Defendants, dated August 18, 2020. The Parties further agree that Defendants need not respond to any further written discovery request for admission concerning the authenticity or admissibility of documents.

STIPULATED AND AGREED TO BY:

Dated:  January 8, 2021

| **POMERANTZ LLP** | **CRAVATH, SWAINE & MOORE LLP** |
|---|---|
| By: */s/ Austin P. Van*<br>Jeremy A. Lieberman<br>Austin P. Van<br>600 Third Avenue, 20th Floor<br>New York, New York 10016<br>Tel:  (212) 661-1100<br>jalieberman@pomlaw.com<br>avan@pomlaw.com<br><br>*Class Counsel* | By: */s/ David R. Marriott*<br>David R. Marriott<br>Kevin J. Orsini<br>Rory A. Leraris<br>Worldwide Plaza<br>825 Eighth Avenue<br>New York, NY 10019<br>Tel:  (212) 474-1000<br>dmarriott@cravath.com<br>korsini@cravath.com<br>rleraris@cravath.com<br><br>*Counsel for Defendants* |

SO ORDERED.

Dated:
      New York, New York

_____
J. PAUL OETKEN
United States District Judge