# CRAVATH, SWAINE & MOORE LLP

| | | | | |
|---|---|---|---|---|
| JOHN W. WHITE | ANTONY L. RYAN | | STEPHEN M. KESSING | JUSTIN C. CLARKE |
| EVAN R. CHESLER | GEORGE E. ZOBITZ | WORLDWIDE PLAZA | LAUREN A. MOSKOWITZ | SHARONMOYEE GOSWAMI |
| STEPHEN L. GORDON | GEORGE A. STEPHANAKIS | 825 EIGHTH AVENUE | DAVID J. PERKINS | C. DANIEL HAAREN |
| ROBERT H. BARON | DARIN P. MCATEE | NEW YORK, NY 10019-7475 | J. LEONARD TETI, II | EVAN MEHRAN NORRIS |
| DAVID MERCADO | GARY A. BORNSTEIN | | D. SCOTT BENNETT | LAUREN M. ROSENBERG |
| CHRISTINE A. VARNEY | TIMOTHY G. CAMERON | TELEPHONE: +1-212-474-1000 | TING S. CHEN | MICHAEL L. ARNOLD |
| PETER T. BARBUR | KARIN A. DEMASI | FACSIMILE: +1-212-474-3700 | CHRISTOPHER K. FARGO | HEATHER A. BENJAMIN |
| MICHAEL S. GOLDMAN | DAVID S. FINKELSTEIN | | DAVID M. STUART | MATTHEW J. BOBBY |
| RICHARD HALL | RACHEL G. SKAISTIS | | AARON M. GRUBER | DANIEL J. CERQUEIRA |
| JULIE A. NORTH | PAUL H. ZUMBRO | CITYPOINT | O. KEITH HALLAM, III | ALEXANDRA C. DENNING |
| ANDREW W. NEEDHAM | ERIC W. HILFERS | ONE ROPEMAKER STREET | OMID H. NASAB | HELAM GEBREMARIAM |
| STEPHEN L. BURNS | GEORGE F. SCHOEN | LONDON EC2Y 9HR | DAMARIS HERNÁNDEZ | MATTHEW G. JONES |
| KATHERINE B. FORREST | ERIK R. TAVZEL | TELEPHONE: +44-20-7453-1000 | JONATHAN J. KATZ | MATTHEW M. KELLY |
| KEITH R. HUMMEL | CRAIG F. ARCELLA | FACSIMILE: +44-20-7860-1150 | DAVID L. PORTILLA | DAVID H. KORN |
| DAVID J. KAPPOS | DAMIEN R. ZOUBEK | | RORY A. LERARIS | BRITTANY L. SUKIENNIK |
| DANIEL SLIFKIN | LAUREN ANGELILLI | | KARA L. MUNGOVAN | ANDREW M. WARK |
| ROBERT I. TOWNSEND, III | TATIANA LAPUSHCHIK | WRITER'S DIRECT DIAL NUMBER | MARGARET T. SEGALL | |
| PHILIP J. BOECKMAN | ALYSSA K. CAPLES | +1-212-474-1257 | NICHOLAS A. DORSEY | |
| WILLIAM V. FOGG | JENNIFER S. CONWAY | | ANDREW C. ELKEN | |
| FAIZA J. SAEED | MINH VAN NGO | | JENNY HOCHENBERG | PARTNER EMERITUS |
| RICHARD J. STARK | KEVIN J. ORSINI | WRITER'S EMAIL ADDRESS | VANESSA A. LAVELY | SAMUEL C. BUTLER |
| THOMAS E. DUNN | MATTHEW MORREALE | rleraris@cravath.com | G.J. LIGELIS JR. | |
| MARK I. GREENE | JOHN D. BURETTA | | MICHAEL E. MARIANI | |
| DAVID R. MARRIOTT | J. WESLEY EARNHARDT | | LAUREN R. KENNEDY | |
| MICHAEL A. PASKIN | YONATAN EVEN | | SASHA ROSENTHAL-LARREA | OF COUNSEL |
| ANDREW J. PITTS | BENJAMIN GRUENSTEIN | | ALLISON M. WEIN | MICHAEL L. SCHLER |
| MICHAEL T. REYNOLDS | JOSEPH D. ZAVAGLIA | | MICHAEL P. ADDIS | CHRISTOPHER J. KELLY |

April 12, 2021

<u>*In re Mylan N.V. Securities Litigation*</u>, No. 16-cv-07926 (JPO) (S.D.N.Y.)

Dear Judge Oetken:

   This Firm represents Defendants in the above-titled action (the "Action"). Defendants respectfully write to respond to Plaintiffs' Letter Response in Opposition to Defendants' Letter Motion for an Informal Conference (Pls.' Letter Resp. Opp. Defs.' Letter Mot. Informal Conf. at 2, ECF No. 230 [hereinafter "Pls.' Opp. Letter"]), which misrepresents Defendants' position in numerous ways.

   *First*, contrary to Plaintiffs' contention that Defendants wish "to preclude the Class from taking [Unavailable Individual 3's] deposition during fact discovery" (Pls.' Opp. Letter at 4), Defendants want Unavailable Individual 3 to testify and the deadline for fact discovery to be extended to potentially have the individual do so, as it has been for two other witnesses. (Defs.' Letter Mot. Informal Conf. at 2-3, ECF No. 226 [hereinafter "Defs.' Letter Mot."].) Defendants believe that Plaintiffs' allegations of price-fixing and market allocation are without merit (*see* Defs.' Answer to Pls.' Third Amended Class Action Compl., ECF No. 144) and have made available numerous current and former employees to testify concerning those allegations. To the extent Plaintiffs have asked, those witnesses have refuted Plaintiffs' allegations. Defendants anticipate that, should Unavailable Individual 3 be able to testify, that testimony would likewise contradict Plaintiffs' allegations.

   *Second*, while Plaintiffs accuse Defendants of "self-serving" behavior (*see* Pls.' Opp. Letter at 3), it is Plaintiffs who appear to be using the Court's rules and deadlines to create an artificial advantage in this litigation rather than pursuing the most complete factual record. Nowhere in Plaintiffs' opposition letter do they state that they will be prejudiced in any way if Unavailable Individual 3's deposition is postponed, and nowhere do Plaintiffs state that they do not intend to seek an adverse inference against Defendants should Unavailable Individual 3 invoke the Fifth Amendment privilege. (*See*

*generally* Pls.' Opp. Letter.) These omissions make clear that Plaintiffs are opportunistically seeking to take a litigation advantage rather than further any truth-seeking objective. If Plaintiffs will commit to not seeking an adverse inference in connection with Unavailable Individual 3's deposition, Defendants will withdraw their request to defer the deposition and work with Unavailable Individual 3's counsel to promptly find a date for the deposition. Until Plaintiffs do so, Defendants ask that the Court protect Defendants from Plaintiffs' tactics.

*Third*, Plaintiffs' characterization of Unavailable Individual 3's representation as unusual—or "troubling" in their words (Pls.' Opp. Letter at 2)—is baseless. Defendants' counsel represents Mylan N.V., Mylan Inc. and the Individual Defendants in this matter. As is common with employees of corporate defendants involved in litigation, upon receipt of the subpoena, Defendants' counsel reached out to Unavailable Witness 3's counsel, received permission to accept service of the subpoena and facilitate scheduling, and informed Plaintiffs as much. Defendants' counsel never stated they represented Unavailable Individual 3 and have made clear that Defendants' Letter Motion is filed on behalf of Defendants to protect Defendants, not on behalf of Unavailable Individual 3.

*Fourth*, Plaintiffs' claim that Defendants' request is "untimely" because "Defendants have been aware of the Class's intention to take the deposition for months" and Plaintiffs' suggestion that Defendants deliberately delayed this motion to not "permit the Court adequate time to consider the Motion or response prior to the deposition" misconstrue the record and are simply untrue. (*See* Pls.' Opp. Letter at 4.) Following receipt of the subpoena, Defendants worked with Unavailable Witness 3's counsel to find a deposition date. When it became clear that Unavailable Individual 3 would invoke the Fifth Amendment privilege if the deposition were taken when Plaintiffs proposed, Defendants informed Plaintiffs and proposed that Unavailable Individual 3 be incorporated in the stipulation to defer the depositions of the two other unavailable individuals. (Joint Stip. & Order Re. Dep. Unavailable Individuals, ECF No. 224 (Apr. 7, 2021).) Plaintiffs rejection of Defendants' proposal precipitated the need for this Court's intervention and dictated the timing of Defendants Letter Motion. (Defs.' Letter Mot. Informal Conf. ECF No. 226 [hereinafter "Defs.' Letter Mot."].) Any claim otherwise is false.

*Fifth*, Plaintiffs' claims that Defendants "lack standing" and/or have somehow "waived" certain rights are based on the false premise that Defendants seek to quash or "preclude" the deposition. (*See* Pls.' Opp. Letter at 2, 4.) But, Defendants have not moved to quash Unavailable Individual 3's subpoena under Rule 45. (*See Id.* at 2 (citing cases discussing quashing a subpoena under Fed. R. Civ. Pro. 45).) Rather, Defendants seek a protective order under Rule 26 to postpone Unavailable Individual 3's deposition. (Defs.' Letter Mot. at 3 (citing Fed. R. Civ. Pro. 26(c)(1).) Plaintiffs' standing and waiver arguments are inapplicable to Defendants' Letter Motion.

At his request, we also attach a letter to the Court from counsel for Unavailable Individual 3. Defendants remain available for a conference to address this issue.

Respectfully submitted,

*/s/ Rory A. Leraris*
Rory A. Leraris

Hon. J. Paul Oetken
    United States District Court for the Southern District of New York
        Thurgood Marshall United States Courthouse
            40 Foley Square
                New York, NY 10007

COPIES TO:
Counsel of Record
BY ECF