UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re Mylan N.V. Securities Litigation | Case No. 1:16-CV-07926 (JPO) |

**JOINT STIPULATION AND ORDER REGARDING DISCOVERY AND CASE SCHEDULE**

WHEREAS, on June 19, 2020, Defendants propounded their First Set of Interrogatories, including a number of contention interrogatories.

WHEREAS, on October 22, 2020, this Court entered a Scheduling Order (ECF No. 178) pursuant to which fact discovery closes in the above-captioned action on April 12, 2021 and dispositive motions are due on July 19, 2021;

WHEREAS, on March 12, 2021, Defendants propounded their Second Set of Interrogatories;

WHEREAS, on March 13, 2021, Defendants propounded their Third Set of Interrogatories;

WHEREAS, on April 7, 2021, this Court entered a revised Scheduling Order (ECF No. 225) pursuant to which initial expert disclosures are due in the above-captioned action on May 3, 2021, rebuttal expert reports are due on June 7, 2021, expert discovery closes on June 28, 2021;

WHEREAS, on April 12, 2021, Plaintiffs served their Supplemental Responses and Objections to Defendants' First Set of Interrogatories and their Responses and Objections to Defendants' Second and Third Sets of Interrogatories;

WHEREAS, the Parties have met and conferred on the sufficiency of Plaintiffs' Responses and Objections to Defendants' First, Second and Third Sets of Interrogatories;

WHEREAS, in an effort to resolve the disputes regarding the sufficiency of Plaintiffs' Responses and Objections to Defendants' First, Second and Third Sets of Interrogatories, the Parties have agreed on supplemental responses and a modified proposed schedule to govern this Action;

**IT IS HEREBY STIPULATED AND AGREED** by and between the Parties, through their undersigned counsel, as follows:

1. Plaintiffs shall supplement their interrogatory responses as provided herein:

    a. <u>Defendants' First Set, No. 4</u>:  Plaintiffs will remove the reference to "the deposition transcripts of all depositions taken in this Action".

    b. <u>Defendants' First Set, No. 5</u>:  Plaintiffs will provide a detailed and complete narrative response that describes Plaintiffs' contention that each statement or omission identified in No. 4 is false or misleading, citing the factual or evidentiary basis for such contention; Plaintiffs may address statements or omissions by category so long as Plaintiffs identify all facts and evidence in support of Plaintiffs' contentions related to such a category.

    c. <u>Defendants' First Set, No. 6</u>:  Plaintiffs will confirm that Plaintiffs are not identifying any facts or evidence in support of Plaintiffs' allegations of reliance other than certain deposition testimony from Class Representatives to be specified and those facts and evidence purportedly supporting a fraud-on-the-market presumption of reliance.

    d. <u>Defendants' First Set, No. 7</u>:  Plaintiffs will provide a detailed and complete narrative response that describes Plaintiffs' scienter contentions regarding the

corporate entity defendants and each individual defendant, citing the factual or evidentiary basis for such contentions.

e. <u>Defendants' First Set, No. 9</u>:  Plaintiffs will provide a detailed and complete narrative response that describes Plaintiffs' contention that EpiPen was misclassified for the purposes of the MDRP and the factual or evidentiary basis for such contention.  The response may refer to particular portions of Plaintiffs' expert reports to provide additional detail.

f. <u>Defendants' First Set, No. 10</u>:  Plaintiffs will provide a detailed and complete narrative response that describes Plaintiffs' contention that Mylan engaged in anticompetitive conduct in the marketing and sale of EpiPen, citing the factual or evidentiary basis for such contention.  For the avoidance of doubt, a detailed and complete narrative response to this interrogatory must describe Plaintiffs' contentions with specificity and in detail as well as the particularized facts and evidence in support of Plaintiffs' contentions.  In particular, such a detailed and complete response must identify the time period, the price, the customer account, and the specific anticompetitive conduct alleged, to the extent Plaintiffs' contentions rely on any such details.  The response may refer to particular portions of Plaintiffs' expert reports to provide such detail and completeness.

g. <u>Defendants' First Set, No. 11</u>:  Plaintiffs will provide a detailed and complete narrative response that describes Plaintiffs' contention that Mylan entered into anticompetitive agreements with competitors to allocate markets and/or fix prices, citing the factual or evidentiary basis for such contention.  For the

avoidance of doubt, a detailed and complete narrative response to this interrogatory must describe Plaintiffs' contentions with specificity and in detail, as well as the particularized facts and evidence in support of Plaintiffs' contentions. In particular, such a detailed and complete response must identify the product, including formulation and strength, the time period, the price allegedly fixed or the customer account allegedly allocated, the competitor with whom Defendants were allegedly in an agreement and the terms of any such alleged agreement, to the extent Plaintiffs' contentions rely on any such details. The response may refer to particular portions of Plaintiffs' expert reports to provide such detail and completeness.

h. <u>Defendants' First Set, No. 12</u>: Plaintiffs will provide a detailed and complete narrative response that describes the basis of Plaintiffs' contentions regarding each individual defendants that s/he violated the securities laws, including any alleged misstatement or omission attributed to him/her, the date of the misstatement or omission, any and all material evidence indicating s/he acted with scienter and any and all material evidence indicating s/he acted as a control person within the meaning of Section 20(a) of the Securities Exchange Act of 1934, to the extent not already addressed in Plaintiffs' narrative response to No. 7. For the avoidance of doubt, a detailed and complete narrative response to this interrogatory must describe Plaintiffs' contentions with specificity and in detail for each individual defendant, as well as the particularized facts and evidence in support of Plaintiffs' contentions.

    i. <u>Defendants' Second Set, Nos. 1-3</u>:  Plaintiffs will confirm that, for each corrective disclosure in the Third Amended Complaint, Plaintiffs are not identifying any (a) truths that materialized or were revealed by the disclosure, that allegedly were previously misstated or omitted by Mylan; (b) risks that materialized or were revealed by the disclosure, that allegedly were previously misstated or omitted by Mylan; or (c) effects associated with Mylan's alleged behavior that materialized or were revealed by the disclosure, that allegedly were previously misstated or omitted by Mylan, beyond those identified in Plaintiffs' forthcoming expert disclosure.

2. Plaintiffs shall supplement their responses to Defendants' First and Second Sets of Interrogatories as described above by May 12, 2021.

3. The schedule for expert discovery is modified as follows:

  a. Initial expert reports are due on May 12, 2021;

  b. Rebuttal expert reports are due on June 30, 2021;

  c. Expert discovery closes on July 21, 2021.

4. The deadline for filing dispositive motions shall be extended to August 11, 2021.

5. Plaintiffs agree to provide these supplemental responses subject to Plaintiffs' objections to Defendants' First, Second and Third Sets of Interrogatories.

6. Notwithstanding the foregoing, Plaintiffs may supplement their responses to Defendants' First, Second and Third Sets of Interrogatories to provide additional facts and evidence on which they intend to rely to support their contentions.

7. Defendants agree not to pursue from Plaintiffs or the Court further responses to Defendants' First, Second and Third Sets of Interrogatories beyond the scope of the supplemental responses described above.

8. Defendants reserve all rights regarding Plaintiffs' supplemental responses, including, but not limited to, the right to seek relief from the Court regarding the sufficiency of the supplemental responses pursuant to the scope described above.

STIPULATED AND AGREED TO BY:

Dated:  April 27, 2021

| **POMERANTZ LLP** | **CRAVATH, SWAINE & MOORE LLP** |
|---|---|
| by  *s/ Jeremy A. Lieberman*<br>Jeremy A. Lieberman<br>Austin P. Van<br>600 Third Avenue, 20th Floor<br>New York, New York 10016<br>Tel:  (212) 661-1100<br>jalieberman@pomlaw.com<br>avan@pomlaw.com<br><br>*Class Counsel* | by  *s/ David R. Marriott*<br>David R. Marriott<br>Kevin J. Orsini<br>Rory A. Leraris<br>Worldwide Plaza<br>825 Eighth Avenue<br>New York, NY 10019<br>Tel:  (212) 474-1000<br>dmarriott@cravath.com<br>korsini@cravath.com<br>rleraris@cravath.com<br><br>*Counsel for Defendants* |

SO ORDERED.

Dated:  April 28, 2021

   New York, New York

_____
J. PAUL OETKEN
United States District Judge