# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re Mylan N.V. Securities Litigation | No. 16-cv-07926 (JPO) |

## MYLAN'S RESPONSES AND OBJECTIONS TO LEAD PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO MYLAN N.V.

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure ("Federal Rules"), the Local Rules of the United States District Court for the Southern District of New York ("Local Rules") and any other applicable laws or rules, Mylan N.V. ("Mylan") hereby responds and objects to Lead Plaintiffs' First Set of Requests for Production of Documents to Mylan N.V., dated April 5, 2019 (the "Requests"), as follows.

## <u>GENERAL OBJECTIONS</u>

The following general objections ("General Objections") are incorporated in Mylan's Specific Responses to each Request. Mylan's response to any Request is not and shall not be deemed a waiver of Mylan's General Objections.

1. Mylan objects to the Requests, including, without limitation, the Definitions and Instructions therein, on the ground and to the extent that they purport to impose duties and obligations beyond those imposed by the Federal Rules, the Local Rules and/or any applicable rule or law (the "Applicable Rules"). Subject to and without waiving any General or Specific Objections, in responding to the Requests, Mylan will construe the Requests in accordance with the Applicable Rules.

2.      Mylan objects to the Requests to the extent that they seek discovery of documents protected from disclosure by the attorney-client privilege; the common interest or joint defense privilege; the attorney work product doctrine; privilege from disclosure of communications with litigation consultants and insurers to the extent recognized by applicable law; or any other applicable privilege, protections, or immunity (as used hereafter, the term "privilege" refers to any of the foregoing privileges, protections or immunities).  Mylan hereby claims such privilege to the extent implicated by each Request and excludes privileged material from its production in response to the Requests.  Mylan's agreement to produce non-privileged documents responsive to any Request should not be construed as an acknowledgement by Mylan that the Request is proper or calls for anything other than privileged documents and information. Further, any inadvertent disclosure of information or production of documents protected by any privilege shall not be deemed a waiver of that privilege.

3.      Mylan objects to the Requests on the ground and to the extent that they seek the production of documents initially produced to Mylan in other litigations pursuant to one or more protective orders that prohibit Mylan from disclosing such documents to Lead Plaintiffs ("Plaintiffs").  Any request for such documents should be directed to the party or parties that produced such documents in these other litigations.  Mylan further objects to the Requests to the extent that they seek documents that are subject to the terms of confidentiality or non-disclosure agreements with third parties and/or would violate the privacy interests of others.  To the extent that Mylan agrees to produce any documents in response to the Requests, such production shall be subject to and contingent upon appropriate notice to and/or consent from such third parties.

4.      Mylan objects to the Requests on the ground and to the extent that they seek the production of documents that are not in Mylan's possession, custody or control.  Mylan

further objects to the Requests to the extent that they seek the production of documents that are

obtainable from other sources that are more convenient, less burdensome or less expensive.

Mylan further objects to the Requests on the ground and to the extent that they call for publicly

available material that is as easily accessible to Plaintiffs as it is to Mylan.

5.      Mylan objects to the Requests, including the Definitions and Instructions

set forth therein, to the extent that they assume disputed facts or legal conclusions, or purport to

characterize facts in describing the information requested.  Mylan hereby denies any such

disputed facts, legal conclusions or characterizations to the extent assumed by any of the

Requests.  Any Response or Objection by Mylan with respect to any such Request is without

prejudice to this Objection.

6.      Mylan objects to the Requests as overbroad and unduly burdensome to the

extent they seek or inquire as to "any," "all," "each," or "every" fact, communication, document

or thing.  To the extent Mylan agrees to produce any documents, it will do so only to the extent

such documents can be located after a reasonably diligent search.

7.      Mylan objects to the Requests as overbroad to the extent that they seek

documents unrelated to the claims alleged in the Second Amended Class Action Complaint (the

"Complaint") that survived the Court's March 29, 2019 Opinion and Order granting in part and

denying in part Mylan's Motion to Dismiss (the "Claims") or the defenses asserted in Mylan's

Answer and Affirmative and Other Defenses to Lead Plaintiffs' Complaint (the "Defenses").

8.      Mylan further objects to the Requests to the extent that they require Mylan

to produce documents provided to a government entity or regulator on a confidential basis and/or

subject to the protections applicable to a government investigation or inquiry, including, but not

limited to, records or information compiled for law enforcement purposes or communications

with a government entity or to the extent such production could interfere with any ongoing government investigations.

9.      Mylan provides the General Objections subject to further discovery in this Action, and further verification and research.  Mylan reserves the right to modify, supplement or amend any or all of the General Objections, if necessary or appropriate, and to produce additional non-privileged responsive documents if any are located.  Moreover, any purported failure on Mylan's part to produce a particular document, or to set forth a particular legal argument, in response to any of these Requests shall not constitute any waiver or forfeiture of Mylan's right to identify or rely upon additional relevant facts, documents and/or witnesses, or to make specific legal arguments, as this litigation progresses.

10.     Mylan objects generally to the Requests, including the Definitions and Instructions set forth therein, to the extent that they seek discovery of documents that are protected from disclosure by other legal requirements or restrictions, including, but not limited to, confidentiality agreements with third parties, or to the extent that they purport to require the production of proprietary business information or other private, personal, confidential, strategic or competitively sensitive information, or information subject to third-party rights.  To the extent that Mylan agrees to produce any such documents in response to a Request, it will only do so pursuant and subject to an appropriate confidentiality or protective order as entered by the Court.

11.     Mylan objects generally to the Requests, including the Definitions and Instructions set forth therein, to the extent that they purport to require Mylan to conduct anything beyond a reasonable and diligent search for readily accessible documents (including electronic documents) from readily accessible sources (including electronic sources) where responsive documents reasonably would be expected to be found.  Mylan further objects to the Requests to

4

the extent that the Requests seek Documents from a time period that is overbroad and not reasonably calculated to lead to the discovery of admissible evidence.  Mylan further objects to the Requests to the extent that they purport to require Mylan to search for and produce documents that are not centrally maintained by, or on behalf of, persons believed to have had a significant connection to the parties' Claims or Defenses.  Unless otherwise stated, Mylan will limit its search for documents responsive to the Requests, if any, to a mutually agreed upon search protocol, which will include, as appropriate based on a particular Request, search terms, date ranges, custodians, and/or separate searches of other repositories (the "Search Protocol").

## OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

12.    Mylan objects to the Definitions and Instructions and any directions, definitions, or instructions contained in the Requests to the extent that they alter the generally understood definitions under the Federal Rules or seek to impose on Mylan obligations beyond those required by the Applicable Rules.

13.    Mylan objects to the definitions of "Mylan", "You" or "Your" to the extent that they seek to impose an obligation to respond on behalf of any individual or entity other than Mylan.  These answers and objections are made on behalf of Mylan, as defined herein, only and should not be construed as applicable to any other party, entity or person unless otherwise stated.  Mylan will respond to the Requests based only on information known to it, and which is in its own possession, custody or control, as required by the Rules.

14.    Mylan objects to the definitions of the terms "Communication" and "Concerning" and any Definition, Instruction or Request that incorporates those Definitions on the grounds that they are overbroad, unduly burdensome and seek to impose obligations on Mylan beyond those required by the Applicable Rules.

15.     Mylan objects to the definition of the term "Document" insofar as it incorporates the definition of "Communication" and hereby incorporates its objection as set forth in paragraph 14, *supra*.

16.     Mylan objects to the definition of "Price-Fixed Drugs" and any Definition, Instruction or Request that incorporates the Definition on the ground that it is predicated on a subjective, legal conclusion and argument.

17.     Mylan objects to Instruction 3 to the extent that it suggests the parties have agreed to a protocol for the production of electronically stored information ("ESI") and to the extent it requires Mylan to undertake an unreasonable burden or inquiry or to incur excessive costs in locating, searching and/or restoring such material beyond what is required by the Applicable Rules.  Mylan will produce responsive documents in a form or format to be agreed by the parties or ordered by the Court.  Mylan will produce information fields or metadata associated with responsive documents, if any, consistent with any reciprocal agreement reached by the parties or ordered by the Court.

18.     Mylan objects to Instructions 5, 6 and 7 to the extent that they suggest that the parties have agreed to a procedure for handling claims of privilege or other rights of nondisclosure in a protective order.  Mylan will meet and confer with Plaintiffs to reach an agreement regarding such procedures and will produce documents consistent with any agreement reached by the parties or protective order granted by the Court as contemplated in paragraph 10, *supra*.

19.     Mylan objects to Instruction 12 insofar as it defines the Relevant Time Period as January 1, 2012 through January 1, 2018 on the ground that it is overbroad, including as applied to Requests related to Plaintiffs' price-fixing allegations because the Complaint does

not allege that Mylan engaged in anticompetitive conduct prior to 2013.  (Compl. ¶¶ 12, 15.)

Mylan further objects to this Instruction to the extent that it requires Mylan to produce

documents referring to events occurring "at any time" on the grounds that it is overbroad, unduly

burdensome and seeks documents not relevant to any party's Claims or Defenses.  Mylan further

objects on the ground that the phrase "or otherwise indicates that this time period does not apply"

is vague and ambiguous.  Unless otherwise stated, Mylan will limit its search for documents

responsive to the Requests, if any, to a mutually agreed upon Search Protocol as contemplated in

paragraph 11, *supra.*

## SPECIFIC RESPONSES AND OBJECTIONS

## REQUEST NO. 1

All document requests, subpoenas, search warrants and/or interrogatories served on Mylan and any of its employees or senior management in any state or federal governmental investigation, lawsuit or other matter, whether formal or informal, concerning any of the allegations in the Complaint, including but not limited to, those served in:

(a) the November 2014 subpoena from the DOJ regarding Mylan's classification of the EpiPen under the MDRP;

(b) the DOJ grand jury subpoenas issued to Mylan in connection with its investigation into generic drug price fixing;

(c) the request for information from the Department of Veterans Affairs regarding Mylan's classification of the EpiPen under the MDRP, to which Mylan responded on June 30, 2017;

(d) the October 7, 2016 request from the SEC's Division of Enforcement regarding Mylan's classification of the EpiPen under the MDRP;

(e) the September 8, 2016 subpoenas from the DOJ to a subsidiary of Mylan N.Y., certain employees and a member of senior management seeking information relating to the marketing, pricing and sale of Propranolol and related Communications with competitors;

(f) the December 21, 2015 subpoena and interrogatories from the Connecticut Office of the Attorney General seeking information relating to the marketing, pricing and sale of generic products and related Communications with competitors; and

(g) the December 2015 subpoena and search warrants issued by the DOJ relating to the marketing of Mylan's generic products, as well as "any communications with competitors about such products."

**Response to Request No. 1**

In addition to the foregoing General Objections and Objections to Definitions and Instructions, Mylan objects to this Request on the grounds that it is overbroad, disproportionate to the needs of the case and not reasonably calculated to lead to the discovery of admissible evidence.  Mylan further objects to this Request on the ground that it seeks documents not relevant to any party's Claims or Defenses, including documents related to generic drugs not at issue in/dismissed from this Action.  Mylan further objects that the phrases "other matter, whether formal or informal" and "competitors" are vague and ambiguous.  Mylan further objects to this Request on the ground that it seeks documents not within Mylan's possession, custody or control to the extent that it seeks document requests, subpoenas, search warrants and/or interrogatories served on any individual or entity other than Mylan as defined herein.  Mylan further objects to this Request to the extent that it seeks information or documents (i) subject to protections applicable to a governmental investigation or inquiry, including, but not limited to, records or information compiled for law enforcement purposes or communications with a government entity, or (ii) that could interfere with an ongoing governmental investigation. Mylan further objects to this Request to the extent that it is duplicative of Request Nos. 2 and 8.

**REQUEST NO. 2**

Documents sufficient to show the negotiated scope of the Documents Mylan agreed to produce or did produce in response to each of the document requests, subpoenas, interrogatories, or search warrants referenced in Request 1.

**Response to Request No. 2**

In addition to the foregoing General Objections and Objections to Definitions and Instructions, Mylan objects to this Request on the grounds that it is overbroad, disproportionate to the needs of the case and not reasonably calculated to lead to the discovery of admissible evidence. Mylan further objects to this Request on the ground that it seeks documents not relevant to any party's Claims or Defenses, including documents related to generic drugs not at issue in/dismissed from this Action. Mylan further objects to this Request on the ground that it seeks documents protected by the attorney-client privilege and the work product doctrine. Mylan further objects to this Request to the extent that it seeks information or documents provided to a government entity or regulator on a confidential basis (i) subject to protections applicable to a governmental investigation or inquiry, including, but not limited to, records or information compiled for law enforcement purposes or communications with a government entity, or (ii) that could interfere with an ongoing governmental investigation. Mylan further objects to this Request to the extent that it is duplicative of Request Nos. 1 and 8.

**REQUEST NO. 3**

All Documents concerning Plaintiffs.

**Response to Request No. 3**

In addition to the foregoing General Objections and Objections to Definitions and Instructions, Mylan objects to this Request on the grounds that it is overbroad, disproportionate to the needs of the case, not reasonably calculated to lead to the discovery of admissible evidence and seeks documents not relevant to any party's Claim or Defenses. Mylan further objects to

this Request to the extent it seeks documents protected by the attorney-client privilege and the

work product doctrine.  Mylan further objects to this Request to the extent that it seeks

documents "concerning Plaintiffs" that are as available to Plaintiffs as they are to Mylan.  Mylan

further objects to this Request to the extent it is duplicative of Request No. 24.

**<u>REQUEST NO. 4</u>**

      Organizational charts or similar Documents sufficient to show all lines of
authority or personnel reporting at Mylan in any group or department responsible in whole or in
part for the activity at issue in the Complaint, including but not limited to, any group or
department responsible in whole or in part for:

      (a) The classification of the EpiPen under the MDRP;

      (b) Management of marketing of EpiPen;

      (c) Management of sales of EpiPen;

      (d) Strategy for marketing and selling EpiPen;

      (e) Rebates for EpiPen;

      (f) Pricing for EpiPen;

      (g) Regulatory compliance;

      (h) Compliance with competition law;

      (i) Communicating with government entities regarding EpiPen;

      (j) Pricing of generic drugs;

      (k) Management of wholesale accounts for generic drugs;

      (l) Drafting or approving the statements in the SEC filings referenced in the
Complaint; and

      (m) Upper level management of Mylan.

**<u>Response to Request No. 4</u>**

      In addition to the foregoing General Objections and Objections to Definitions and

Instructions, Mylan objects to this Request on the grounds that it is overbroad, unduly

burdensome, vague and ambiguous.  Mylan further objects that the Request seeks documents not

relevant to any party's Claims or Defenses in that it seeks "all lines of authority or personnel

reporting at Mylan in any group or department . . . " regardless of whether those lines of

authority, personnel, groups or departments have any connection to or involvement in any of the

parties' Claims or Defenses.  Mylan further objects that the phrase "Upper level management of

Mylan" is vague and ambiguous.

Subject to, as limited by, and without waiving the foregoing objections or the

General Objections and Objections to Definitions and Instructions, Mylan agrees to perform a

reasonable search for documents pursuant to a mutually agreed upon Search Protocol and will

produce responsive, non-privileged documents, if any, related to the parties' Claims or Defenses

on a sufficient to show basis.

**REQUEST NO. 5**

Organizational charts or similar Documents sufficient to show all corporate
entities owned or controlled by Mylan, or that have control of, or an ownership interest in, Mylan
during the Relevant Time Period, and to show those entities' relationship to Mylan.

**Response to Request No. 5**

In addition to the foregoing General Objections and Objections to Definitions and

Instructions, Mylan objects to this Request on the grounds that it is overbroad, disproportionate

to the needs of the case and not reasonably calculated to lead to the discovery of admissible

evidence.  Mylan further objects to this Request on the ground that it seeks information regarding

entities unrelated to the parties' Claims or Defenses.

Subject to, as limited by, and without waiving the foregoing objections or the

General Objections and Objections to Definitions and Instructions, Mylan agrees to perform a

reasonable search for documents pursuant to a mutually agreed upon Search Protocol and will

produce responsive, non-privileged documents, if any, related to the parties' Claims or Defenses

sufficient to show all corporate entities owned or controlled by Mylan or having an ownership

interest in Mylan.

**REQUEST NO. 6**

   All Documents at any time concerning the Company's classification of EpiPen for
purposes of the MDRP, including but not limited to:

   (a) all Documents concerning any applicable laws and regulations governing the
classification of the EpiPen for the purposes of the MDRP;

   (b) all Documents concerning the classification of the EpiPen as an N drug or an I
drug or an S drug;

   (c) all Documents concerning Mylan's statements in its Annual Reports on Form
10-K during the Class Period quoted in paragraph 70 of the Complaint;

   (d) all Documents concerning the rebate applicable to EpiPen under the MDRP;

   (e) all Documents concerning the rebate applicable to drugs marketed under an
NDA under the MDRP;

   (f) all Documents concerning Mylan's marketing of EpiPen of as a brand name
drug; and

   (g) All Documents concerning any analysis, review, meeting, or internal
investigation concerning the Company's classification of the EpiPen for the purposes of the
MDRP.

**Response to Request No. 6**

   In addition to the foregoing General Objections and Objections to Definitions and

Instructions, Mylan objects to this Request on the grounds that it is overbroad, disproportionate

to the needs of the case, not reasonably calculated to lead to the discovery of admissible evidence

and seeks documents not relevant to any party's Claims or Defenses.  Mylan further objects to

this Request on the grounds that it is overbroad, disproportionate to the needs of this case and

unduly burdensome insofar as it calls for the production of "all Documents . . . concerning"

seven categories of information or documents purportedly relating to "the Company's

classification of EpiPen for purposes of the MDRP".  Mylan further objects to this Request to the extent that the phrase "at any time" seeks documents outside Mylan's possession, custody or control as it seeks documents concerning the classification of EpiPen under the MDRP prior to 2007, the year in which Mylan first acquired the rights to the drug.  Mylan further objects to this Request on the ground and to the extent that it calls for publicly available material that is as easily accessible to Plaintiffs as it is to Mylan.  Mylan further objects to this Request on the ground that it seeks documents protected by the attorney-client privilege and the work product doctrine.  Mylan further objects to Request 6(e) in that it seeks "Documents concerning the rebate applicable to drugs marketed under an NDA" on the ground that it is vague insofar as it makes no distinction between drugs marketed under an *original* NDA and drugs marketed under an NDA more broadly.  Mylan further objects to this Request to the extent that it is duplicative of Request Nos. 7, 9, 10 and 24.

Subject to, as limited by, and without waiving the foregoing objections or the General Objections and Objections to Definitions and Instructions, Mylan agrees to perform a reasonable search for documents pursuant to a mutually agreed upon Search Protocol and will produce responsive, non-privileged documents, if any, related to the parties' Claims and Defenses.

**REQUEST NO. 7**

All Documents concerning the revenues earned by Mylan from EpiPen.

**Response to Request No. 7**

In addition to the foregoing General Objections and Objections to Definitions and Instructions, Mylan objects to this Request on the grounds that it is overbroad, disproportionate to the needs of the case, not reasonably calculated to lead to the discovery of admissible evidence

13

and seeks documents not relevant to any party's Claims or Defenses.  Mylan further objects to this Request to the extent it seeks documents protected by the attorney-client privilege and the work product doctrine.  Mylan further objects to this Request to the extent that it is duplicative of Request Nos. 6, 9, 10 and 24.

Subject to, as limited by, and without waiving the foregoing objections or the General Objections and Objections to Definitions and Instructions, Mylan agrees to perform a reasonable search for documents pursuant to a mutually agreed upon Search Protocol and will produce responsive, non-privileged documents, if any, related to the parties' Claims and Defenses sufficient to show the revenues earned by Mylan from EpiPen through a reasonable time period to be agreed upon by the parties.

### REQUEST NO. 8

All Communications between any government entity, representative or public official on the one hand, and Mylan on the other hand, concerning EpiPen, including but not limited to:

(a) all Communications between any member of the U.S. House of Representatives and Mylan concerning EpiPen;

(b) all Communications between any member of the U.S. Senate and Mylan concerning EpiPen;

(c) all Communications between HHS, HHS OIG, CMS, or any employee or representative of any of those entities on the one hand, and Mylan on the other hand, concerning EpiPen; and

(d) all Communications between the DOJ or SEC, or any employee or representative of the SEC or DOJ on the one hand, and Mylan on the other hand, concerning EpiPen;

### Response to Request No. 8

In addition to the foregoing General Objections and Objections to Definitions and Instructions, Mylan objects to this Request on the grounds that it is overbroad, disproportionate

to the needs of this case, not reasonably calculated to lead to the discovery of admissible evidence and seeks documents not relevant to any party's Claims or Defenses.  Mylan further objects to this Request to the extent it seeks documents protected by the attorney-client privilege and the work product doctrine.  Mylan further objects to the Request to the extent that it seeks materials that are subject to the terms of confidentiality or non-disclosure agreements with third parties and/or would violate the privacy interests of others.  Mylan further objects to Request 8(d) to the extent that it seeks information or documents provided to a government entity or regulator on a confidential basis (i) subject to protections applicable to a governmental investigation or inquiry, including, but not limited to, records or information compiled for law enforcement purposes or communications with a government entity, or (ii) that could interfere with an ongoing governmental investigation.  Mylan further objects to this Request on the grounds that it seeks documents relating to EpiPen that are not relevant to any party's Claims or Defenses.  Mylan further objects to this request to the extent that it burdens the exercise of First Amendment rights, is an attempt to probe into Mylan's communications with government agencies and/or officials, seeks to identify documents that Mylan and/or its counsel have deemed relevant to those communications, and/or intrudes upon and seeks to chill Mylan's exercise of its rights to petition the government.  Mylan further objects to this Request on the ground that the phrases "any government entity, representative or public official" and "any employee or representative" are vague and ambiguous.  Mylan further objects to this Request to the extent that it is duplicative of Request Nos. 1, 2 and 24.

**REQUEST NO. 9**

   All Documents concerning the Company's rebates for EpiPen, including but not limited to:

    (a) all Documents concerning the amount or size of rebates for EpiPen;

(b) all Documents concerning the terms of rebates for EpiPen;

(c) all Documents concerning the terms of pricing for EpiPen;

(d) all Documents concerning any analysis, review, meeting, or internal investigation concerning the amount or size or terms of the rebates offered for EpiPen;

(e) all Documents concerning any analysis, review, meeting, or internal investigation concerning the pricing of EpiPen;

(f) all Documents concerning any change in the amount, size or terms of rebates offered for EpiPen;

(g) all Documents concerning any change in the pricing of EpiPen; and

(h) all Documents concerning analysis of the market for epinephrine autoinjectors;

(i) all Documents concerning the impact on revenues from Mylan's rebates for EpiPen.

**<u>Response to Request No. 9</u>**

In addition to the foregoing General Objections and Objections to Definitions and Instructions, Mylan objects to this Request on the grounds that it is overbroad, disproportionate to the needs of the case, not reasonably calculated to lead to the discovery of admissible evidence and seeks documents not relevant to any party's Claims or Defenses. Mylan further objects to this Request on the grounds that it is overbroad, disproportionate to the needs of this case and unduly burdensome insofar as it calls for the production of "all Documents concerning" nine categories of information or documents purportedly relating to "the Company's rebates for EpiPen". Mylan further objects to this Request to the extent it seeks documents protected by the attorney-client privilege and the work product doctrine. Mylan objects to Request 9(h) on the grounds that the undefined term "market" is vague and ambiguous and that it calls for a legal conclusion. Mylan further objects to the term "rebates" on the grounds that it is vague and ambiguous as it is unclear whether it refers to rebates under the MDRP or rebates offered to

PBMs.  Mylan further objects to this Request to the extent that it is duplicative of Request Nos. 6, 7, 10 and 24.

Subject to, as limited by, and without waiving the foregoing objections or the General Objections and Objections to Definitions and Instructions, Mylan agrees to perform a reasonable search for documents pursuant to a mutually agreed upon Search Protocol and will produce responsive, non-privileged documents, if any, related to the parties' Claims or Defenses.

**REQUEST NO. 10**

Documents sufficient to show the pricing of EpiPen throughout the Relevant Time Period.

**Response to Request No. 10**

In addition to the foregoing General Objections and Objections to Definitions and Instructions, Mylan objects to this Request on the grounds that it is overbroad, disproportionate to the needs of the case, not reasonably calculated to lead to the discovery of admissible evidence and seeks documents not relevant to any party's Claims or Defenses.  Mylan further objects that the term "pricing" is vague and ambiguous.   Mylan further objects to this Request to the extent that it is duplicative of Request Nos. 6, 7, 9 and 24.

Subject to, as limited by, and without waiving the foregoing objections or the General Objections and Objections to Definitions and Instructions, Mylan agrees to perform a reasonable search for documents pursuant to a mutually agreed upon Search Protocol and will produce responsive, non-privileged documents, if any, related to the parties' Claims and Defenses on a sufficient to show basis.

**REQUEST NO. 11**

  All Documents concerning Sanofi's Auvi-Q.

**Response to Request No. 11**

  In addition to the foregoing General Objections and Objections to Definitions and Instructions, Mylan objects to this Request on the grounds that it is overbroad, disproportionate to the needs of the case, not reasonably calculated to lead to the discovery of admissible evidence and seeks documents not relevant to any party's Claims or Defenses.  Mylan further objects to this Request on the ground and to the extent that it is duplicative of Request No. 24.

  Subject to, as limited by, and without waiving the foregoing objections or the General Objections and Objections to Definitions and Instructions, Mylan agrees to perform a reasonable search for documents pursuant to a mutually agreed upon Search Protocol and will produce responsive, non-privileged documents, if any, related to the parties' Claims or Defenses.

**REQUEST NO. 12**

  All Documents concerning the market for Doxy DR, including but not limited to:

  (a) all Communications between Mylan on the one hand, and any competitor in the market for Doxy DR, or any employee or representative of any such entity, on the other hand, concerning Doxy DR, and all Documents concerning such Communications;

  (b) all Documents concerning any actual or contemplated agreement, whether formal or informal, between Mylan on the one hand, and any competitor in the market for Doxy DR, or any employee or representative of any such entity, on the other hand, concerning Doxy DR;

  (c) all Documents concerning any actual or contemplated agreement, whether formal or informal, between third party competitors in the market for Doxy DR, or any employee or representative of any such entity, concerning Doxy DR;

  (d) all Documents concerning any allocation of the market, whether formal or informal, for Doxy DR between drug companies;

  (e) all Documents concerning any analysis, review, meeting, or internal investigation concerning the market for Doxy DR; and

(f) all Documents concerning analysis of the market for Doxy DR.

**Response to Request No. 12**

In addition to the foregoing General Objections and Objections to Definitions and Instructions, Mylan objects to this Request on the grounds that it is overbroad, disproportionate to the needs of this case, not reasonably calculated to lead to the discovery of admissible evidence and seeks documents not relevant to any party's Claims or Defenses.  Mylan further objects to this Request on the grounds that it is overbroad, disproportionate to the needs of this case and unduly burdensome insofar as it calls for the production of "all Documents concerning" six categories of information or documents purportedly relating to "the market for Doxy DR".  Mylan further objects to the Request on the grounds that the phrases "any competitor", "contemplated agreement, whether formal or informal", "allocation of the market whether formal or informal" and "market for Doxy DR" are vague and ambiguous.  Mylan further objects on the grounds that the undefined term "market" is vague and ambiguous and that it calls for a legal conclusion.  Mylan further objects to Request 12(d) on the ground that it is predicated on a subjective, legal conclusion and argument.  Mylan further objects to this Request to the extent it seeks documents protected by the attorney-client privilege and the work product doctrine.  Mylan further objects to this Request to the extent that the Request is duplicative of Request Nos. 15, 16, 17, 18 and 24.

Subject to, as limited by, and without waiving the foregoing objections or the General Objections and Objections to Definitions and Instructions, Mylan agrees to perform a reasonable search for documents pursuant to a mutually agreed upon Search Protocol and will produce responsive, non-privileged documents, if any, related to the parties' Claims or Defenses.

**REQUEST NO. 13**

All Documents concerning the Company's pricing of the Price-Fixed Drugs, including but not limited to:

(a) all Documents concerning any analysis, review, meeting, or internal investigation concerning the pricing of the Fixed-Price Drugs[1];

(b) all Documents concerning any change in the pricing of the Fixed-Price Drugs;

(c) all Documents concerning the market for the Fixed-Price Drugs.

**Response to Request No. 13**

In addition to the foregoing General Objections and Objections to Definitions and Instructions, Mylan objects to this Request on the grounds that it is overbroad, disproportionate to the needs of this case, not reasonably calculated to lead to the discovery of admissible evidence and seeks documents not relevant to any party's Claims or Defenses. Mylan further objects to this Request on the grounds that it is overbroad, disproportionate to the needs of this case and unduly burdensome insofar as it calls for the production of "all Documents concerning" three categories of information or documents purportedly relating to "the Company's pricing of the Fixed-Price Drugs". Mylan further objects to the extent that the Request is predicated on a subjective, legal conclusion and argument. Mylan further objects to this Request to the extent that it contains inaccurate, incomplete or misleading descriptions of the facts, persons, relationships and/or events underlying the case and to the extent that it assumes the existence of facts that do not exist or the occurrence of events that did not take place. Mylan further objects to Request 9(c) on the grounds that the undefined term "market" is vague and ambiguous and that it calls for a legal conclusion. Mylan further objects to this Request to the extent it seeks

---

[1] Mylan assumes that "Fixed-Price Drugs" refers to the defined term "Price-Fixed Drugs". To the extent this assumption is incorrect, Mylan objects to this term on the grounds that it is vague and ambiguous and that it is predicated on a subjective legal conclusion.

documents protected by the attorney-client privilege and the work product doctrine. Mylan further objects to the Request to the extent that it is duplicative of Request Nos. 14, 19, 20, 21 and 24.

Subject to, as limited by, and without waiving the foregoing objections or the General Objections and Objections to Definitions and Instructions, Mylan agrees to perform a reasonable search for documents pursuant to a mutually agreed upon Search Protocol and will produce responsive, non-privileged documents, if any, related to the parties' Claims or Defenses.

**REQUEST NO. 14**

All Documents concerning the revenues earned by Mylan from sales of the Price-Fixed Drugs.

**Response to Request No. 14**

In addition to foregoing General Objections and Objections to Definitions and Instructions, Mylan objects to this Request to the extent that it is predicated on a subjective, legal conclusion and argument and to the extent that it contains inaccurate, incomplete or misleading descriptions of the facts, persons, relationships and/or events underlying the case and to the extent that it assumes the existence of facts that do not exist or the occurrence of events that did not take place. Mylan further objects to this Request to the extent it seeks documents protected by the attorney-client privilege and the work product doctrine. Mylan further objects to the Request to the extent that it is duplicative of Request Nos. 13, 19, 20, 21 and 24.

Subject to, as limited by, and without waiving the foregoing objections or the General Objections and Objections to Definitions and Instructions, Mylan agrees to perform a reasonable search for documents pursuant to a mutually agreed upon Search Protocol and will produce responsive, non-privileged documents, if any, related to the parties' Claims and

Defenses sufficient to show the revenues earned by Mylan from sales of Albuterol Sulfate,

Benazepril, Clomipramine, Divalproex and Propranolol through a reasonable time period to be

agreed upon by the parties.

**REQUEST NO. 15**

      All Communications between Mylan on the one hand, and any competitor in the
market for generic drugs, or any employee or representative of any such entity, on the other
hand, concerning the pricing of generic drugs.

**Response to Request No. 15**

      In addition to the foregoing General Objections and Objections to Definitions and

Instructions, Mylan objects to this Request on the grounds that it is overbroad, disproportionate

to the needs of this case and not reasonably calculated to lead to the discovery of admissible

evidence.  Mylan further objects that the Request seeks documents not relevant to any party's

Claims or Defenses to the extent that it seeks information pertaining to entities and individuals

other than Mylan and documents related to generic drugs not at issue in/dismissed from this

Action.  Mylan further objects to this Request to the extent that it assumes the existence of facts

that do not exist or the occurrence of events that did not take place.  Mylan further objects that

the phrases "market for generic drugs" and "any competitor" are vague and ambiguous.  Mylan

further objects on the ground that the phrase "market for generic drugs" calls for a legal

conclusion.  Mylan further objects to this Request to the extent that it is duplicative of Request

Nos. 12, 16, 17, 18 and 24.

**REQUEST NO. 16**

All Documents concerning any actual or contemplated agreement, whether formal or informal, between Mylan on the one hand, and any competitor in the market for generic drugs, or any employee or representative of any such entity, on the other hand, concerning any generic drug.

**Response to Request No. 16**

In addition to the foregoing General Objections and Objections to Definitions and Instructions, Mylan objects to this Request on the grounds that it is overbroad, disproportionate to the needs of this case and not reasonably calculated to lead to the discovery of admissible evidence.  Mylan further objects on the grounds that the Request seeks documents not relevant to any party's Claims or Defenses, including documents pertaining to entities and individuals other than Mylan, documents related to generic drugs not at issue in/dismissed from this Action and documents concerning agreements not related to any party's Claims or Defenses.  Mylan further objects to this Request to the extent that it assumes the existence of facts that do not exist or the occurrence of events that did not take place.  Mylan further objects to this Request to the extent it seeks documents protected by the attorney-client privilege and the work product doctrine.  Mylan further objects that the phrases "any competitor" and "market for generic drugs" are vague and ambiguous.  Mylan further objects on the ground that the phrase "market for generic drugs" calls for a legal conclusion.  Mylan further objects to this Request to the extent that it is duplicative of Request Nos. 12, 15, 17, 18 and 24.

**REQUEST NO. 17**

        Documents sufficient to show all meetings, conferences or similar gatherings concerning the generic drug industry attended by any employee or representative of Mylan on the one hand, and any employee or representative of any competitor of Mylan, on the other hand.

**Response to Request No. 17**

        In addition to the foregoing General Objections and Objections to Definitions and Instructions, Mylan objects to this Request on the grounds that it is overbroad, disproportionate to the needs of this case and not reasonably calculated to lead to the discovery of admissible evidence. Mylan further objects to this Request to the extent it seeks documents not relevant to any party's Claims or Defenses, including documents concerning entities or individuals not connected to any party's Claims or Defenses and information concerning meetings, conferences and gatherings to discuss drugs not at issue in/dismissed from this Action. Mylan further objects to this Request to the extent that it seeks documents outside Mylan's possession, custody or control. Mylan further objects to this Request to the extent that it assumes the occurrence of events that did not take place. Mylan further objects to this Request to the extent it seeks documents protected by the attorney-client privilege and the work product doctrine. Mylan further objects that the phrase "any competitor" is vague and ambiguous. Mylan further objects to this Request to the extent that it is duplicative of Request Nos. 12, 15, 16, 18 and 24.

**REQUEST NO. 18**

        All Documents concerning any Communications between any employee or representative of Mylan on the one hand, and any employee or representative of any competitor of Mylan, on the other hand, at any meeting, conference or similar gathering attended by any employee or representative of Mylan:

        (a) in Orlando, Florida on or around February 20-22, 2013;

        (b) in Bethesda, Maryland on or around June 4-5, 2013;

        (c) in the three months prior to any of the dates listed in the columns "Date of Largest % Increase in NADAC" in Tables A through E of the Complaint

**Response to Request No. 18**

In addition to the foregoing General Objections and Objections to Definitions and Instructions, Mylan objects to this Request on the grounds that it is overbroad, disproportionate to the needs of this case and not reasonably calculated to lead to the discovery of admissible evidence.  Mylan further objects that the Request seeks documents not relevant to any party's Claims or Defenses, including documents pertaining to entities and individuals other than Mylan and documents related to generic drugs not at issue in/dismissed from this Action.  Mylan further objects to this Request to the extent that it assumes the occurrence of events that did not take place.  Mylan further objects that the phrase "any competitor" is vague and ambiguous.  Mylan further objects to this Request to the extent it seeks documents protected by the attorney-client privilege and the work product doctrine.  Mylan further objects to this Request to the extent that it is duplicative of Request Nos. 12, 15, 16, 17 and 24.

Subject to, as limited by, and without waiving the foregoing objections or the General Objections and Objections to Definitions and Instructions, Mylan agrees to perform a reasonable search for documents pursuant to a mutually agreed upon Search Protocol and will produce responsive, non-privileged documents, if any, related to the parties' Claims or Defenses.

**REQUEST NO. 19**

Documents sufficient to show all costs of making each dosage and form of the Price-Fixed Drugs throughout the Relevant Time Period.

**Response to Request No. 19**

In addition to the foregoing General Objections and Objections to Definitions and Instructions, Mylan objects to this Request on the grounds that it is overbroad, disproportionate to the needs of this case and not reasonably calculated to lead to the discovery of admissible

evidence.  Mylan further objects to this Request to the extent that it seeks documents prior to

2013, which the Complaint alleges to be the year in which the allegedly anticompetitive conduct

began.  (Compl. ¶¶ 12, 15.)  Mylan further objects to this Request on the ground that it seeks

documents outside Mylan's possession, custody or control in that it seeks the costs incurred by

entities other than Mylan in making Albuterol Sulfate, Benazepril, Clomipramine, Divalproex

and Propranolol.  Mylan further objects to this Request to the extent that it is duplicative of

Request Nos. 13, 14 and 24.

      Subject to, as limited by, and without waiving the foregoing objections or the

General Objections and Objections to Definitions and Instructions, Mylan agrees to perform a

reasonable search for documents pursuant to a mutually agreed upon Search Protocol and will

produce responsive, non-privileged documents, if any, related to the parties' Claims and

Defenses sufficient to show Mylan's costs to produce Albuterol Sulfate, Benazepril,

Clomipramine, Divalproex and Propranolol through a reasonable time period to be agreed upon

by the parties.

**REQUEST NO. 20**

      Documents sufficient to show the total volume of each dosage and form of the
Price-Fixed Drugs available to the market (from Mylan and its competitors) throughout the
Relevant Time Period.

**Response to Request No. 20**

      In addition to the foregoing General Objections and Objections to Definitions and

Instructions, Mylan objects to this Request on the grounds that it is overbroad, disproportionate

to the needs of this case, not reasonably calculated to lead to the discovery of admissible

evidence and seeks documents not relevant to any party's Claims or Defenses.  Mylan further

objects to this Request to the extent that it seeks documents prior to 2013, which the Complaint

alleges to be the year in which the allegedly anticompetitive conduct began.  (Compl. ¶¶ 12, 15.)
Mylan further objects to this Request to the extent that it is predicated on a subjective, legal
conclusion.  Mylan further objects on the grounds that the undefined terms "market" and
"competitors" are vague.  Mylan further objects on the grounds that the undefined term "market"
is vague and ambiguous and that it calls for a legal conclusion.  Mylan further objects to this
request to the extent that it seeks the volume of drugs available to the market from Mylan's
competitors on the grounds that it seeks documents outside of Mylan's possession, custody or
control and that it seeks documents as available to Plaintiffs as they are to Mylan.  Mylan further
objects to this request to the extent that it is predicated on a subjective, legal conclusion and
argument.  Mylan further objects to this Request to the extent that it is duplicative of Request
Nos. 13, 14, 21 and 24.

       Subject to, as limited by, and without waiving the foregoing objections or the
General Objections and Objections to Definitions and Instructions, Mylan agrees to perform a
reasonable search for documents pursuant to a mutually agreed upon Search Protocol and will
produce responsive, non-privileged documents, if any, related to the parties' Claims and
Defenses sufficient to show the total volume of Albuterol Sulfate, Benazepril, Clomipramine,
Divalproex and Propranolol that Mylan has made available to the market through a reasonable
time period to be agreed upon by the parties.

**REQUEST NO. 21**

        Documents sufficient to show the total sales volume of each dosage and form of the Price-Fixed Drugs (from Mylan and other sellers of the Price-Fixed Drugs) throughout the Relevant Time Period.

**Response to Request No. 21**

        In addition to the foregoing General Objections and Objections to Definitions and Instructions, Mylan objects to this Request on the grounds that it is overbroad, disproportionate to the needs of this case, not reasonably calculated to lead to the discovery of admissible evidence and seeks documents not relevant to any party's Claims or Defenses. Mylan further objects that the undefined term "sellers" is vague and ambiguous. Mylan further objects to this Request to the extent that it seeks documents prior to 2013, which the Complaint alleges to be the year in which the allegedly anticompetitive conduct began. (Compl. ¶¶ 12, 15.) Mylan further objects to this Request to the extent that it is predicated on a subjective, legal conclusion and argument. Mylan further objects to this request to the extent that it seeks the sales volume of drugs available to the market from Mylan's competitors on the grounds that it seeks documents outside of Mylan's possession, custody or control and that it seeks documents as available to Plaintiffs as they are to Mylan. Mylan further objects to this Request to the extent that it is duplicative of Request Nos. 13, 14, 20 and 24.

        Subject to, as limited by, and without waiving the foregoing objections or the General Objections and Objections to Definitions and Instructions, Mylan agrees to perform a reasonable search for documents pursuant to a mutually agreed upon Search Protocol and will produce responsive, non-privileged documents, if any, sufficient to show Mylan's total sales volume of Albuterol Sulfate, Benazepril, Clomipramine, Divalproex and Propranolol through a reasonable time period to be agreed upon by the parties.

**REQUEST NO. 22**

        All Documents concerning the statements, or the content of the statements, alleged to be false and/or misleading in Section VII, including all Documents concerning the drafting of the statements.

**Response to Request No. 22**

        In addition to the foregoing General Objections and Objections to Definitions and Instructions, Mylan objects to this Request on the grounds that it is overbroad, disproportionate to the needs of this case, not reasonably calculated to lead to the discovery of admissible evidence and seeks documents not relevant to any party's Claims or Defenses. Mylan further objects to this Request to the extent that it seeks documents protected by the attorney-client privilege and the work product doctrine. Mylan further objects to this Request to the extent that it is duplicative of Request Nos. 23 and 24.

        Subject to, as limited by, and without waiving the foregoing objections or the General Objections and Objections to Definitions and Instructions, Mylan agrees to perform a reasonable search for documents pursuant to a mutually agreed upon Search Protocol and will produce responsive, non-privileged documents, if any, related to the parties' Claims and Defenses.

**REQUEST NO. 23**

        All Documents concerning statements about, or reactions to, the statements alleged to be false and/or misleading in Section VII of the Complaint, or statements about, or reactions to, the content of those statements.

**Response to Request No. 23**

        In addition to the foregoing General Objections and Objections to Definitions and Instructions, Mylan objects to this Request on the grounds that it is overbroad, disproportionate to the needs of this case, not reasonably calculated to lead to the discovery of admissible

evidence and seeks documents not relevant to any party's Claims or Defenses.  Mylan further objects to this Request to the extent that it seeks documents that are protected by the attorney-client privilege and the work product doctrine.  Mylan objects to the phrases "[a]ll Documents concerning statements about, or reactions" and "statements about, or reactions to, the content of those statements" on the grounds that they are vague and ambiguous.  Mylan further objects to this Request to the extent that it is duplicative of Request Nos. 22 and 24.

**REQUEST NO. 24**

All Documents Mylan intends to use to oppose or advance any claim or defense in the Action, including but not limited to:

(a) all Documents Mylan intends to introduce as evidence in the Action;

(b) all Documents Mylan intends to use at any deposition or examination in the Action;

(c) all Documents Mylan intends to attach to any filing in the Action;

(d) all Documents Mylan intends to use to oppose Plaintiffs' motion for class certification.

**Response to Request No. 24**

In addition to the foregoing General Objections and Objections to Definitions and Instructions, Mylan objects to this Request to the extent it seeks documents protected by the attorney-client privilege and the work product doctrine.  Mylan further objects to this Request on the grounds that it is premature and to the extent that it is duplicative of Requests 3, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22 and 23.

Subject to, as limited by, and without waiving the foregoing objections or the General Objections and Objections to Definitions and Instructions, Mylan agrees to produce responsive, non-privileged documents that Mylan intends to use to oppose any Claims or advance any Defenses in this Action.

**REQUEST NO. 25**

Documents sufficient to show Mylan's document retention and destruction/deletion policies and practices during the Relevant Time Period.

**Response to Request No. 25**

In addition to the foregoing General Objections and Objections to Definitions and Instructions, Mylan objects to this Request on the grounds that it seeks documents not relevant to any party's Claims or Defenses and is not reasonably calculated to lead to the discovery of admissible evidence.  Mylan further objects on the ground and to the extent that the Request seeks documents protected by the attorney-client privilege and the work product doctrine.

**REQUEST NO. 26**

Any insurance agreement under which an insurance business may be liable to satisfy any or part of a possible judgment in the Action or to indemnify or reimburse for payments made to satisfy the judgment.

**Response to Request No. 26**

Subject to, as limited by, and without waiving the foregoing objections or the General Objections and Objections to Definitions and Instructions, Mylan agrees to produce for inspection and copying any insurance agreement under which an insurance business may be liable to satisfy any or part of a possible judgment in the Action or to indemnify or reimburse for payments made to satisfy the judgment, consistent with Mylan's obligation under Federal Rule 26(a)(1)(A)(iv).

DATED: May 20, 2019
New York, New York

Respectfully submitted,


CRAVATH, SWAINE & MOORE LLP,

by
/s/ David R. Marriott
David R. Marriott
Kevin J. Orsini
Rory A. Leraris
Members of the Firm

Worldwide Plaza
825 Eighth Avenue
New York, NY 10019
(212) 474-1000
dmarriot@cravath.com
korsini@cravath.com
rleraris@cravath.com

*Attorneys for Defendants*

32