# EXHIBIT B

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re Mylan N.V. Securities Litigation | No. 16-cv-07926 (JPO) |

## MYLAN'S RESPONSES AND OBJECTIONS TO CLASS REPRESENTATIVES' SECOND SET OF INTERROGATORIES

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure (the "Federal Rules"), the Local Rules of the United States District Court for the Southern District of New York ("Local Rules") and any other applicable laws or rules, Mylan N.V., Mylan Inc. (collectively, the "Corporate Defendants"), Heather Bresch, Robert J. Coury, Paul B. Campbell, Rajiv Malik, James Nesta, Kenneth S. Parks and John D. Sheehan (Bresch, Coury, Campbell, Malik, Nesta, Parks and Sheehan each, an "Individual Defendant", and collectively with the Corporate Defendants, "Mylan") hereby respond and object to the Class Representatives' Second Set of Interrogatories to Defendants, with the Individual Defendants responding in their capacities as representatives of the Corporate Defendants, as follows:

## GENERAL OBJECTIONS

The following general objections ("General Objections") are incorporated in Mylan's Specific Responses to each Interrogatory.  Mylan's response to any Interrogatory is not and shall not be deemed a waiver of Mylan's General Objections.

1.     Mylan objects to the Interrogatories, including, without limitation, the Definitions and Instructions therein, on the grounds and to the extent that they purport to impose

duties and obligations beyond those imposed by the Federal Rules, the Local Rules and/or any applicable rule or law (the "Applicable Rules").  Subject to and without waiving any General or Specific Objections, in responding to the Interrogatories, Mylan will construe the Interrogatories in accordance with the Applicable Rules.

2.      Mylan objects to the Interrogatories to the extent that they would require disclosure of information that comes within the scope of the attorney-client privilege; the common interest or joint defense privilege; the attorney work product doctrine; privilege from disclosure of communications with litigation consultants and insurers to the extent recognized by applicable law; or any other applicable privilege, protection or immunity (as used hereafter, the term "privilege" refers to any of the foregoing privileges, protections or immunities).  The Corporate Defendants and the Individual Defendants hereby claim such privilege to the extent implicated by each Interrogatory and exclude such privileged information from their response. Mylan's response to any Interrogatory should not be construed as an acknowledgment by Mylan that the Interrogatory is proper or calls for anything other than privileged information.  Further, any inadvertent disclosure of information protected by any privilege shall not be deemed a waiver of that privilege.

3.      Mylan objects to the Interrogatories, including the Definitions and Instructions set forth therein, to the extent that they assume disputed facts or legal conclusions, or purport to characterize facts in describing the Interrogatories.  Mylan hereby denies any such disputed facts, legal conclusions or characterizations to the extent assumed by any of the Interrogatories.  Any response or objection by Mylan with respect to any such Interrogatory is without prejudice to this Objection.

4.      Mylan objects generally to the Interrogatories, including the Definitions and Instructions set forth therein, to the extent that they contain inaccurate, incomplete or misleading descriptions of the facts, persons, relationships and/or events underlying the Action. Mylan further objects to the Interrogatories, including the Definitions and Instructions set forth therein, to the extent that they assume the existence of facts that do not exist or the occurrence of events that did not take place.  Any response, production of documents or provision of information in response to the Interrogatories is not intended to provide, and shall not constitute or be construed as providing, an admission that any factual predicates stated in the Interrogatories are accurate.

5.      Mylan objects to the Interrogatories as overbroad and unduly burdensome to the extent they seek or inquire as to "any", or "all", persons or things.  To the extent Mylan agrees to provide information, it will do so only to the extent such information can be discovered after a reasonably diligent search.

6.      Mylan objects to the Interrogatories as overbroad to the extent that they seek documents unrelated to the claims alleged in the Third Amended Class Action Complaint (the "Complaint") that survived the Court's April 6, 2020 Opinion and Order granting in part and denying in part Mylan's Motion to Dismiss (the "Claims") or the defenses asserted in Mylan's Answer and Affirmative and Other Defenses to Plaintiffs' Complaint (the "Defenses").

7.      Mylan objects generally to the Interrogatories, including the Definitions and Instructions set forth therein, to the extent that they are vague and ambiguous, overbroad, unduly burdensome, lacking in particularity, unreasonable or seek the discovery of information that is not relevant to the Claims or Defenses of any party to the pending Action, as well as to the

3

extent that they are unduly burdensome because they impose a significant expense and inconvenience on Mylan.

        8.      Mylan objects generally to the Interrogatories, including the Definitions and Instructions set forth therein, to the extent that they seek information that is cumulative or duplicative.  Mylan invokes Rule 33(d) of the Federal Rules of Civil Procedure to the extent that information sought in the Interrogatories may be derived or ascertained from documents that Mylan has produced to Plaintiffs pursuant to the Court's June 12, 2019 Order or will produce in response to Plaintiffs' Second and Third Set of Requests for Production (the "Requests"), or from an examination, audit or inspection of such documents or that is equally obtainable from public sources, some other source or through some other means of discovery that is more convenient, less burdensome or less expensive.  Mylan invokes Local Rule 33.3(b) to the extent that the Interrogatories are not a more practical method of obtaining the information sought than a request for production or a deposition.

        9.      Mylan objects generally to the Interrogatories, including the Definitions and Instructions set forth therein, to the extent that they purport to require Mylan to conduct anything beyond a reasonable and diligent search for readily accessible information from readily accessible sources (including electronic sources) where responsive information reasonably would be expected to be found.  Mylan further objects to the Interrogatories to the extent that the Interrogatories seek information from a time period that is overbroad and disproportionate to the needs of this case.  Mylan further objects to the Interrogatories to the extent that they purport to require Mylan to search for information not centrally maintained by, or on behalf of, persons believed to have had a significant connection to the parties' Claims or Defenses.

10.     Mylan is providing these responses without waiver of or prejudice to (a) its right at any later time to raise objections as to the competence, relevance, materiality, privilege, work product, character and admissibility as evidence, for any purpose, of (i) the Interrogatories or any part thereof, or (ii) statements made in this Response to the Interrogatories or any part thereof; or (b) the right to object to the use of any of the information disclosed hereunder in any subsequent proceedings or the trial of this or any other Action; or (c) the right to object on any ground at any time to a demand for further response to these or other discovery requests in this Action.  Any response or objection to an individual Interrogatory is not an acknowledgment that the information requested therein exists or is in Mylan's possession, custody or control.

11.     Mylan objects generally to the Interrogatories, including the Definitions and Instructions set forth therein, to the extent that they are compound and contain subparts. Such usage is an improper attempt to circumvent the limit of 25 specially prepared interrogatories allowed under the Applicable Rules.  In providing the Responses and Objections set forth herein, Mylan does not waive, and specifically reserves, the right to object and to refuse to respond to any additional interrogatories that Plaintiffs may serve above this limit.

12.     Mylan provides the General Objections subject to further discovery in this Action as well as further verification and research.  Mylan reserves the right to modify, supplement or amend any or all of the General Objections, if necessary or appropriate, and to produce additional non-privileged responsive documents if any are located.  Moreover, any purported failure on Mylan's part to provide information, or to set forth a particular legal argument, in response to any of these Interrogatories shall not constitute any waiver or forfeiture

of Mylan's right to identify or rely upon additional relevant facts, documents and/or witnesses, or to make specific legal arguments, as this litigation progresses.

13.     Although the definition of "Mylan" as used in these Responses and Objections includes the Individual Defendants, the responses below do not necessarily mean that a particular Individual Defendant (or any of them) has knowledge of the request to which "Mylan" collectively is responding.

## OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

14.     Mylan objects to the Definitions and Instructions, and any directions, definitions or instructions contained in the Interrogatories, to the extent that they alter the generally understood definitions under the Federal Rules or seek to impose on Mylan obligations beyond those required by the Applicable Rules.

15.     Mylan objects to the definitions of "Mylan", "You" or "Your" to the extent that they seek to impose an obligation to respond on behalf of any individual or entity other than Mylan (as defined above as referring to both the Individual and Corporate Defendants).  These answers and objections are made on behalf of Mylan, as defined herein, only, and should not be construed as applicable to any other party, entity or person unless otherwise stated.  Mylan will respond to the Interrogatories based only on information known to it, and which is in its own possession, custody or control, as required by the Applicable Rules.

16.     Mylan objects to the definitions of the terms "Communication" and "Concerning" and any Definition, Instruction or Interrogatory that incorporates those Definitions on the grounds that they are overbroad, unduly burdensome and seek to impose obligations on Mylan beyond those required by the Applicable Rules.

17.     Mylan objects to the definition of the term "Document" insofar as it incorporates the definition of "Communication" and hereby incorporates its objection as set forth in paragraph 16, *supra*.

18.     Mylan objects to the term "Contact Information" on the grounds that it is overbroad, unduly burdensome and seeks to impose obligations on Mylan beyond those required by the Applicable Rules.  Mylan further objects on the grounds that it calls for personal information and it calls for information that is neither in the possession, custody nor control of Mylan, nor stored in a centralized and reasonably accessible location.  Mylan further objects to this definition to the extent that it calls for information regarding Persons who are not, and have never been, employed by Mylan in that the definition is unduly burdensome and calls for information equally as available to Plaintiffs as it is to Mylan.

19.     Mylan objects to the definition of the term "Effective Price" on the grounds that it is vague and ambiguous, overbroad and unduly burdensome.

20.     Mylan objects to the term "EpiPen" on the ground that it is overbroad, in that it includes EpiPen Jr.® Auto-Injector and any other epinephrine autoinjector marketed by Mylan.  In responding to these Interrogatories, Mylan shall construe "EpiPen" to mean EpiPen® Auto-Injector.

21.     Mylan objects to the definition of the term "Exclusive Coverage" on the grounds that it is vague and ambiguous, overbroad and unduly burdensome.  Mylan further objects to this definition as it incorporates the following undefined terms and phrases:  "Tier 1", "Tier 2", "Tier 3", "Not Covered (NC)", "Prior Authorization (PA)", "NDC Block" and "Step Edit".  Mylan further objects to this definition on the ground that it is misleading because such coverage is not in fact "exclusive" as that term is understood under relevant antitrust law or

otherwise.  For example, under Plaintiffs' definition, a product would have "Exclusive

Coverage" even if it had the same or inferior coverage as one competing product if a second

competing product were covered but subject to a step edit or prior authorization requirement.

This is not "exclusivity".  Moreover, the particular terms under which a product is covered, or

not covered, by a particular health plan or on a particular formulary depend on the specific terms

of that plan and/or formulary and cannot be generalized using broad terms such as "Exclusive

Coverage" as defined in the Interrogatories.  Mylan further objects to this definition on the

ground and to the extent that it diverges from established industry usages.  In responding to these

Interrogatories, Mylan will interpret and use terminology in accordance with common English

and industry usage.

       22.     Mylan objects to the definition of the term "Meeting" on the grounds that

it is vague and ambiguous, overbroad and unduly burdensome.

       23.     Mylan objects to the definition of the term "Preferred Coverage" on the

grounds that it is vague and ambiguous, overbroad and unduly burdensome.  Mylan further

objects to this definition as it incorporates the following undefined terms and phrases:  "Tier 1",

"Tier 2", "Tier 3", "Not Covered (NC)", "Prior Authorization (PA)", "NDC Block" and "Step

Edit".  Mylan further objects to the definition of "Preferred Coverage" on the ground that the

particular terms under which a product is covered, or not covered, by a particular health plan or

on a particular formulary depend on the specific terms of that plan and/or formulary and cannot

be generalized using broad terms such as "Preferred Coverage" as defined in the Interrogatories.

Mylan further objects to this definition to the extent that it diverges from established industry

usage.  In responding to these Interrogatories, Mylan will interpret and use terminology in

accordance with common English and industry usage.

24.     Mylan objects to the definition of "Third-Party Payor" on the grounds that it is vague and ambiguous, overbroad and unduly burdensome.

25.     Mylan objects to the term "To identify" on the grounds that it is overbroad, unduly burdensome and seeks to impose obligations on Mylan beyond those required by the Applicable Rules.

26.     Mylan objects to Instruction 9 to the extent it purports to state that Mylan is under an obligation to produce documents in response to Plaintiffs' Interrogatories in that it seeks to impose an obligation on Mylan beyond those imposed by the Applicable Rules.

27.     Mylan objects to Instruction 12 insofar as it defines the Relevant Time Period as January 1, 2012 through July 1, 2019, on the grounds that it is overbroad and disproportionate to the needs of the case.  Mylan further objects that the Instruction calls for all information whose date "is unknown or cannot be determined" that is "otherwise responsive to an Interrogatory" on the grounds that it is overbroad and disproportionate to the needs of the case and that the phrase "otherwise responsive" is vague and ambiguous.  Mylan further objects that the Instruction calls for "information prepared prior to January 1, 2012" that "is necessary for a correct or complete understanding of any information responsive to these Interrogatories" on the grounds that it is overbroad and disproportionate to the needs of the case.

## SPECIFIC RESPONSES AND OBJECTIONS

### INTERROGATORY NO. 1

For each month between January 2013 and December 2016, inclusive, identify by state what percentage of the sales for epinephrine auto-injectors in each state were sales of EpiPen.

### Response to Interrogatory No. 1

In addition to the foregoing General Objections and Objections to Definitions and Instructions, Mylan objects to Interrogatory No. 1 on the grounds that it is overbroad, unduly burdensome, not proportional to the needs of the case and seeks information that is not relevant to the Claims or Defenses of any party in the Action. Mylan further objects to Interrogatory No.1 to the extent that it assumes disputed facts or legal conclusions or purports to characterize facts in describing the information requested. Mylan further objects on the ground and to the extent that Interrogatory No. 1 calls for information that is neither in the possession, custody and control of Mylan nor stored in a centralized and reasonably accessible location and seeks to impose obligations on Mylan beyond the Applicable Rules.

Subject to, as limited by, and without waiving the foregoing General Objections and Specific Objections, in accordance with Rule 33(d) of the Federal Rules of Civil Procedure, Mylan responds that certain information sought in this Interrogatory may be derived or ascertained from documents that Mylan has produced pursuant to the Stipulation and Scheduling Order entered by the Court on June 12, 2019 (Dkt. No. 113) (the "June 12, 2019 Order"), including those contained in the following Bates range: MYERISA-00093310, MYERISA-00102443, MYERISA-00106916, MYERISA-00131656, MYERISA-00139484, MYERISA-00140670, MYERISA-00244159, MYERISA-00266403 and MYERISA-00348628, or that will be produced in response to the Requests at a later date. The burden of deriving the information

sought in this Interrogatory from those documents and/or data would be substantially the same for Plaintiffs as it would be for Mylan.

**INTERROGATORY NO. 2**

Identify by entity name each entity that purchased any of the Generic Drugs from Mylan during the Relevant Time Period.

**Response to Interrogatory No. 2**

In addition to the foregoing General Objections and Objections to Definitions and Instructions, Mylan objects to Interrogatory No. 2 on the grounds that it is overbroad, unduly burdensome and not proportional to the needs of the case.  Mylan further objects to the term "entity" as vague, ambiguous and overbroad.  Mylan further objects to this Interrogatory on the ground that it is duplicative of Interrogatories Nos. 3, 4, 5 and 6.

Subject to, as limited by, and without waiving the foregoing General Objections and Specific Objections, in accordance with Rule 33(d) of the Federal Rules of Civil Procedure, Mylan directs Plaintiffs to documents and/or data that may be produced in response to Request No. 13 of  Class Representatives' Second Set of Requests for the Production of Documents (the "Second Set of RFPs") and Request Nos. 15 and 16 of  Class Representatives' Third Set of Requests for the Production of Documents (the "Third Set of RFPs").  The burden of deriving the information sought in this Interrogatory from those documents and/or data would be substantially the same for Plaintiffs as it would be for Mylan.

**INTERROGATORY NO. 3**

For each entity that purchased any of the Generic Drugs from Mylan during the Relevant Time Period, identify the weekly Effective Price of each of the Generic Drugs charged to each such entity for each week during the Relevant Time Period in which the entity purchased such Generic Drugs.

**Response to Interrogatory No. 3**

In addition to the foregoing General Objections and Objections to Definitions and Instructions, Mylan objects to Interrogatory No. 3 on the grounds that it is overbroad, unduly burdensome and not proportional to the needs of the case.  Mylan further objects to the term "entity" as vague, ambiguous and overbroad.  Mylan further objects on the ground and to the extent that Interrogatory No. 3 calls for information that is neither in the possession, custody and control of Mylan nor stored in a centralized and reasonably accessible location and seeks to impose obligations on Mylan beyond the Applicable Rules.  Mylan further objects to this Interrogatory on the ground that it is duplicative of Interrogatories Nos. 2, 4, 5 and 6.

Subject to, as limited by, and without waiving the foregoing General Objections and Specific Objections, in accordance with Rule 33(d) of the Federal Rules of Civil Procedure, Mylan directs Plaintiffs to documents and/or data that may be produced in response to Request No. 13 of  the Second Set of RFPs and Request Nos. 15 and 16 of the Third Set of RFPs.  The burden of deriving the information sought in this Interrogatory from those documents and/or data would be substantially the same for Plaintiffs as it would be for Mylan.

**INTERROGATORY NO. 4**

For each weekly Effective Price identified in Interrogatory 3, identify by dollar amount and description each component of each such Effective Price.

**Response to Interrogatory No. 4**

In addition to the foregoing General Objections and Objections to Definitions and Instructions, Mylan objects to Interrogatory No. 4 on the grounds that it is overbroad, unduly burdensome and not proportional to the needs of the case.  Mylan further objects to the term "component" as vague and ambiguous.  Mylan further objects on the ground and to the extent that Interrogatory No. 4 calls for information that is neither in the possession, custody and

control of Mylan nor stored in a centralized and reasonably accessible location and seeks to impose obligations on Mylan beyond the Applicable Rules.  Mylan further objects to this Interrogatory on the ground that it is duplicative of Interrogatories Nos. 2, 3, 5 and 6.

Subject to, as limited by, and without waiving the foregoing General Objections and Specific Objections, in accordance with Rule 33(d) of the Federal Rules of Civil Procedure, Mylan directs Plaintiffs to documents and/or data that may be produced in response to Request No. 13 of  the Second Set of RFPs and Request Nos. 15 and 16 of the Third Set of RFPs.  The burden of deriving the information sought in this Interrogatory from those documents and/or data would be substantially the same for Plaintiffs as it would be for Mylan.

## INTERROGATORY NO. 5

For each week during the Relevant Time Period, identify the average Effective Price for each of the Generic Drugs charged to accounts other than Medicaid/Medicare Part D.

### Response to Interrogatory No. 5

In addition to the foregoing General Objections and Objections to Definitions and Instructions, Mylan objects to Interrogatory No. 5 on the grounds that it is overbroad, unduly burdensome and not proportional to the needs of the case.  Mylan further objects on the ground and to the extent that Interrogatory No. 5 calls for information that is neither in the possession, custody and control of Mylan nor stored in a centralized and reasonably accessible location and seeks to impose obligations on Mylan beyond the Applicable Rules.  Mylan further objects to this Interrogatory on the ground that it is duplicative of Interrogatories Nos. 2, 3, 4 and 6.

Subject to, as limited by, and without waiving the foregoing General Objections and Specific Objections, in accordance with Rule 33(d) of the Federal Rules of Civil Procedure, Mylan directs Plaintiffs to documents and/or data that may be produced in response to Request No. 13 of  the Second Set of RFPs and Request Nos. 15 and 16 of the Third Set of RFPs.  The

burden of deriving the information sought in this Interrogatory from those documents and/or data would be substantially the same for Plaintiffs as it would be for Mylan.

**INTERROGATORY NO. 6**

For each week during the Relevant Time Period, identify the total revenue, gross profit margin, and net profit margin for each of the Generic Drugs.

**Response to Interrogatory No. 6**

In addition to the foregoing General Objections and Objections to Definitions and Instructions, Mylan objects to Interrogatory No. 6 on the grounds that it is overbroad, unduly burdensome and not proportional to the needs of the case.  Mylan further objects to this Interrogatory on the ground that it is duplicative of Interrogatories Nos. 2, 3, 4 and 5.

Subject to, as limited by, and without waiving the foregoing General Objections and Specific Objections, in accordance with Rule 33(d) of the Federal Rules of Civil Procedure, Mylan directs Plaintiffs to documents and/or data that may be produced in response to Request No. 13 of the Second Set of RFPs and Request Nos. 15 and 16 of the Third Set of RFPs.  The burden of deriving the information sought in this Interrogatory from those documents and/or data would be substantially the same for Plaintiffs as it would be for Mylan.

**INTERROGATORY NO. 7**

Identify all communications between CMS, HHS or HCFA on the one hand, and Mylan or Dey Pharma LP, on the other hand, between January 1, 2006 and July 1, 2019, inclusive.

**Response to Interrogatory No. 7**

In addition to the foregoing General Objections and Objections to Definitions and Instructions, Mylan objects to Interrogatory No. 7 on the grounds that it is vague, overbroad, unduly burdensome and not proportional to the needs of the case.  Mylan further objects to this Interrogatory on the ground that it seeks information not relevant to the Claims or Defenses of any party in the Action to the extent that it seeks communications, irrespective of subject matter

or drug, between Mylan or Dey Pharma LP and any agency under HHS, including but not limited

to the Federal Drug Administration, National Institutes of Health, Office of Inspector General

and the Centers for Disease Control and Prevention, as well as CMS.  Mylan further objects to

this Interrogatory on the ground that it seeks communications with the HCFA from January 1,

2006 to July 1, 2019, as the HCFA did not exist during that period.  Mylan further objects to this

Interrogatory on the ground that it fails to comply with Local Rule 33.3(b), which specifies that

interrogatories may only be used during discovery "if they are a more practical method of

obtaining the information sought than a request for production or a deposition".

Subject to, as limited by, and without waiving the foregoing General Objections

and Specific Objections, in accordance with Rule 33(d) of the Federal Rules of Civil Procedure,

Mylan responds that certain information sought in this Interrogatory regarding communications

between Mylan and CMS regarding EpiPen may be derived or ascertained from documents that

Mylan has produced pursuant to the June 12, 2019 Order, including those contained in the

following Bates range:  MYLNEPI00000078, MYLNEPI00000081, MYLNEPI00001432,

MYLNEPI00001519, MYLNEPI00001532, MYLNEPI00001544, MYLNEPI00001642,

MYLNEPI00001654, MYLNEPI00001788, MYLNEPI00002791, MYLNEPI00003229,

MYLNEPI00004793, MYLNEPI00006195, MYLNEPI00006204, MYLNEPI00006239,

MYLNEPI00007137, MYLNEPI00007145, MYLNEPI00007281, MYLNEPI00007368,

MYLNEPI00007370, MYLNEPI00007378, MYLNEPI00007394, MYLNEPI00007397,

MYLNEPI00007400, MYLNEPI00007541, MYLNEPI00007549, MYLNEPI00007556,

MYLNEPI00014091, MYLNEPI00014656, MYLNEPI00014686 and MYLNEPI00014730, or

that will be produced in response to the Requests at a later date.  The burden of deriving the

information sought in this Interrogatory from those documents and/or data would be substantially

the same for Plaintiffs as it would be for Mylan.

**INTERROGATORY NO. 8**

Identify by date and attendees all Meetings at which the classification of EpiPen for the purposes
of the Medicaid Drug Rebate Program was discussed.

**Response to Interrogatory No. 8**

In addition to the foregoing General Objections and Objections to Definitions and

Instructions, Mylan objects to Interrogatory No. 8 on the grounds that it is overbroad, unduly

burdensome and not proportional to the needs of the case.  Mylan further objects to Interrogatory

No. 8 on the ground and to the extent that it calls for information that is neither in the possession,

custody and control of Mylan nor stored in a centralized and reasonably accessible location and

seeks to impose obligations on Mylan beyond the Applicable Rules.  Mylan further objects to

this Interrogatory on the ground that it fails to comply with Local Rule 33.3(b), which specifies

that interrogatories may only be used during discovery "if they are a more practical method of

obtaining the information sought than a request for production or a deposition".

Subject to, as limited by, and without waiving the foregoing General Objections

and Specific Objections, in accordance with Rule 33(d) of the Federal Rules of Civil Procedure,

Mylan responds that certain information sought in this Interrogatory may be derived or

ascertained from documents that Mylan has produced pursuant to the June 12, 2019 Order,

including those contained in the following Bates range:  MYERISA-00038168, MYERISA-

00043158, MYERISA-00224148, MYLNEPI00007132, MYLNEPI00007544 and

MYLNEPI00007549, or that will be produced in response to the Requests at a later date.  The

burden of deriving the information sought in this Interrogatory from those documents and/or data

would be substantially the same for Plaintiffs as it would be for Mylan.

**INTERROGATORY NO. 9**

Identify by date and attendees all Meetings during which the pricing of any Generic Drug was discussed and at which one or more of the attendees was an Individual Defendant.

**Response to Interrogatory No. 9**

In addition to the foregoing General Objections and Objections to Definitions and Instructions, Mylan objects to Interrogatory No. 9 on the grounds that it is overbroad, unduly burdensome and not proportional to the needs of the case.  Mylan further objects to Interrogatory No. 9 on the ground and to the extent that it calls for information that is neither in the possession, custody and control of Mylan nor stored in a centralized and reasonably accessible location and seeks to impose obligations on Mylan beyond the Applicable Rules.  Mylan further objects to this Interrogatory on the ground that it fails to comply with Local Rule 33.3(b), which specifies that interrogatories may only be used during discovery "if they are a more practical method of obtaining the information sought than a request for production or a deposition".  Mylan further objects to this Interrogatory on the ground that it is duplicative of Interrogatory No. 10.

Subject to, as limited by, and without waiving the foregoing General Objections and Specific Objections, in accordance with Rule 33(d) of the Federal Rules of Civil Procedure, Mylan responds that certain information sought in this Interrogatory may be derived or ascertained from documents that Mylan has produced pursuant to the June 12, 2019 Order, including those contained in the following Bates range:  MYLGP0000140856, MYLGP0000110934, MYLGP0000168446, MYLGP0002196458 and MYLGP0002196391, or that will be produced in response to the Requests at a later date.  The burden of deriving the information sought in this Interrogatory from those documents and/or data would be substantially the same for Plaintiffs as it would be for Mylan.

**INTERROGATORY NO. 10**

Identify by date and attendees all Meetings of any committee or other group with responsibility for setting, raising, lowering, maintaining, or analyzing, the price of any of the Generic Drugs, including but not limited to, all Meetings of any group at Mylan referred to formally or informally as a "pricing committee."

**Response to Interrogatory No. 10**

In addition to the foregoing General Objections and Objections to Definitions and Instructions, Mylan objects to Interrogatory No. 10 on the grounds that it is overbroad, unduly burdensome and not proportional to the needs of the case. Mylan further objects to Interrogatory No. 10 on the grounds and to the extent that it calls for information that is neither in the possession, custody and control of Mylan nor stored in a centralized and reasonably accessible location and seeks to impose obligations on Mylan beyond the Applicable Rules. Mylan further objects to this Interrogatory on the ground that it fails to comply with Local Rule 33.3(b), which specifies that interrogatories may only be used during discovery "if they are a more practical method of obtaining the information sought than a request for production or a deposition". Mylan further objects to this Interrogatory on the ground that it is duplicative of Interrogatory No. 9.

Subject to, as limited by, and without waiving the foregoing General Objections and Specific Objections, in accordance with Rule 33(d) of the Federal Rules of Civil Procedure, Mylan responds that certain information sought in this Interrogatory may be derived or ascertained from documents that Mylan has produced pursuant to the June 12, 2019 Order, including those contained in the following Bates range: MYLGP-rc0000387607, MYLGP0000168446, MYLGP0000140856, MYLGP0000170033, MYLGP0000110934, MYLGP0000111965, MYLGP0002196458 and MYLGP0002196391, or that will be produced in response to the Requests at a later date. The burden of deriving the information sought in this

Interrogatory from those documents and/or data would be substantially the same for Plaintiffs as it would be for Mylan.

## INTERROGATORY NO. 11

Identify by name and date of membership all members of any committee or other group with responsibility for setting, raising, lowering, maintaining, or analyzing, the price of any generic drug (including but not limited to the Generic Drugs), including but not limited to, any committee or group at Mylan referred to formally or informally as a "pricing committee."

### Response to Interrogatory No. 11

In addition to the foregoing General Objections and Objections to Definitions and Instructions, Mylan objects to Interrogatory No. 11 on the grounds that it is vague, overbroad, unduly burdensome and not proportional to the needs of the case. Mylan further objects to the extent that the Interrogatory seeks information that may be derived or ascertained from documents that Mylan has produced pursuant to the June 12, 2019 Order or that will be produced in response to the Requests at a later date. Mylan further objects to this Interrogatory on the ground that it is duplicative of Interrogatory No. 3 from the Class Representatives' First Set of Interrogatories.

Subject to, as limited by, and without waiving the foregoing General Objections and Specific Objections, Mylan refers to its response to Interrogatory No. 3 from Class Representatives' First Set of Interrogatories, which incorporated Defendants' Rule 26(A)(1) Initial Disclosures, dated May 4, 2020 by reference and further identified in Appendix B to its Responses and Objections to Class Representatives' First Set of Interrogatories the names and title(s) of employees with substantive involvement in the decision-making process for pricing and bidding of Generic Drugs.

## INTERROGATORY NO. 12

For each individual identified in Interrogatory 11, identify by name and period of reporting each employee in that individual's reporting chain, including all employees directly reporting to that

individual, all employees directly reporting to the employees directly reporting to that individual, each employee to whom that individual directly or indirectly reports, and each employee to whom the employees to whom that individual directly or indirectly reports directly or indirectly reports, and so on up the reporting chain to Mylan, Inc.'s or Mylan N.V.'s CEO, President or Chairperson of the Board.

**Response to Interrogatory No. 12**

              In addition to the foregoing General Objections and Objections to Definitions and Instructions, Mylan objects to Interrogatory No. 12 on the grounds that it is overbroad, unduly burdensome and not proportional to the needs of the case.  Mylan further objects to this Interrogatory on the ground that it fails to comply with Local Rule 33.3(b), which specifies that interrogatories may only be used during discovery "if they are a more practical method of obtaining the information sought than a request for production or a deposition".

              Subject to, as limited by, and without waiving the foregoing General Objections and Specific Objections, in accordance with Rule 33(d) of the Federal Rules of Civil Procedure, Mylan responds that certain information sought in this Interrogatory may be derived or ascertained from documents that Mylan has produced pursuant to the June 12, 2019 Order, including those contained in the following Bates range:  MYLN-MDL-ORG-00000043-47 and MYERISA-00348832-33, or that will be produced in response to the Requests at a later date. The burden of deriving the information sought in this Interrogatory from those documents and/or data would be substantially the same for Plaintiffs as it would be for Mylan.

**INTERROGATORY NO. 13**

Identify each entity other than Mylan that sold any of the Generic Drugs in the United States during the Relevant Time Period.

**Response to Interrogatory No. 13**

              In addition to the foregoing General Objections and Objections to Definitions and Instructions, Mylan objects to Interrogatory No. 13 on the grounds that it is vague, overbroad,

unduly burdensome and not proportional to the needs of the case. Mylan further objects to the term "entity" as vague, ambiguous and overbroad. Mylan further objects to this Interrogatory on the ground that it seeks information regarding other entities not relevant to the Claims or Defenses of any party in the Action. Mylan further objects on the ground and to the extent that Interrogatory No. 13 calls for information that is neither in the possession, custody and control of Mylan nor stored in a centralized and reasonably accessible location and seeks to impose obligations on Mylan beyond the Applicable Rules.

Subject to, as limited by, and without waiving the foregoing General Objections and Specific Objections, Mylan responds that any data regarding other entities' sales is purchased from a third party and that Plaintiffs can seek to purchase or subpoena such information as easily as Mylan can. Mylan is prevented by agreement from disclosing such information absent a court order and sufficient notice to a third party so that the party may seek protection from the Court.

**INTERROGATORY NO. 14**

For each entity identified in Interrogatory 13, identify by drug name and dates sold all of the Generic Drugs each entity sold during the Relevant Time Period.

**Response to Interrogatory No. 14**

In addition to the foregoing General Objections and Objections to Definitions and Instructions, Mylan objects to Interrogatory No. 14 on the grounds that it is vague, overbroad, unduly burdensome and not proportional to the needs of the case. Mylan further objects to the term "entity" vague, ambiguous and overbroad. Mylan further objects to this Interrogatory on the ground that it seeks information regarding other entities not relevant to the Claims or Defenses of any party in the Action. Mylan further objects on the ground and to the extent that Interrogatory No. 14 calls for information that is neither in the possession, custody and control of

Mylan nor stored in a centralized and reasonably accessible location and seeks to impose

obligations on Mylan beyond the Applicable Rules.

Subject to, as limited by, and without waiving the foregoing General Objections

and Specific Objections, Mylan responds that any data regarding other entities' sales is

purchased from a third party and that Plaintiffs can seek to purchase or subpoena such

information as easily as Mylan can.  Mylan is prevented by agreement from disclosing such

information absent a court order and sufficient notice to a third party so that the party may seek

protection from the Court.

**<u>INTERROGATORY NO. 15</u>**

Identify all conferences, events, dinners or other gatherings attended by Mylan and one or more
of its competitors in the markets for the Generic Drugs during the Relevant Time Period.

**<u>Response to Interrogatory No. 15</u>**

In addition to the foregoing General Objections and Objections to Definitions and

Instructions, Mylan objects to Interrogatory No. 15 on the grounds that it is vague, overbroad,

unduly burdensome, not proportional to the needs of the case and seeks information not relevant

to the Claims or Defenses of any party in the Action.  Mylan further objects to the phrase

"markets for the Generic Drugs" to the extent that it assumes disputed facts or legal conclusions

or purports to characterize facts in describing the information requested.  Mylan further objects

on the ground and to the extent that Interrogatory No. 15 calls for information that is neither in

the possession, custody and control of Mylan nor stored in a centralized and reasonably

accessible location and seeks to impose obligations on Mylan beyond the Applicable Rules.

Mylan further objects to this Interrogatory on the ground that it fails to comply with Local

Rule 33.3(b), which specifies that interrogatories may only be used during discovery "if they are

a more practical method of obtaining the information sought than a request for production or a deposition".

Subject to, as limited by, and without waiving the foregoing General Objections and Specific Objections, in accordance with Rule 33(d) of the Federal Rules of Civil Procedure, Mylan responds that certain information sought in this Interrogatory pertaining to conferences, events, dinners or other gatherings identified in the Complaint may be derived or ascertained from documents that Mylan has produced pursuant to the June 12, 2019 Order, including those contained in the following Bates range:  MYLGP-rc0000248991, MYLGP-rc0000424529, MYLGP0000178378, MYLGP0000178385, MYLGP0000178387, MYLGP0000178389, MYLGP0000178391, MYLGP0000178399, MYLGP0000178404, MYLGP0000178414, MYLGP0000178419, MYLGP0000178421, MYLGP0000178426, MYLGP0000178432, MYLGP0000178434, MYLGP0000178435, MYLGP0000178438, MYLGP0000178439 and MYLGP0000814250, or that will be produced in response to the Requests at a later date.  The burden of deriving the information sought in this Interrogatory from those documents and/or data would be substantially the same for Plaintiffs as it would be for Mylan.

**INTERROGATORY NO. 16**

Identify all trade associations that concern any generic drugs in which Mylan was a member during the Relevant Time Period.

**Response to Interrogatory No. 16**

In addition to the foregoing General Objections and Objections to Definitions and Instructions, Mylan objects to Interrogatory No. 16 on the grounds that it is vague, overbroad, unduly burdensome, not proportional to the needs of the case and seeks information not relevant to the Claims or Defenses of any party in the Action.  Mylan further objects to the extent that the Interrogatory seeks information that may be derived or ascertained from documents that Mylan

has produced pursuant to the June 12, 2019 Order or that will be produced in response to the

Requests at a later date.

Subject to, as limited by, and without waiving the foregoing General Objections

and Specific Objections, Mylan, upon reasonable investigation and belief, identifies the

following trade association that concerned generic drugs to which the Corporate Defendants

belonged during the period January 1, 2012 to July 1, 2019:  the Association for Accessible

Medicines (formerly the Generic Pharmaceutical Association).

**INTERROGATORY NO. 17**

Identify by search terms, custodians and applicable date ranges the search protocol Mylan has
used, is using, will use or has agreed to use to search for documents in *In re: Generic
Pharmaceuticals Pricing Antitrust Litigation*, No. 16-md-02724-CMR (E.D. Pa.).

**Response to Interrogatory No. 17**

In addition to the foregoing General Objections and Objections to Definitions and

Instructions, Mylan objects to Interrogatory No. 17 on the grounds that it is overbroad, unduly

burdensome, not proportional to the needs of the case and seeks information not relevant to the

Claims or Defenses of any party in the Action.  Mylan further objects to this Interrogatory on the

grounds and to the extent that it seeks the disclosure of information protected by the attorney-

client privilege, the work product doctrine, the common interest or joint defense privilege, or that

is otherwise exempt from discovery.  Mylan further objects to this Interrogatory on the ground

that it fails to comply with Local Rule 33.3(b), which specifies that interrogatories may only be

used during discovery "if they are a more practical method of obtaining the information sought

than a request for production or a deposition".  Mylan further objects to this Interrogatory on the

ground that it is duplicative of Document Request No. 4 from the Third Set of RFPs.

**INTERROGATORY NO. 18**

Identify by search terms, custodians and applicable date ranges the search protocol Mylan used to search for documents in response to the November 2014 subpoena from the United States Department of Justice regarding Mylan's classification of EpiPen.

**Response to Interrogatory No. 18**

In addition to the foregoing General Objections and Objections to Definitions and Instructions, Mylan objects to Interrogatory No. 18 on the grounds that it is overbroad, unduly burdensome, not proportional to the needs of the case and seeks information not relevant to the Claims or Defenses of any party in the Action.  Mylan further objects to this Interrogatory on the grounds and to the extent that it seeks the disclosure of information protected by the attorney-client privilege, the work product doctrine, the common interest or joint defense privilege, or that is otherwise exempt from discovery.  Mylan further objects to this Interrogatory on the ground that it fails to comply with Local Rule 33.3(b), which specifies that interrogatories may only be used during discovery "if they are a more practical method of obtaining the information sought than a request for production or a deposition".  Mylan further objects to this Interrogatory on the ground that it is duplicative of Document Request No. 2 from the Second Set of RFPs.

Subject to, as limited by, and without waiving the foregoing General Objections and Specific Objections, Mylan responds that on July 2, 2020, it provided Plaintiffs with search terms, a list of custodians and date ranges used in responding to the November 2014 subpoena from the United States Department of Justice regarding Mylan's classification of EpiPen.

**INTERROGATORY NO. 19**

Identify by search terms, custodians and applicable date ranges the search protocol Mylan has used, is using, will use or has agreed to use to search for documents in *In re EpiPen ERISA Litigation*, No. 0:17-cv-01844 (D. Minn.).

**Response to Interrogatory No. 19**

            In addition to the foregoing General Objections and Objections to Definitions and Instructions, Mylan objects to Interrogatory No. 19 on the grounds that it is overbroad, unduly burdensome, not proportional to the needs of the case and seeks information not relevant to the Claims or Defenses of any party in the Action. Mylan further objects to this Interrogatory on the grounds and to the extent that it seeks the disclosure of information protected by the attorney-client privilege, the work product doctrine, the common interest or joint defense privilege, or that is otherwise exempt from discovery. Mylan further objects to this Interrogatory on the ground that it fails to comply with Local Rule 33.3(b), which specifies that interrogatories may only be used during discovery "if they are a more practical method of obtaining the information sought than a request for production or a deposition".

            Subject to, as limited by, and without waiving the foregoing General Objections and Specific Objections, Mylan responds that on July 2, 2020, it provided Plaintiffs with search terms, a list of custodians and date ranges used in *In re EpiPen ERISA Litigation*, No. 0:17-cv-01844 (D. Minn.).

**INTERROGATORY NO. 20**

For each of the following paragraphs in the Amended Complaint, identify, including by bates range and paragraph number, any records (including but not limited to emails, text messages, voicemails and telephone records) of any communications that were made, sent or left on the date(s) specified in that paragraph, and that were made, sent or left by or to any individual, or any employee of any entity, referenced in that paragraph: 138, 140, 155-160, 162, 163, 168-170, 172, 176, 179, 182, 184, 186, 187, 189, 191, 195, 198, 200-201, 204, 206, 213-214, 219, 223, 225, 229, 231, 233, 241, 246, 251, 256, 293, 337, 353-355, 357, 360, 365, 368, 369, 372, 374-376, 381-382.

**Response to Interrogatory No. 20**

            In addition to the foregoing General Objections and Objections to Definitions and Instructions, Mylan objects to Interrogatory No. 20 on the grounds that it is overbroad, unduly

burdensome, not proportional to the needs of the case and seeks information not relevant to the

Claims or Defenses of any party in the Action.  Mylan further objects to Interrogatory No. 20 on

the ground that Class Representatives attempt to assert multiple interrogatories under the guise of

one and have therefore exceeded the limit of 25 in violation of Federal Rule of Civil Procedure

33(a).  Mylan further objects to this Interrogatory on the ground that it fails to comply with Local

Rule 33.3(b), which specifies that interrogatories may only be used during discovery "if they are

a more practical method of obtaining the information sought than a request for production or a

deposition".

Subject to, as limited by, and without waiving the foregoing General Objections

and Specific Objections, in accordance with Rule 33(d) of the Federal Rules of Civil Procedure,

Mylan responds that certain information sought in this Interrogatory may be derived or

ascertained from documents that Mylan has produced pursuant to the June 12, 2019 Order,

including those contained in the following Bates range:  MYLGP0000662208, or that will be

produced in response to the Requests at a later date.  The burden of deriving the information

sought in this Interrogatory from those documents and/or data would be substantially the same

for Plaintiffs as it would be for Mylan.

## INTERROGATORY NO. 21

Identify by entity name and coverage time period(s) each Third-Party Payor that provided
Exclusive Coverage for the EpiPen.

### Response to Interrogatory No. 21

In addition to the foregoing General Objections and Objections to Definitions and

Instructions, Mylan objects to Interrogatory No. 21 on the grounds that it is overbroad, unduly

burdensome, not proportional to the needs of the case and seeks information not relevant to the

Claims or Defenses of any party in the Action.  Mylan further objects to this Interrogatory on the

ground that Class Representatives, in Interrogatory No. 20, attempt to assert multiple

interrogatories under the guise of one and have therefore exceeded the limit of 25 in violation of

Federal Rule of Civil Procedure 33(a).  Mylan further objects to Interrogatory No. 21, including

the term "Exclusive Coverage", to the extent that it assumes disputed facts or legal conclusions

or purports to characterize facts in describing the information requested.  Mylan further objects

on the ground and to the extent that Interrogatory No. 21 calls for information that is neither in

the possession, custody and control of Mylan nor stored in a centralized and reasonably

accessible location and seeks to impose obligations on Mylan beyond the Applicable Rules.

Mylan further objects to the extent that the Interrogatory seeks information that may be derived

or ascertained from documents that Mylan has produced pursuant to the June 12, 2019 Order or

that will be produced in response to the Requests at a later date.

> Subject to, as limited by, and without waiving the foregoing General Objections

and Specific Objections, Mylan, upon reasonable investigation and belief, identifies Exhibit A,

which reflects data obtained from a vendor reflecting information available to Mylan concerning

the coverage of EpiPen and Auvi-Q products on formularies maintained and determined by third-

party payors.  Mylan does not have access to comparable data with respect to other competing

products.

## INTERROGATORY NO. 22

Identify by entity name and coverage time period(s) each Third-Party Payor that provided
Preferred Coverage for the EpiPen.

## Response to Interrogatory No. 22

> In addition to the foregoing General Objections and Objections to Definitions and

Instructions, Mylan objects to Interrogatory No. 22 on the grounds that it is overbroad, unduly

burdensome, not proportional to the needs of the case and seeks information not relevant to the

Claims or Defenses of any party in the Action.  Mylan further objects to this Interrogatory on the ground that Class Representatives, in Interrogatory No. 20, attempt to assert multiple interrogatories under the guise of one and have therefore exceeded the limit of 25 in violation of Federal Rule of Civil Procedure 33(a).  Mylan further objects to Interrogatory No. 22, including the term "Preferred Coverage", to the extent that it assumes disputed facts or legal conclusions or purports to characterize facts in describing the information requested.  Mylan further objects on the ground and to the extent that Interrogatory No. 22 calls for information that is neither in the possession, custody and control of Mylan nor stored in a centralized and reasonably accessible location and seeks to impose obligations on Mylan beyond the Applicable Rules.  Mylan further objects to the extent that the Interrogatory seeks information that may be derived or ascertained from documents that Mylan has produced pursuant to the June 12, 2019 Order or that will be produced in response to the Requests at a later date.

Subject to, as limited by, and without waiving the foregoing General Objections and Specific Objections, Mylan, upon reasonable investigation and belief, identifies Exhibit A, which reflects data obtained from a vendor reflecting information available to Mylan concerning the coverage of EpiPen and Auvi-Q products on formularies maintained and determined by third-party payors.  Mylan does not have access to comparable data with respect to other competing products.

DATED:  July 20, 2020
New York, New York

Respectfully submitted,

CRAVATH, SWAINE & MOORE LLP,

by

/s/ *David R. Marriott*
David R. Marriott
Kevin J. Orsini
Rory A. Leraris
Members of the Firm

Worldwide Plaza
825 Eighth Avenue
New York, NY 10019
(212) 474-1000
dmarriott@cravath.com
korsini@cravath.com
rleraris@cravath.com

*Attorneys for Defendants*