# EXHIBIT G

# Terrence Scudieri

| | |
|---|---|
| **From:** | Nicole Valente <nvalente@cravath.com> |
| **Sent:** | Friday, August 20, 2021 5:41 PM |
| **To:** | Veronica Montenegro; Matt Alpert; Austin Van; Jeremy Lieberman; Terrence Scudieri |
| **Cc:** | David Marriott; Rory Leraris; Greg Cheyne; Lelia Ledain |
| **Subject:** | RE: In re Mylan N.V. Securities Litigation, No. 16-cv-07926 (JPO):  Improperly Withheld Documents re: EpiPen Misclassification |

Victoria,

Thank you for sending this case law along.  We do not find support for your position in the cases to which you have referred us.  The question addressed in your email appears to be whether a waiver has been made and does not address the appropriate scope of the waiver.

Your position that "Defendants have waived all privileged communications with counsel concerning the classification of the EpiPen generally" is belied by the cases you cite and is unsupported as a matter of law.  *See In re Subpoena Duces Tecum Served on Willkie Farr & Gallagher*, No. M8-85 (JSM), 1997 WL 118369, at *4 (S.D.N.Y. Mar. 14, 1997) (requiring that the remedy be *narrowly tailored* to address the potential prejudice to the parties attacking the privilege); *In re Leslie Fay Cos., Inc. Sec. Litig.*, 161 F.R.D. 274, 284 (S.D.N.Y. 1995) (noting that "an equitable piercing of the attorney-client privilege should be narrowly tailored).

In *Willkie Farr*, the court limited the waiver to "notes of interviews . . . and notes of meetings with the Audit Committee at which Ernst & Young [the disclosed party who had provided the later-waived privileged advice] was present".  1997 WL 118369 at *4.  The court did not otherwise grant a waiver as to all privileged communications regarding the audit, the scope you suggest here.  Instead, the court limited the waiver to the subject matter of the communication with the relevant party.  Likewise, in *Leslie Fay*, the court limited the waiver to the underlying documents used to reach a report's conclusions.  161 F.R.D. 274 at 283.  We have found no support for the broad waiver you suggest here, nor any reason to believe that the scope of our waiver was insufficient to address any potential prejudice to Plaintiffs in this case.

With respect to potential prejudice, you have not yet identified any documents from the privilege log you believe are impacted by this waiver.  We are unaware of any such documents and a full review of unidentified documents potentially implicated by your proposed waiver would be burdensome, especially given the timing of the request less than two weeks before our summary judgment papers are due.

Given the late stage of this request on the eve of summary judgment, we once again note that we produced this document to Plaintiffs more than two years ago and Plaintiffs introduced it in the Abrams deposition in February.  (Abrams Dep. 250:4-251:11).  You have still failed to identify any reason why you have now chosen to raise this issue for the first time.  Based on the timing of this request, we can only assume it is grounded in a last-ditch attempt to bolster your weak claims concerning EpiPen's MDRP classification and hope that a last-minute fishing expedition could turn up any evidence used to muddy the waters on what is a clear record rebutting your claims.  Claiming a right to reopen fact discovery four months after the period has closed and mere weeks prior to the summary judgment deadline, a reasonable extension of which you have objected to, on the basis of a document you have had for more than two years and used in a deposition six months ago further suggests that this request is made as a tactical move, more than anything else.

We remain willing to consider further support and any documents you can point us to that you believe should be produced, and we remain willing to meet and confer regarding your position.

Best,

Nicole

**From:** Veronica Montenegro <vvmontenegro@pomlaw.com>
**Sent:** Monday, August 16, 2021 1:27 PM
**To:** Nicole Valente <nvalente@cravath.com>; Matt Alpert <MAlpert@rgrdlaw.com>; Austin Van <avan@pomlaw.com>; Jeremy Lieberman <jalieberman@pomlaw.com>; Terrence Scudieri <tscudieri@pomlaw.com>
**Cc:** David Marriott <dmarriott@cravath.com>; Rory Leraris <RLeraris@cravath.com>; Greg Cheyne <gcheyne@cravath.com>; Lelia Ledain <lledain@cravath.com>
**Subject:** RE: In re Mylan N.V. Securities Litigation, No. 16-cv-07926 (JPO): Improperly Withheld Documents re: EpiPen Misclassification

Nicole,

As discussed in the call, it is our position that Defendants cannot selectively assert the attorney-client privilege to gain a tactical advantage.  *See, e.g.*, *In re Steinhardt Partners, L.P.*, 9 F.3d 230, 235 (2d Cir. 1993) (the "selective assertion of privilege should not be merely another brush on an attorney's palette, utilized and manipulated to gain tactical or strategic advantage.").  "The waiver of underlying materials or a complete subject matter waiver applies when a party seeks to use the privilege selectively, as both a sword and shield in litigation."  *In re Subpoena Duces Tecum Served on Willkie Farr & Gallagher*, No. M8-85 (JSM), 1997 WL 118369, at *3 (S.D.N.Y. Mar. 14, 1997) (citing *In re Leslie Fay Cos., Inc. Sec. Litig.*, 161 F.R.D. 274, 282 (S.D.N.Y. 1995)).  We do not subscribe to your position that we are only entitled to production of privileged documents concerning solely "legal advice concerning the effect of the enactment of the PPACA on the MDRP classification of EpiPen."  Rather, we remain of the position that Defendants have waived all privileged communications with counsel concerning the classification of the EpiPen generally.

Defendants refused on the call to represent that they will not rely on evidence of legal advice Defendants received concerning the classification of the EpiPen or to represent that they will not assert such evidence to argue that Mylan did not knowingly misclassify EpiPen.  If by Friday, Defendants do not agree to produce all documents reflecting legal advice concerning the classification of EpiPen under the MDRP, we will consider the parties to be at an impasse on this issue.

Best,

Veronica

Veronica V. Montenegro
POMERANTZ LLP
600 Third Avenue
New York, NY 10016
Phone: 212-661-1100
Direct Dial: 646-581-9948
vvmontenegro@pomlaw.com

**From:** Nicole Valente <nvalente@cravath.com>
**Sent:** Tuesday, August 10, 2021 9:04 PM
**To:** Veronica Montenegro <vvmontenegro@pomlaw.com>; Matt Alpert <MAlpert@rgrdlaw.com>; Austin Van <avan@pomlaw.com>; Jeremy Lieberman <jalieberman@pomlaw.com>; Terrence Scudieri <tscudieri@pomlaw.com>
**Cc:** David Marriott <dmarriott@cravath.com>; Rory Leraris <RLeraris@cravath.com>; Greg Cheyne <gcheyne@cravath.com>; Lelia Ledain <lledain@cravath.com>

**Subject:** RE: In re Mylan N.V. Securities Litigation, No. 16-cv-07926 (JPO): Improperly Withheld Documents re: EpiPen Misclassification

Veronica,

Defendants made clear throughout the fact discovery period that they intended to rely on a limited scope of legal advice received regarding the classification of EpiPen: legal advice concerning the effect of the enactment of the PPACA on the MDRP classification of EpiPen. Defendants have produced all documents related to this legal advice for which Defendants have waived the attorney client privilege, which Defendants would have confirmed had Plaintiffs ever sought information about the waiver. Defendants have made no other waiver of privilege in this case and Plaintiffs' request that Defendants produce additional documents, without so much as identifying any purportedly implicated documents, is unwarranted.

Further, Plaintiffs' request to reopen document discovery in this case is untimely. Documents reflecting the advice of counsel referred to in your email were produced to Class Plaintiffs as early as August 2019. Plaintiffs have known about these documents since at least early 2021, when Plaintiffs used a memo reflecting legal advice in the February 12, 2021 deposition of Jim Abrams, seeking testimony about how Mr. Abrams understood the memo and Mr. Kirschenbaum's advice. *See* Abrams Tr. 249:20-255:18 (regarding Abrams Ex. 176). Mylan's receipt of legal advice itself was also the subject of testimony in Mr. Roman's 30b6 testimony on April 5, 2021. Roman 30b6 Tr. 29:6-9. The legal advice itself was discussed and cited in the 30b6 Responses that Mr. Roman adopted as part of his testimony. Roman Ex. 622 at 1 ("Mylan's outside counsel opined that it was not 'necessary . . . to change its approach' to EpiPen's MDRP classification") and 4-5 ("Thus, Mylan received explicit guidance from its counsel that the continued classification of EpiPen as a non-innovator for the purposes of the MDRP was appropriate . . . "). Plaintiffs had sufficient notice throughout the fact discovery period that Defendants intended to rely on legal advice given by Mr. Kirschenbaum and chose not to question the scope of the waiver or conduct additional discovery into the legal advice given.

To the extent that Plaintiffs would like to meet and confer about this issue, we can be available early next week.

Best,
Nicole

Nicole D. Valente
Cravath, Swaine & Moore LLP
Worldwide Plaza | 825 Eighth Avenue
New York, NY 10019
(212) 474-1957 | nvalente@cravath.com

---

**From:** Veronica Montenegro <vvmontenegro@pomlaw.com>
**Sent:** Monday, August 9, 2021 5:58 PM
**To:** Rory Leraris <RLeraris@cravath.com>; Nicole Valente <nvalente@cravath.com>; Greg Cheyne <gcheyne@cravath.com>; David Marriott <dmarriott@cravath.com>; Lelia Ledain <lledain@cravath.com>
**Cc:** Austin Van <avan@pomlaw.com>; Jeremy Lieberman <jlieberman@pomlaw.com>; Terrence Scudieri <tscudieri@pomlaw.com>; Matt Alpert <MAlpert@rgrdlaw.com>
**Subject:** RE: In re Mylan N.V. Securities Litigation, No. 16-cv-07926 (JPO): Improperly Withheld Documents re: EpiPen Misclassification

Counsel,

We are following up on our email below, which requested a response by last Friday.  We ask that you please reply by tomorrow, August 10, 2021.  We are happy to meet and confer on this matter this week.  If we do not hear back by the end of the day tomorrow we will interpret your non-response as a refusal to produce the requested documents and an indication that the parties are at an impasse on this issue.

Best,

Veronica

Veronica V. Montenegro
POMERANTZ LLP
600 Third Avenue
New York, NY 10016
Phone: 212-661-1100
Direct Dial: 646-581-9948
vvmontenegro@pomlaw.com


**From:** Veronica Montenegro
**Sent:** Tuesday, August 3, 2021 4:49 PM
**To:** Rory Leraris <RLeraris@cravath.com>; Nicole Valente <nvalente@cravath.com>; Greg Cheyne <gcheyne@cravath.com>; David Marriott <dmarriott@cravath.com>; Lelia Ledain <lledain@cravath.com>
**Cc:** Austin Van <avan@pomlaw.com>; Jeremy Lieberman <jalieberman@pomlaw.com>; Terrence Scudieri <tscudieri@pomlaw.com>; Matt Alpert <MAlpert@rgrdlaw.com>
**Subject:** In re Mylan N.V. Securities Litigation, No. 16-cv-07926 (JPO): Improperly Withheld Documents re: EpiPen Misclassification

Counsel,

Recently, it has become clear that Defendants intend to put at issue legal advice they received concerning Mylan's classification of the EpiPen as an N Drug.  Indeed, during the deposition of Dr. Kevin Gorospe ("Gorospe"), in questioning Dr. Gorospe, David Marriott specifically alluded to Mylan's receipt of advice of counsel, concerning the EpiPen's classification.  *See* Gorospe Dep. Tr. at 113:19-114:16; *see also* Report of Short, at ¶¶ 93-94; Report of Shakow, at ¶ 64.

In asserting as a defense legal advice concerning the proper classification of EpiPen under the MDRP, Defendants have waived any claim of privilege over any legal advice pertaining to that subject matter.  "Where a party pleads that it 'thought its actions were legal,' it puts its own 'knowledge of the law and the basis for its understanding of what the law required in issue,' including 'conversations with counsel.'"  *Sec. & Exch. Comm'n v. Ripple Labs, Inc.*, No. 20 Civ. 10832 (AT) (SN), 2021 WL 2323089, at *2 (S.D.N.Y. May 30, 2021) (quoting *United States v. Bilzerian*, 926 F.2d 1285, 1292 (2d Cir. 1991)) (alterations adopted).  Thus, "if a defendant claims good faith, and that claim can be scrutinized only by examining the disputed communications, then the privilege is waived.  Such waiver 'is premised on the unfairness to the adversary of having to defend against the privilege holder's claim without access to pertinent privileged materials that might refute the claim.'"  *Id*. (quoting *John Doe Co. v. United States*, 350 F.3d 299, 304 (2d Cir. 2003)).

Based on Defendants' privilege log, Defendants appear to have held back communications containing legal advice concerning the classification of the EpiPen.  Accordingly, we ask that Defendants produce all documents containing legal advice regarding the EpiPen's classification that were held back on the grounds of privilege.  Please let us know by Friday whether Defendants agree to produce these documents.  We are happy to meet and confer anytime tomorrow or Thursday if you feel that would be helpful.

Best,

Veronica

Veronica V. Montenegro
POMERANTZ LLP
600 Third Avenue
New York, NY 10016
Phone: 212-661-1100
Direct Dial: 646-581-9948
vvmontenegro@pomlaw.com

This e-mail is confidential and may be privileged. Use or disclosure of it by anyone other than a designated addressee is unauthorized. If you are not an intended recipient, please delete this e-mail from the computer on which you received it.

This e-mail is confidential and may be privileged. Use or disclosure of it by anyone other than a designated addressee is unauthorized. If you are not an intended recipient, please delete this e-mail from the computer on which you received it.