

**Jeremy A. Lieberman**
Managing Partner

September 9, 2021

**VIA ECF**
The Honorable J. Paul Oetken, District Judge
United States District Court for the Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square, Courtroom 706
New York, N.Y. 10007

    Re:    *In re Mylan N.V. Securities Litigation,* 16-cv-07926 (JPO)

Dear Judge Oetken:

    We are Class Counsel in the above-referenced action. We write respectfully to request a brief order clarifying the Court's August 25, 2021 order (ECF No. 263) ("Order") setting the page limits for Defendants' summary judgment motion practice. The Order currently grants Defendants 80 pages for their motion for summary judgment, Class Representatives 80 pages for their opposition, and Defendants 40 pages for their reply. The Order does not address the page limits for Class Representatives' cross-motion for summary judgment (previously referenced in the Court's July 21, 2021 order (ECF No. 256)), which the Class understands to remain at the default 25 pages for the Class's cross-motion, 25 pages for Defendants' opposition, and 10 pages for the Class's reply. As the Court's Individual Rule 3(E)(iv)(b) requires that any cross-motion for summary judgment be filed in a single brief together with the opposition, we understand the Order, read together with the Court's Individual Rules, to grant Defendants 80 pages for their motion for summary judgment, Class Representatives 105 pages for their cross-motion and opposition (25 plus 80), Defendants 65 pages for their opposition and reply (25 plus 40), and Class Representatives 10 pages for their reply. The Class respectfully requests that the Court enter a clarifying order to this effect, substantially in the form of Exhibit A.

    Regrettably, Defendants have refused to agree to enter a clarifying stipulation. Defendants' position is that the Court, in setting the page limits for Defendants' summary judgment motion, either *sua sponte* decided to deny Class Representatives the right to file a cross-motion for summary judgment entirely, in violation of Rule 56 of the Federal Rules, or else intended to grant the Class unilaterally zero pages for its cross motion and unilaterally deny the Class a reply brief entirely. Class Representatives submit that the Court could not have intended such unfairness.



          Respectfully Submitted,

          By: */s/ Jeremy Lieberman*
          Jeremy Lieberman
          Austin P. Van
          POMERANTZ LLP
          600 Third Avenue, 20th Floor
          New York, New York 10016
          Telephone: (212) 661-1100
          jalieberman@pomlaw.com
          avan@pomlaw.com

          *Class Counsel*

cc:    All counsel of record (via ECF)