

**Jeremy A. Lieberman**
Managing Partner

October 12, 2021

**VIA ECF**
The Honorable J. Paul Oetken, District Judge
United States District Court for the Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square, Courtroom 706
New York, N.Y. 10007

    Re:   *In re Mylan N.V. Securities Litigation,* 16-cv-07926 (JPO)

Dear Judge Oetken:

    Class Representatives in the above-referenced action respectfully request that Defendants' untimely papers and exhibits in support of their motion for summary judgment be stricken.[1] Defendants' motion for summary judgment, and all papers in support thereof, were due on September 22, 2021. (ECF Nos. 256 & 263). *See* L. Civ. R. 7.1. Although Defendants timely filed their first Memorandum in Support of their Motion for Summary Judgment (ECF No. 288) ("Defs.' First Deficient Brief") and motion to seal it (ECF No. 287), they filed no other papers on time. Indeed, Defendants filed their third and most recent Rule 56.1 Statement fully *seven days* after the deadline, and continued to submit additional exhibits and related filings up to a week after that. Defendants' gross failure to meet their deadline is stunning. Yet just as stunning is Defendants' total failure even to attempt to show in a Rule 6(b) motion the excusable neglect and good cause that must be shown for the Court to permit such untimely filings. Under clear Second Circuit precedent, Defendants did not and could not make these showings, so these untimely papers should be stricken.

### I.   BACKROUND

    On September 22, 2021, Defendants filed their First Deficient Brief, but filed no other papers on that day except for their letter motion to seal. In the morning on September 23, 2021, Defendants represented to the Court that they were "still working on getting on file the remaining supporting documents—a declaration with several hundred exhibits . . . ." (ECF No. 290). Later that afternoon and evening, Defendants filed—entirely under seal—their second Notice of Motion for Summary Judgment (ECF No. 292), a corrected Memorandum in Support ("Defs.' Second Brief") (ECF No. 293), a Rule 56.1 Statement ("Defs.' First Deficient SOF") (ECF No. 294), a declaration of counsel in support (the "First Deficient Leraris Decl.") (ECF No. 295), a second Rule 56.1 Statement ("Defs.' Second Deficient SOF") (ECF No. 296), and certain Exhibits (ECF

---

[1] Class Representatives reserve all rights to file a complete, substantive opposition to Defendants' motion for summary judgment and to file their cross-motion for summary judgment according to the terms of the most recent scheduling order. *See* ECF Nos. 309-11.

Nos. 297–300). *See* Decl. of Terrence W. Scudieri, Jr. dated Oct. 12, 2021 (the "Scudieri Decl."), at Ex. A.

The next day, on September 24, 2021, Defendants filed additional exhibits. (ECF No. 301). Class Counsel alerted Defendants' counsel that certain of the exhibits identified in ECF No. 300-7 were not identified on the Court's docket. Scudieri Decl., Ex. B. Defendants' counsel represented later that day that they had corrected the deficiencies and had contacted Chambers by telephone to discuss delivery of the sealed exhibits. *Id.*, Exs. B & C. On September 27, 2021, after reviewing Defendants' full set of exhibits, Class Counsel alerted Defendants' counsel that certain of the exhibits were never produced to the Class. Scudieri Decl., Ex. D. Shortly before midnight on September 27, 2021, Defendants served these missing exhibits on Class Counsel. *Id.*

Then, on September 29, 2021, fully *one week* after the filing deadline, Defendants filed a new Rule 56.1 Statement of Facts ("Defs.' Third SOF") (ECF No. 303) containing *numerous new facts* and *new evidence* that had not been included in either the First or Second Deficient SOFs. Defendants also filed a new declaration of counsel in support (the "Second Leraris Declaration") (ECF No. 304), together with a new set of exhibits that contained *almost one hundred exhibits not included* a week earlier in the First Deficient Leraris Declaration.[2] Scudieri Decl., Exs. E & F. On September 30, 2021—*eight days* after the deadline—Defendants filed yet *another* new set of exhibits (ECF No. 305). Then, on October 5, 2021—*two weeks* after the deadline—Defendants filed yet additional supporting documents. (ECF No. 308).

## II. DEFENDANTS FAILED EVEN TO FILE A MOTION TO ATTEMPT TO SHOW EXCUSABLE NEGLECT AND GOOD CAUSE FOR THEIR LATE FILINGS

As an initial matter, Defendants failed altogether to move to extend the deadline for their summary judgment papers after that deadline expired, so Defendants cannot have made the requisite showing that their late submissions were due to "excusable neglect" or that "good cause" exists to permit them. Federal Rule 6(b) sets forth the procedure for a party to follow if it misses a filing deadline. Rule 6(b) states, in relevant part:

> (1) When an act may or must be done within a specified time, the court may, for good cause, extend the time: (A) *with or without motion* or notice if the court acts, or if a request is made, before the original time or its extension expires; or (B) *on motion* made after the time has expired if the party failed to act because of excusable neglect.

Fed. R. Civ. P. 6(b) (emphases added.) That is, "before the original time or its extension expires," the Court may extend time "with or without motion," yet "after the time has expired for a party to submit a filing," the Court may extend time retroactively only "on motion." *Id.* Accordingly, Rule 6(b) requires a party that misses a deadline *actively to file a motion* with the Court to seek an extension of time, and to make a showing of excusable neglect in that motion. Where a party fails

---

[2] New exhibits 85, 124, 159, 229, 233, 247, 249, 262, 265, 269, 270, 271, 272, 273, 274, 275, 276, 289, 290, 297, 298, 299, 306, 307, 308, 309, 310, 311, 312, 317, 318, 324, 330, 331, 332, 342, 362, 365,367, 377, 380, 384, 393, 398, 404, 417, 418, 433, 440, 442, 443, 444, 445, 469, 483, 514, 515, 517, 519, 528, 530, 532, 539, 540, 541, 542, 543, 544, 548, 550, 551, 559, 574, 575, 576, 577, 578, 579, 590, 622, 623, 627, 628, 628, 630, 631, 632, 633, 634, 635, 636, 637, 638, 639, 640, 641, 642, 643, 644, 645, and 646 are not identified in the First Deficient Leraris Declaration.



to bring such a motion, the right to extend the deadline is deemed waived. *See Kotler v. Jubert*, 986 F.3d 147, 156 (2d Cir. 2021) (deeming the right to extension of time under Rule 6(b) waived where party failed to file a motion); *Unicorn Tales, Inc. v. Banerjee*, 138 F.3d 467, 470 (2d Cir. 1998) (same).

Here, Defendants neglected entirely to move for an extension of time after the time expired for them to submit their summary judgment briefs. Rule 6(b) does not condone Defendants' strategy of doing nothing and hoping for the lateness of their filings to go unnoticed. Defendants have failed even to attempt to show excusable neglect or good cause, and they have waived their right to do so by failing to file a motion.

### III. DEFENDANTS DID NOT, AND COULD NOT, DEMONSTRATE THAT THEIR LATE FILINGS WERE DUE TO EXCUSABLE NEGLECT

Defendants' failure to follow a clear scheduling order does not constitute excusable neglect. Under clear Second Circuit precedent, "failure to follow the clear dictates of a court rule will generally not constitute [] excusable neglect." *Canfield v. Van Atta Buick/GMC Truck, Inc.*, 127 F.3d 248, 250 (2d Cir. 1997), *cert. denied*, 522 U.S. 1117 (1998); *Sec. & Exch. Comm'n v. Coletti*, 162 F.3d 1148, 1998 WL 650254, at *1 (2d Cir. 1998) (Table) (same). "[N]eglect may be excusable where the language of a rule is ambiguous or susceptible to multiple interpretations, or where an apparent conflict exists between two rules." *Canfield*, 127 F.3d at 250. *However*, "[w]here . . . the rule is entirely clear, we continue to expect that a party claiming excusable neglect will, in the ordinary course, lose . . . ." *Id.* at 251. Indeed, where the rule is clear, "inadvertence" does *not* constitute excusable neglect, even where the "delay [is] minimal" and the opposing party did not "suffer[] any prejudice." *Tancredi v. Metro. Life Ins. Co.*, 378 F.3d 220, 228 (2d Cir. 2004).

In *Tancredi*, the Second Circuit considered whether a motion for attorneys' fees could proceed though filed after the expiration of the deadline in Rule 54. *See id.* The Court found that the district court was required to find "excusable neglect" under Rule 6(b)(2) to extend the time to move. *Id.* at 226. In addressing whether Defendant MetLife had demonstrated "excusable neglect," the Court found that "MetLife's seven-day delay was minimal and it seems unlikely that plaintiffs suffered any prejudice." *Id.* at 228. *Nevertheless*, the Court held, citing *Canfield*, that "MetLife would face a great hurdle in demonstrating 'excusable neglect' on these facts. Absent a sufficient reason for its delay, the fact that the delay and prejudice were minimal would not excuse MetLife's mere inadvertence." *Id.* The reason that the Second Circuit "constru[es] narrowly the 'excusable neglect' standard," *id.*, is clear: "[a]ny less rigid standard would risk encouraging a lax attitude toward filing dates." *United States v. Boyle*, 469 U.S. 241, 249 (1985).

Here, there is no question that "the rule" about when Defendants' papers were due "is entirely clear." *Canfield*, 127 F.3d at 250-51 (2d Cir. 1997). Accordingly, even if Defendants' delays in filing the First and Second Deficient SOFs and First Deficient Leraris Declaration were somehow due to unexplained "technical issues" (which has not been shown[3]), under *Canfield*,

---

[3] Defendants did not adequately explain what "technical issues" they purported to have, when exactly those issues occurred, and why those issues prevented Defendants from filing the Second Deficient SOF and First Deficient Leraris Declaration in a timely manner. For all Class Representatives know, Defendants' "technical issues" occurred days prior to the filing deadline, or constituted nothing more than a confusion about the ECF system. In

3

Case 1:16-cv-07926-JPO   Document 312   Filed 10/12/21   Page 4 of 6

POMERANTZLLP

those filings are "expect[ed]" to be stricken—the Court "expect[s] that a party claiming excusable neglect will, in the ordinary course, lose" where the applicable rule "is entirely clear." *Id*. *A fortiori*, there is no dispute that Defendants failed to submit the Third SOF and Second Leraris declaration until a week after the filing deadline due merely to inadvertence—Defendants have expressly admitted as much to the Court. *See* ECF No. 306 ("This set included . . . exhibits that were *inadvertently* omitted from the initial set and certain other corrections for discrepancies in the initial set of exhibits.") (emphasis added). Defendants appear not even to have recognized the numerous errors in their Second Deficient SOF and the First Deficient Leraris Declaration until Class Representatives alerted them to these gaping problems. Accordingly, Defendants did not, and could not, clear the "great hurdle" of demonstrating excusable neglect on these facts. *Tancredi*, 378 F.3d at 228; *see Canfield*, 127 F.3d at 250-51.

*Sterling v. Deutsche Bank Nat'l Tr. Co.* is instructive. *See* No. 19 Civ. 205 (GBD) (KNF), 2019 WL 4199976, at *1 (S.D.N.Y. Sept. 5, 2019). In *Sterling*, Defendants waited eight days before purporting to file a corrected motion, brief, and declaration in support of their motion to dismiss. *Id.* On plaintiff's motion to strike, the Court denied the defendants' motion to dismiss, concluding that they had "failed to [comply with the Court's [scheduling order]," as they did not file their motion, as directed, on or before the deadline. *Id.* Defendants had the opportunity to seek "an extension of time" to comply, but they failed to do so. *Id.* The Court concluded that by "neglecting to cure their filing deficiencies and properly submit their motion to dismiss by the court-imposed . . . deadline, Defendants failed to timely file their motion." *Id.*, at *2. Defendants failed to "seek and obtain an extension of time to file their motion, or seek and obtain authorization for their belated filings." *Id.* Here, too, Defendants filed their corrected supporting papers for their dispositive motion a week following the deadline, yet failed to seek an extension of time to comply. Indeed, here, Defendants requested and received *multiple* extensions of time to submit their summary judgment papers. (ECF Nos. 242, 245, 257, 263). With ample time, Defendants' repeated failures to file their papers in a timely manner are all the more inexcusable.

## IV.   DEFENDANTS DID NOT SHOW GOOD CAUSE FOR THEIR LATE FILINGS

In addition to a showing of excusable neglect, Rule 6(b) also requires a party that misses a filing deadline to show "good cause" for the failure. Rule 16(b) likewise states that the district court may only modify a pre-trial scheduling order on a showing of "good cause" by the party seeking the modification. Fed. R. Civ. P. 16(b). "Good cause" means that the schedule cannot reasonably be met despite that party's diligence. Fed. R. Civ. P. 16(b) advisory committee's note to 1983 amendment; *see Carnrite v. Granada Hosp. Grp., Inc.*, 175 F.R.D. 439, 446 (W.D.N.Y. 1997); *Robinson v. Town of Colonie*, No. 91 Civ. 1355 (NPM), 1993 WL 191166, at *3 (N.D.N.Y. June 3, 1993). "Determining whether a party has shown 'good cause' 'depends on the diligence of the moving party.'" *NAS Elecs., Inc. v. Transtech Elecs. PTE Ltd.*, 262 F. Supp. 2d 134, 150 (S.D.N.Y. 2003) (quoting *Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 340 (2d Cir. 2000)).

"The failure to abide by the Court's scheduling order without any showing of good cause is sufficient grounds to deny [a party's] motion for summary judgment." *NAS Elecs., Inc.*, 262 F. Supp. 2d at 150; *see Hidalgo v. New Ichiro Sushi, Inc.*, No. 15 Civ. 414 (AJN), 2017 WL 4712789, at *3 (S.D.N.Y. Sept. 27, 2017) (denying defendant's affirmative cross-motion for summary judgment as untimely where it was filed beyond the court-ordered deadline); *Izzo Golf*

---

any event, a two-word statement in a letter to the Court is not a showing sufficient to prove excusable neglect where the applicable rule is clear. *Canfield*, 127 F.3d at 250-51.

*Inc. v. King Par Corp.*, No. 10 Civ. 6507 (CJS), 2019 WL 10302174, at *5 (W.D.N.Y. Aug. 13, 2019) (where defendant's dispositive motion was filed after deadline, the Court denied it as untimely "for this reason alone.") (citing *NAS Elecs., Inc.*, 262 F. Supp. 2d at 150); *In re Vitamin C Antitrust Litig.*, No. 06 MDL 1738 (BMC) (JO), 2013 WL 635740, at *3 (E.D.N.Y. Feb. 20, 2013) (denying summary judgment motion as untimely where it was filed beyond the court-ordered deadline);

Here, just as Defendants have failed to show excusable neglect, Defendants have failed to make the requisite showing of good cause for not complying with the dispositive motion deadline. Defendants manifestly were not diligent in filing the Third SOF and Second Leraris Declaration, as they did not even make these corrected filings until prompted to do so by Class Representatives. Opposing counsel's ipse dixit that they experienced purported "technical difficulties" does not, without more, show good cause. *See Berdaux v. OneCoin Ltd.*, No. 19 Civ. 4074 (VEC), 2019 WL 8685006, at *1 (S.D.N.Y. Nov. 1, 2019) ("ipse dixit," that 'due diligence has been fruitless,' insufficient to show due diligence and "reason enough to deny [the] motion"). Defendants were required to file a motion, to show evidence of those purported difficulties and to explain how they prevented Defendants from filing the Second Deficient SOF and First Deficient Leraris Declaration on time in spite of their diligent efforts. They wholly failed to make such a showing. Defendants' "lack of diligence and absence of good cause" for their delay "requires that" their motion for summary judgment "be denied as untimely." *NAS Elecs., Inc.*, 262 F. Supp. 2d at 150–51 (citing *Parker*, 204 F.3d at 340–41).

## V. CLASS REPRESENTATIVES HAVE BEEN PREJUDICED

While Class Representatives need *not* show prejudice where the operative rule is clear, *Canfield*, 127 F.3d at 250, or *a fortiori* where Defendants' lateness is due to inadvertence, *Tancredi*, 378 F.3d at 228, nevertheless Defendants' failure has indeed prejudiced Class Representatives by imposing on them uncertainty about which documents are operative. Class Representatives are required to comply with this Court's Individual Rule 2(E), which requires Class Representatives to "reproduce each entry in the [Defendants'] Rule 56.1 Statement, and set out [the Class Representatives'] response directly beneath it." Defendants have now filed three versions of this document, all of which differ significantly from each other and each of which was untimely filed. Likewise, Class Representatives cannot be sure which of the Exhibits the Court will consider due to the numerous discrepancies both between the First Deficient and Second Leraris Declarations and between the Exhibits Defendants filed before September 29, 2021 and those that they filed after September 29, 2021. The Class is disadvantaged by not knowing even which set of over 1100 paragraphs, and which set of over 600 exhibits, the Class must address in its opposition.

## VI. CONCLUSION

Class Representatives respectfully request that the Court strike all documents in support of Defendants' motion for summary judgment filed after September 22, 2021.



              Respectfully Submitted,

              By: */s/ Jeremy Lieberman*
              Jeremy Lieberman
              Austin P. Van
              POMERANTZ LLP
              600 Third Avenue, 20th Floor
              New York, New York 10016
              Telephone: (212) 661-1100
              jalieberman@pomlaw.com
              avan@pomlaw.com

              *Class Counsel*

cc:    All counsel of record (via ECF)