# CRAVATH, SWAINE & MOORE LLP

WORLDWIDE PLAZA
825 EIGHTH AVENUE
NEW YORK, NY 10019-7475

TELEPHONE: +1-212-474-1000
FACSIMILE: +1-212-474-3700

———

CITYPOINT
ONE ROPEMAKER STREET
LONDON EC2Y 9HR
TELEPHONE: +44-20-7453-1000
FACSIMILE: +44-20-7860-1150

| | | |
|---|---|---|
| JOHN W. WHITE | TIMOTHY G. CAMERON | AARON M. GRUBER |
| EVAN R. CHESLER | KARIN A. DEMASI | O. KEITH HALLAM, III |
| STEPHEN L. GORDON | DAVID S. FINKELSTEIN | OMID H. NASAB |
| ROBERT H. BARON | RACHEL G. SKAISTIS | DAMARIS HERNÁNDEZ |
| CHRISTINE A. VARNEY | PAUL H. ZUMBRO | JONATHAN J. KATZ |
| PETER T. BARBUR | ERIC W. HILFERS | DAVID L. PORTILLA |
| MICHAEL S. GOLDMAN | GEORGE F. SCHOEN | RORY A. LERARIS |
| RICHARD HALL | CRAIG F. ARCELLA | MARGARET T. SEGALL |
| STEPHEN L. BURNS | LAUREN ANGELILLI | DANIEL K. ZACH |
| KATHERINE B. FORREST | TATIANA LAPUSHCHIK | NICHOLAS A. DORSEY |
| KEITH R. HUMMEL | ALYSSA K. CAPLES | ANDREW C. ELKEN |
| DAVID J. KAPPOS | MINH VAN NGO | VANESSA A. LAVELY |
| DANIEL SLIFKIN | JELENA McWILLIAMS | G.J. LIGELIS JR. |
| ROBERT I. TOWNSEND, III | KEVIN J. ORSINI | MICHAEL E. MARIANI |
| PHILIP J. BOECKMAN | MATTHEW MORREALE | LAUREN R. KENNEDY |
| RONALD E. CREAMER JR. | JOHN D. BURETTA | SASHA ROSENTHAL-LARREA |
| WILLIAM V. FOGG | J. WESLEY EARNHARDT | MICHAEL P. ADDIS |
| FAIZA J. SAEED | YONATAN EVEN | JUSTIN C. CLARKE |
| THOMAS E. DUNN | BENJAMIN GRUENSTEIN | SHARONMOYEE GOSWAMI |
| MARK I. GREENE | JOSEPH D. ZAVAGLIA | C. DANIEL HAAREN |
| DAVID R. MARRIOTT | STEPHEN M. KESSING | EVAN MEHRAN NORRIS |
| MICHAEL A. PASKIN | LAUREN A. MOSKOWITZ | LAUREN M. ROSENBERG |
| ANDREW J. PITTS | DAVID J. PERKINS | MICHAEL L. ARNOLD |
| MICHAEL T. REYNOLDS | J. LEONARD TETI, II | HEATHER A. BENJAMIN |
| ANTONY L. RYAN | D. SCOTT BENNETT | MATTHEW J. BOBBY |
| GEORGE E. ZOBITZ | TING S. CHEN | DANIEL J. CERQUEIRA |
| GEORGE A. STEPHANAKIS | CHRISTOPHER K. FARGO | ALEXANDRA C. DENNING |
| GARY A. BORNSTEIN | DAVID M. STUART | HELAM GEBREMARIAM |
| | | MATTHEW G. JONES |
| | | MATTHEW M. KELLY |
| | | DAVID H. KORN |
| | | BRITTANY L. SUKIENNIK |
| | | ANDREW M. WARK |
| | | ANDREW T. DAVIS |
| | | DOUGLAS DOLAN |
| | | SANJAY MURTI |
| | | BETHANY A. PFALZGRAF |
| | | MATTHEW L. PLOSZEK |
| | | ARVIND RAVICHANDRAN |

PARTNER EMERITUS
SAMUEL C. BUTLER

OF COUNSEL
CHRISTOPHER J. KELLY
KIMBERLEY S. DREXLER
LILLIAN S. GROSSBARD
KIMBERLY A. GROUSSET
ANDREI HARASYMIAK
JESSE M. WEISS
MICHAEL J. ZAKEN
BENJAMIN G. JOSELOFF
MEGAN Y. LEW

WRITER'S DIRECT DIAL NUMBER
+1-212-474-1257

WRITER'S EMAIL ADDRESS
rleraris@cravath.com

August 2, 2022

<u>In re Mylan N.V. Securities Litigation</u>, 16-cv-07926 (JPO) (S.D.N.Y.)

Dear Judge Oetken:

This Firm represents Defendants Mylan N.V., Mylan, Inc., Heather Bresch, Robert J. Coury, Paul B. Campbell, Rajiv Malik, Kenneth S. Parks and John D. Sheehan (together with James Nesta, "Defendants") in the above-titled action. In further support of Defendants' Memorandum of Law in Support of Defendants' Motion for Summary Judgment (ECF 293), Defendants' Reply Memorandum of Law In Further Support of Defendants' Motion for Summary Judgment and In Opposition to Plaintiffs' Motion for Partial Summary Judgment (ECF 341) and Defendants' Memorandum of Law in Support of Defendants' Motion to Exclude Expert Testimony of Dr. Daniel E. Ingberman Related to Plaintiffs' Epinephrine Auto-Injector Antitrust Allegations (ECF 388), Defendants respectfully submit as supplemental authority thereto the Tenth Circuit's recent decision in *In re EpiPen (Epinephrine Injection, USP) Mktg., Sales Practices & Antitrust Litig.*, No. 21-3005, 2022 WL 3009140 (10th Cir. July 29, 2022), attached hereto as Exhibit A.

The U.S. District Court for the District of Kansas has twice ruled in favor of Mylan at summary judgment and found that the challenged rebate practices raised by Plaintiffs in this case as the basis for their securities claims were lawful. (ECF 293 at 1; ECF 388 at 1.) Plaintiffs' summary judgment papers attempted to minimize the impact of these decisions by noting that Sanofi, a former competitor and seller of epinephrine auto-injectors, had a pending appeal of the judgment against it. (ECF 334 at 34.) On Friday, the Tenth Circuit affirmed the District Court's "excellent" and "learned" opinion granting summary judgment in favor of Mylan against Sanofi, finding *de novo* that there was no triable issue of exclusionary conduct violating the Sherman Act because Mylan's alleged "exclusive rebate agreements were a normal competitive tool in the epinephrine auto-injector market, Mylan's exclusive rebate agreements were short and easily terminable, and Mylan did not coerce any PBMs". (*In re EpiPen*, 2022 WL 3009140, at

\*4 & n.2, \*14, \*22.)  The Court concluded that "Mylan's exclusive rebate agreements brought about lower prices for epinephrine auto-injectors than if Mylan and Sanofi used preferred or co-preferred rebate agreements", and "Sanofi fail[ed] to present a triable issue that Mylan's rebate agreements were likely to foreclose it from doing business in the [market]", which the Tenth Circuit considered sufficient "on that element alone". (*Id.* at \*20.) On the whole, the Court found that Mylan's agreements "did not impair Sanofi's opportunity to compete", in part because the agreements at issue "were short and easily terminable" given "that most of the contracts imposed terms of two and a half years or less and included termination provisions", which the PBMs "invoked", and "renegotiated" the contracts "annually" or at times "even more frequently". (*Id.* at \*20-21.) And contrary to Dr. Ingberman's challenged opinion that PBMs "acquiesced" to Mylan's price increases (*see* ECF 388 at § III; ECF 293 at § II.A.1.b), the Court determined that "[t]he epinephrine auto-injector market exemplifies an industry fueled by customer-instigated exclusive dealing" and "PBMs—not Mylan—instigated the use of exclusive deals to drive down prices". (*In re EpiPen*, 2022 WL 3009140, at \*26.)

As described at length in Defendants' pending summary judgment papers, there is no triable issue of fact as to Plaintiffs' EpiPen competition claims because Plaintiffs cannot prove any underlying antitrust violation, scienter or loss causation. (*See* ECF 293 at § II, ECF 341 at § I.)[1]  The Tenth Circuit's opinion further demonstrates the lack of any substance behind Plaintiffs' underlying Sherman Act allegations.  It also eviscerates Plaintiffs' theory of scienter—not only has a federal District Court *twice* rejected the same factual allegations raised by two different sets of plaintiffs, but now the Tenth Circuit has agreed after a *de novo* review.  Plaintiffs cannot demonstrate that any of the Defendants in this action made alleged misstatements or omissions knowingly or with a "willful, deliberate, or reckless disregard for the truth that is the equivalent of knowledge" about underlying Sherman Act violations that both a federal district court and federal appellate court have held did not occur. (ECF 293 at 7 (quoting *Lanza v. Drexel & Co.*, 479 F.2d 1277, 1305 (2d Cir. 1973).)[2]

---

[1] As instructed by this Court, Plaintiffs cannot succeed in their securities claims without demonstrating that Mylan committed the underlying antitrust violations.  (*See* ECF 69, Op. and Order at 9 ("[S]tatements cannot be misleading if the misconduct did not happen; consequently, a plaintiff must adequately plead that the misconduct did, in fact, occur".).)

[2] Nor can Plaintiffs distinguish *In re EpiPen* as only applicable to Plaintiffs' Section 2 claims because Plaintiffs' Section 1 *and* Section 2 claims rely on the same factual allegations that the U.S. District Court for the District of Kansas and now the U.S. Court of Appeals for the Tenth Circuit have rejected. (*See* ECF 341 at § I.A.2.b.)

For the reasons described above and in Defendants' previous briefing, summary judgment should be granted on Plaintiffs' EpiPen competition claims.

Respectfully,

*/s/ Rory A. Leraris*
Rory A. Leraris

Hon. J. Paul Oetken
   United States District Judge
      Southern District of New York
         40 Foley Square
            New York, NY 10007

VIA ECF

ENCL.

Copy to:

All counsel of record

VIA ECF

ENCL.