# CRAVATH, SWAINE & MOORE LLP

WORLDWIDE PLAZA
825 EIGHTH AVENUE
NEW YORK, NY 10019-7475

TELEPHONE: +1-212-474-1000
FACSIMILE: +1-212-474-3700

————

CITYPOINT
ONE ROPEMAKER STREET
LONDON EC2Y 9HR
TELEPHONE: +44-20-7453-1000
FACSIMILE: +44-20-7860-1150

WRITER'S DIRECT DIAL NUMBER
+1-212-474-1257

WRITER'S EMAIL ADDRESS
rleraris@cravath.com

August 6, 2022

<u>In re Mylan N.V. Securities Litigation</u>, 16-cv-07926 (JPO) (S.D.N.Y.)

Dear Judge Oetken:

       This Firm represents Defendants Mylan N.V., Mylan, Inc., Heather Bresch, Robert J. Coury, Paul B. Campbell, Rajiv Malik, Kenneth S. Parks and John D. Sheehan (together with James Nesta, "Defendants") in the above-titled action. We write briefly in response to Plaintiffs' August 4, 2022 letter response (ECF 444) concerning the Tenth Circuit's recent decision in *In re EpiPen (Epinephrine Injection, USP) Mktg., Sales Practices & Antitrust Litig.*, No. 21-3005, 2022 WL 3009140 (10th Cir. July 29, 2022) to correct misstatements concerning the decision and its relevance.

       Plaintiffs misrepresent the Tenth Circuit's decision and attempt to obscure its relationship to this case. The Tenth Circuit was not concerned with "only the narrow question [of] whether Mylan's conduct illegally harmed a specific competitor" (ECF 444) as Plaintiffs claim, but rather with harm to *competition*. See *In re EpiPen*, 2022 WL 3009140, at *32 ("Without any evidence of harm *to* competition—as opposed to harm *from* competition—Sanofi cannot present this case to a jury.") Also, Plaintiffs' Third Amended Complaint copies allegations made in the Sanofi complaint at issue, and ultimately dismissed, in *In re EpiPen*. Plaintiffs cannot now walk away from these allegations (later repeated in their contention interrogatory responses) simply because of the repeated adverse rulings in the *In re EpiPen* litigation.[1] Nor can Plaintiffs conclusorily state that the "different expert record" favors a different result. Plaintiffs'

---

[1] As Defendants have previously explained, the U.S. District Court for the District of Kansas has issued two opinions concerning materially similar issues in the EpiPen multi-district litigation, dismissing claims brought by Sanofi *and* claims brought by a consumer class. (*See* ECF 341 at 10 & n.8.) The court's consumer class action decision dismissed both Section 1 and Section 2 claims. (*Id.*) The impact of this decision on Plaintiffs' belatedly-raised claims is discussed in Defendants' reply brief in support of summary judgment. (*See id.* at § I.A.2.b.)

claims, just as those made by Sanofi and a separate consumer class, are not substantiated by the summary judgment record and should be dismissed.

Failing to explain why the Tenth Circuit's decision should not result in summary judgment for their Section 2 exclusive dealing claims, Plaintiffs argue that the decision does not impact their two other theories of antitrust liability for Mylan's conduct in marketing EpiPen—theories Plaintiffs raised for the first time in opposition to Defendants' summary judgment motion and which should be dismissed on that basis alone.  (*See* ECF 341 at 9.)  In fact, the Tenth Circuit's decision has direct relevance to these new theories, including those listed below.

- Foreclosure:  The Tenth Circuit found insufficient evidence that Mylan's alleged misconduct was likely "to foreclose [Sanofi] from doing business in the epinephrine auto-injector market".  *In re EpiPen*, 2022 WL 3009140, at *20.  Foreclosure is required to be shown for Section 1 *and* Section 2 claims (ECF 341 at 10 & n.8), and, as the Tenth Circuit's decision recognized, the standard for demonstrating foreclosure in connection with a Section 2 violation is *lower* than the standard required for a Section 1 violation.  *In re EpiPen*, 2022 WL 3009140, at *20 (noting that exclusive contracts "may give rise to a § 2 violation even though the contracts foreclose less than the roughly 40% or 50% share usually required in order to establish a § 1 violation").  It defies reason to suggest that Mylan's conduct may be lawful under Section 2, but not under Section 1.  (*See* ECF 341 at 10 & n.8.)

- Pricing:  The Tenth Circuit explicitly found that price for the purposes of antitrust analyses includes "not only list price, but the rebates, price protection, and effective dates of rebates", *In re EpiPen*, 2022 WL 3009140, at *22, contrary to Plaintiffs' argument that the Tenth Circuit's decision did not consider the impact of the rebates in connection with EpiPen list price increases (ECF 444).

- PBM Power:  The Tenth Circuit concluded that PBMs, not Mylan, "wielded" exclusivity "to push for more competitive pricing", *In re EpiPen*, 2022 WL 3009140, at *28, and that "when Sanofi beat Mylan's prices it succeeded" in gaining formulary access, *id.* at *22, findings wholly at odds with Plaintiffs' Section 2 theory of bribery of and kickbacks to PBMs for EpiPen formulary placement.

For the reasons described above, in Defendants' August 2, 2022 letter regarding supplemental authority and in Defendants' previous briefing, summary judgment should be granted on Plaintiffs' EpiPen competition claims.

Respectfully,

        */s/ Rory A. Leraris*
          Rory A. Leraris

Hon. J. Paul Oetken
   United States District Judge
      Southern District of New York
         40 Foley Square
            New York, NY 10007

VIA ECF

ENCL.

Copy to:

All counsel of record

VIA ECF

ENCL.