**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re Mylan N.V. Securities Litigation | Case No: 1:16-CV-07926 (JPO) |

**CLASS REPRESENTATIVES' OBJECTION TO BILL OF COSTS BY KENNETH S. PARKS, ROBERT J. COURY, JOHN D. SHEEHAN, PAUL B. CAMPBELL, MYLAN N.V., MYLAN, INC., RAJIV MALIK, HEATHER BRESCH**

Class Representatives Menorah Mivtachim Insurance Ltd., Menorah Mivtachim Pensions and Gemel Ltd., Phoenix Insurance Company Ltd., and Meitav DS Provident Funds and Pension Ltd. (collectively, "Plaintiffs") respectfully submit this Objection to the Bill of Costs Notice of Taxation filed by Kenneth S. Parks, Robert J. Coury, John D. Sheehan, Paul B. Campbell, Mylan N.V., Mylan, Inc., Rajiv Malik, Heather Bresch (collectively, "Defendants" or "Mylan") (Dkt. No. 469).

I.    PRELIMINARY STATEMENT

According to their Bill of Costs, Defendants seek to recover an exorbitant $499,113.91 in expenses. As explained below, Defendants' application fails to meet the requirements for taxation of costs under Fed. R. Civ. P. 54 and Local Civil Rule 54.1, and therefore, no costs should be taxed.

*First*, Local Civil Rule 54.1 explicitly requires that a "bill of costs shall include an affidavit that the costs claimed are allowable by law, are correctly stated and were necessarily incurred." The Bill of Costs submitted by Defendants contains no such affidavit with explanatory information. Moreover, Defendants' submission makes no effort to explain in what manner their costs were necessarily incurred. In light of Defendants' failure to provide such basic explanations, the Bill of Costs is insufficient and should be denied in full.

*Second*, and in any event, equitable considerations warrant denial of costs in these circumstances. In particular, the claims asserted against Defendants were non-frivolous and prosecuted in good faith. Moreover, because of the public benefit derived from private enforcement of securities laws, it is not uncommon for litigants in securities fraud actions to bear their own costs. Furthermore, to require Class Representatives alone in this class action to bear Defendants' exorbitant costs would be inequitable and discourage future plaintiffs from taking on the role of class representative in other class actions of public importance.

*Finally*, to the extent costs are considered (they should not be), Defendants must still demonstrate that the expenses incurred were necessary, reasonable, and within the limitations prescribed by Rule 54 and Local Civil Rule 54.1.  With respect to copying costs, Defendants may only recover costs actually incurred, yet the affidavit on which Defendants rely to evidence those costs fails to show the costs Defendants actually incurred for TIFF conversions as part of a bundle of services.  These costs must therefore be denied or drastically reduced to conform to standard market prices for high-volume TIFF conversion as part of bundled discovery services.  The conversion costs must be further reduced because Defendants do not distinguish between those TIFF conversion costs incurred specifically for productions in this Action as opposed to those incurred for previous productions in parallel litigations or government investigations that were merely re-produced in this Action.  With respect to deposition transcripts, any deposition costs other than the cost of a transcript, including costs related to expedited service, "realtime" transcription, and other similar expenses, are not recoverable.  As a result, any taxation of costs must be reduced accordingly.

## II.     FACTUAL BACKGROUND AND PROCEDURAL HISTORY

On March 30, 2023, the Court granted Defendants' motion for summary judgment. (Dkt. No. 463).  On March 31, 2023, the Court entered final judgment dismissing all claims against Defendants.  (Dkt. No. 464).  On April 26, 2023, Plaintiffs filed a notice of appeal to the Second Circuit from the Court's summary judgement decision.  (Dkt. No. 466; Second Circuit Case No. 23-720 ("Second Circuit") Dkt. 1).  On April 15, 2024, the Second Circuit Court entered a summary order and judgment, affirming the judgment of this Court.  (Second Circuit Dkt. No. 191.)

On April 29, 2024, Plaintiffs filed a Petition for Rehearing En Banc.  (Second Circuit Dkt. No. 195).  On May 20, 2024, the Second Circuit issued an order denying the petition for rehearing

(Second Circuit Dkt. No. 198), and on May 28, 2024, the Second Circuit issued a judgement mandate, which was transmitted to this Court. (Second Circuit Dkt. No. 199; Dkt. No. 467). Defendants filed a Bill of Costs on June 21, 2024.  (Dkt. No. 469).

### III.    ARGUMENT:  DEFENDANTS' COSTS SHOULD NOT BE ALLOWED

Under Fed. R. Civ. P. 54(d)(1), costs may be awarded to the prevailing party in a federal action.  Fed. R. Civ. P. 54(d)(1).  The types of costs that may be shifted are limited by 28 U.S.C. § 1920.  *See AIG Global Sec. Lending Corp. v. Banc of Amer. Sec. LLC*, No. 01 Civ. 11448(JGK), 2011 WL 102715, *1 (S.D.N.Y. Jan. 6, 2011), *citing Evergreen Pipeline Constr. Co., Inc. v. Merritt Meridian Constr. Corp.*, 95 F.3d 153, 171 (2d Cir. 1996).  Local Civil Rule 54.1 further proscribes the timing and taxation of costs.  *See* Local Civil Rule 54.1.

Here, Defendants seek an extraordinary $499,113.91 in costs, which they summarily contend (in only the form document) were necessarily incurred in defending this case.  In light of the insufficiency of Defendants' application, no costs should be awarded.  Even if Defendants' application were entertained, the Court should decline to allow Defendants' requested costs in these circumstances both as a matter of equity and because the amounts requested are improper.

### A.    Defendants' Bill of Costs Is Insufficient

Local Civil Rule 54.1(a) explicitly requires that a "bill of costs shall include an affidavit that the costs claimed are allowable by law, are correctly stated and were necessarily incurred." Local Civil Rule 54.1(a).  Under 28 U.S.C. § 1920 and Local Rule 54.1(c)(2), Defendants are only entitled to recover the cost of the original transcript and one copy of each deposition that was "used or received in evidence at the trial" or "used by the Court in ruling on a motion for summary judgment or other dispositive substantive motion." L. Civ. R. 54.1(c)(2).  "The burden is on Defendants to show that the taxation of costs is justified." *Olaf Soot Design, LLC v. Daktronics, Inc.*, No. 15-CV-5024 (GBD) (OTW), 2022 BL 114068, at *6-7 (S.D.N.Y. Mar. 31, 2022); *see*

4

*also AIG Glob. Sec. Lending Corp. v. Banc of Am. Sec. LLC*, No. 01-CV-11448 (JGK), 2011 BL 12482, at *2 (S.D.N.Y. Jan. 6, 2011).

In *Olaf*, the Court denied in full Defendants request for deposition costs, finding "that Defendants have not met their burden to show that they are entitled to costs for deposition transcripts," where Defendants made "no separate argument as to why their deposition transcripts should be taxed" and "assert in conclusory fashion that their transcripts were 'necessarily obtained' because they 'provided counsel with the ability to perfect their appeal, organize evidence and expert testimony, file post-trial motions, and successfully argue their case before the Second Circuit.'" *Olaf*, 2022 BL 114068, at *6. The Court in *Olaf* also denied Defendants' costs because they failed "to . . . state which deposition transcripts were used or received in evidence at trial, or even state which transcripts were used by the Court or relied on during briefing to support taxing these costs." *Id.* The Court made clear that "[c]osts for depositions taken solely for discovery are not taxable." *Id.* The Court stated that "Defendants do not even identify the costs of the actual transcripts, but instead cobble together the costs for videotape recording, rough draft preparation, expedited delivery, exhibit preparation, and interactive realtime, amounting to approximately $18,000." *Id.*

Here, it is even clearer that Defendants' bill of costs should be denied in its entirety, as Defendants failed to make any argument at all as to why their deposition transcripts were "necessarily obtained" and should be taxed. Defendants fail to provide any accounting of which transcripts were "used by the Court or relied on during briefing," or of which transcripts were not "taken solely for discovery." *Olaf*, 2022 BL 114068, at *6. For these reasons, Defendants' Bill of Costs for deposition transcripts should be denied in its entirety.

Similarly, Defendants offer no basis for the clerk to conclude that their "demonstrative exhibits" (which purportedly cost $15,418.75) and documents converted to TIFF (which purportedly cost $295,358.79) were used or received in evidence, or necessary for the case beyond mere convenience of counsel or the Court.  Under Local Civil Rule 54.1(c)(5), "[t]he cost of copies used for the convenience of counsel or the Court are not taxable."  Defendants failed to submit an affidavit explaining which documents were converted to TIFF, how they were used, or why they were necessary.

Moreover, Defendants provide no evidence of how many documents were converted to TIFF *for this Action*.  Most if not all of the documents that Defendants produced in this matter were previously produced *in other matters* and merely re-produced here with the same bates prefix used on those other matters.  These parallel matters include, for example, *In re EpiPen ERISA Litigation*, No. 0:17-cv-01884-PAM-HB (D. Minn.) (the "ERISA Action"), *In re EpiPen (Epinephrine Injection, USP) Marketing, Sales Practices and Antitrust Litigation*, No. 2:17-md-02785-DDC-TJJ (D. Kan.) (the "EpiPen MDL"), and *In re Generic Pharmaceuticals Pricing Antitrust Litigation*, No. 2:16-md-02724-CMR (E.D. Pa.) (the "Generics MDL").  Documents previously produced in other cases would have been converted to TIFF format prior to being produced in those matters, so any such costs are not taxable here.  Yet Defendants provide no evidence of how many of the 9.8 million documents that they claim to have produced in this case were converted to TIFF for discovery in this Action, rather than having been previously converted to TIFF for some other matter.

Defendants' bill of costs for copying must therefore be denied in its entirety as well.  The Clerk of the Court cannot and should not be made to guess which portions of the staggering 9.8

6

million pages that Defendants' discovery vendor claims to have produced were actually converted to TIFF for this matter and were otherwise necessary and properly taxable.

### B. Taxation of Costs Would Be Inequitable

Defendants' request for costs should also be disallowed as a matter of equity. Under Rule 54(b), "a court need not award costs if it finds that such an award would be inequitable." *See Figueroa v. City of New York*, No. 00 Civ. 7559(SAS), 2005 WL 883533, *1 (S.D.N.Y. Apr. 14, 2005), *quoting Bekiaris v. U.S.*, No. 96 Civ. 302(MGC), 1998 WL 734362, *1 (S.D.N.Y. Oct. 20, 1998). Relevant factors in determining whether to award costs include, among other things, the plaintiff's good faith in bringing the suit (*see, e.g., DLC Mgmt. Corp. v. Town of Hyde Park*, 45 F. Supp. 2d 314, 316 (S.D.N.Y. 1999)); bad faith or misconduct by the prevailing party during the litigation (*see, e.g., Remington Prods., Inc. v. North Amer. Philips, Corp.*, 763 F. Supp. 683, 687 (D. Conn. 1991)); and whether the action served the public interest (*see, e.g., Suffolk County v. Sec. of Interior*, 76 F.R.D. 469, 473 (E.D.N.Y. 1977)).

There is no question that Plaintiffs prosecuted this Action in good faith, and no party has ever argued otherwise. In addition, in a securities fraud class action such as this, a court should weigh the public benefit derived from private enforcement of federal securities laws. *See Suffolk County*, 76 F.R.D. at 473 ("The function of plaintiffs as a private attorney general devoting energies to enforcement of a national policy affecting many people must be considered."). An award of costs is inappropriate because this Action involved strong claims that survived three initial case-dispositive motions and raised important issues regarding liability under federal securities laws. The Action was based on multiple investigations by the SEC and DOJ that settled for hundreds of millions of dollars as well as extensive antitrust investigations by 46 state attorneys general, and the evidence supporting the claims included plea agreements admitting criminal liability and multiple Fifth Amendment pleas from deponents. *See id.* (declining to award costs in

action involving environmental protection laws); *Christoforou v. Ryder Truck Rental, Inc.*, 668 F. Supp. 294, 304 (S.D.N.Y. 1987) (disallowing costs in action alleging violations of Title VII of the Civil Rights Act of 1964).

Moreover, in a certified class action like this, imposing the full burden of Defendants' costs on the individual Class Representatives alone would be particularly inequitable. Such a precedent would discourage future plaintiffs from taking on the role of class representative in future meritorious class action suits of importance to the public. *See Whitfield v. Scully*, 241 F.3d 264, 270 (2d Cir. 2001), *abrogated on other grounds by Bruce v. Samuels*, 577 U.S. 82, 136 S. Ct. 627, 193 L. Ed. 2d 496 (2016) ("[C]osts may be denied because of . . . the public importance of the case").

    **C.**    **The Requested Costs Are Not Proper**

Finally, to the extent that any costs are considered (they should not be be), the amounts requested by Defendants are improper, and should be reduced in accordance with the limits imposed by 28 U.S.C. § 1920 and Local Civil Rule 54.1(c).

With respect to copying costs, Defendants' request for costs for TIFF conversions totaling $295,358.79 must be denied because Defendants have offered no accounting of what they actually paid for copying costs. *See In re Omeprazole Pat. Litig.*, No. 00 CIV. 6749 BSJ, 2012 WL 5427849, at *7 (S.D.N.Y. Nov. 7, 2012). Defendants submitted an affidavit from Paul Ramsey of their discovery vendor, Consilio LLC. *See* Dkt. No. 469 at 125-26. The affidavit states that "Consilio charged Mylan a bundled fee for its services," and that "the rate Consilio would have charged for [TIFF conversion] as an unbundled standalone service" is $0.03 per page. *Id*. Defendants then multiplied this hypothetical cost per page by the astounding number of more than 9.8 million documents, which Consilio (not Defendants) claim to have produced, to yield their requested copying costs. Yet Defendants are allowed only to recover their *actual* costs, not the

hypothetical costs they would have paid were they to have purchased TIFF conversion services outside of a bundled package. Defendants were charged less for TIFF conversion services as part of bundled package than what they would have paid were they to have purchased this service as a standalone service. Moreover, e-discovery vendors typically apply significant discounts per page for TIFF conversions in projects requiring a high volume of such conversions. As Jared Harary, Chief Revenue Officer of vdiscovery, states in the declaration filed with this objection, bundled services are typically discounted in the discovery services industry, and substantial volume discounts also are generally applied. *See* Declaration of Jared Harary, Dkt. No. 472. The market price per page for TIFF conversion of nearly ten million pages of documents, even on a standalone basis (without being bundled as part of a larger set of discovery services), is approximately $0.005 per page. *Id*. At $0.005 per page, the TIFF conversion costs of the documents Defendants claim to have produced would amount to $49,200. Defendants' application conveniently omits any reference to volume discounts available for TIFF conversions.

Moreover, as noted above, Defendants fail to identify and cut from their Bill of Costs the millions of documents that were previously converted to TIFF for other matters and merely re-produced in this case. Documents previously produced in other parallel cases would have been converted to TIFF format prior to being produced in those matters, and no additional conversion to TIFF would have been necessary for this matter, so any such costs are not taxable here. *See*, *e.g.*, Exhibits A and B to Declaration of Austin Van, Dkt. No. 471 (showing cover letters from Defendants stating, "[T]his production contains certain documents that were produced in connection with certain historical matters. Such documents bear the Bates numbers and confidentiality designations applied when these documents were produced in those historical matters"). As noted above, these parallel matters include, for example, the ERISA Action, the

EpiPen MDL, and the Generics MDL. As the majority of the documents produced in this matter were previously converted to TIFF for production in other matters, the number of pages for TIFF conversions taxed here must be further reduced by that amount. Estimated conservatively, such costs for TIFF conversions should be reduced by at least half. As such, if the Clerk awards any taxable costs for such TIFF conversions (it should not), such costs should be no more than $24,600.

Essentially, Defendants are seeking to profit at Plaintiffs' expense by billing Plaintiffs for TIFF conversions that Defendants had already performed for other matters, and at a price that far exceeds what they would have paid in a competitive market. Defendants actually paid far less for TIFF conversions in this matter than the grossly excessive sums they now request.

With respect to deposition transcript costs, even had Defendants properly substantiated their application (they did not), then at most they would be entitled to the cost of "the original transcript . . . plus one copy." Local Civil Rule 54.1(c)(2). Additional expenses, such as expedited service and "realtime" transcript delivery are considered unnecessary and duplicative, and are therefore not taxable. *See*, *e.g.*, *AIG Global*, 2011 WL 102715 at *2 (declining request to modify Clerk's award of costs for realtime transcripts where parties "failed to establish that realtime transcripts, the most expensive transcription option available, were necessary, as opposed to merely convenient or helpful, to the prosecution of their case"); *Citigroup Global Markets, Inc. v. Abbar*, 63 F. Supp. 3d 360, 362 (S.D.N.Y. 2014) (disallowing costs for video copies of depositions as "duplicative" of costs for paper copies); *Internet L. Libr., Inc. v. Southridge Cap. Mgmt. LLC*, No. 01 CIV 0877 JSR, 2010 WL 3290965, at *8 (S.D.N.Y. Aug. 11, 2010) (reducing the taxable costs to include "only those amounts clearly indicated on the invoices to represent a non-expedited original and one copy of the deposition transcript as well as the costs for reproduction of deposition exhibits" where the party "offers nothing further in support of taxing these ancillary costs" because

10

"even where the cost of a deposition transcript itself will be taxable . . . , certain associated fees that are not necessary generally may not be taxed—for example, expedited service, delivery costs, appearance fees, and rough diskettes and/or ASCII disks.").

The invoices annexed to Defendants' Bill of Costs contain numerous items not taxable under Local Rule 54.1, including, *inter alia*: (i) expedited delivery; (ii) charges for scanned and hyperlinked exhibits; (iii) interactive "real-time" transcript delivery; and (iv) rough ASCII transcripts. A chart listing the costs of only the transcripts in Defendants' Bill of Costs is attached in the accompanying declaration and totals $34,774.25. *See* Exhibit C to Declaration of Austin Van, Dkt. No. 471.

Should the Clerk determine that any costs are taxable, the amount awarded should be reduced consistent with the requirements set forth in 28 U.S.C. § 1920 and Local Civil Rule 54.1(c).

## IV.     CONCLUSION

Plaintiffs respectfully request that costs be disallowed in their entirety, or in the alternative, that Defendants' costs be allowed only to the extent permitted under Fed. R. Civ. P. 54, 28 U.S.C. § 1920 and Local Civil Rule 54.1(c).

Dated: July 8, 2024

New York, New York

                                       **POMERANTZ LLP**

                                       By: */s/ Jeremy A. Lieberman*
                                       Jeremy A. Lieberman
                                       Austin P. Van
                                       600 Third Avenue, 20th Floor
                                       New York, New York 10016
                                       Telephone: (212) 661-1100
                                       Facsimile: (212) 661-8665
                                       Email: jalieberman@pomlaw.com
                                       avan@pomlaw.com

                                       *Counsel for Appellants*